LISA M. MARTENS (*Pro hac vice*)
lmartens@sheppardmullin.com
MARTIN R. BADER (*Pro hac vice*)
mbader@sheppardmullin.com
PATRICK McGILL (*Pro hac vice*)
pmcgill@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691

Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)
JONES, WALDO, HOLBROOK & McDONOUGH, P.C.
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
nthomas@joneswaldo.com
ebutler@joneswaldo.com

*Attorneys for Defendant BlendJet Inc.*

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>    Defendant. | **DEFENDANT BLENDJET INC.'S ANSWER TO PLAINTIFF BLENDTEC INC.'S, COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS**<br><br>Civil No. 2:21-cv-00668-TC<br><br>Judge Tena Campbell |

Defendant BlendJet Inc. ("BlendJet" or "Defendant") hereby answers Plaintiff Blendtec

Inc.'s, ("Plaintiff" or "Blendtec") Complaint (Dkt 2) as follows:

-1-

## ANSWER TO THE PARTIES

1.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and on that basis denies these allegations.

2.      Defendant admits the allegation that it is a Delaware corporation, as set forth in paragraph 2 of the Complaint, and that it manufactures and sells portable blender products and related accessories – but denies the remaining allegations in that paragraph.  Defendant affirmatively states that its principal place of business is – as of December 2021 – located at 535 Getty Court, Suite A, Benicia, CA  94510.

## ANSWER TO JURISDICTION AND VENUE

3.      Paragraph 3 of the Complaint sets forth legal conclusions to which no response is required.  Defendant admits that this is an action that purports to arise under the Lanham Act and that this Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1331 and Section 1338, provided that standing and other requirements are met.  Defendant admits that there is complete diversity between Plaintiff and Defendant.  Defendant denies that it committed trademark infringement and denies that Plaintiff is entitled to any relief.  Except as expressly admitted herein, Defendant denies the remaining allegations set forth in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint sets forth legal conclusions to which no response is required.  Defendant denies that this Court has personal jurisdiction over Defendant.

5.      Paragraph 5 of the Complaint sets forth a legal conclusion to which no response is required.  Defendant denies that venue is proper within this Court.

## ANSWER TO GENERAL ALLEGATIONS

6.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and on that basis denies those allegations.

7.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and on that basis denies those allegations.

8.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and on that basis denies those allegations.

9.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and on that basis denies those allegations.

10.     Paragraph 10 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 10 of the Complaint.

11.     Defendant admits that Exhibit A to the Complaint purports to be a copy of U.S. Registration No. 2,431,060.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint, and on that basis denies those allegations.

12.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and on that basis denies those allegations.

1780813.1

13.     Paragraph 13 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 13 of the Complaint.

14.     Defendant admits that Exhibit B to the Complaint purports to be a copy of U.S. Registration No. 4,050,765.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Complaint, and on that basis denies those allegations.

15.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and on that basis denies those allegations.

16.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and on that basis denies those allegations.

17.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and on that basis denies those allegations.

18.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and on that basis denies those allegations.

19.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and on that basis denies those allegations.

20.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and on that basis denies these allegations.

21.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint, and on that basis denies those allegations.

22.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and on that basis denies those allegations.

23.    Defendant denies that Plaintiff's BLENDTEC Mark and Swirl Design Mark are "famous marks."  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint, and on that basis denies those allegations.

24.    Defendant admits that it uses the BlendJet word mark in connection with selling portable blenders, and began doing so "in or about October 2017."  Defendant denies that Plaintiff's trademarks are – or ever were – "famous."  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 24 of the Complaint, and on that basis denies those allegations.

25.    Defendant admits the allegations set forth in paragraph 25 of the Complaint.

26.    Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation that "[t]he USPTO examiner did not search for or discover Blendtec's BLENDTEC Mark and Swirl Design Mark during the prosecution of the BLENDJET trademark application," and on that basis denies that allegation.  Otherwise,

-5-

Defendant admits that it was aware of the BLENDTEC and Swirl Design Marks during the prosecution of its application to federally register the BlendJet word mark, but Defendant denies that it had any duty to disclose either Blendtec Mark to the USPTO during the prosecution of the BlendJet word mark.

