Brett Foster (#6089)
Grant Foster (#7202)
Tamara L. Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-73x73
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>Defendant. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Plaintiff Blendtec Inc. ("Blendtec") and Defendant BlendJet Inc. ("BlendJet") (collectively, "Parties") jointly submit this Attorney Planning Meeting Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

1. **PRELIMINARY MATTERS**:

    The parties are engaged in initial discussions regarding potential avenues for amicably resolving this case. Specific proposals have not been discussed or evaluated, but the parties expect to do so in the near future. Depending on how the discussion progresses, the parties may be willing to stipulate to a stay of this case for a period of 90 days. Accordingly, the dates in this Attorney Planning Meeting Report incorporate deadlines

-1-

that are approximately 90 days greater than those contemplated by the Order to Propose Schedule (ECF 6). The Parties believe that the additional time built into the deadlines provided herein will allow time for the parties to attempt to resolve this matter. Thus, good cause supports this joint proposal by the parties.

a.  The nature of the claims and defenses is:

Plaintiff Blendtec Inc. ("Blendtec") brings the following claims against Defendant Blendjet Inc. ("Blendjet"): (1) trademark infringement under § 32 of the Lanham Act; (2) unfair competition and false designation of origin under § 43 of the Lanham Act; (3) common law unfair competition / passing off; (4) federal trademark dilution under § 43 of the Lanham Act; (5) common law trademark infringement and unfair competition; (6) violation of Utah Deceptive Trade Practices Act; (7) violation of Utah Registration and Protection of Trademarks and Service Marks Act; (8) violation of Utah Unfair Competition Act; and (9) cancellation of trademark registrations.

Defendant BlendJet denies all bases for Blendtec's asserted claims, and asserts the following affirmative defenses (*see* Dkt 20): (1) failure to state facts sufficient to constitute a claim for relief; (2) that BlendJet has not infringed any applicable trademarks, under federal or state law; (3) that there is no likelihood of confusion between the parties' marks at issue; (4) that any injury or damage sustained by Blendtec was not proximately caused by any action of BlendJet; (5) BlendJet lacked any specific intent to engage in the alleged infringement; (6) Blendtec's claims are barred, in whole or in part, because its marks are generic; (7) Blendtec's BLENDTEC and Swirl Logo marks (the "Blendtec Marks") lack distinctiveness; (8) the Blendtec Marks are not "famous" under any applicable law; (9) the Blendtec Marks have not been diluted or tarnished by BlendJet; (10) Blendtec's claims are barred by the doctrine of laches; (11) Blendtec's claims are barred by the statute of limitations; (12) Blendtec's is estopped from asserting any of its claims against BlendJet due to Blendtec's conduct, or lack thereof; (13) Blendtec has waived any and all of its claims against BlendJet; (14) Blendtec's claims are barred by the doctrine of unclean hands; (15) Blendtec's allegations are frivolous, unreasonable, and groundless; (16) Blendtec's claims are barred by the doctrine of trademark misuse; (17) Blendtec's claims

      are barred by the doctrine of acquiescence; (18) BlendJet's use of its marks has always been and continues to be in good faith, without any intent to mislead or deceive consumers; (19) Blendtec has not been damaged by any of the conduct alleged in the complaint; (20) Blendtec has failed to mitigated its purported damages; (21) Blendtec's claimed injuries would be adequately compensated by damages; (22) Blendtec cannot show irreparable harm from any of the alleged conduct; (23) Blendtec has failed to allege facts sufficient to allow for recovery of attorneys' fees; and (24) Blendtec's claims are barred because any act or omission by BlendJet was at all times legal and authorized by law.

    b.    This case is referred to Magistrate Judge Dustin B. Pead for certain pretrial matters under 28 U.S.C. § 636(b)(1)(A).

    c.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on February 25, 2022, virtually via Zoom teleconference.
The following attended:
- Brett Foster and Tamara Kapaloski, counsel for Plaintiff Blendtec, Inc.
- Martin Bader and Patrick McGill, counsel for Defendant BlendJet Inc.

    d.    The parties do not request an initial pretrial scheduling conference with the Court prior to entry of the scheduling order.

    e.    The parties will exchange the initial disclosures required by Rule 26(a)(1) by 05/02/2022.

    f.    Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

**2.**    **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan:

    a.    Among other things, discovery will be conducted on issues related to the parties'

   claims and defenses. Although the foregoing represents the anticipated scope of discovery at this early juncture, the parties expressly reserve the right to seek discovery to the full extent provided by Rule 26 of the Federal Rules of Civil Procedure.

 b. Discovery Phases:  The parties request fact discovery followed by expert discovery.

 c. Discovery methods to be used and the limitations to be imposed.

  (1) Depositions (absent leave of court, or agreement by the parties):

   Maximum no. of depositions by Blendtec[1] = 10.

