IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>    Defendant. | **SCHEDULING ORDER**<br><br>Case No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Chief Magistrate Judge Dustin B. Pead |

    Pursuant to Fed. R. Civ. P. 16(b), the court received the Attorney Planning Meeting Report filed by counsel.  The following matters are scheduled.  The times and deadlines set forth herein may not be modified without the approval of the court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

    **\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

1.     **PRELIMINARY MATTERS**                                                              **DATE**

Nature of claims and any affirmative defenses:

Plaintiff Blendtec Inc. ("Blendtec") brings the following claims against Defendant Blendjet Inc. ("Blendjet"): (1) trademark infringement under § 32 of the Lanham Act; (2) unfair competition and false designation of origin under § 43 of the Lanham Act; (3) common law unfair competition / passing off; (4) federal trademark dilution under § 43 of the Lanham Act; (5) common law trademark infringement and unfair competition; (6) violation of Utah Deceptive Trade Practices Act; (7) violation of Utah Registration and Protection of Trademarks and Service Marks Act; (8) violation of Utah Unfair Competition Act; and (9) cancellation of trademark registrations.

Defendant BlendJet denies all bases for Blendtec's asserted claims, and asserts the following affirmative defenses (*see* Dkt 20): (1) failure to state facts sufficient to constitute a claim for relief; (2) that BlendJet has not infringed any applicable trademarks, under federal or state law; (3) that there is no likelihood of confusion between the parties' marks at issue; (4) that any injury or damage sustained by Blendtec was not proximately caused by any action of BlendJet; (5) BlendJet lacked any specific intent to engage in the alleged infringement; (6) Blendtec's claims are barred, in whole or in part, because its marks are generic; (7) Blendtec's BLENDTEC and Swirl Logo marks (the "Blendtec Marks") lack distinctiveness; (8) the Blendtec Marks are not "famous" under any applicable law; (9) the Blendtec Marks have not been diluted or tarnished by BlendJet; (10) Blendtec's claims are barred by the doctrine of laches; (11) Blendtec's claims are barred by the statute of limitations; (12) Blendtec's is estopped from asserting any of its claims against BlendJet due to Blendtec's conduct, or lack thereof; (13) Blendtec has waived any and all of its claims against BlendJet; (14) Blendtec's claims are barred by the doctrine of unclean hands; (15) Blendtec's allegations are frivolous, unreasonable, and groundless; (16) Blendtec's claims are barred by the doctrine of trademark misuse; (17) Blendtec's claims are barred by the doctrine of acquiescence; (18) BlendJet's use of its marks has always been and continues to be in good faith, without any intent to mislead or deceive consumers; (19)

2

        Blendtec has not been damaged by any of the conduct alleged in the complaint; (20) Blendtec has failed to mitigated its purported damages; (21) Blendtec's claimed injuries would be adequately compensated by damages; (22) Blendtec cannot show irreparable harm from any of the alleged conduct; (23) Blendtec has failed to allege facts sufficient to allow for recovery of attorneys' fees; and (24) Blendtec's claims are barred because any act or omission by BlendJet was at all times legal and authorized by law.

| | | | |
|---|---|---|---|
| | a. | Date the Rule 26(f)(1) conference was held? | *02/25/22* |
| | b. | Have the parties submitted the Attorney Planning Meeting Report? | *02/25/22* |
| | c. | Deadline for 26(a)(1) initial disclosures? | *05/02/22* |
| **2.** | | **DISCOVERY LIMITATIONS** | **NUMBER** |
| | a. | Maximum number of depositions by Plaintiff(s): | *10*[1] |
| | b. | Maximum number of depositions by Defendant(s): | *10*[2] |
| | c. | Maximum number of hours for each deposition (unless extended by agreement of parties): | *7*[3] |
| | d. | Maximum interrogatories by any party to any party: | *25* |
| | e. | Maximum requests for admissions by any party to any party: | *30* |
| | f. | Maximum requests for production by any party to any party: | *50* |
| | g. | The parties shall handle discovery of electronically stored information as follows: | |

---

[1] Expert witness depositions do not count toward this limit. Fed. R. Civ. P. 30(b)(6) depositions count as one deposition for this limit regardless of the number of witnesses designated to cover the Fed. R. Civ. P. 30(b)(6) deposition topics.

