**EXHIBIT B**

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

---

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>　　　Plaintiff,<br><br>vs.<br><br>**BLENDJET, INC.**, a Delaware corporation,<br><br>　　　Defendant. | **BLENDTEC'S OBJECTIONS TO BLENDJET'S SUBPOENA TO THOMAS DICKSON**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

　　　Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, Plaintiff Blendtec Inc. ("Blendtec") hereby submits its objections to BlendJet Inc.'s ("BlendJet") Subpoena to Thomas Dickson. Based on Blendtec's personal and proprietary interests and privileges in documents requested in Request Nos. 1-21 in the subpoena, Blendtec objects to Thomas Dickson responding to those requests subject to Blendtec's specific objections set forth herein.

**GENERAL OBJECTIONS**

Blendtec objects to the subpoena issued to Thomas Dickson on the ground that the majority of any non-privileged documents requested in the subpoenas are within the possession, custody, or control of Blendtec. Party discovery is ongoing and Blendjet should pursue discovery of documents within Blendtec's possession and control from Blendtec prior to issuing third party subpoenas for those documents. Indeed, Blendtec has already produced to Blendjet several non-privileged documents responsive to the requests in the subpoenas, including among other things a 1999 search report related to the Blendtec Mark (responsive to Subpoena Request Nos. 3-4), a cease and desist letter that D&W sent to Blendjet (responsive to Subpoena Request No. 8), agreements between Blendtec and Blendid and between Blendtec and Blendfresh (responsive to Subpoena Request No. 9), a document evidencing an assignment, license, or other agreement entered into by Blendtec related to the Blendtec Marks (responsive to Subpoena Request No. 10), and documents referring to Blendjet and its Marks (responsive to Subpoena Request No. 17). *See Martley v. Basehor*, 2022 U.S. Dist. LEXIS 79427, at *8-9 (D. Kan. 2022) ("document requests to a party, rather than subpoenas to the custodial non-party, are the appropriate method to obtain discovery") (quashing subpoena).

Further, the requested documents constitute Blendtec's private confidential information. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right

or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents, it is because of his prior employment with Blendtec. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects because the subpoenas request documents that are covered by the attorney client privilege, work product doctrine, or any other immunity or privilege held by Blendtec. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). "Courts have observed that the right or privilege asserted need not be weighty." *Francis v. Apex USA, Inc.*, 2020 U.S. Dist. LEXIS 263022, *9-10 (W.D. Ok. 2020) (citation omitted). ("The personal right or privilege claimed need not be weighty: parties need only have 'some personal right or privilege in the information sought' to have standing to challenge a subpoenaed third party."). "Thus, a party has standing when the documents subject to a Rule 45 subpoena are protected by the work-product doctrine or attorney client privilege." *Id*.

## SPECIFIC OBJECTIONS

**Request for Production No. 1:** All documents related to the evaluation, availability, and selection of the Blendtec Marks.

**Response/Objections to Request No. 1:** Blendtec objects to this Request because it seeks

documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged. On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request because it relates to information regarding Blendtec to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in documents related to the evaluation, availability, and selection of the Blendtec Marks. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents, it is because of his prior employment with Blendtec. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

**Request No. 2:** All documents that relate to Blendtec's applications for federal registration of the Blendtec Marks, and to the subsequent examination and registration of the Blendtec Marks.

**Response/Objections to Request No. 2:** Blendtec objects to this Request because it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged. On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request because it relates to information regarding Blendtec to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in documents

related to Blendtec's applications for federal registration of the Blendtec Marks, and to the subsequent examination and registration of the Blendtec Marks. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents, it is because of his prior employment with Blendtec. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

**Request No. 3:**  Any and all Searches or monitoring reports generated or commissioned in connection with the Blendtec Marks, including the results thereof.

**Response/Objections to Request No. 3:**  Blendtec objects to this Request to the extent that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for

purposes of obtaining legal advice are privileged. On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request because it relates to information regarding Blendtec to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in documents related to its Marks. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents, it is because of his prior employment with Blendtec. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested

documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Indeed, as Blendjet knows, Blendtec already produced to Blendjet a 1999 search report related to the Blendtec Mark. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

> **Request No. 4:**  Any and all Searches or monitoring reports generated or commissioned by or on behalf of Blendtec that include the term "BLEND," including the results thereof.

> **Response/Objections to Request No. 4:**  Blendtec objects to this Request to the extent

that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged.  On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request because it relates to information regarding Blendtec to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in documents generated in connection with its evaluation of its marks or potential marks. Where "subpoenas

seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents, it is because of his prior employment with Blendtec. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Indeed, as Blendjet knows, Blendtec already produced to Blendjet a 1999 search report related to the Blendtec Mark. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

**Request No. 5:**  Any and all Searches or monitoring reports generated or commissioned by or on behalf of Blendtec that relate to a "swirl" design feature, including the results thereof.

