**<u>EXHIBIT A</u>**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Utah

| | |
|---|---|
| BLENDTEC INC., a Utah corporation, | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.  2:21-cv-00668-TC-DBP |
| BLENDJET INC., a Delaware corporation | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:              Enlisted Ventures, LLC (d/b/a Enlisted Design)
                 345 Pierport Avenue, Salt Lake City, UT 84101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

          See Attachment A.

| Place: Parsons Behle & Latimer, 201 South Main Street, Suite 1800, Salt Lake City, Utah 84111 | Date and Time:  12/09/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

         The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/21/2022

              *CLERK OF COURT*
                                                    OR

_____              _____
    *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   BLENDJET INC.
_____ , who issues or requests this subpoena, are:

Patrick McGill, 12275 El Camino Real, Suite 100, San Diego, CA, 92130, pmcgill@sheppardmullin.com, (858) 720-7407

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:21-cv-00668-TC-DBP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                  *Server's signature*

                                                         _____
                                                                  *Printed name and title*

                                                         _____
                                                                  *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**DUCivR 37-1    DISCOVERY: MOTIONS AND DISPUTES; REFERRAL TO MAGISTRATE JUDGE**

**(a)    Discovery Disputes.**

(1)    The parties must make reasonable efforts without court assistance to resolve a dispute arising under Fed. R. Civ. P. 26-37 and 45. At a minimum, those efforts must include a prompt written communication sent to the opposing party:

(A)    identifying the discovery disclosure/request(s) at issue, the response(s) thereto, and specifying why those responses/objections are inadequate, and;

(B)    requesting to meet and confer, either in person or by telephone, with alternative dates and times to do so.

(2)    If the parties cannot resolve the dispute, and they wish to have the Court mediate the dispute in accordance with Fed. R. Civ. P. 16(b)(3)(v), the parties (either individually or jointly) may contact chambers and request a discovery dispute conference.

(3)    If the parties wish for the court to resolve the matter by order, the parties (either individually or jointly) must file a Short Form Discovery Motion, which should not exceed 500 words exclusive of caption and signature block.

(4)    The Short Form Discovery Motion must include a certification that the parties made reasonable efforts to reach agreement on the disputed matters and recite the date, time, and place of such consultation and the

names of all participating parties or attorneys. The filing party should include a copy of the offending discovery request/response (if it exists) as an exhibit to the Short Form Motion. Each party should also email chambers a proposed order setting forth the relief requested in a word processing format.

(5)     The parties must request expedited treatment as additional relief for the motion in CM/ECF to facilitate resolution of the dispute as soon as practicable. (After clicking the primary event, click Expedite.)



(6)     The opposing party must file its response 5 business days[5] after the filing of the Motion, unless otherwise ordered. Any opposition should not exceed 500 words exclusive of caption and signature block.

(7)     To resolve the dispute, the court may:

(A)     decide the issue on the basis of the Short Form Discovery Motion after hearing from the parties to the dispute, either in writing or at a hearing, consistent with DUCivR 7-1(f);

(B)     set a hearing, telephonic or otherwise, upon receipt of the Motion without waiting for any Opposition; and/or

---

[5] This provision is not subject to the addition of three (3) days provided by Fed. R. Civ. P. 6(d).

(C)      request further briefing and set a briefing schedule.

(8)      If any party to the dispute believes it needs extended briefing, it should request such briefing in the short form motion or at a hearing, if one takes place. This request should accompany, and not replace, the substantive argument.

(9)      A party subpoenaing a non-party must include a copy of this rule with the subpoena. Any motion to quash, motion for a protective order, or motion to compel a subpoena will follow this procedure.

(10)     If disputes arise during a deposition that any party or witness believes can most efficiently be resolved by contacting the Court by phone, including disputes that give rise to a motion being made under Fed. R. Civ. P. 30(d)(3), the parties to the deposition must call the assigned judge and not wait to file a Short Form Discovery Motion.

(11)     Any objection to a magistrate judge's order must be made according to Fed. R. Civ. P. 72(a), but must be made within 14 days of the magistrate judge's oral or written ruling, whichever comes first, and must request expedited treatment. DUCivR 72-3 continues to govern the handling of objections.

