**EXHIBIT B**

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET, INC.**, a Delaware corporation,<br><br>    Defendant. | **BLENDTEC'S OBJECTIONS TO BLENDJET'S SUBPOENA TO BRIGHAM YOUNG UNIVERSITY**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, Plaintiff Blendtec Inc. ("Blendtec") hereby submits its objections to BlendJet Inc.'s ("BlendJet") Subpoena to Brigham Young University. Based on Blendtec's personal and proprietary interest in documents requested in Request Nos. 1-9 in the subpoena, Blendtec objects to BYU responding to those requests subject to Blendtec's specific objections set forth herein.

1

## SPECIFIC OBJECTIONS

**Request for Production No. 1:** All documents that relate to, refer to, or discuss Blendtec, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the Blendtec Marks, and/or the Blendtec Products.

**Response/Objections to Request No. 1:** Blendtec objects to this request because it relates to information regarding Blendtec and to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.").

First, Blendtec and BYU entered into a contract pursuant to which all work product by BYU is the exclusive property of Blendtec. *See Beaty v. Kan. Ath.*, 2020 U.S. Dist. LEXIS 74206, at *8 (D. Kan. 2020 (where party "is a party to the contracts sought" party has a right or privilege in the information) (rejecting argument that party lacked standing to object to subpoena); *North Alabama Fabricating Co. v. Bedeschi Mid-West Conveyor Co.*, 2017 U.S. Dist. LEXIS 157362, at *2 (D. Kan. 2017) ("Because the information requested from non-party Essar includes contracts, invoices, correspondence and other documents between Essar and Defendant Bedeschi . . . Defendants have a personal right or privilege with respect to the subject matter requested in the subpoena" and have "standing to object to the issuance of the subpoena"); *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co.*, 2015 U.S. Dist. LEXIS 45123, at *3 (S.D. Ind. 2015) (where

2

subpoena seeks information regarding private contract, a party to the contract has a claim of personal right in the documents). Further, the agreement requires BYU to keep confidential the status and content accessed and generated as a result of the project.

Further, Blendtec has an important proprietary interest in documents related to its "brand, customers, marketing and/or advertising strategies, [and] competitors." Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

Finally, Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and to which Blendtec has a proprietary interest such as the documents requested in Request No. 1.

> **Request No. 2:** All documents that comprise, relate to, refer to, or discuss any agreements – express or implied – between Blendtec and Brigham Young University, -- including, but not, limited to, any relationship between Blendtec and the BYU Marketing Lab - and/or any terms or conditions thereof.
>
> **Response/Objections to Request No. 2:** Blendtec objects to this request because it relates

to information regarding Blendtec and to which Blendtec has a personal right and proprietary

interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.").

First, Blendtec and BYU entered into a contract pursuant to which all work product by BYU is the exclusive property of Blendtec. *See Beaty v. Kan. Ath.*, 2020 U.S. Dist. LEXIS 74206, at *8 (D. Kan. 2020 (where party "is a party to the contracts sought" party has a right or privilege in the information) (rejecting argument that party lacked standing to object to subpoena); *North Alabama Fabricating Co. v. Bedeschi Mid-West Conveyor Co.*, 2017 U.S. Dist. LEXIS 157362, at *2 (D. Kan. 2017) ("Because the information requested from non-party Essar includes contracts, invoices, correspondence and other documents between Essar and Defendant Bedeschi . . . Defendants have a personal right or privilege with respect to the subject matter requested in the subpoena" and have "standing to object to the issuance of the subpoena"); *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co.*, 2015 U.S. Dist. LEXIS 45123, at *3 (S.D. Ind. 2015) (where subpoena seeks information regarding private contract, a party to the contract has a claim of personal right in the documents). Further, the agreement requires BYU to keep confidential the status and content accessed and generated as a result of the project.

Further, Blendtec also objects on the ground that it has an important proprietary interest in documents related to its business partners, vendors, and service providers and related to the services provided by the same. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins.*

4

*Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest.

>**Request No. 3:** All documents describing or relating to any marketing, branding, and/or advertising services that you have provided – or are in the process of providing – to Blendtec, including but limited to, through the BYU Marketing Lab.

>**Response/Objections to Request No. 3:** Blendtec objects to this request because it relates to information regarding Blendtec and to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.").

