Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET, INC.**, a Delaware corporation,<br><br>Defendant. | **BLENDTEC'S OBJECTIONS TO BLENDJET'S SUBPOENA TO 6d BYTES, INC., d/b/a BLENDID**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, Plaintiff Blendtec Inc. ("Blendtec") hereby submits its objections to BlendJet Inc.'s ("BlendJet") Subpoena to 6d Bytes, Inc., d/b/a Blendid ("Blendid"). Based on Blendtec's personal and proprietary interest in documents requested in Request Nos. 7-8 in the subpoena to Blendid, Blendtec objects to Blendid responding to those requests subject to Blendtec's specific objections set forth herein.

## SPECIFIC OBJECTIONS

**Request for Production No. 7:** All documents related to any relationship, agreements, or joint venture between Blendid and any other entity with a corporate name or registered trademark that includes the word "blend," including but not limited to Blendtec.

**Response/Objections to Request No. 7:** Blendtec objects to this request because it relates to information regarding Blendtec and to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.").

First, Blendtec and Blendid entered into a contract with Blendid. *See Beaty v. Kan. Ath.*, 2020 U.S. Dist. LEXIS 74206, at *8 (D. Kan. 2020 (where party "is a party to the contracts sought" party has a right or privilege in the information) (rejecting argument that party lacked standing to object to subpoena); *North Alabama Fabricating Co. v. Bedeschi Mid-West Conveyor Co.*, 2017 U.S. Dist. LEXIS 157362, at *2 (D. Kan. 2017) ("Because the information requested from non-party Essar includes contracts, invoices, correspondence and other documents between Essar and Defendant Bedeschi . . . Defendants have a personal right or privilege with respect to the subject matter requested in the subpoena" and have "standing to object to the issuance of the subpoena"); *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co.*, 2015 U.S. Dist. LEXIS 45123, at *3 (S.D. Ind. 2015) (where subpoena seeks information regarding private contract, a party to the contract has a claim of personal right in the documents). Pursuant to the contract with Blendid, all

information provided by Blendtec to Blendid is the exclusive property of Blendtec. Further, the agreement requires Blendid to keep Blendtec's confidential information confidential.

Further, Blendtec also objects on the ground that it has an important proprietary interest in documents related to its business partners, vendors, and service providers and related to the services provided by the same. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Indeed, as Blendjet knows, Blendtec already produced documents related to Blendid. *See, e.g.*, Blendtec1218. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest.

> **Request No. 8:** All documents that relate to, refer to, or discuss Blendtec, including, but not limited to its brand, customers, marketing and/or advertising strategies, competitors, the Blendtec Marks, and/or the Blendtec Products.

**Response/Objections to Request No. 8:** Blendtec objects to this request because it relates to information regarding Blendtec and to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought.").

*See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.").

First, First, Blendtec and Blendid entered into a contract with Blendid. *See Beaty v. Kan. Ath.*, 2020 U.S. Dist. LEXIS 74206, at *8 (D. Kan. 2020 (where party "is a party to the contracts sought" party has a right or privilege in the information) (rejecting argument that party lacked standing to object to subpoena); *North Alabama Fabricating Co. v. Bedeschi Mid-West Conveyor Co.*, 2017 U.S. Dist. LEXIS 157362, at *2 (D. Kan. 2017) ("Because the information requested from non-party Essar includes contracts, invoices, correspondence and other documents between Essar and Defendant Bedeschi . . . Defendants have a personal right or privilege with respect to the subject matter requested in the subpoena" and have "standing to object to the issuance of the subpoena"); *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co.*, 2015 U.S. Dist. LEXIS 45123, at *3 (S.D. Ind. 2015) (where subpoena seeks information regarding private contract, a party to the contract has a claim of personal right in the documents). Further, the agreement requires Blendid to keep confidential the status and content accessed and generated as a result of the project.

Further, Blendtec has an important proprietary interest in documents related to its "brand, customers, marketing and/or advertising strategies, [and] competitors." Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

Finally, Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and to which Blendtec has a proprietary interest such as the documents requested in Request No. 8.

DATED this 7th day of December, 2022.

> DORSEY & WHITNEY LLP
>
> /s/ *Tamara L. Kapaloski*
> Brett Foster (#6089)
> Grant Foster (#7202)
> Tamara L. Kapaloski (#13471)
>
> *Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of December, 2022, a true and correct copy of **BLENDTEC INC.'S RESPONSE OBJECTIONS TO BLENDJET'S SUBPOENA TO 6d BYTES, INC., d/b/a BLENDID** was served on counsel of record via email at the following email addresses:

Lisa M. Martens: lmartens@sheppardmullin.com
Martin R. Bader: mbader@sheppardmullin.com
Patrick M. McGill: pmcgill@sheppardmullin.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: ebutler@parsonsbehle.com

/s/ Tamara L. Kapaloski