Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET, INC.**, a Delaware corporation,<br><br>Defendant. | **PLAINTIFF BLENDTEC INC.'S MOTION TO QUASH SUBPOENA TO THOMAS DICKSON**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Pursuant to Pursuant to FRCP 26, 34, and 45(d)(3), Blendtec moves to quash a subpoena to Blendtec's former CEO, Thomas Dickson (**Exhibit A**).[1] On December 7, 2022, Blendtec objected to the subpoenas (**Exhibit B**). Blendtec attempted to meet and confer with Blendjet, but Blendjet refused to meet and confer until after the deadline to respond to the subpoena (**Exhibit C**).

---

[1] Blendtec filed this motion on December 9, but, at opposing counsel's request, is re-filing using the short-form procedure.

The Dickson subpoena is very similar to subpoenas Blendjet issued to Blendtec's outside counsel and seeks documents covered by the attorney client privilege. Monson Decl. (**Exhibit D**) at ¶3. As such, Blendtec has standing to move to quash the subpoena. "[A] party has standing when the documents subject to a Rule 45 subpoena are protected by the work-product doctrine or attorney client privilege." *Francis v. Apex USA*, 2020 WL 13094070 at *4 (W.D. Ok. 2020) (unpublished). The Dickson Subpoena is an improper attempt to obtain privileged documents from Blendtec's former CEO. As holder of the privilege, Blendtec objects to this.

Further, party discovery is ongoing, and the majority of the subpoenaed documents, if they exist, would be within Blendtec's control. Monson Decl. at ¶4. Indeed, Blendjet recently selected Tom Dickson as an ESI Custodian. Blendtec has informed Blendjet that Mr. Dickson's ESI, including emails, have been preserved. At this time, there is no need to burden Mr. Dickson, a third party, with a subpoena requesting documents in Blendtec's control. *See Martley v. Basehor*, 2022 U.S. Dist. LEXIS 79427, at *8-9 (D. Kan. 2022) ("document requests to a party, rather than subpoenas to the custodial non-party, are the appropriate method to obtain discovery") (quashing subpoena).

Further, Blendtec has a proprietary interest in the subpoenaed documents because they belong to Blendtec, constitute Blendtec's private confidential information, and the only reason Mr. Dickson has those Blendtec documents is because of his employment with Blendtec. *See Subpoena to Narendran v. Sprint Spectrum*, 2021 U.S. Dist. LEXIS 9263, at *6 (D. Kan. 2021) (granting party's motion to quash subpoena seeking "information that Mr. Narendran possesses as a result of his employment"). Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v.*

*Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

Blendjet's subpoena to Blendtec's former CEO is an end run around Rule 34, is an improper attempt to seek privileged documents, and violates Blendjet's Rule 45(d) duty to "avoid imposing undue burden or expense on a person subject to the subpoena." Blendtec seeks FRCP 37(a)(5)(A)(ii) attorneys' fees.

DATED this 14th day of December, 2022.

        DORSEY & WHITNEY LLP

        /s/ *Tamara L. Kapaloski*
        Brett Foster (#6089)
        Grant Foster (#7202)
        Tamara L. Kapaloski (#13471)

        *Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December, 2022, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system and served on the following counsel of record via the CM/ECF notification system:

Patrick M. McGill: pmcgill@sheppardmullin.com
Lisa M. Martens: lmartens@sheppardmullin.com
Martin R. Bader: mbader@sheppardmullin.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: lbutler@parsonsbehle.com

                                       */s/ Tamara L. Kapaloski*