**EXHIBIT D**

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET, INC.**, a Delaware corporation,<br><br>Defendant. | **DECLARATION OF MICHAEL MONSON IN SUPPORT OF PLAINTIFF BLENDTEC INC.'S MOTION TO QUASH SUBPOENA TO THOMAS DICKSON**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

I MICHAEL MONSON declare as follows:

1. I am General Counsel at Plaintiff Blendtec Inc. ("Blendtec") in the above captioned action. I submit this declaration in support of Blendtec's motion to quash a subpoena that Blendjet served on Thomas Dickson, Blendtec's former owner and CEO (the "Dickson Subpoena") in this action. I am fully familiar with the facts set forth in this declaration from personal knowledge or

1

from documents that I have reviewed. If called as a witness, I could and would testify competently under oath to the facts contained herein.

2. I understand and am aware that Blendjet has served document subpoenas on Blendtec's former (Holland & Hart LLP) and current (Dorsey & Whitney LLP) counsel as well as on Blendtec's former owner and CEO, Thomas Dickson.

3. Based on my review of the documents requested in the Outside Counsel Subpoenas and the Dickson Subpoena, I have determined that the vast majority of the documents requested in the Outside Counsel Subpoena and the Dickson Subpoena are identical. Many or most of the documents requested in the Dickson Subpoena are covered by privileges held by Blendtec. I believe that the Dickson Subpoena is an improper attempt to obtain privileged documents from Blendtec's former CEO. Specifically, as set forth below, to the extent that Thomas Dickson has any documents responsive to many of the requests in the Dickson Subpoena, I believe that those documents are covered by the attorney-client privilege. On November 17, 2022, Blendtec produced a privilege log to Blendjet that includes a log of the privileged communications that exist between Blendtec (including Thomas Dickson) and its outside counsel.

4. In addition, the documents requested in the Dickson Subpoena are in the possession, custody, or control of Blendtec. I'm not sure why Blendjet has issued Thomas Dickson, a non-party to this action, for documents that it could request from Blendtec.

5. Finally, to the extent that Mr. Dickson has documents requested in the subpoena, it is because of his former employment with Blendtec. For these reasons, Blendtec has a proprietary and personal interest in all of the documents in the Dickson Subpoena, as set forth below.

| Request No. | Documents Requested of Thomas Dickson | Blendtec's Objection |
|---|---|---|
| 1. | All documents related to the evaluation, availability, and selection of the Blendtec Marks. | This request is identical to a request No. 1 in the subpoenas sent to Blendtec's outside counsel. Any documents and communications between Blendtec, including Thomas Dickson, and its outside counsel related to the evaluation, availability, and selection of the Blendtec Marks would be in connection with Blendtec seeking and obtaining legal advice related to those marks. As such, these documents are privileged. On November 17, 2022, Blendtec produced a privilege log to Blendjet that included documents responsive to this request. Further, to the extent that Mr. Dickson has any responsive documents it is because of his employment with Blendtec and Blendtec has proprietary interest in those documents. |
| 2. | All documents that relate to Blendtec's applications for federal registration of the Blendtec Marks, and to the subsequent examination and registration of the Blendtec Marks | This request is identical to a request No. 2 in the subpoenas sent to Blendtec's outside counsel. Any documents and communications between Blendtec, including Thomas Dickson, and its outside counsel related to the applications to register, the examination, and the registration of the Blendtec Marks would be in connection with Blendtec seeking and obtaining legal advice related to those marks. As such, these documents are privileged. On November 17, 2022, Blendtec produced a privilege log to Blendjet that included documents responsive to this request. *See, e.g.,* Exhibit C to Blendtec's Motion to Quash the Outside Counsel Subpoenas at Nos. 7-29. I understand that Blendtec has already produced the actual USPTO prosecution files and there is therefore no reason to request them through third party subpoenas. Further, to the extent that Mr. Dickson has any responsive documents it is because of his employment with Blendtec and |

