LISA M. MARTENS (*Pro hac vice*)
lmartens@sheppardmullin.com
MARTIN R. BADER (*Pro hac vice*)
mbader@sheppardmullin.com
PATRICK McGILL (*Pro hac vice*)
pmcgill@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:   858.720.8900
Facsimile:   858.509.3691

Nathan D. Thomas (USB #119650)
Elizabeth M. Butler (USB #13658)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 536-1234
nthomas@parsonsbehle.com
lbutler@parsonsbehle.com

*Attorneys for Defendant BlendJet Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>Defendant. | **DEFENDANT BLENDJET INC.'S RESPONSE TO BLENDTEC INC.'S MOTION TO QUASH SUBPOENAS TO OUTSIDE COUNSEL [DKT 41]**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

-1-

Defendant BlendJet Inc. hereby responds to Plaintiff Blendtec, Inc.'s Motion to Quash Subpoenas to Outside Counsel.  (Dkt. 41 (the "Motion")).[1]

Blendtec moves to quash the subpoenas because: (a) "they request documents covered by the attorney-client privilege…;" and (b) "[t]he only potentially non-privileged documents at issue . . . are in the possession of Blendtec."  (Dkt. 41 at 2).  Blendtec's objections are without merit.

First, blanket invocations of attorney-client privilege are "unacceptable."  *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983); *Martley v. City of Basehor, Kan.*, Case No. 19-cv-2138-DDC-GEB, 2021 WL 1210013, at *9 (D. Kan. Mar. 31, 2021) ("[T]there is no blanket claim of privilege").  Instead, a party must satisfy Rule 26(b)(5) with respect to each document that is claimed to be privileged.  *Id.*; *see also Aaipharma Inc. v. Kremers Urban Develop. Co.*, 361 F. Supp. 2d 770, 777 (N.D. Ill. 2005) (same); *Entrata, Inc. v. Yardi Sys., Inc.*, Case No. 2:15-cv-00102, 2019 WL 95655, at *2 (D. Utah Jan. 3, 2019) ("The mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege."); *Doe v. Intermountain Health Care, Inc.*, Case No. 2:18-CV- 807-RJS-JCB, 2021 WL 425117, at *7 (D. Utah Feb. 8, 2021) ("communications that merely convey factual information to an attorney without expressly seeking or receiving legal advice are not privileged.").  Apparently acknowledging this principle,  Blendtec concedes that Outside Counsel possess responsive non-privileged documentation (which, in some cases, they have produced ).  (*See*, *e.g.*, Dkt. 41-4 at 8 (acknowledging counsel produced "non-privileged transfer letters" in response to subpoena)).

---

[1] BlendJet disputes that it refused to meet and confer.  Blendtec failed to serve objections to the subpoenas at issue until late on Wednesday, December 7, 2022 – 23 days after BlendJet served the notice of the subpoenas – and requested to confer the following day.  BlendJet responded that it was unable to prepare for the conference on such short notice and proposed meeting early the following week. (See Dkt. 41-3.)  Blendtec filed this Motion on December 9, 2022.

4894-0101-7157.v1

Second, Blendtec speculates that *all* responsive documentation possessed by Outside Counsel are in its corporate files, and have been (or can be) produced and/or logged by Blendtec itself. (Motion at 2.) This assumption is incorrect. For example, Blendtec's privilege log (Dkt. 41-5) does not include any time records or billing statements, which are "not per se privileged." *Martley*, 2021 WL 1210013 at *9-10. Additionally, despite initially contending in its discovery responses that no trademark search reports related to the Blendtec Marks existed, Blendtec later (after receiving notice of the subpoenas), represented that Dorsey & Whitney had "identified" the search report referred to in the Motion *in its files*, and then produced it. (Motion at 2-3.) To the extent that Blendtec can demonstrate that it possesses control over responsive documentation possessed by Outside Counsel, and then produces it, BlendJet will narrow its requests.

BlendJet requests that the Court deny the Motion and award BlendJet its attorney's fees under FRCP 37(a)(5)(B).

Dated: December 21, 2022

                                            PARSONS BEHLE & LATIMER

                                            /s/ Nathan D. Thomas
                                            Nathan D. Thomas
                                            Elizabeth M. Butler
                                            *Attorneys for Defendant BlendJet Inc.*

-4-

## CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of December, 2022, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system and served on the following counsel of record via the CM/ECF notification system:

  Brett Foster (#6089)
  Grant Foster (#7202)
  Tamara Kapaloski (#13471)
  **DORSEY & WHITNEY LLP**
  111 S. Main Street, Suite 2100
  Salt Lake City, UT 84111
  Telephone: (801) 933-7360
  Facsimile: (801) 933-7373
  foster.brett@dorsey.com
  foster.grant@dorsey.com
  kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec, Inc.*

By:     */s/ Nathan D. Thomas*
           Nathan D. Thomas