LISA M. MARTENS (*Pro hac vice*)
lmartens@sheppardmullin.com
MARTIN R. BADER (*Pro hac vice*)
mbader@sheppardmullin.com
PATRICK McGILL (*Pro hac vice*)
pmcgill@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691

Nathan D. Thomas (USB #119650)
Elizabeth M. Butler (USB #13658)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 536-1234
nthomas@parsonsbehle.com
lbutler@parsonsbehle.com

*Attorneys for Defendant BlendJet Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>Defendant. | **DEFENDANT BLENDJET INC.'S RESPONSE TO BLENDTEC INC.'S MOTION TO QUASH SUBPOENA TO THOMAS DICKSON [DKT 42]**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

-1-

4854-6059-9621.v1

Defendant BlendJet Inc. hereby responds to Plaintiff Blendtec, Inc.'s Motion to Quash Subpoena to Thomas Dickson.  (Dkt. 42 (the "Motion")).[1]

Blendtec moves to quash the subpoena because: (a) it "seeks documents covered by the attorney client privilege…;" (b) "the majority of the subpoenaed documents, if they exist, would be within Blendtec's control;" and (c) Blendtec "has a proprietary interest in the subpoenaed documents because they belong to Blendtec."  (Dkt. 41 at 2).  Blendtec **does not object** to Request Nos. 11-13, or 19.  (*See* Dkt. 42-2.)

First, Blendtec does not (and cannot) point to any authority demonstrating that privileged materials in the possession of a third party are somehow immune from discovery under Rule 45. Indeed, blanket invocations of attorney-client privilege are "unacceptable."  *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983); *Martley v. City of Basehor, Kan.*, Case No. 19-cv-2138-DDC-GEB, 2021 WL 1210013, at *9 (D. Kan. Mar. 31, 2021) ("[T]there is no blanket claim of privilege").  Instead, a party must satisfy Rule 26(b)(5) with respect to each document that is claimed to be privileged.  *Id.*; *see also Aaipharma Inc. v. Kremers Urban Develop. Co.*, 361 F. Supp. 2d 770, 777 (N.D. Ill. 2005) (same).  If Mr. Dickson has responsive privileged materials, presumably those materials will be logged.

Second, Blendtec's assumption that *all* responsive documentation possessed by Mr. Dickson are in its files, have been preserved, and have been (or will be) produced and/or logged, is speculative. (Motion at 2.)  For example, as long-time CEO of Blendtec, Mr. Dickson very well may have relevant and responsive documents in his personal possession that are not in the possession of Blendtec – on any number of topics.  To the extent that is not true, and Blendtec

---

[1] BlendJet disputes that it refused to meet and confer.  Blendtec failed to serve objections to the subpoenas at issue until late on Wednesday, December 7, 2022 – 23 days after BlendJet served the notice of the subpoenas – and requested to confer the following day.  BlendJet responded that it was unable to prepare for the conference on such short notice and proposed meeting early the following week. (See Dkt. 42-3.)  Blendtec filed this Motion on December 9, 2022.

can demonstrate that it will produce copies of all responsive documentation in Mr. Dickson's possession, BlendJet will narrow the scope of its requests. But "stereotyped and conclusory statements" relating to undue burden – like those in the Motion – are premature and insufficient to serve as a basis to quash a subpoena, as demonstrated by Blendtec's cited caselaw. *See Narendran v. Spring Spectrum L.P.*, Case No. 20-mc-213-JAR-TJJ, 2021 WL 168765, at *4 (D. Kan. Jan. 19, 2021).

Finally any cognizable "personal or proprietary right" held by Blendtec is adequately protected by the Court's Standard Protective Order, which applies here. *See* DUCivR 26-2; *High Point SARL v. Sprint Nextel Corp., et al.*, Case No. 09-cv-2269-CM-DJW, 2011 WL 4008009, at *2 (D. Kan. Sept. 9, 2011).

BlendJet requests that the Court deny the Motion and award BlendJet its attorney's fees under FRCP 37(a)(5)(B).

Dated: December 21, 2022

                                                           PARSONS BEHLE & LATIMER

                                                           */s/ Nathan D. Thomas*
                                                           Nathan D. Thomas
                                                           Elizabeth M. Butler
                                                           *Attorneys for Defendant BlendJet Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of December, 2022, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system and served on the following counsel of record via the CM/ECF notification system:

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec, Inc.*

By:    */s/ Nathan Thomas*
        Nathan Thomas