LISA M. MARTENS (*Pro hac vice*)
lmartens@sheppardmullin.com
MARTIN R. BADER (*Pro hac vice*)
mbader@sheppardmullin.com
PATRICK McGILL (*Pro hac vice*)
pmcgill@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691

Nathan D. Thomas (USB #119650)
Elizabeth M. Butler (USB #13658)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 536-1234
nthomas@parsonsbehle.com
lbutler@parsonsbehle.com

*Attorneys for Defendant BlendJet Inc.*

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>    Defendant. | **DEFENDANT BLENDJET INC.'S RESPONSE TO BLENDTEC INC.'S MOTION TO QUASH SUBPOENAS TO SERVICE PROVIDERS (BYU AND ENLISTED VENTURES) [DKT 43]**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Defendant BlendJet Inc. hereby responds to Plaintiff Blendtec, Inc.'s Motion to Quash Subpoenas to Service Providers.  (Dkt. 43 (the "Motion")).

Blendtec moves to quash nine requests for production made to BYU and Enlisted Ventures, LLC (Dkt. 43-1 at 2 and 18, respectively).  Blendtec **did not** move to quash, nor object to, Request No. 10.  (*See* Dkt. 43; 43-3; 43-4.)[1]

Blendtec argues that Request Nos. 1-9 are improper because they "request documents to which Blendtec has a personal right or privilege."  (Dkt. 43 at 2.)  Any cognizable "personal right or privilege" held by Blendtec with respect to the requested documentation is protected by the Court's Standard Protective Order, however, which applies here.  *See* DUCivR 26-2; *High Point SARL v. Sprint Nextel Corp., et al.*, Case No. 09-cv-2269-CM-DJW, 2011 WL 4008009, at *2 (D. Kan. Sept. 9, 2011) ("assertion of a confidentiality objection as a basis . . . to withhold production of its third-party licensing correspondence, when a protective order was already entered in the case . . . , was not substantially justified"); *Beaty v. Kan. Athl., Inc.*, Case No. 19-cv-2137-KHV-GEB, 2020 WL 2036713, at *3-4 (D. Kan. Apr. 28, 2020) (denying motion to quash  based on "privacy concerns" due to protective order).  Blendtec's cited caselaw recognizes this principle.  (Dkt. 43 at 2-3 (citing *Martley v. City of Basehor, Kan.*, Case No. 19-cv-2138-DDC-GEB, 2022 WL 1302820, at *4 (D. Kan. May 2, 2022) ( "[t]he parties have a Protective Order, and any production could be initially marked as confidential.")).

Blendtec's objection that the requested documents "are within Blendtec's possession or control" is likewise meritless.  While Blendtec may possess some documentation responsive to Request Nos. 1-8, it does not claim (or demonstrate) authority to mandate the third parties'

---

[1] As discussed in BlendJet's responses to Blendtec's other motions to quash, it was Blendtec's own delay in serving its objections to the subpoenas that resulted in its filing the Motion without conferring first with BlendJet.  (*See* Dkt. 43-4.)

production of documentation that Blendtec *does not* possess (such as internal correspondence). *See Martley*, 2022 WL 1302820 at *3 (subpoena improper only "where a party . . . has control over the requested documents that are in the possession or custody of a non-party").

In other words, Blendtec's objections speculate that all responsive documents in the third-parties' possession were provided to them by Blendtec. By way of example, with respect to Request No. 8, it is entirely possible that the third parties possess responsive documents (*i.e.*, that "that relate to, refer to, or discuss BlendJet . . .") that were *not* "provided to the Service Providers by Blendtec." (*See* Dkt. 43-5 at 6.) If they do, the third party should be required to produce them. If Blendtec does in fact control and does produce responsive documentation, then BlendJet will narrow the scope of the requests.

BlendJet requests that the Court deny the Motion and award BlendJet its attorney's fees under FRCP 37(a)(5)(B).

Dated: December 21, 2022

PARSONS BEHLE & LATIMER

/s/ Nathan D. Thomas
Nathan D. Thomas
Elizabeth M. Butler
Attorneys for Defendant BlendJet Inc.

BLENDJET'S RESPONSE TO BLENDTEC'S MOTION
TO QUASH SUBPOENA TO SERVICE PROVIDERS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of December, 2022, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system and served on the following counsel of record via the CM/ECF notification system:

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT  84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec, Inc.*

By:      /s/ Nathan D. Thomas
                Nathan D. Thomas

BLENDJET'S RESPONSE TO BLENDTEC'S MOTION
TO QUASH SUBPOENA TO SERVICE PROVIDERS

4864-1860-4869.v1