LISA M. MARTENS (*Pro hac vice*)
lmartens@sheppardmullin.com
MARTIN R. BADER (*Pro hac vice*)
mbader@sheppardmullin.com
PATRICK McGILL (*Pro hac vice*)
pmcgill@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:   858.720.8900
Facsimile:   858.509.3691

Nathan D. Thomas (USB #119650)
Elizabeth M. Butler (USB #13658)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 536-1234
nthomas@parsonsbehle.com
lbutler@parsonsbehle.com

*Attorneys for Defendant BlendJet Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>    Defendant. | **DEFENDANT BLENDJET INC.'S RESPONSE TO BLENDTEC INC.'S MOTION TO QUASH SUBPOENAS TO BUSINESS PARTNERS (BLENDFRESH AND BLENDID) [DKT 44]**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Defendant BlendJet Inc. hereby responds to Plaintiff Blendtec, Inc.'s Motion to Quash Subpoenas to Business Partners. (Dkt. 44 (the "Motion")).

BlendJet did not refuse to meet and confer. Blendtec failed to serve objections to the subpoenas until late in the day on Wednesday, December 7, 2022 – 23 days after BlendJet served the notice of the subpoenas – and requested to confer the following day. BlendJet was unable to prepare for the conference on such short notice and proposed meeting early the following week. (*See* Dkt. 44-4.) Blendtec then filed this Motion on December 9, 2022.

Procedurally, the Motion must be denied as to third party 6d Bytes, Inc. (d/b/a Blendid) (Dkt. 44-1 at 18) under Fed. R. Civ. P. 45(d)(3)(A). The subpoena requires compliance in the Northern District of California. (*Id.*).

Substantively, Blendtec moves to quash only **two** requests for production made to Blendfresh (Dkt. 44-1 at 2) and Blendid.

**Request No. 7:** This request requires production of documents related to Blendfresh's and Blendid's relationship(s) with entities other than Blendtec (*i.e.*, "other entit[ies] with a corporate name or registered trademark that includes the word 'blend'"). Blendtec cannot (and does not) claim to possess a cognizable "personal or proprietary right" in such documentation, and thus, has no standing to object to this aspect of the request. Additionally, any cognizable "personal or proprietary right" held by Blendtec in responsive documentation is protected by the Court's Standard Protective Order, which applies here. (*See* DUCivR 26-2); *High Point SARL v. Sprint Nextel Corp., et al.*, Case No. 09-cv-2269-CM-DJW, 2011 WL 4008009, at *2 (D. Kan. Sept. 9, 2011) ( "assertion of a confidentiality objection as a basis . . . to withhold production of its third-party licensing correspondence, when a protective order was already entered in the case . . . , was not substantially justified"); *Beaty v. Kan. Athl., Inc.*, Case No. 19-cv-2137-KHV-GEB, 2020 WL 2036713, at *3-4 (D. Kan. Apr. 28, 2020) (denying motion to quash based on "privacy

concerns" due to protective order). Blendtec's cited caselaw recognizes this principle. (Dkt. 44 at 3 (citing *Martley v. City of Basehor, Kan.*, Case No. 19-cv-2138-DDC-GEB, 2022 WL 1302820, at *4 (D. Kan. May 2, 2022) ( "[t]he parties have a Protective Order, and any production could be initially marked as confidential.")).

**Request No. 8:** Blendtec's objection to Request No. 8, based on its purported "strong proprietary interest" in the requested materials, is likewise meritless. While Blendtec may possess some documentation responsive to Request No. 8, it does not claim (or demonstrate) authority to mandate the third parties' production of documentation that Blendtec *does not* possess (such as internal correspondence). *See Martley*, 2022 WL 1302820 at *3 (subpoena improper only "where a party . . . has control over the requested documents that are in the possession or custody of a non-party."). If Blendtec controls and produces responsive documentation, BlendJet will narrow the scope of the request.

BlendJet requests that the Court deny the Motion and award BlendJet its attorney's fees under FRCP 37(a)(5)(B).

Dated: December 21, 2022

PARSONS BEHLE & LATIMER

*/s/ Nathan D. Thomas*
Nathan D. Thomas
Elizabeth M. Butler
*Attorneys for Defendant BlendJet Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of December, 2022, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system and served on the following counsel of record via the CM/ECF notification system:

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT  84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec, Inc.*

By:  */s/ Nathan D. Thomas*
        Nathan D. Thomas