## **EXHIBIT 1**

Blendtec's First Set of ESI Discovery Requests

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET, INC.**, a Delaware corporation,<br><br>Defendant. | **PLAINTIFF BLENDTEC INC.'S FIRST SET OF ESI DISCOVERY REQUESTS TO DEFENDNAT**<br><br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Pursuant to Rules 26 and 34, of the Federal Rules of Civil Procedure and the ESI Protocol governing this case (ECF No. 30), Plaintiff Blendtec, Inc. ("Blendtec"), by and through counsel, hereby submits its First Set of ESI Discovery Requests to Defendant Blendjet, Inc. ("Blendjet") to be answered in the manner set forth in the ESI Protocol and within 30 days from service of these requests as provided by the Federal Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

The following definitions and instructions shall be used herein, absent clear indications to the contrary:

1. The terms "Defendant," "you," and "yours" means Blendjet, Inc., as well as its past or present owners, officers, directors, employees, agents, representatives, affiliates, assigns, and predecessors, or other persons or entities acting on its behalf, both individually and collectively.

2. The term "Plaintiff" or "Blendtec" means Blendtec Inc., as well as its past or present owners, officers, directors, employees, agents, representatives, affiliates, assigns, and predecessors, or other persons or entities acting on its behalf, both individually and collectively.

3. The term "Complaint" means Blendtec's Complaint filed on November 12, 2021, as ECF No. 2, and any amended Complaint that Blendtec files in this action.

4. "Blendtec's Trademarks" means Blendtec's BLENDTEC Mark and Swirl Design Mark as identified in Blendtec's Complaint.

5. "Blendjet's Trademarks" means the BLENDJET Mark and the Blendjet Swirl Mark as identified in Blendtec's Complaint.

6. The term "person" or "persons" shall be deemed to mean, in the plural as well as the singular, any natural person, firm, association, partnership, or other form of legal entity.

7. The term "including" means including but not limited to.

8. The term "relating to" means—in whole or in part—constituting, containing, relating, concerning, discussing, describing, analyzing, identifying, evidencing, referring to, consisting of, or stating.

9. "Communication" means, without limitation, any transmission, conveyance or

2

exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail.

10. "Document" is used in its customary broad sense, and includes, but is not limited to, any written, printed, typed, recorded, videotaped, filmed, transcribed, taped, electronically stored, or other matter of any kind or nature held or produced or reproduced, whether sent or received, including the original, and includes, but is not limited to, all correspondence, emails, records, drawings, calculations, memoranda, reports, financial statements, contracts, tabulations, studies, analyses, evaluations, work appointment books, diaries, comparisons, questionnaires, surveys, charts, graphs, books, pamphlets, booklets, articles, magazines, newspapers, microfilm, microfiche, photographs, tapes or other recordings, magnetic tapes, discs, flash media, printouts, computer generated reports and printouts, other data compilations from which information can be obtained, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original, and includes all such documents that are in Your possession, custody or control, or to which You otherwise have access. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form.

11. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

12. "Identify" in relation to a person means to state his or her full name and: (a) present business address(es), position and business affiliation, and business telephone number; or, if

current information is not known, (b) the last known business and home addresses, position and business affiliation, and business telephone numbers. Once any Person has been identified properly, it shall be sufficient thereafter when identifying that same Person to state the name only.

13. "Identify" in relation to an entity means to state the entity's: (a) full name; (b) state of incorporation; (c) current or last known business address; and (d) current or last known telephone number. Once an entity has been identified properly, it shall be sufficient thereafter when identifying that same entity to state the name only.

14. "Identify" in relation to a Document means to state: (a) the date the Document was created; (b) the author of the Document; (c) the recipient of the Document; (d) any Person or entity receiving a copy of the Document by "cc," "bcc," or otherwise; (e) a basic description of the nature of the Document, including, if applicable; (f) the title of the Document; and (g) whether the Document has been or is being produced in this litigation, the Bates or identifier number affixed to the Document. Documents to be "identified" include Documents in your possession, custody, or control, documents known by you to have existed but no longer exist, and other documents of which you have knowledge or information.

