Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>    Defendant. | **BLENDTEC'S MOTION TO COMPEL BLENDJET TO PRODUCE DOCUMENTS RESPONSIVE TO REQUEST FOR PRODUCTION NUMBER 32**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Blendjet refuses to produce documents responsive to RFP 32. *See* **Exhibit 1** (Discovery Requests) at 6; **Exhibit 2** (Discovery Responses) at 7-8.[1] On January 19, Blendtec sent notice of the deficiency (**Exhibit 3**). On February 7 at 1:00, Blendtec's counsel (Brett Foster and Tammy Kapaloski) conferred telephonically with Blendjet's counsel (Patrick McGill and Jesse Salen), but

---

[1] Blendtec files Exhibit 2 under seal because Blendjet designated its discovery response as "Confidential," even though it clearly contains no confidential information.

were unable to resolve the issue.

RFP 32 requests documents related to Blendjet's efforts to police, enforce, and/or defend the Blendjet Marks at issue in this trademark infringement lawsuit. Blendjet objected based on relevancy, duplication, breadth, vagueness, confidentiality, and privilege. Exhibit 2 at 7-8. Blendjet declined to produce any documents and offered to meet and confer. As Blendtec pointed out in its written notice, RFP 32 is not duplicative of other discovery and is narrowly tailored to the trademarks at issue. Exhibit 3 at 2. During telephonic conferral, Blendjet refused to produce the requested documents on the ground that they are not relevant.

"Relevancy is broadly construed" and a discovery request "should be considered relevant if there is any possibility the information sought may be relevant to a party's claim or defense." *Alcon Vision v. Lens.com*, 2022 WL 3212309, at *3 (D. Utah 2022). "Discovery should be allowed unless it is clear that the information can have no possible bearing on the claims or defense of a party." *VeroBlue Farms v. Wulf*, 2022 WL 2817612, *4 (D. Kan. 2022) (emphasis in original).

Blendjet's attempts to police, enforce or defend its trademarks are clearly relevant under this standard: **First**, as its sixth and seventh affirmative defenses, Blendjet asserts that Blendtec's trademarks are generic and lack distinctiveness. ECF 20 at 21. Blendjet's view of its own *very similar* marks, its efforts to enforce those marks, and its communications with third parties regarding those marks are pertinent to these defenses. **Second**, Blendjet asserts non-infringement as its second affirmative. *Id*. at 20. Documents regarding Blendjet's enforcement efforts are relevant to show that it understands the distinction between infringing and non-infringing use of the marks. Similarly, the requested documents may also be pertinent to the issue of intentional or knowing infringement. **Third**, as its 18th affirmative defense Blendjet asserts that is has used its

2

marks "solely to describe its own product or service." ECF 20 at 23. Blendjet's efforts to enforce its marks are clearly relevant to this defense. **Finally**, Blendjet should not be allowed to withhold documents related to its efforts to enforce the marks at issue when it issued *substantively identical* discovery requests to Blendtec. *See* **Exhibit 4**, Interrogatory 1 and RFP 11.

Blendjet should be ordered to produce responsive documents within ten days and to pay attorneys' fees incurred as a result of its improper refusal to produce relevant documents.

DATED this 10th day of February, 2023.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Grant Foster (#7202)
Tamara L. Kapaloski (#13471)

*Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2023, a true and correct copy of the foregoing document was served on counsel of record via the Courts CM/ECF System which sent notice to counsel of record:

Martin R. Bader: mbader@sheppardmullin.com
Jesse A. Salen: jsalen@sheppardmullin.com
Patrick M. McGill: patrick@mcgillco.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: lbutler@parsonsbehle.com

/s/ Tamara L. Kapaloski