Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>        Defendant. | **BLENDTEC'S MOTION TO COMPEL BLENDJET TO PRODUCE DOCUMENTS RESPONSIVE TO REQUEST FOR PRODUCTION NUMBER 34**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Blendjet refuses to produce documents responsive to RFP 34. **Exhibit 1** (Discovery Requests) at 6; **Exhibit 2** (Discovery Responses) at 9. On January 19, Blendtec sent a deficiency notice (**Exhibit 3**). On February 7 (1:00), Blendtec's counsel (Brett Foster and Tammy Kapaloski) conferred telephonically with Blendjet's counsel (Patrick McGill and Jesse Salen), but were unable to resolve the issue.

RFP 34 requests "all documents related to the development of the Blendjet blender

product." Blendjet declined to produce any documents based on its relevancy, breadth, vagueness, and confidentiality objections. Exhibit 2 at 9. Blendtec pointed out that RFP 34 seeks relevant information and is narrowly tailored to the products at issue. *See* Exhibit 3 at 2. After telephonic conferral, Blendjet still refused to produce any documents, arguing relevancy.

"Relevancy is broadly construed" and a discovery request "should be considered relevant if there is any possibility the information sought may be relevant to a party's claim or defense." *Alcon Vision v. Lens.com*, 2022 WL 3212309, at *3 (D. Utah 2022). "Discovery should be allowed unless it is clear that the information can have no possible bearing…." *VeroBlue Farms v. Wulf*, 2022 WL 2817612, *4 (D. Kan. 2022) (emphasis in original).

The development of Blendjet blenders is relevant: **First**, whether marks are used on goods "related in the minds of consumers" is relevant to the likelihood of confusion analyses in trademark cases. *Team Tires Plus v. Tires Plus*, 394 F.3d 831, 834 (10th Cir. 2005). The development of Blendjet blenders, including purpose and function, is pertinent to this analyses. **Second**, Blendjet's Tenth and Eleventh affirmative defenses are laches and statute of limitations. ECF 20 at 23. Although these defenses are meritless, they are subject to Blendjet's encroaching infringement.[1] In 2021, Blendjet conceded its competition with full-sized blenders, like Blendtec's: "Blendjet is on a mission to wipe out the old style of blenders." **Exhibit 4**. In 2022, Blendjet announced its "full-sized blender" can be used from the "kitchen to the pool." **Exhibit 5**. Blendjet's blender development is relevant to this progressive encroachment. **Third**, Blendtec is suffering reputational damage from numerous customer complaints, customer returns, and product failures

---

[1] *Big O Tires v. Bigfoot*, 167 F. Supp. 2d 1216, 1228 (D. Colo. 2001) (delay is "excusable where an alleged infringer at first sold different products in a different market").

for Blendjet blenders that confused consumers believe emanate from Blendtec. The development of Blendjet blenders is relevant to this issue. **Finally**, Blendjet should not be permitted to withhold documents regarding its blender development when it issued a *substantively identical* (*albeit broader*) discovery request. **Exhibit 6**, RFP 30 ("All documents relating to the development, marketing, and competitive positioning of the Blendtec GO blender….").

Blendjet should be ordered to produce responsive documents and to pay attorneys' fees as a result of its improper refusal to produce relevant documents.

DATED this 10th day of February, 2023.

>     DORSEY & WHITNEY LLP
>
>     /s/ *Tamara L. Kapaloski*
>     Brett Foster (#6089)
>     Grant Foster (#7202)
>     Tamara L. Kapaloski (#13471)
>
>     *Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2023, a true and correct copy of the foregoing document was served on counsel of record via the Courts CM/ECF System which sent notice to counsel of record:

Martin R. Bader: mbader@sheppardmullin.com
Jesse A. Salen: jsalen@sheppardmullin.com
Patrick M. McGill: patrick@mcgillco.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: lbutler@parsonsbehle.com

/s/ Tamara L. Kapaloski