27.     Defendant admits the allegations set forth in paragraph 27 of the Complaint.

28.     Defendant admits the allegations set forth in paragraph 28 of the Complaint.

29.     Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation that "[t]he USPTO examiner did not search for or discover Blendtec's BLENDTEC Mark and Swirl Design Mark during the prosecution of the BLENDJET trademark application," and on that basis denies that allegation.  Otherwise, Defendant admits that it was aware of the BLENDTEC and Swirl Design Marks during the prosecution of its application to federally register the BlendJet logo mark, but Defendant denies that it had any duty to disclose either Blendtec Mark to the USPTO during the prosecution of the BlendJet logo mark.

30.     Defendant denies that the BlendJet word and logo marks are "infringing." Otherwise, Defendant admits the remaining allegations set forth in paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 32 of the Complaint.

1780813.1

33.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, and on that basis denies those allegations.

34.    Defendant admits the allegations set forth in paragraph 34 of the Complaint.

35.    Defendant admits that some of its portable blender products are available for purchase on its website (www.blendjet.com), and that it displays the BlendJet word and logo marks on the top of its website. Defendant is without sufficient knowledge to admit the truth of the remaining allegations set forth in paragraph 35 of the Complaint, and on that basis denies those allegations.

36.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint, and on that basis denies those allegations.

37.    Defendant admits that its blenders are available for purchase in certain retail stores, including in Bed Bath & Beyond and Walmart.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 37 of the Complaint, and on that basis denies those allegations.

38.    Defendant admits that it markets its products online, including through Google ads, Facebook, Instagram, and Twitter, among other social media platforms.  Defendant denies that the parties' product ads – including, but not limited to the ads reproduced by Plaintiff in paragraph 38 – look similar.

39.    Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation that both parties' blenders are sold in the same places. Defendant denies the remaining allegations set forth in paragraph 39 of the Complaint.

-7-

40.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint, and on that basis denies those allegations.

41.    Paragraph 41 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42.    Paragraph 42 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 42 of the Complaint.

## FIRST CLAIM FOR RELIEF

43.    Defendant fully incorporates herein its responses to paragraphs 1 through 42, *supra*.

44.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint, and on that basis denies those allegations.

45.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint, and on that basis denies those allegations.

46.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint, and on that basis denies those allegations.

47.    Paragraph 47 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 47 of the Complaint.

1780813.1

48.    Paragraph 48 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 48 of the Complaint.

49.    Paragraph 49 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 49 of the Complaint.

50.    Paragraph 50 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 50 of the Complaint.

51.    Paragraph 51 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 51 of the Complaint.

52.    Paragraph 52 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 52 of the Complaint.

53.    Paragraph 53 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54.    Paragraph 54 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 54 of the Complaint.

1780813.1

55.    Paragraph 55 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 55 of the Complaint.

56.    Paragraph 56 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 56 of the Complaint.

## SECOND CLAIM FOR RELIEF

57.    Defendant fully incorporates herein its responses to paragraphs 1 through 56, *supra*.

58.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint, and on that basis denies those allegations.

59.    Paragraph 59 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 59 of the Complaint.

60.    Paragraph 60 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 60 of the Complaint.

61.    Paragraph 61 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 61 of the Complaint.

62.    Paragraph 62 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 62 of the Complaint.

-10-

63.    Paragraph 63 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 63 of the Complaint.

64.    Paragraph 64 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 64 of the Complaint.

65.    Paragraph 65 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 65 of the Complaint.

66.    Paragraph 66 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 66 of the Complaint.

67.    Paragraph 67 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies the allegations set forth in paragraph 67 of the Complaint.