   Maximum no. of depositions by BlendJet[2] = 10.

   Maximum no. hrs. per deposition[3] = 7, except for with respect to designated corporate witnesses under Fed. R. Civ. P. 30(b)(6), which may be deposed for additional time if needed, based on the scope and extent of relevant topics noticed by the deposing party.

  (2) Written Discovery (absent leave of court, or agreement by the parties):

   Maximum no. of interrogatories: 25 for each party.

   Maximum no. of admissions: 30 for each party.

   Maximum no. of requests for production of documents: 50 for each party.

 d. Discovery of electronically stored information should be handled as follows:

   The parties agree to negotiate and stipulate to an ESI Protocol that will govern all aspects of the discovery of electronically-stored information in this case – including, but not limited to, setting conventions for the discovery of custodial

---

[1] Expert witness depositions do not count toward this limit. Fed. R. Civ. P. 30(b)(6) depositions count as one deposition for this limit regardless of the number of witnesses designated to cover the Fed. R. Civ. P. 30(b)(6) deposition topics.

[2] Expert witness depositions do not count toward this limit. Fed. R. Civ. P. 30(b)(6) depositions count as one deposition for this limit regardless of the number of witnesses designated to cover the Fed. R. Civ. P. 30(b)(6) deposition topics.

[3] An expert shall be deposed for no more than 7 hours for each expert report and declaration that he or she serves, absent leave of the Court for good cause shown. Every witness designated for a Fed. R. Civ. P. 30(b)(6) deposition may be deposed for 7 hours.

        e.      and non-custodial ESI, production of metadata, and the format of production of ESI.

        e.      Privilege Issues: The parties acknowledge and agree that the Court's Standard Protective Order presently applies and will continue to apply absent a modification to same by the Court. The parties reserve the right to seek amendment of such order by negotiation or by application to the court in the event a need arises. In addition, the parties agree that the parties will not provide a log of privileged communications between counsel of record in this matter and their clients after November 12, 2021, the date the initial complaint was filed.

        f.      Last day to serve written discovery: 08/26/2022

        g.      Close of fact discovery: 10/26/2022

**3.    AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

        a.      The cutoff date for filing a motion to amend pleadings is: 06/28/2022

        b.      The cutoff date for filing a motion to join additional parties is: 06/28/2022

***(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed. R. Civ. P. 15(a))***.

**4.    EXPERT REPORTS**:

        a.      The parties will disclose the subject matter and identity of their experts on (*specify dates)*:

- Party bearing burden of proof: 10/13/2022
- Counter Disclosures: 11/03/2022

        b.      Reports from experts under Rule 26(a)(2) will be submitted on (*specify dates):*

- Party bearing burden of proof: 12/07/2022
- Counter Reports: 01/25/2023

**5.    OTHER DEADLINES**:

        a.      Expert Discovery cutoff: 02/22/23

      b.    Deadline for filing dispositive[4] or potentially dispositive motions including *Daubert* motions to exclude expert testimony:  04/05/2023

**6.    ADR/SETTLEMENT**:

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

      a.    The potential for resolution before trial is: ___ good   _X_ fair   ___ poor

      b.    This case should not be referred to the Court's alternative dispute resolution program.

      c.    The parties do not currently intend to engage in private dispute resolution.

      d.    The parties will re-evaluate the case for settlement/ADR resolution by:  04/03/23.

**7.    TRIAL AND PREPARATION FOR TRIAL:**

      a.    The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than the 14 days provided by Rule).

      b.    This case should be ready for trial by:  *specify date*  _05/29/2023
*Specify type of trial*:   Jury __X__    Bench_____
At this stage, the parties agree that a jury trial is appropriate given the pending claims in the case, but reserve the right to reevaluate the issue after dispositive motions are decided.

      c.    The estimated length of the trial is:  5 days

//

//

//

//

---

[4] Dispositive motions, if granted, resolve a claim or defense in the case; nondispositive motions, if granted, affect the case but do not resolve a claim or defense.

<u>/s/ Tamara L. Kapaloski</u>                                      Date: 02/25/22

Brett Foster (#6089)
Grant Foster (#7202)
Tamara L. Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-73x73
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*


<u>/s/ Martin R. Bader</u>                                           Date: 02/25/22

Martin R. Bader (*Pro hac vice*)
mbader@sheppardmullin.com
Lisa M. Martens (*Pro hac vice*)
lmartens@sheppardmullin.com
Patrick McGill (*Pro hac vice*)
pmcgill@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: 858.720.8900
Facsimile: 858.509.3691

Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)
**JONES, WALDO, HOLBROOK & McDONOUGH, P.C.**
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
nthomas@joneswaldo.com
ebutler@joneswaldo.com

*Attorneys for Defendant BlendJet Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February 2022, a true and correct copy of the foregoing document was served on counsel of record via CM/ECF.

*/s/ Tamara L. Kapaloski*