[2] Expert witness depositions do not count toward this limit. Fed. R. Civ. P. 30(b)(6) depositions count as one deposition for this limit regardless of the number of witnesses designated to cover the Fed. R. Civ. P. 30(b)(6) deposition topics.

[3] An expert shall be deposed for no more than 7 hours for each expert report and declaration that he or she serves, absent leave of the Court for good cause shown. Every witness designated for a Fed. R. Civ. P. 30(b)(6) deposition may be deposed for 7 hours. Designated corporate witnesses under Fed. R. Civ. P. 30(b)(6) may be deposed for additional time if needed, based on the scope and extent of relevant topics noticed by the deposing party.

       The parties agree to negotiate and stipulate to an ESI Protocol that will govern all aspects of the discovery of electronically-stored information in this case – including, but not limited to, setting conventions for the discovery of custodial and non-custodial ESI, production of metadata, and the format of production of ESI.

h. The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: The parties acknowledge and agree that the Court's Standard Protective Order presently applies and will continue to apply absent a modification to same by the Court. The parties reserve the right to seek amendment of such order by negotiation or by application to the court in the event a need arises. In addition, the parties agree that the parties will not provide a log of privileged communications between counsel of record in this matter and their clients after November 12, 2021, the date the initial complaint was filed.

| | | |
|---|---|---:|
| | i. Last day to serve written discovery: | *08/26/22* |
| | j. Close of fact discovery: | *10/26/22* |
| **3.** | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[4] | **DATE** |
| | a. Last day to file Motion to Amend Pleadings: | *06/28/22* |
| | b. Last day to file Motion to Add Parties: | *06/28/22* |
| **4.** | **RULE 26(a)(2) EXPERT DISCLOSURES & REPORTS** | **DATE** |
| | **Disclosures (subject and identity of experts)** | |
| | a. Party(ies) bearing burden of proof: | *10/13/22* |
| | b. Counter disclosures: | *11/03/22* |
| | **Reports** | |
| | a. Party(ies) bearing burden of proof: | *12/07/22* |
| | b. Counter reports: | *01/25/23* |
| **5.** | **OTHER DEADLINES** | **DATE** |
| | a. Last day for expert discovery: | *02/22/23* |
| | b. Deadline for filing dispositive or potentially dispositive motions including *Daubert* motions to exclude expert testimony: | *04/05/23* |

---

[4] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

| | 6. | SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION | | DATE |
|---|---|---|---|---|
| | a. | Likely to request referral to a magistrate judge for settlement conference: | | *Yes* |
| | b. | Likely to request referral to court-annexed arbitration: | | *No* |
| | c. | Likely to request referral to court-annexed mediation: | | *No* |
| | d. | The parties will complete private mediation/arbitration by: | | *00/00/00* |
| | e. | Evaluate case for settlement/ADR on: | | *04/03/23* |
| | f. | Settlement probability: | | *Fair* |

***Specify # of days for Bench or Jury trial as appropriate.***
***The Court will complete the shaded areas.***

| | 7. | TRIAL AND PREPARATION FOR TRIAL | TIME | DATE |
|---|---|---|---|---|
| | a. | Rule 26(a)(3) pretrial disclosures[5] | | |
| | | Plaintiff(s): | | *06/30/23* |
| | | Defendant(s): | | *07/14/23* |
| | b. | Objections to Rule 26(a)(3) disclosures (if different than 14 days provided in Rule) | | *00/00/00* |
| | c. | Special Attorney Conference[6] on or before: | | *07/29/23* |
| | d. | Settlement Conference[7] on or before: | | *07/29/23* |

---

[5] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

[6] The Special Attorneys Conference does not involve the court. During this conference, unless otherwise ordered by the court, counsel will agree, to the extent possible, on voir dire questions, jury instructions, and a pretrial order. They will discuss the presentation of the case, and they should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pretrial order should include any special equipment or courtroom arrangement requirements.

[7] The Settlement Conference does not involve the court unless the court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

|   |   |   |   |   |
|---|---|---|---|---|
| e. | Final Pretrial Conference: | | 3:00 p.m. | *08/21/23* |
| f. | Trial | **Length** | | |
| | i. | | ___:___ _.m. | *00/00/00* |
| | ii. Jury Trial | *5 days* | 8:30 a.m. | *09/11/23* |

**8.   OTHER MATTERS**

Parties should fully brief all Motions in Limine well in advance of the pretrial conference.

DATED this 25 February 2022.

_____
Dustin B. Pead
United States Magistrate Judge