**Response/Objections to Request No. 5:**  Blendtec objects to this Request to the extent that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr.

Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged. On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request because it relates to information regarding Blendtec to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in documents generated in connection with its evaluation of its marks or potential marks. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents, it is because of his prior employment with Blendtec. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's

custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Indeed, as Blendjet knows, Blendtec already produced to Blendjet a 1999 search report related to the Blendtec Mark. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

> **Request No. 6:** All documents related to Blendtec's policies, guidelines, and/or procedures employed or practiced (or that ought to be employed or practiced) in the selection, maintenance, registration, and protection of its trademarks.

> **Response/Objections to Request No. 6:** Blendtec objects to this Request to the extent

that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged. On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request because it relates to information regarding Blendtec to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject

matter requested in the subpoena."). Blendtec has an important proprietary interest in documents related to Blendtec's policies, guidelines, and/or procedures employed or practiced in the selection, maintenance, registration, and protection of its trademarks. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents, it is because of his prior employment with Blendtec. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

**Request No. 7:** All documents evidencing or related to any effort to police, enforce, and/or defend the Blendtec Marks, including but not limited to any and all cease and desist letters that Blendtec has sent or received in relation to the Blendtec Marks.

**Response/Objections to Request No. 7**: Blendtec objects to this Request to the extent that

it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged.  On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request because it relates to information regarding Blendtec to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in documents evidencing or related to any effort to police, enforce, and/or defend the Blendtec Marks, including but not limited to any and all cease and desist letters that Blendtec has sent or received in relation to the Blendtec Marks. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents, it is because of his prior employment with Blendtec. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021)

13

(granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Indeed, as Blendjet knows, Blendtec has already produced to Blendjet a copy of the cease and desist letter sent in connection with this dispute. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

**Request No. 8:**  All documents evidencing or relating to any disputes that Blendtec has had with any third parties that relate to or reference the Blendtec Marks.

**Response/Objections to Request No. 8:**  Blendtec objects to this Request to the extent that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged.  On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request because it relates to information regarding Blendtec to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist.

LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in documents evidencing or relating to any disputes that Blendtec has had with any third parties that relate to or reference the Blendtec Marks. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents, it is because of his prior employment with Blendtec. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Indeed, as Blendjet knows, Blendtec has already produced to Blendjet a copy of the cease and desist letter sent in connection with this dispute. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to

which Blendtec has a proprietary interest.

**Request No. 9:**  All documents related to any relationship, agreements, or joint venture between Blendtec and any other entity with a corporate name or registered trademark that includes the word "blend," including but not limited to Blendfresh and Blendid.

**Response/Objections to Request No. 9:**  Blendtec objects to this Request to the extent that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged.  On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request because it relates to information regarding Blendtec to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in documents related to any relationship, agreements, or joint venture between Blendtec and any other entity with a corporate name or registered trademark that includes the word "blend," including but not limited to Blendfresh and Blendid. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark.

2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses subpoenaed documents because of his prior employment with Blendtec, Blendtec has a personal and proprietary right in those documents. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Indeed, as Blendjet knows, Blendtec has already produced to Blendjet agreements that it has with Blendid and Blendfresh. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

> **Request No. 10:** All Documents evidencing or relating to any assignments, licenses, or other agreements of any type entered into by Blendtec that relate to or reference the Blendtec Marks.

> **Response/Objections to Request No. 10:** Blendtec objects to this Request to the extent that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged.  On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request because it relates to information regarding Blendtec to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in Documents evidencing or relating to any assignments, licenses, or other agreements of any type entered into by Blendtec that relate to or reference the Blendtec Marks. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents, it is because of his prior employment with Blendtec. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's

custody. Indeed, as Blendjet knows, Blendtec has already produced to Blendjet a copy of an agreement that Blendtec has with a third party that is covered by this request. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

> **Request No. 14:** All documents describing or relating to any analysis or assessment of Blendtec's brand, the Blendtec Marks, any Blendtec Products, Blendtec's current or potential customers, its current or potential competitors, and/or Blendtec's current or potential product-market fit, whether conducted by Blendtec or any other party.

> **Response/Objections to Request No. 14:** Blendtec objects to this Request to the extent that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged. On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request because it relates to information regarding Blendtec to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in documents describing or relating to any analysis or assessment of Blendtec's brand, the Blendtec Marks, any

Blendtec Products, Blendtec's current or potential customers, its current or potential competitors, and/or Blendtec's current or potential product-market fit, whether conducted by Blendtec or any other party. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents, it is because of his prior employment with Blendtec. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Indeed, as Blendjet knows, Blendtec has already produced to Blendjet documents related to an analyses of Blendtec's brand. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

> **Request No. 15:** All documents relating or referring to portable blenders, including any analyses, studies, customer surveys, and/or internal memoranda related to the market,

competitive landscape, or features or functionalities related to portable blenders.