## ATTACHMENT A

## DEFINITIONS

1.     The term "Current Litigation" means and refers to the above-captioned action.

2.     The terms "Enlisted Design," " "You" or "Your" refer to Enlisted Ventures, LLC (d/b/a "Enlisted Design"), and include any and all of its past and present predecessors, successors, subsidiaries, divisions, parents, owners, and affiliates, and all past and present officers, directors, agents, trustees, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting in whole or in part on behalf of any of the foregoing.

3.     The terms "Plaintiff" and "Blendtec" means and refers to Plaintiff Blendtec, Inc., and includes any and all of its predecessors and successors in interest, any and all of its subsidiaries, affiliates and affiliated entities, and its partners, employees, agents, officers, directors, licensees, assignors, and representatives of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing

4.     The terms "Defendant" and "BlendJet" means and refers to Defendant BlendJet Inc., and includes any and all of its predecessors and successors in interest, any and all of its subsidiaries, affiliates and affiliated entities, and its partners, employees, agents, officers, directors, licensees, assignors, and representatives of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing.

5.     The term "Complaint" means and refers to the Complaint filed by Blendtec in the above-captioned action on November 12, 2021 (Dkt. 2).

6.      The term "Blendtec word mark" means and refers to the BLENDTEC mark, as a common law mark and/or as registered with the USPTO, and bearing U.S. Reg. No. 2,431,060.

7.      The term "Blendtec logo" means and refers to the design mark registered with the USPTO, and bearing U.S. Reg. No. 4,050,765, as used as a common law mark and/or as registered with the USPTO.

8.      The term "Blendtec Marks" means and refers to the Blendtec word mark and logo, together.

9.      The term "Blendtec Products" means and refers to any and all products sold by Blendtec under the Blendtec Marks.

10.     The term "BlendJet word mark" means and refers to the BLENDJET mark, as a common law mark and/or as registered with the USPTO, and bearing U.S. Reg. No. 5,750,510.

11.     The term "BlendJet logo" means and refers to the design mark registered with the USPTO, and bearing U.S. Reg. No. 5,950,040, as used as a common law mark and/or as registered with the USPTO.

12.     The term "BlendJet Marks" means and refers to the BlendJet word mark and logo, together.

13.     The term "BlendJet Products" means and refers to any and all products sold by BlendJet under the BlendJet Marks.

14.     The term "Person" or "persons" means and refers to human beings, associations, organizations, companies, corporations, partnerships, joint ventures, and other legal entities, and the actions of a person shall include the actions of the person's predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners,

Attachment A to Subpoena to
Enlisted Ventures, LLC

assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other person or entity acting or purporting to act on behalf of any of the foregoing.

15.    The term "Document(s)" is used in its customary broad sense, and encompasses without limitation the original and each non-identical copy of all "writings" and "recordings," including:  time records, correspondence, letters, memoranda, notes, reports, papers, files, books, catalogs, labels, packaging, containers, advertisements or promotional materials in any form and whether draft or final, storyboards, press releases, studies, questionnaires, surveys, assignments, agreements and other official papers and legal instruments, annual or management reports, project reports, reports to shareholders and minutes and reports of meetings (including meetings of directors, officers, executive boards, and committees), reports tags, records, contracts, agreements, cables, wires, telegrams, electronic mail, and other communications sent or received, written, typed, printed, or otherwise visually or aurally reproduced; printouts, diaries and diary entries, and calendars; notebooks, operating and maintenance manuals, operating and product or service specifications or guidelines, data, drafts, tables, compilations, tabulations, charts, graphs, drawings, plans, sketches, recommendations, accounts, worksheets, logs, and work papers; minutes, notes, summaries, lists of people attending, and other written records or recordings of or relating to any conference, meeting, visit, interview, conversation, telephone conversation, or interoffice or intraoffice communications of any types; bills, statements, invoices, orders, and other records of any obligation or expenditure; canceled checks, vouchers, receipts, and other videotapes and cassettes and transcripts thereof; affidavits, transcripts of testimony, statements, interviews, and conversations; printed matter (including published articles, speeches, newspaper clippings, press releases, photographs, and materials of any kind)

and other records, including videos and movies regardless of storage mechanism; microfilm and microfiche (including of documents that may or may not have been destroyed); disks, computer files, electronically stored data, e-mails, film, tapes, and other sources from which information can be obtained, including materials used in electronic data processing and/or transmitted by electronic means, including ftp and network access, and any other form of stored information; and any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document will be deemed a separate document for purposes of these Requests.  In addition, as used herein, the term Document(s) includes Communication(s) as defined below.