First, Blendtec and BYU entered into a contract pursuant to which all work product by BYU is the exclusive property of Blendtec. *See Beaty v. Kan. Ath.*, 2020 U.S. Dist. LEXIS 74206, at *8 (D. Kan. 2020 (where party "is a party to the contracts sought" party has a right or privilege

5

in the information) (rejecting argument that party lacked standing to object to subpoena); *North Alabama Fabricating Co. v. Bedeschi Mid-West Conveyor Co.*, 2017 U.S. Dist. LEXIS 157362, at *2 (D. Kan. 2017) ("Because the information requested from non-party Essar includes contracts, invoices, correspondence and other documents between Essar and Defendant Bedeschi . . . Defendants have a personal right or privilege with respect to the subject matter requested in the subpoena" and have "standing to object to the issuance of the subpoena"); *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co.*, 2015 U.S. Dist. LEXIS 45123, at *3 (S.D. Ind. 2015) (where subpoena seeks information regarding private contract, a party to the contract has a claim of personal right in the documents). Further, the agreement requires BYU to keep confidential the status and content accessed and generated as a result of the project.

Further, Blendtec also objects on the ground that it has an important proprietary interest in documents related to marketing, branding, and/or advertising services provided to it pursuant to the agreement with BYU. This constitutes Blendtec's confidential business information. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain

6

to Blendtec and in which Blendtec has a proprietary interest.

**Request No. 4:** All documents that comprise or relate to surveys, focus groups, or market studies, or any other type of assessment relating to Blendtec, its brand, the Blendtec Marks, and/or the Blendtec Products, whether conducted by the BYU Marketing Lab or any other party.

**Response/Objections to Request No. 4:** Blendtec objects to this request because it relates to information regarding Blendtec and to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.").

First, Blendtec and BYU entered into a contract pursuant to which all work product by BYU is the exclusive property of Blendtec. *See Beaty v. Kan. Ath.*, 2020 U.S. Dist. LEXIS 74206, at *8 (D. Kan. 2020 (where party "is a party to the contracts sought" party has a right or privilege in the information) (rejecting argument that party lacked standing to object to subpoena); *North Alabama Fabricating Co. v. Bedeschi Mid-West Conveyor Co.*, 2017 U.S. Dist. LEXIS 157362, at *2 (D. Kan. 2017) ("Because the information requested from non-party Essar includes contracts, invoices, correspondence and other documents between Essar and Defendant Bedeschi . . . Defendants have a personal right or privilege with respect to the subject matter requested in the subpoena" and have "standing to object to the issuance of the subpoena"); *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co.*, 2015 U.S. Dist. LEXIS 45123, at *3 (S.D. Ind. 2015) (where subpoena seeks information regarding private contract, a party to the contract has a claim of

personal right in the documents). Further, the agreement requires BYU to keep confidential the status and content accessed and generated as a result of the project.

Further, Blendtec also objects on the ground that it has an important proprietary interest in documents that comprise or relate to surveys, focus groups, or market studies, or any other type of assessment relating to Blendtec, its brand, the Blendtec Marks, and/or the Blendtec Products created pursuant to the agreement with BYU. This constitutes Blendtec's confidential business information. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest.

> **Request No. 5:** All documents relating or referring to the marketing and competitive positioning of the Blendtec GO blender accessory, including but not limited to, any documentation evidencing or otherwise demonstrating that the Blendtec GO was developed to compete or actually competes with portable blender products.

**Response/Objections to Request No. 5:** Blendtec objects to this request because it relates to information regarding Blendtec and to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a

8

nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.").

First, Blendtec and BYU entered into a contract pursuant to which all work product by BYU is the exclusive property of Blendtec. *See Beaty v. Kan. Ath.*, 2020 U.S. Dist. LEXIS 74206, at *8 (D. Kan. 2020 (where party "is a party to the contracts sought" party has a right or privilege in the information) (rejecting argument that party lacked standing to object to subpoena); *North Alabama Fabricating Co. v. Bedeschi Mid-West Conveyor Co.*, 2017 U.S. Dist. LEXIS 157362, at *2 (D. Kan. 2017) ("Because the information requested from non-party Essar includes contracts, invoices, correspondence and other documents between Essar and Defendant Bedeschi . . . Defendants have a personal right or privilege with respect to the subject matter requested in the subpoena" and have "standing to object to the issuance of the subpoena"); *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co.*, 2015 U.S. Dist. LEXIS 45123, at *3 (S.D. Ind. 2015) (where subpoena seeks information regarding private contract, a party to the contract has a claim of personal right in the documents). Further, the agreement requires BYU to keep confidential the status and content accessed and generated as a result of the project.