3

| | | |
|---|---|---|
| | | Blendtec has proprietary interest in those documents. |
| 3. | Any and all Searches or monitoring reports generated or commissioned in connection with the Blendtec Marks, including the results thereof. | This request is identical to request No. 3 in the subpoenas sent to Blendtec's outside counsel. I understand that any actual search reports related to the Blendtec Marks are not privileged, and would be in the possession, custody, or control of Blendtec such that Blendjet can obtain those documents from Blendtec through a request for production of documents. In fact, Blendtec produced a search report from 1999 related to the "Blendtec" mark. Further, to the extent that Mr. Dickson has any responsive documents it is because of his employment with Blendtec and Blendtec has proprietary interest in those documents. |
| 4. | Any and all Searches or monitoring reports generated or commissioned by or on behalf of Blendtec that include the term "BLEND," including the results thereof. | This request is identical to request No. 4 in the subpoenas sent to Blendtec's outside counsel. I understand that any actual search reports related to the Blendtec Marks are not privileged, and would be in the possession, custody, or control of Blendtec such that Blendjet can obtain those documents from Blendtec through a request for production of documents. In fact, Blendtec produced a search report from 1999 related to the "Blendtec" mark. Further, to the extent that Mr. Dickson has any responsive documents it is because of his employment with Blendtec and Blendtec has proprietary interest in those documents. |
| 5. | Any and all Searches or monitoring reports generated or commissioned by or on behalf of Blendtec that relate to a "swirl" design feature, including the results thereof. | This request is identical to request No. 5 in the subpoenas sent to Blendtec's outside counsel. I understand that any actual search reports related to the Blendtec Marks are not privileged, and would be in the possession, custody, or control of Blendtec such that Blendjet can obtain those documents from Blendtec through a request for production of documents. In fact, Blendtec produced a search report from |

4

| | | |
|---|---|---|
| | | 1999 related to the "Blendtec" mark. Further, to the extent that Mr. Dickson has any responsive documents it is because of his employment with Blendtec and Blendtec has proprietary interest in those documents. |
| 6. | All documents related to Blendtec's policies, guidelines, and/or procedures employed or practiced (or that ought to be employed or practiced) in the selection, maintenance, registration, and protection of its trademarks. | This request is identical to request No. 6 in the subpoenas sent to Blendtec's outside counsel. Any documents and communications between Blendtec, including Thomas Dickson, and its outside counsel related to any Blendtec guidelines, policies, and procedures related to its trademarks would be in connection with Blendtec seeking and obtaining legal advice related to Blendtec's marks and policies. As such, any such documents are privileged. On November 17, 2022, Blendtec produced a privilege log to Blendjet that included documents responsive to this request. *See, e.g.,* Exhibit C to Blendtec's Motion to Quash the Outside Counsel Subpoenas at Nos. 5-6. Further, to the extent that Mr. Dickson has any responsive documents it is because of his employment with Blendtec and Blendtec has proprietary interest in those documents. |
| 7. | All documents evidencing or related to any effort to police, enforce, and/or defend the Blendtec Marks, including but not limited to any and all cease and desist letters that Blendtec has sent or received in relation to the Blendtec Marks. | This request is identical to request No. 8 in the subpoenas sent to Blendtec's outside counsel. Any documents and communications between Blendtec, including Thomas Dickson, and its outside counsel related to any efforts to police, enforce, or defend the Blendtec marks would be in connection with Blendtec seeking and obtaining legal advice related to Blendtec's marks and policies. As such, any such documents are privileged. On November 17, 2022, Blendtec produced a privilege log to Blendjet that included documents responsive to this request. *See, e.g.,* Exhibit C to Blendtec's Motion to Quash the Outside Counsel Subpoenas at Nos. 86-93. Further, as Blendjet knows, any |

5

| | | |
|---|---|---|
| | | responsive cease and desist letters would be within Blendtec's possession, custody, or control and Blendjet can request such documents through party discovery. Indeed, Blendtec produced the cease and desist letter that Blendtec's counsel sent to Blendjet in this action. Further, to the extent that Mr. Dickson has any responsive documents it is because of his employment with Blendtec and Blendtec has proprietary interest in those documents. |
| 8. | All documents evidencing or relating to any disputes that Blendtec has had with any third parties that relate to or reference the Blendtec Marks. | This request is identical to request No. 9 in the subpoenas sent to Blendtec's outside counsel. Any documents and communications between Blendtec, including Thomas Dickson, and its outside counsel related to disputes that Blendtec has had related to the Blendtec marks would be in connection with Blendtec seeking and obtaining legal advice related to Blendtec's marks and policies. As such, any such documents are privileged. On November 17, 2022, Blendtec produced a privilege log to Blendjet that included documents responsive to this request. *See, e.g.,* Exhibit C to Blendtec's Motion to Quash the Outside Counsel Subpoenas at Nos. 86-93. Further, to the extent that Mr. Dickson has any responsive documents it is because of his employment with Blendtec and Blendtec has proprietary interest in those documents. |
| 9. | All documents related to any relationship, agreements, or joint venture between Blendtec and any other entity with a corporate name or registered trademark that includes the word "blend," including but not limited to Blendfresh and Blendid. | This request is identical to request No. 11 in the subpoenas sent to Blendtec's outside counsel. To the extent that this request seeks privileged documents, Blendtec holds the privilege and objects to their production. To the extent that Mr. Dickson has any responsive documents it is because of his employment with Blendtec and Blendtec has proprietary interest in those documents. Blendtec also objects on that ground. |
| 10. | All Documents evidencing or relating to any assignments, licenses, or other agreements | This request is identical to request No. 12 in the subpoenas sent to Blendtec's outside |