15. Your obligation to respond to these requests is continuing and your responses are to be supplemented to include subsequently generated or obtained responsive information or documents in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

16. Where a complete answer to an interrogatory is not possible, the interrogatory should be answered to the extent possible and a statement should be made specifying the reasons for any inability to answer the remainder.

17. When an interrogatory asks for specific information, for example, a date, and you are not able to state the precise date or other specific information, approximate the date or other information requested and indicate in your response that the information being provided is an approximation or is incomplete with respect to certain aspects of the request.

18. In responding to these Document Requests, you are to produce all documents and things that are in your possession, custody, or control, or that are in the possession, custody, or control of any of your representatives, agents, experts, attorneys, or persons consulted concerning any matters relating to the facts or issues involved in this action.

19. If any document responsive to a Request has been lost or destroyed, or was, but is no longer, in your possession, custody or control, or was known to you but is no longer in existence, identify the document and state what disposition was made of it or what became of it. No document requested herein or discoverable in this lawsuit should be destroyed or disposed of by virtue of a record retention program or for any other reason.

20. If no documents or things are responsive to a particular Request, state that no responsive documents or things exist.

21. If you cannot respond to the following Requests in full, after exercising due diligence to secure the information, so state and respond to the remainder of the Request(s), stating whatever information and knowledge you have concerning the unanswered portion.

22. If any document is withheld or redacted on a claim of privilege or work-product protection, please produce a privilege log sufficient to evaluate the claim of privilege or work-product.

## REQUESTS FOR NON-CUSTODIAL ESI

Pursuant to Paragraph 27 of the ESI Protocol, Blendjet shall search central electronic systems and cloud storage locations, and/or any portions thereof for non-duplicative documents responsive to Blendtec's Requests for Production numbers 1 through 28 in its June 22, 2022 First Set of Discovery Requests to Blendjet (set forth below for convenience):

1.  Produce all Communications and Documents referred to or identified in your Rule 26(a)(1) Initial Disclosures or which you consulted, referred to, or relied upon in preparing your Initial Disclosures.

2.  Produce all Communications and Documents related to Blendtec, Blendtec's products, Blendtec's customers, and Blendtec's Trademarks.

3.  Produce all Communications and Documents related to your creation, design, selection, and adoption of Blendjet's Trademarks, including any marketing, business, competitive or financial analyses related to Blendjet's Trademarks conducted by you or on your behalf.

4.  Produce all Communications and Documents related to any investigation, clearance, trademark search, or other inquiry conducted by you or on your behalf concerning the proposal to use, availability of, attempt to register, registration, or use of your Blendjet's Trademarks.

5.  Produce any trademark search or clearance report regarding the Blendjet Trademarks.

6.  Produce all Communications and Documents related to your awareness of Blendtec's Trademarks, any other Blend-formative mark, or any mark similar to Blendtec's Trademarks.

7. Produce all Communications and Documents related to your acquisition of the www.blendjet.com domain, including the date of acquisition, the acquisition documents, and all documents related to the registration and re-registration of the domain.

8. Produce all Communications and Documents concerning any studies or analyses reflecting consumer awareness of, recognition of, or reaction to Blendjet's Trademarks, including without limitation all correspondence, consumer studies, market research, analyses, and solicited or unsolicited media coverage.

9. Produce all Communications and Documents concerning any instance in which any person was, or may have been, confused, mistaken, or deceived about the connection or relationship between you, the Blendjet Trademarks, or your products and services, on the one hand, and Blendtec, the Blendtec Trademarks, or Blendtec's products, on the other hand, including any communications directed to, transmitted to, addressed to, or intended for Blendtec, but received by you.

10. Produce all Communications and Documents that state, refer to, or reference Blendtec's Marks.

11. Produce all Communications and Documents related to and things concerning your analyses of the market(s) in which you compete, including without limitation, competitive analyses and market share analyses, projections, or estimates.