## THIRD CLAIM FOR RELIEF

68.    Defendant fully incorporates herein its responses to paragraphs 1 through 67, *supra*.

69.    Paragraph 69 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 69 of the Complaint.

70.    Defendant denies the allegations set forth in paragraph 70 of the Complaint.

## FOURTH CLAIM FOR RELIEF

71.     Defendant fully incorporates herein its responses to paragraphs 1 through 70, *supra*.

72.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint, and on that basis denies those allegations.

73.     Defendant admits the allegations set forth in paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required to the allegations in Paragraph 74, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations.

75.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint, and on that basis denies those allegations.

76.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint, and on that basis denies those allegations.

77.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint, and on that basis denies these allegations.

78.     Defendant denies the allegations set forth in paragraph 78 of the Complaint.

79.     Defendant denies that Plaintiff's name, brand, and image, is well-recognized by consumers throughout the United States.  Defendant is without sufficient knowledge or

-12-

information to form a belief as to the truth of the remaining allegations set forth in paragraph 79 of the Complaint, and on that basis denies these allegations.

80.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint, and on that basis denies these allegations.

81.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint, and on that basis denies these allegations.

82.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint, and on that basis denies these allegations.

83.     Paragraph 83 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 83 of the Complaint.

84.     Paragraph 84 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 85 of the Complaint.

86.     Defendant admits that the parties' blenders and related accessories are materially different.

87.     Defendant denies the allegations set forth in paragraph 87 of the Complaint.

88.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint, and on that basis denies those allegations.

89.     Paragraph 89 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 92 of the Complaint.

## FIFTH CLAIM FOR RELIEF

93.     Defendant fully incorporates herein its responses to paragraphs 1 through 92, *supra*.

94.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 94 of the Complaint, and on that basis denies these allegations.

95.     Paragraph 95 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required to the allegations in Paragraph 95, Defendant

-14-

is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 95 of the Complaint, and on that basis denies these allegations.

96.    Paragraph 96 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required to the allegations in Paragraph 96, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations.

97.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint, and on that basis denies these allegations.

98.    Paragraph 98 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 98 of the Complaint.

99.    Paragraph 99 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 99 of the Complaint.

100.    Paragraph 100 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 100 of the Complaint.

101.    Paragraph 101 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 101 of the Complaint.

## SIXTH CLAIM FOR RELIEF

102.    Defendant fully incorporates herein its responses to paragraphs 1 through 101, *supra*.

103.    Defendant admits that the BLENDTEC Mark and Swirl Design Mark are registered with the USPTO on the Principal Register.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 103 of the Complaint, and on that basis denies these allegations.

104.    Paragraph 104 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required to the allegations in Paragraph 104, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations.

105.    Defendant admits that it presently uses the BlendJet word and logo marks to advertise, promote, and sell blenders and related accessories, and has done so in the past. Otherwise, Paragraph 105 of the Complaint sets forth a legal conclusion for which no answer is required, and to the extent an answer may be required to those remaining allegations, Defendant denies them.

106.    Defendant admits that it presently uses the BlendJet word and logo marks to advertise, promote, and sell blenders and related accessories, and has done so in the past. Otherwise, Paragraph 106 of the Complaint sets forth a legal conclusion for which no answer is required, and to the extent an answer may be required to those remaining allegations, Defendant denies them.

107.    Paragraph 107 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 107 of the Complaint.

108.     Paragraph 108 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 108 of the Complaint.

109.     Paragraph 109 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 109 of the Complaint.

110.     Paragraph 110 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 110 of the Complaint.

111.     Paragraph 111 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 111 of the Complaint.

112.     Paragraph 112 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 112 of the Complaint.

113.     Paragraph 113 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 113 of the Complaint.

114.     Paragraph 114 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 114 of the Complaint.

1780813.1

115.    Paragraph 115 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 115 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