**Response/Objections to Request No. 15:** Blendtec objects to this Request to the extent that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged. On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request to the extent that it relates to information to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in its documents that relate or refer to portable blenders, including any analyses, studies, customer surveys, and/or internal memoranda related to the market, competitive landscape, or features or functionalities related to portable blenders. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed

documents as a result of his prior employment with Blendtec, Blendtec objects to their production by Mr. Dickson. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

**Request No. 16:** All documents constituting or referring to any comparison, study, research, or report related to the performance of any portable blender (including, but not limited to any BlendJet product) vis-à-vis traditional counter-top blenders, including Blendtec blenders.

**Response/Objections to Request No. 16:** Blendtec objects to this Request to the extent that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged. On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request to the extent that it relates to information to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the

documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in its documents constituting or referring to any comparison, study, research, or report related to the performance of any portable blender (including, but not limited to any BlendJet product) vis-à-vis traditional counter-top blenders, including Blendtec blenders. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents as a result of his prior employment with Blendtec, Blendtec objects to their production by Mr. Dickson. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents

and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

**Request No. 17:** All documents that relate to, refer to, or discuss BlendJet, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the BlendJet Marks, and/or the BlendJet Products.

**Response/Objections to Request No. 17:** Blendtec objects to this Request to the extent that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged. On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request to the extent that it relates to information to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in its documents that relate to, refer to, or discuss BlendJet, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the BlendJet Marks, and/or the BlendJet Products. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or

privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents as a result of his prior employment with Blendtec, Blendtec objects to their production by Mr. Dickson. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Indeed, as Blendjet knows, Blendtec has already produced, and is continuing to produce, to Blendjet documents related to Blendjet and its marks that are within Blendtec's possession. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

**Request No. 18:** All documents and communications related to Blendtec's decision to send a cease and desist letter to BlendJet, and to file the Complaint.

**Response/Objections to Request No. 18:** Blendtec objects to this Request to the extent that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged.  On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

Blendtec also objects to this request to the extent that it relates to information to which

Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in documents and communications related to Blendtec's decision to send a cease and desist letter to BlendJet, and to file the Complaint. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents, it is because of his prior employment with Blendtec. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Indeed, as Blendjet knows, Blendtec has already produced the cease and desist letter in

connection with this action. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

**Request No. 19:** Documents sufficient to describe the circumstances of your departure from Blendtec.

**Response/Objections to Request No. 19:** Blendtec objects to this request to the extent that it relates to information to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in documents and communications related to the departure of its employees, including their employment files. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents, it is because of his prior employment with Blendtec. *See*

*Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

      Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

      **Request No. 20:** Documents sufficient to describe the relationship between Blendtec and Wasatch Group, including, but not limited to, any investment or loan made by Wasatch Group (or any party related thereto) in or to Blendtec (or any party related thereto), and the results and present status of any such relationship.

      **Response/Objections to Request No. 20:** Blendtec objects to this Request to the extent that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged. On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents.

      Blendtec also objects to this request to the extent that it relates to information to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332,

*5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in documents related to its relationship with Wasatch Group. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents as a result of his prior employment with Blendtec, Blendtec objects. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to privileged documents and with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest.

**Request No. 21:** All documents related to, or otherwise referencing, the Current Litigation.

**Response/Objections to Request No. 21:** Blendtec objects to this Request to the extent

that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Mr. Dickson served as Blendtec's CEO for many years. His communications with legal counsel for purposes of obtaining legal advice are privileged.  On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents. Blendtec also objects to this request to the extent that it relates to information to which Blendtec has a proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Thomas Dickson is a former officer of Blendtec. To the extent that Thomas Dickson possesses the subpoenaed documents as a result of his prior employment with Blendtec, Blendtec objects. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment").

 DATED this 7th day of December, 2022.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Grant Foster (#7202)
Tamara L. Kapaloski (#13471)

*Attorneys for Plaintiff Blendtec Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of December, 2022, a true and correct copy of

**BLENDTEC'S OBJECTIONS TO BLENDJET'S SUBPOENA TO THOMAS DICKSON**

was served on counsel of record via email at the following email addresses:

Lisa M. Martens: lmartens@sheppardmullin.com
Martin R. Bader: mbader@sheppardmullin.com
Patrick M. McGill: pmcgill@sheppardmullin.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: ebutler@parsonsbehle.com


*/s/ Tamara L. Kapaloski*