16.    The term "Communication(s)" means any and all transmissions of information from one Person to another (in the form of facts, ideas, inquiries, or otherwise) and refers to any communication, including oral, vocal, written, and electronic communications, including without limitation, conversations, discussions, memoranda, facsimile transmissions, letters, email, instant messages and/or other communications transmitted by, through, or using a computer or computer network.

17.    The term "Agreement" means any contract, transaction, license, or other arrangement of any kind, whether conditional, executed, executory, express, or implied, and whether oral or written, in which rights are granted or obligations are assumed. The term "agreement" shall encompass completed, actual, contemplated, or attempted agreements or renewals of agreements.

18.     "And" and "or" shall each be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

19.     "Any" shall be construed to include the word "all," and "all" shall be construed to include the word "any" as necessary in order to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

20.     "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each" as necessary in order to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

21.     "Concerning" means relating to, referring to, describing, evidencing, embodying, comprising, or constituting and is construed in the broadest sense to require the production of all documents which contain or comprise any communication (including representations, requests, demands and the like) referred to and documents that discuss, mention, or pertain to the subject matter of the request.

22.     "Include" or "including" means including but not limited to and should not be read to limit the scope of any particular request, but merely as illustrative of some information that would be responsive.

23.     The terms "relate" and "refer" are used in their broadest possible sense and include all matters comprising, constituting, containing, concerning, evidencing, embodying, reflecting, involving, discussing, describing, analyzing, identifying, stating, referring to, dealing with, supporting, tending to support, refuting, tending to refute, rebutting, tending to rebut, or in any way pertaining to, for each request whichever definition makes the request most inclusive.

24.     As used herein, the singular form of a noun or a pronoun shall be considered to include within its meaning the plural form of a noun or a pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb so used.

25.     Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate.

## INSTRUCTIONS

1.     These discovery requests relate to documents and information in your possession, custody, or control, or in the possession, custody, or control of your agents, servants, employees, present and former attorneys, and any other person acting, purporting to act, or who has acted, on your behalf.

2.     If a document responsive to a request was, but no longer is, in your possession, custody, or control, state precisely what disposition was made of it (including its present location and the person(s) who possesses or controls it) and identify the name and address of the person(s) who authorized or ordered such disposition.  If a document responsive to a request was, but no longer is, in your possession, custody, or control, because it was destroyed, state precisely the circumstances surrounding its destruction and identify the name and address of the person(s) who has personal knowledge of such destruction.

3.     Documents produced in response to these requests should be produced as they are kept in the usual course of business and should be organized and labeled to correspond with the categories in the request.  Documents should be produced in electronic format, in accordance

-6-

with the production conventions outlined in Section IV(C)-(D), and Section VI, of the Order

Regarding ESI Protocol (Dkt. 30), which governs the discovery of electronically-stored

information in the above-captioned matter.

4.    For each document responsive to these requests that are withheld under a claim of

privilege or work product immunity, provide a statement setting forth as to each document:

      (a)    the name and title of the author(s);

      (b)    the name and title of each person to whom the document was addressed;

      (c)    the name and title of each person who received a copy of the document;

      (d)    the date of the document;

      (e)    a brief description of the nature and subject matter of the document;

      (f)    the nature of the claimed privilege or immunity; and

      (g)    for each document or thing withheld under a claim attorney work product,
also state whether the document or thing was prepared in anticipation of
litigation or for trial.

5.    If any portion of a document or thing is responsive to a request, the entire

document or thing should be produced, with privileged material – if any – redacted.

6.    If you object to a Request in part, state specifically which part of the Request you

object to, and produce all documents and communications responsive to all other parts of the

request.

7.    In the event that you object to any request on the ground that it is vague and/or

ambiguous, identify the particular words, terms or phrases that are asserted to make such request

Attachment A to Subpoena to
Enlisted Ventures, LLC

vague and/or ambiguous and specify the meaning actually attributed to you by such words for purposes of your response thereto.

8.      If you object to or disagree with any of the Definitions set forth in these requests, or if you do not understand any term used in these requests, explain in detail the nature of your disagreement with the definition, or lack of understanding the term, and provide your definition of the term.