Further, Blendtec also objects on the ground that it has an important proprietary interest in documents relating or referring to the marketing and competitive positioning of Blendtec's Blendtec GO product. This constitutes Blendtec's confidential business product information. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential

9

business information).

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest.

**Request No. 6:** All documents relating or referring to any criticisms or complaints about the Blendtec Products.

**Response/Objections to Request No. 6:** Blendtec objects to this request because it relates to information regarding Blendtec and to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.").

First, Blendtec and BYU entered into a contract pursuant to which all work product by BYU is the exclusive property of Blendtec. *See Beaty v. Kan. Ath.*, 2020 U.S. Dist. LEXIS 74206, at *8 (D. Kan. 2020 (where party "is a party to the contracts sought" party has a right or privilege in the information) (rejecting argument that party lacked standing to object to subpoena); *North Alabama Fabricating Co. v. Bedeschi Mid-West Conveyor Co.*, 2017 U.S. Dist. LEXIS 157362, at

*2 (D. Kan. 2017) ("Because the information requested from non-party Essar includes contracts, invoices, correspondence and other documents between Essar and Defendant Bedeschi . . . Defendants have a personal right or privilege with respect to the subject matter requested in the subpoena" and have "standing to object to the issuance of the subpoena"); *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co.*, 2015 U.S. Dist. LEXIS 45123, at *3 (S.D. Ind. 2015) (where subpoena seeks information regarding private contract, a party to the contract has a claim of personal right in the documents). Further, the agreement requires BYU to keep confidential the status and content accessed and generated as a result of the project.

Further, Blendtec also objects on the ground that it has an important proprietary interest in documents relating or referring to criticisms or complaints about Blendtec's Blendtec Products. This constitutes Blendtec's confidential business product information. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest.

> **Request No. 7:** All documents relating or referring to portable blenders, including any analyses, studies, customer surveys, and/or internal memoranda related to the market, competitive landscape, or features or functionalities related to portable blenders.

11

**Response to Request No. 7**: Blendtec objects to this request to the extent that it relates to information regarding Blendtec and to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.").

First, Blendtec and BYU entered into a contract pursuant to which all work product by BYU is the exclusive property of Blendtec. If the documents were created as a result of that contract, Blendtec objects to their production by BYU. *See Beaty v. Kan. Ath.*, 2020 U.S. Dist. LEXIS 74206, at *8 (D. Kan. 2020 (where party "is a party to the contracts sought" party has a right or privilege in the information) (rejecting argument that party lacked standing to object to subpoena); *North Alabama Fabricating Co. v. Bedeschi Mid-West Conveyor Co.*, 2017 U.S. Dist. LEXIS 157362, at *2 (D. Kan. 2017) ("Because the information requested from non-party Essar includes contracts, invoices, correspondence and other documents between Essar and Defendant Bedeschi . . . Defendants have a personal right or privilege with respect to the subject matter requested in the subpoena" and have "standing to object to the issuance of the subpoena"); *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co.*, 2015 U.S. Dist. LEXIS 45123, at *3 (S.D. Ind. 2015) (where subpoena seeks information regarding private contract, a party to the contract has a claim of personal right in the documents). Further, the agreement requires BYU to keep confidential the status and content accessed and generated as a result of the project.

Further, to the extent that the requested documents, if any, were created as a result of the agreement between Blendtec and BYU, Blendtec also objects on the ground that it has an important proprietary interest in the documents. Documents created by or on behalf of Blendtec that relate or refer to portable blenders, including any analyses, studies, customer surveys, and/or internal memoranda related to the market, competitive landscape, or features or functionalities related to portable blenders constitutes Blendtec's confidential business product information. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest.

**Request No. 8:** All documents that relate to, refer to, or discuss BlendJet, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the BlendJet Marks, and/or the BlendJet Products.