6

| | | |
|---|---|---|
| | of any type entered into by Blendtec that relate to or reference the Blendtec Marks. | counsel. To the extent that this request seeks privileged documents, Blendtec holds the privilege and objects to their production. To the extent that Mr. Dickson has any responsive documents it is because of his employment with Blendtec and Blendtec has proprietary interest in those documents. Blendtec also objects on that ground. |
| 14. | All documents describing or relating to any analysis or assessment of Blendtec's brand, the Blendtec Marks, any Blendtec Products, Blendtec's current or potential customers, its current or potential competitors, and/or Blendtec's current or potential product-market fit, whether conducted by Blendtec or any other party. | To the extent that this request seeks privileged documents, Blendtec holds the privilege and objects to their production. To the extent that Mr. Dickson has any responsive documents it is because of his employment with Blendtec and Blendtec has proprietary interest in those documents. Blendtec also objects on that ground. |
| 15. | All documents relating or referring to portable blenders, including any analyses, studies, customer surveys, and/or internal memoranda related to the market, competitive landscape, or features or functionalities related to portable blenders. | To the extent that this request seeks privileged documents, Blendtec holds the privilege and objects to their production. To the extent that Mr. Dickson has any responsive documents it is because of his employment with Blendtec and Blendtec has proprietary interest in those documents. Blendtec also objects on that ground. |
| 16. | All documents constituting or referring to any comparison, study, research, or report related to the performance of any portable blender (including, but not limited to any Blendjet product) vis-à-vis traditional counter-top blenders, including Blendtec blenders. | To the extent that this request seeks privileged documents, Blendtec holds the privilege and objects to their production. To the extent that Mr. Dickson has any responsive documents it is because of his employment with Blendtec and Blendtec has proprietary interest in those documents. Blendtec also objects on that ground. |
| 17. | All documents that relate to, refer to, or discuss BlendJet, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the BlendJet Marks, and/or the BlendJet Products. | To the extent that this request seeks privileged documents, Blendtec holds the privilege and objects to their production. To the extent that Mr. Dickson has any responsive documents it is because of his employment with Blendtec and Blendtec has proprietary interest in those documents. Blendtec also objects on that ground. |
| 18. | All documents and communications related to Blendtec's decision to send a cease and desist letter to BlendJet, and to file the Complaint. | This request seeks privileged documents. Blendtec holds the privilege and objects to this request. To the extent that Mr. Dickson |

| | | has any responsive documents it is because of his employment with Blendtec and Blendtec has a proprietary interest in those documents. Blendtec also objects on that ground. |
|---|---|---|
| 20. | Documents sufficient to describe the relationship between Blendtec and Wasatch Group, including, but not limited to, any investment or loan made by Wasatch Group (or any party related thereto) in or to Blendtec (or any party related thereto), and the results and present status of any such relationship. | To the extent that this request seeks privileged documents, Blendtec holds the privilege and objects. To the extent that Mr. Dickson has responsive documents because of his employment with Blendtec, Blendtec has proprietary interest in the documents and objects. These documents could have been requested from Blendtec but were not. |
| 21. | All documents related to, or otherwise referencing, the Current Litigation. | To the extent that this request seeks privileged documents, Blendtec holds the privilege and objects. To the extent that Mr. Dickson has responsive documents because of his employment with Blendtec, Blendtec has proprietary interest in the documents and objects. |

6. For these reasons, I believe that the Outside Counsel Subpoenas are improper and should be quashed.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 9th day of December, 2022.

_____
Michael Monson

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2022, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system and served on the following counsel of record via the CM/ECF notification system:

Patrick M. McGill: pmcgill@sheppardmullin.com
Lisa M. Martens: lmartens@sheppardmullin.com
Martin R. Bader: mbader@sheppardmullin.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: lbutler@parsonsbehle.com

/s/ Tamara L. Kapaloski