12. Produce all Communications and Documents regarding the channels through which you advertise and promote your products under Blendjet's Trademarks, or intend to advertise and promote products under Blendjet's Trademarks.

13. Produce all Communications and Documents regarding your marketing and

advertising strategy or plan under Blendjet's Trademarks.

14. Produce all Communications and Documents related to marketing or business plans for goods sold under Blendjet's Trademarks.

15. Produce all Documents and things sufficient to identify all advertising, marketing, public relations, and promotional agencies who have been engaged to advertise and promote products under Blendjet's Trademarks.

16. Produce all Documents that Identify the annual advertising and promotional expenditures for all products sold or offered for sale under Blendjet's Trademarks.

17. Produce all Documents sufficient to Identify the trade fairs, trade shows, trade exhibitions, and trade expos that you have attended in the past or plan to attend in the future in connection with your provision of goods.

18. Produce all Google Ads reports and Google keyword reports showing paid advertisements using "Blendtec" as a keyword at any time that include at least the following: display URL, final URL, the text of each such Google ad (i.e., Headlines and Descriptions), ad group, impressions, interactions, average cost, conversions, and conversion rate.

19. Produce all Documents and things sufficient to identify the number of units sold under Blendjet's Trademarks, and the gross and net sales generated from those sales.

20. Produce all Communications and Documents related to any assignments, licenses, consents to use, or any other transfer of any rights to or from you, in any name or mark comprised in whole or in part of the word BLENDJET.

21. Produce all non-privileged Communications and Documents concerning this action, including all documents that you sent to or received from any person concerning this action.

8

22. Produce all Communications and Documents related to any allegation in Blendtec's Complaint, including documents that support the denial of any allegation in Blendtec's Complaint.

23. Produce all Communications and Documents related to or that support each of the affirmative defenses set forth in your Answer.

24. Produce all Documents sufficient to show on a monthly, quarterly, and yearly basis, profits you've realized at any time for products sold under Blendjet's Trademarks, including without limitation, documents sufficient to show, by product or service (a) the volume of sales of goods, (b) average sales price, (c) gross revenue (dollar sales), (d) total costs of goods sold, (e) total gross profit margin, and (f) total net profit margin, including underlying documentation sufficient to support such figures.

25. Produce all Documents sufficient to show the percentage of your goods that are marketed and sold under Blendjet's Trademarks.

26. Produce all your annual financial statements, including cash flow statements, profit and loss statements, income statements, balance sheets, financial ledgers, and related materials from the time you began promoting products under your Blendjet's Trademarks through the present.

27. Produce all Documents sufficient to substantiate your clam that with the BlendJet 2 consumers have "big blender performance" and "the power to blend anything."[1]

28. Produce all Communications and Documents regarding any comparison, study, research, or report related to the BlendJet 2's performance vis-à-vis traditional counter-top

---

[1] *See* https://www.prnewswire.com/news-releases/blendjet-unveils-next-gen-portable-blender---patented-turbojet-technology-makes-every-other-blender-obsolete-301161900.html.

blenders, including Blendtec blenders.

## DESIGNATED BLENDJET ESI CUSTODIANS

Pursuant to Paragraph 31 of the ESI Protocol, Blendtec hereby designates the following as Designated Blendjet ESI Custodians:

**Blendjet ESI Custodian No. 1**:  Blendjet's Customer Service/Experience personnel, including Kathryn O'Malley

**Blendjet ESI Custodian No. 2**:  Ryan Pamplin

**Blendjet ESI Custodian No. 3**:  John Zheng

**Blendjet ESI Custodian No. 4**:  Colleen Johnson

**Blendjet ESI Custodian No. 5**:  Jordan Carlson

**Blendjet ESI Custodian No. 6**:  Erin Kristovich

Pursuant to Paragraph 31 of the ESI Protocol, Blendtec will designate its seventh Blendjet ESI Custodian in a further request. Further, pursuant to Paragraph 32 of the ESI Protocol, Blendtec reserves its right to request the designation of additional ESI Custodians.