116.    Defendant fully incorporates herein its responses to paragraphs 1 through 115, *supra*.

117.    Paragraph 117 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 117 of the Complaint.

118.    Paragraph 118 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 118 of the Complaint.

119.    Paragraph 119 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 119 of the Complaint.

120.    Paragraph 120 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 120 of the Complaint.

121.    Paragraph 121 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 121 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

122.    Defendant fully incorporates herein its responses to paragraphs 1 through 121, *supra*.

-18-

123.    Paragraph 123 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 123 of the Complaint.

124.    Paragraph 124 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 124 of the Complaint.

125.    Paragraph 125 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 125 of the Complaint.

### NINTH CLAIM FOR RELIEF

126.    Defendant fully incorporates herein its responses to paragraphs 1 through 125, *supra*.

127.    Defendant admits that Plaintiff seeks the relief described in paragraph 127 of the Complaint.  To the extent an answer may be required to paragraph 127, Defendant denies all allegations set forth therein.

128.    Defendant admits that its 5,750,510 Registration and 5,950,040 Registration are within their first five years of registration.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 128 of the Complaint, and on that basis denies those allegations.

129.    Defendant admits that Blendtec received federal registrations for its BLENDTEC and Swirl Logo Marks prior to the date that BlendJet filed its applications to register its word and logo marks with the USPTO.  Otherwise, paragraph 129 of the Complaint sets forth legal conclusions for which no answer is required – and to the extent an answer may be required, Defendant denies all such allegations.

130.    Paragraph 130 of the Complaint sets forth legal conclusions for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 130 of the Complaint.

131.    Paragraph 131 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 131 of the Complaint.

132.    Paragraph 132 of the Complaint sets forth a legal conclusion for which no answer is required.  To the extent an answer may be required, Defendant denies all allegations set forth in paragraph 132 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the requested relief set forth in the Complaint's Prayer For Relief.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative and other defenses to the Complaint, and in response to each purported claim for relief stated therein, as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

1.    The Complaint fails to state facts sufficient to constitute a claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

2.    Defendant has not infringed any applicable trademarks under federal or state law.

### THIRD AFFIRMATIVE DEFENSE
**(No Likelihood of Confusion)**

3.      The claims made in the Complaint are barred, in whole or in part, on the basis that there is no likelihood of confusion between the parties' marks at issue.

### FOURTH AFFIRMATIVE DEFENSE
**(No Causation)**

4.      Plaintiff is not entitled to any recovery from Defendant because no act or omission of Defendant or its agents was the proximate cause of any injury or damage to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE
**(Lack of Intent)**

5.      Defendant at all times believed its conduct to be fair and lawful, and therefore, Defendant was without any specific intent to engage in the alleged infringement.

### SIXTH AFFIRMATIVE DEFENSE
**(Generic Trademarks)**

6.      The claims made in the Complaint are barred, in whole or in part, on the basis that some or all of Plaintiff's Marks at issue are generic.

### SEVENTH AFFIRMATIVE DEFENSE
**(Lack of Distinctiveness)**

7.      Plaintiff's claims fail because its purported BLENDTEC and Swirl Logo Marks appear in a crowded field of related marks, and therefore, any similarities among those marks and the BlendJet word and logo marks are entitled to little weight under applicable law.

### EIGHTH AFFIRMATIVE DEFENSE
**(Trademarks Are Not Famous)**

8.      The claims made in the Complaint are barred, in whole or in part, on the basis that Plaintiff's Marks at issue are not famous under the meaning of applicable law.

1780813.1

## NINTH AFFIRMATIVE DEFENSE
### (No Dilution)

9.     The claims made in the Complaint are barred, in whole or in part, on the basis that

Plaintiff's Marks at issue have not been diluted or tarnished by Defendant.