9.      Unless otherwise noted, these requests are not limited in temporal or geographical scope.

10.     Pursuant to Federal Rule of Civil Procedure 26(e), these requests are continuing in nature.  You must promptly provide, by way of supplementary productions or responses, any additional documents and things that come into your possession, custody, or control at any time during the Current Litigation.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents that relate to, refer to, or discuss Blendtec, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the Blendtec Marks, and/or the Blendtec Products.

**REQUEST NO. 2:**

All documents that comprise, relate to, refer to, or discuss any agreements – express or implied – between Blendtec and Enlisted Design, and/or any terms or conditions thereof.

-8-

**REQUEST NO. 3:**

All documents describing or relating to any marketing, branding, and/or advertising services that you have provided – or are in the process of providing – to Blendtec.

**REQUEST NO. 4:**

All documents that comprise or relate to surveys, focus groups, or market studies, or any other type of assessment relating to Blendtec, its brand, the Blendtec Marks, and/or the Blendtec Products, whether conducted by Enlisted or any other party.

**REQUEST NO. 5:**

All documents relating or referring to the marketing and competitive positioning of the Blendtec GO blender accessory, including but not limited to, any documentation evidencing or otherwise demonstrating that the Blendtec GO was developed to compete or actually competes with portable blender products.

**REQUEST NO. 6:**

All documents relating or referring to any criticisms or complaints about the Blendtec Products.

**REQUEST NO. 7:**

All documents relating or referring to portable blenders, including any analyses, studies, customer surveys, and/or internal memoranda related to the market, competitive landscape, or features or functionalities related to portable blenders.

**REQUEST NO. 8:**

All documents that relate to, refer to, or discuss BlendJet, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the BlendJet Marks, and/or the BlendJet Products.

**REQUEST NO. 9:**

All documents from which it can be ascertained the total amount of money that Blendtec has paid to Enlisted Design, on an annual basis, in connection with any services provided to Blendtec by Enlisted Design.

**REQUEST NO. 10:**

All documents related to, or otherwise referencing, the Current Litigation.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Utah

| | |
|---|---|
| BLENDTEC INC., a Utah corporation, | ) |
| *Plaintiff* | ) |
| v. | ) |
| BLENDJET INC., a Delaware corporation | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   2:21-cv-00668-TC-DBP

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Brigham Young University
                    attn: Steven Merrill Sanberg, A357 ASB, PROVO, UT 84602

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

     See Attachment A.

| Place: Parsons Behle & Latimer, 201 South Main Street, Suite 1800, Salt Lake City, Utah 84111 | Date and Time:<br><br>12/09/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/21/2022

                    *CLERK OF COURT*

                                                OR

     _____                    _____
        *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   BLENDJET INC.
                                                                    , who issues or requests this subpoena, are:

Nathan Thomas, 201 South Main Street, Ste 1800, Salt Lake City, UT 84111, nthomas@parsonsbehle.com, (801) 536-6977

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:21-cv-00668-TC-DBP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
　**(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
　**(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
　**(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
　**(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
　**(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**DUCivR 37-1    DISCOVERY: MOTIONS AND DISPUTES; REFERRAL TO MAGISTRATE JUDGE**

**(a)    Discovery Disputes.**

(1)    The parties must make reasonable efforts without court assistance to resolve a dispute arising under Fed. R. Civ. P. 26-37 and 45. At a minimum, those efforts must include a prompt written communication sent to the opposing party:

(A)    identifying the discovery disclosure/request(s) at issue, the response(s) thereto, and specifying why those responses/objections are inadequate, and;

(B)    requesting to meet and confer, either in person or by telephone, with alternative dates and times to do so.

(2)    If the parties cannot resolve the dispute, and they wish to have the Court mediate the dispute in accordance with Fed. R. Civ. P. 16(b)(3)(v), the parties (either individually or jointly) may contact chambers and request a discovery dispute conference.

(3)    If the parties wish for the court to resolve the matter by order, the parties (either individually or jointly) must file a Short Form Discovery Motion, which should not exceed 500 words exclusive of caption and signature block.

(4)    The Short Form Discovery Motion must include a certification that the parties made reasonable efforts to reach agreement on the disputed matters and recite the date, time, and place of such consultation and the

names of all participating parties or attorneys. The filing party should include a copy of the offending discovery request/response (if it exists) as an exhibit to the Short Form Motion. Each party should also email chambers a proposed order setting forth the relief requested in a word processing format.