**Response to Request No. 8:** Blendtec objects to this request to the extent that it relates to information regarding Blendtec and to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty

13

when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.").

First, Blendtec and BYU entered into a contract pursuant to which all work product by BYU is the exclusive property of Blendtec. If the documents were created as a result of that contract, Blendtec objects to their production by BYU. *See Beaty v. Kan. Ath.*, 2020 U.S. Dist. LEXIS 74206, at *8 (D. Kan. 2020 (where party "is a party to the contracts sought" party has a right or privilege in the information) (rejecting argument that party lacked standing to object to subpoena); *North Alabama Fabricating Co. v. Bedeschi Mid-West Conveyor Co.*, 2017 U.S. Dist. LEXIS 157362, at *2 (D. Kan. 2017) ("Because the information requested from non-party Essar includes contracts, invoices, correspondence and other documents between Essar and Defendant Bedeschi . . . Defendants have a personal right or privilege with respect to the subject matter requested in the subpoena" and have "standing to object to the issuance of the subpoena"); *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co.*, 2015 U.S. Dist. LEXIS 45123, at *3 (S.D. Ind. 2015) (where subpoena seeks information regarding private contract, a party to the contract has a claim of personal right in the documents). Further, the agreement requires BYU to keep confidential the status and content accessed and generated as a result of the project.

Further, to the extent that the requested documents, if any, were created as a result of the agreement between Blendtec and BYU, Blendtec also objects on the ground that it has an important proprietary interest in the documents. Any documents created by or on behalf of Blendtec that relate or refer to relate to, refer to, or discuss BlendJet, including, but not limited to, its brand,

customers, marketing and/or advertising strategies, competitors, the BlendJet Marks, and/or the BlendJet Products constitute Blendtec's confidential business product information. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest.

> **Request No. 9:** All documents from which it can be ascertained the total amount of money that Blendtec has paid to you, on an annual basis, in connection with any services provided to Blendtec by the BYU Marketing Lab.

> **Response/Objections to Request No. 9:** Blendtec objects to this request because it relates

to information regarding Blendtec and to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.").

15

First, Blendtec and BYU entered into a contract pursuant to which all work product by BYU is the exclusive property of Blendtec. *See Beaty v. Kan. Ath.*, 2020 U.S. Dist. LEXIS 74206, at *8 (D. Kan. 2020 (where party "is a party to the contracts sought" party has a right or privilege in the information) (rejecting argument that party lacked standing to object to subpoena); *North Alabama Fabricating Co. v. Bedeschi Mid-West Conveyor Co.*, 2017 U.S. Dist. LEXIS 157362, at *2 (D. Kan. 2017) ("Because the information requested from non-party Essar includes contracts, invoices, correspondence and other documents between Essar and Defendant Bedeschi . . . Defendants have a personal right or privilege with respect to the subject matter requested in the subpoena" and have "standing to object to the issuance of the subpoena"); *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co.*, 2015 U.S. Dist. LEXIS 45123, at *3 (S.D. Ind. 2015) (where subpoena seeks information regarding private contract, a party to the contract has a claim of personal right in the documents). Further, the agreement requires BYU to keep confidential the status and content accessed and generated as a result of the project.

Further, Blendtec also objects on the ground that it has an important proprietary interest in the amount Blendtec pays to its service providers pursuant to confidential business relationships. This constitutes Blendtec's confidential business product information. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet

16

seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest.

DATED this 7th day of December, 2022.

                                          DORSEY & WHITNEY LLP

                                          /s/ *Tamara L. Kapaloski*
                                          Brett Foster (#6089)
                                          Grant Foster (#7202)
                                          Tamara L. Kapaloski (#13471)

                                          *Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of December, 2022, a true and correct copy of **BLENDTEC'S OBJECTIONS TO BLENDJET'S SUBPOENA TO BRIGHAM YOUNG UNIVERSITY** was served on counsel of record via email at the following email addresses:

Lisa M. Martens: lmartens@sheppardmullin.com
Martin R. Bader: mbader@sheppardmullin.com
Patrick M. McGill: pmcgill@sheppardmullin.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: ebutler@parsonsbehle.com

*/s/ Tamara L. Kapaloski*