## REQUESTS FOR NON-EMAIL CUSTODIAL ESI

Pursuant to Paragraphs 33 through 34 of the ESI Protocol, Blendjet shall search non-email electronically-stored information and files within the possession, custody, and/or control of the Designated Blendjet ESI Custodians responsive to Requests for Production numbers 1 through 28 in Blendtec's June 22, 2022, First Set of Discovery Requests to Blendjet (set forth above for convenience).

## REQUESTS FOR EMAIL CUSTODIAL ESI

Pursuant to Paragraphs 35 through 45 of the ESI Protocol, emails responsive to the email

production requests set forth below. Blendtec reserves its right to serve additional Requests for Email Custodial ESI up to the ten (10) search terms per custodian as set forth in Paragraph 36 of the ESI Protocol.

**Blendjet ESI Custodian No. 1**: Blendjet's Customer Service/Experience personnel, including Kathryn O'Malley. Emails in the possession, custody, or control of Blendjet ESI Custodian No. 1 from January 2017 through the present responsive to the following search terms:

1. Blendtec or Blend Tec
2. swirl
3. logo
4. countertop or "counter top"
5. competi!
6. confus!

**Blendjet ESI Custodian No. 2**: Ryan Pamplin. Emails in the possession, custody, or control of Blendjet ESI Custodian No. 2 from January 2017 through the present responsive to the following search terms:

1. Blendtec or Blend Tec
2. swirl
3. Dickson
4. "intellectual property"
5. competi!
6. trademark!
7. confus!

11

**Blendjet ESI Custodian No. 3**: John Zheng. Emails in the possession, custody, or control of Blendjet ESI Custodian No. 3 from January 2017 through the present responsive to the following search terms:

1. Blendtec or Blend Tec
2. swirl
3. competi!
4. trademark!
5. logo

**Blendjet ESI Custodian No. 4**: Colleen Johnson. Emails in the possession, custody, or control of Blendjet ESI Custodian No. 4 from January 2017 through the present responsive to the following search terms:

1. Blendtec or Blend Tec
2. swirl
3. confus!
4. competi!
5. countertop or "counter top"

**Blendjet ESI Custodian No. 5**: Jordan Carlson. Emails in the possession, custody, or control of Blendjet ESI Custodian No. 5 from January 2017 through the present responsive to the following search terms:

1. Blendtec or Blend Tec
2. swirl

    3.    "intellectual property"

    4.    trademark!

    5.    logo

    6.    confus!

    7.    competit!

**Blendjet ESI Custodian No. 6**: Erin Kristovich. Emails in the possession, custody, or control of Blendjet ESI Custodian No. 6 from January 2017 through the present responsive to the following search terms:

    1.    Blendtec or Blend Tec

    2.    competi!

## RESERVATION OF RIGHTS

Blendtec expressly reserves all rights, including, but not limited to (i) the right to specify a seventh (7th) Designated Blendjet ESI Custodian pursuant to the ESI Protocol; (ii) the right to request the designation of additional ESI Custodians pursuant to the terms set forth in the ESI Protocol; (iii) the right to serve additional ESI discovery requests; and (iv) the right to request additional search terms for the collection of email custodial ESI.

DATED this 7th day of November, 2022.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Grant Foster (#7202)
Tamara L. Kapaloski (#13471)

*Attorneys for Plaintiff Blendtec Inc.*

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2022, a true and correct copy of the foregoing document was served on counsel of record via email at the following email addresses:

Patrick M. McGill: pmcgill@sheppardmullin.com
Lisa M. Martens: lmartens@sheppardmullin.com
Martin R. Bader: mbader@sheppardmullin.com
Patrick McGill: pmcgill@sheppardmullin.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: lbutler@parsonsbehle.com

/s/ Tamara L. Kapaloski