## TENTH AFFIRMATIVE DEFENSE
### (Laches)

10.     Plaintiff's claims are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

11.     Plaintiff's claims are barred by the statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE
### (Estoppel)

12.     Any of Defendant's conduct that is alleged to be unlawful was taken as a result of

conduct or lack thereof by Plaintiff, and Plaintiff is thus estopped to assert any claim for relief

against Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

13.     Plaintiff, by its actions and/or inactions regarding the subject matter of this

lawsuit, waived any and all claims for relief against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

14.     Plaintiff's claims for relief are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Bad Faith)

15.     The allegations in the Complaint, and in each purported claim therein, are and

have always been frivolous, unreasonable, and groundless.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Trademark Misuse)

16.    Plaintiff's claims for relief are barred by the doctrine of trademark misuse.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

17.    Plaintiff's claims for relief are barred by the doctrine of acquiescence.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

18.    Defendant has used and continues to use its Marks in good faith, without the intent to mislead or deceive consumers, and solely to describe its own product or service.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Damages)

19.    Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

20.    Plaintiff's claim for relief are barred, or should be reduced, due to Plaintiff's failure to mitigate its purported damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Adequacy of Remedy at Law)

21.    The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

1780813.1

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Irreparable Harm)

22.     Plaintiff's claim for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions as alleged in the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Attorney's Fees)

23.     The Complaint, and each purported claim for relief alleged therein, fails to allege facts sufficient to allow recovery of attorneys' fees.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Authorization of Law)

24.     Plaintiff's claims are barred because any act or omission of Defendant was at all times legal and authorized by law.

### RESERVATION OF RIGHT TO AMEND ANSWER

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available and/or apparent during discovery in this action, and reserves the right to amend its Answer to assert any such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That the BlendJet word and logo marks do not infringe the BLENDTEC or Blendtec Swirl Logo Marks;

2.     That there has been no actual confusion, nor is there a likelihood of confusion, between the BlendJet word and logo marks and the BLENDTEC or Blendtec Swirl Logo Marks;

3.     That BlendJet has not engaged in any conduct that might qualify as unfair competition, or any other wrongful conduct, under any cause of action pleaded in the Complaint;

-24-

1780813.1

4.      That the BLENDTEC and Blendtec Swirl Mark are not "famous" as required for

protection under Section 43 of the Lanham Act, or as required under the Utah Registration and

Protection of Trademarks and Services Act (Utah Code Ann. 70-3a-403);

5.      That U.S. Registration Nos. 5,750,510 and 5,950,040 are not subject to

cancellation under 15 U.S.C. § 1119 due to any ground raised in the Complaint;

6.      That Plaintiff take nothing by reason of the Complaint and that judgment be

rendered in favor of Defendant;

7.      That Defendant, as prevailing party, be awarded its costs of suit and reasonable

attorneys' fees incurred in defense of this action; and

8.      That the Court grant other and further relief as it may deem just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Federal Rule of Civil Procedure 38(b) and (c), and otherwise under the

Constitution of the United States, Defendant hereby demands a trial by jury of any and all issues

triable of right by a jury.

Dated:  January 28, 2022

Respectfully submitted,

JONES WALDO HOLBROOK & MCDONOUGH, PC

By:      _____/s/ *Nathan D. Thomas*_____
                        NATHAN D. THOMAS
                        ELIZABETH M. BUTLER

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:      _____/s/ *Lisa M. Martens*_____
                        (*electronic signature affixed with permission*)
                        LISA M. MARTENS
                        MARTIN R. BADER
                        PATRICK M. MCGILL
                        *Attorneys for Defendant BlendJet Inc.*

1780813.1

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 28th day of January, 2022, that a true and correct copy of the foregoing has been filed with the Clerk of Court, by using the CM/ECF system to deliver a true and correct copy of the foregoing to the following:

> Brett Foster
> Grant Foster
> Tamara Kapaloski
> **DORSEY & WHITNEY LLP**
> 111 S. Main St., Suite 2100
> Salt Lake City, UT 84111
> Tel.: (801) 933-7360
> foster.brett@dorsey.com
> foster.grant@dorsey.com
> kapaloski.tammy@dorsey.com
> *Attorneys for Plaintiff Blendtec*

   <i>/s/   Nathan D. Thomas</i>_____