(5)    The parties must request expedited treatment as additional relief for the motion in CM/ECF to facilitate resolution of the dispute as soon as practicable. (After clicking the primary event, click Expedite.)



(6)    The opposing party must file its response 5 business days[5] after the filing of the Motion, unless otherwise ordered. Any opposition should not exceed 500 words exclusive of caption and signature block.

(7)    To resolve the dispute, the court may:

(A)    decide the issue on the basis of the Short Form Discovery Motion after hearing from the parties to the dispute, either in writing or at a hearing, consistent with DUCivR 7-1(f);

(B)    set a hearing, telephonic or otherwise, upon receipt of the Motion without waiting for any Opposition; and/or

---

[5] This provision is not subject to the addition of three (3) days provided by Fed. R. Civ. P. 6(d).

(C)    request further briefing and set a briefing schedule.

(8)    If any party to the dispute believes it needs extended briefing, it should request such briefing in the short form motion or at a hearing, if one takes place. This request should accompany, and not replace, the substantive argument.

(9)    A party subpoenaing a non-party must include a copy of this rule with the subpoena. Any motion to quash, motion for a protective order, or motion to compel a subpoena will follow this procedure.

(10)    If disputes arise during a deposition that any party or witness believes can most efficiently be resolved by contacting the Court by phone, including disputes that give rise to a motion being made under Fed. R. Civ. P. 30(d)(3), the parties to the deposition must call the assigned judge and not wait to file a Short Form Discovery Motion.

(11)    Any objection to a magistrate judge's order must be made according to Fed. R. Civ. P. 72(a), but must be made within 14 days of the magistrate judge's oral or written ruling, whichever comes first, and must request expedited treatment. DUCivR 72-3 continues to govern the handling of objections.

## ATTACHMENT A

## DEFINITIONS

1.      The term "Current Litigation" means and refers to the above-captioned action.

2.      The terms "BYU Marketing Lab," " "You" or "Your" refer to Brigham Young University and its divisions (including, but limited to, the BYU Marketing Lab, which is a division of the BYU Marriott School of Business), and include any and all of its past and present predecessors, successors, subsidiaries, divisions, parents, owners, and affiliates, and all past and present officers, directors, agents, trustees, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting in whole or in part on behalf of any of the foregoing.

3.      The terms "Plaintiff" and "Blendtec" means and refers to Plaintiff Blendtec, Inc., and includes any and all of its predecessors and successors in interest, any and all of its subsidiaries, affiliates and affiliated entities, and its partners, employees, agents, officers, directors, licensees, assignors, and representatives of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing

4.      The terms "Defendant" and "BlendJet" means and refers to Defendant BlendJet Inc., and includes any and all of its predecessors and successors in interest, any and all of its subsidiaries, affiliates and affiliated entities, and its partners, employees, agents, officers, directors, licensees, assignors, and representatives of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing.

5.      The term "Complaint" means and refers to the Complaint filed by Blendtec in the above-captioned action on November 12, 2021 (Dkt. 2).

6.      The term "Blendtec word mark" means and refers to the BLENDTEC mark, as a common law mark and/or as registered with the USPTO, and bearing U.S. Reg. No. 2,431,060.

7.      The term "Blendtec logo" means and refers to the design mark registered with the USPTO, and bearing U.S. Reg. No. 4,050,765, as used as a common law mark and/or as registered with the USPTO.

8.      The term "Blendtec Marks" means and refers to the Blendtec word mark and logo, together.

9.      The term "Blendtec Products" means and refers to any and all products sold by Blendtec under the Blendtec Marks.

10.     The term "BlendJet word mark" means and refers to the BLENDJET mark, as a common law mark and/or as registered with the USPTO, and bearing U.S. Reg. No. 5,750,510.

11.     The term "BlendJet logo" means and refers to the design mark registered with the USPTO, and bearing U.S. Reg. No. 5,950,040, as used as a common law mark and/or as registered with the USPTO.

12.     The term "BlendJet Marks" means and refers to the BlendJet word mark and logo, together.

13.     The term "BlendJet Products" means and refers to any and all products sold by BlendJet under the BlendJet Marks.

14.     The term "Person" or "persons" means and refers to human beings, associations, organizations, companies, corporations, partnerships, joint ventures, and other legal entities, and the actions of a person shall include the actions of the person's predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners,

Attachment A to Subpoena to
Brigham Young University

assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other person or entity acting or purporting to act on behalf of any of the foregoing.

15.    The term "Document(s)" is used in its customary broad sense, and encompasses without limitation the original and each non-identical copy of all "writings" and "recordings," including:  time records, correspondence, letters, memoranda, notes, reports, papers, files, books, catalogs, labels, packaging, containers, advertisements or promotional materials in any form and whether draft or final, storyboards, press releases, studies, questionnaires, surveys, assignments, agreements and other official papers and legal instruments, annual or management reports, project reports, reports to shareholders and minutes and reports of meetings (including meetings of directors, officers, executive boards, and committees), reports tags, records, contracts, agreements, cables, wires, telegrams, electronic mail, and other communications sent or received, written, typed, printed, or otherwise visually or aurally reproduced; printouts, diaries and diary entries, and calendars; notebooks, operating and maintenance manuals, operating and product or service specifications or guidelines, data, drafts, tables, compilations, tabulations, charts, graphs, drawings, plans, sketches, recommendations, accounts, worksheets, logs, and work papers; minutes, notes, summaries, lists of people attending, and other written records or recordings of or relating to any conference, meeting, visit, interview, conversation, telephone conversation, or interoffice or intraoffice communications of any types; bills, statements, invoices, orders, and other records of any obligation or expenditure; canceled checks, vouchers, receipts, and other videotapes and cassettes and transcripts thereof; affidavits, transcripts of testimony, statements, interviews, and conversations; printed matter (including published articles, speeches, newspaper clippings, press releases, photographs, and materials of any kind)

Attachment A to Subpoena to
Brigham Young University

and other records, including videos and movies regardless of storage mechanism; microfilm and microfiche (including of documents that may or may not have been destroyed); disks, computer files, electronically stored data, e-mails, film, tapes, and other sources from which information can be obtained, including materials used in electronic data processing and/or transmitted by electronic means, including ftp and network access, and any other form of stored information; and any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document will be deemed a separate document for purposes of these Requests.  In addition, as used herein, the term Document(s) includes Communication(s) as defined below.

16.     The term "Communication(s)" means any and all transmissions of information from one Person to another (in the form of facts, ideas, inquiries, or otherwise) and refers to any communication, including oral, vocal, written, and electronic communications, including without limitation, conversations, discussions, memoranda, facsimile transmissions, letters, email, instant messages and/or other communications transmitted by, through, or using a computer or computer network.

17.     The term "Agreement" means any contract, transaction, license, or other arrangement of any kind, whether conditional, executed, executory, express, or implied, and whether oral or written, in which rights are granted or obligations are assumed. The term "agreement" shall encompass completed, actual, contemplated, or attempted agreements or renewals of agreements.

-4-

18.     "And" and "or" shall each be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

19.     "Any" shall be construed to include the word "all," and "all" shall be construed to include the word "any" as necessary in order to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

20.     "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each" as necessary in order to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

21.     "Concerning" means relating to, referring to, describing, evidencing, embodying, comprising, or constituting and is construed in the broadest sense to require the production of all documents which contain or comprise any communication (including representations, requests, demands and the like) referred to and documents that discuss, mention, or pertain to the subject matter of the request.

22.     "Include" or "including" means including but not limited to and should not be read to limit the scope of any particular request, but merely as illustrative of some information that would be responsive.

23.     The terms "relate" and "refer" are used in their broadest possible sense and include all matters comprising, constituting, containing, concerning, evidencing, embodying, reflecting, involving, discussing, describing, analyzing, identifying, stating, referring to, dealing with, supporting, tending to support, refuting, tending to refute, rebutting, tending to rebut, or in any way pertaining to, for each request whichever definition makes the request most inclusive.

Attachment A to Subpoena to
Brigham Young University

24.     As used herein, the singular form of a noun or a pronoun shall be considered to include within its meaning the plural form of a noun or a pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb so used.

25.     Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate.

## **INSTRUCTIONS**

1.     These discovery requests relate to documents and information in your possession, custody, or control, or in the possession, custody, or control of your agents, servants, employees, present and former attorneys, and any other person acting, purporting to act, or who has acted, on your behalf.

2.     If a document responsive to a request was, but no longer is, in your possession, custody, or control, state precisely what disposition was made of it (including its present location and the person(s) who possesses or controls it) and identify the name and address of the person(s) who authorized or ordered such disposition.  If a document responsive to a request was, but no longer is, in your possession, custody, or control, because it was destroyed, state precisely the circumstances surrounding its destruction and identify the name and address of the person(s) who has personal knowledge of such destruction.

3.     Documents produced in response to these requests should be produced as they are kept in the usual course of business and should be organized and labeled to correspond with the categories in the request.  Documents should be produced in electronic format, in accordance

Attachment A to Subpoena to
Brigham Young University

with the production conventions outlined in Section IV(C)-(D), and Section VI, of the Order

Regarding ESI Protocol (Dkt. 30), which governs the discovery of electronically-stored

information in the above-captioned matter.

      4.     For each document responsive to these requests that are withheld under a claim of

privilege or work product immunity, provide a statement setting forth as to each document:

        (a)    the name and title of the author(s);

        (b)    the name and title of each person to whom the document was addressed;

        (c)    the name and title of each person who received a copy of the document;

        (d)    the date of the document;

        (e)    a brief description of the nature and subject matter of the document;

        (f)    the nature of the claimed privilege or immunity; and

        (g)    for each document or thing withheld under a claim attorney work product,
also state whether the document or thing was prepared in anticipation of
litigation or for trial.

      5.     If any portion of a document or thing is responsive to a request, the entire

document or thing should be produced, with privileged material – if any – redacted.

      6.     If you object to a Request in part, state specifically which part of the Request you

object to, and produce all documents and communications responsive to all other parts of the

request.

      7.     In the event that you object to any request on the ground that it is vague and/or

ambiguous, identify the particular words, terms or phrases that are asserted to make such request

vague and/or ambiguous and specify the meaning actually attributed to you by such words for purposes of your response thereto.

8.      If you object to or disagree with any of the Definitions set forth in these requests, or if you do not understand any term used in these requests, explain in detail the nature of your disagreement with the definition, or lack of understanding the term, and provide your definition of the term.

9.      Unless otherwise noted, these requests are not limited in temporal or geographical scope.

10.     Pursuant to Federal Rule of Civil Procedure 26(e), these requests are continuing in nature.  You must promptly provide, by way of supplementary productions or responses, any additional documents and things that come into your possession, custody, or control at any time during the Current Litigation.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents that relate to, refer to, or discuss Blendtec, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the Blendtec Marks, and/or the Blendtec Products.

**REQUEST NO. 2:**

All documents that comprise, relate to, refer to, or discuss any agreements – express or implied – between Blendtec and Brigham Young University – including, but not limited to, any relationship between Blendtec and the BYU Marketing Lab – and/or any terms or conditions thereof.

Attachment A to Subpoena to
Brigham Young University

**REQUEST NO. 3:**

All documents describing or relating to any marketing, branding, and/or advertising services that you have provided – or are in the process of providing – to Blendtec, including, but limited to, through the BYU Marketing Lab.

**REQUEST NO. 4:**

All documents that comprise or relate to surveys, focus groups, or market studies, or any other type of assessment relating to Blendtec, its brand, the Blendtec Marks, and/or the Blendtec Products, whether conducted by the BYU Marketing Lab or any other party.

**REQUEST NO. 5:**

All documents relating or referring to the marketing and competitive positioning of the Blendtec GO blender accessory, including but not limited to, any documentation evidencing or otherwise demonstrating that the Blendtec GO was developed to compete or actually competes with portable blender products.

**REQUEST NO. 6:**

All documents relating or referring to any criticisms or complaints about the Blendtec Products.

**REQUEST NO. 7:**

All documents relating or referring to portable blenders, including any analyses, studies, customer surveys, and/or internal memoranda related to the market, competitive landscape, or features or functionalities related to portable blenders.

Attachment A to Subpoena to
Brigham Young University

**REQUEST NO. 8:**

All documents that relate to, refer to, or discuss BlendJet, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the BlendJet Marks, and/or the BlendJet Products.

**REQUEST NO. 9:**

All documents from which it can be ascertained the total amount of money that Blendtec has paid to you, on an annual basis, in connection with any services provided to Blendtec by the BYU Marketing Lab.

**REQUEST NO. 10:**

All documents related to, or otherwise referencing, the Current Litigation.

Attachment A to Subpoena to
Brigham Young University