**EXHIBIT 1**

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec, Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET, INC.**, a Delaware corporation,<br><br>Defendant. | **PLAINTIFF BLENDTEC INC.'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff Blendtec, Inc. ("Blendtec"), by and through counsel, hereby submits its Second Set of Discovery Requests to Defendant Blendjet, Inc. ("Blendjet") to be answered in the manner and within the time required by the Federal Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

The following definitions and instructions shall be used herein, absent clear indications to

1

the contrary:

1. The terms "Defendant," "you," and "yours" means Blendjet, Inc., as well as its past or present owners, officers, directors, employees, agents, representatives, affiliates, assigns, and predecessors, or other persons or entities acting on its behalf, both individually and collectively.

2. The term "Plaintiff" or "Blendtec" means Blendtec Inc., as well as its past or present owners, officers, directors, employees, agents, representatives, affiliates, assigns, and predecessors, or other persons or entities acting on its behalf, both individually and collectively.

3. The term "Complaint" means Blendtec's Complaint filed on November 12, 2021, as ECF No. 2, and any amended Complaint that Blendtec files in this action.

4. "Blendtec's Trademarks" means Blendtec's BLENDTEC Mark and Swirl Design Mark as identified in Blendtec's Complaint.

5. "Blendjet's Trademarks" means the BLENDJET Mark and the Blendjet Swirl Mark as identified in Blendtec's Complaint.

6. The term "person" or "persons" shall be deemed to mean, in the plural as well as the singular, any natural person, firm, association, partnership, or other form of legal entity.

7. The term "including" means including but not limited to.

8. The term "relating to" means—in whole or in part—constituting, containing, relating, concerning, discussing, describing, analyzing, identifying, evidencing, referring to, consisting of, or stating.

9. "Communication" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or

2

question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail.

10. "Document" is used in its customary broad sense, and includes, but is not limited to, any written, printed, typed, recorded, videotaped, filmed, transcribed, taped, electronically stored, or other matter of any kind or nature held or produced or reproduced, whether sent or received, including the original, and includes, but is not limited to, all correspondence, emails, records, drawings, calculations, memoranda, reports, financial statements, contracts, tabulations, studies, analyses, evaluations, work appointment books, diaries, comparisons, questionnaires, surveys, charts, graphs, books, pamphlets, booklets, articles, magazines, newspapers, microfilm, microfiche, photographs, tapes or other recordings, magnetic tapes, discs, flash media, printouts, computer generated reports and printouts, other data compilations from which information can be obtained, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original, and includes all such documents that are in Your possession, custody or control, or to which You otherwise have access. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form.

11. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

12. "Identify" in relation to a person means to state his or her full name and: (a) present business address(es), position and business affiliation, and business telephone number; or, if current information is not known, (b) the last known business and home addresses, position and

business affiliation, and business telephone numbers. Once any Person has been identified properly, it shall be sufficient thereafter when identifying that same Person to state the name only.

13. "Identify" in relation to an entity means to state the entity's: (a) full name; (b) state of incorporation; (c) current or last known business address; and (d) current or last known telephone number. Once an entity has been identified properly, it shall be sufficient thereafter when identifying that same entity to state the name only.

14. "Identify" in relation to a Document means to state: (a) the date the Document was created; (b) the author of the Document; (c) the recipient of the Document; (d) any Person or entity receiving a copy of the Document by "cc," "bcc," or otherwise; (e) a basic description of the nature of the Document, including, if applicable; (f) the title of the Document; and (g) whether the Document has been or is being produced in this litigation, the Bates or identifier number affixed to the Document. Documents to be "identified" include Documents in your possession, custody, or control, documents known by you to have existed but no longer exist, and other documents of which you have knowledge or information.

15. Your obligation to respond to these requests is continuing and your responses are to be supplemented to include subsequently generated or obtained responsive information or documents in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

16. Where a complete answer to an interrogatory is not possible, the interrogatory should be answered to the extent possible and a statement should be made specifying the reasons for any inability to answer the remainder.

17. When an interrogatory asks for specific information, for example, a date, and you

are not able to state the precise date or other specific information, approximate the date or other information requested and indicate in your response that the information being provided is an approximation or is incomplete with respect to certain aspects of the request.

18. In responding to these Document Requests, you are to produce all documents and things that are in your possession, custody, or control, or that are in the possession, custody, or control of any of your representatives, agents, experts, attorneys, or persons consulted concerning any matters relating to the facts or issues involved in this action.

19. If any document responsive to a Request has been lost or destroyed, or was, but is no longer, in your possession, custody or control, or was known to you but is no longer in existence, identify the document and state what disposition was made of it or what became of it. No document requested herein or discoverable in this lawsuit should be destroyed or disposed of by virtue of a record retention program or for any other reason.

20. If no documents or things are responsive to a particular Request, state that no responsive documents or things exist.

21. If you cannot respond to the following Requests in full, after exercising due diligence to secure the information, so state and respond to the remainder of the Request(s), stating whatever information and knowledge you have concerning the unanswered portion.

22. If any document is withheld or redacted on a claim of privilege or work-product protection, please produce a privilege log sufficient to evaluate the claim of privilege or work-product.

23. If you invoke Rule 33(c) of the Federal Rules of Civil Procedure (i.e. the option to produce business records), in response to any interrogatory, please specify, by Bates or other

document control numbers, the records from which the answer to the interrogatory may be derived or ascertained.

## INTERROGATORIES

**INTERROGATORY NO. 13**: For the document produced as JET00000505, identify the date that the document was created, the individual(s) who drafted the document including by name, company, and job title, and the recipient or audience for whom the document was created.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

29. Produce Communications between Reed Beus and Blendjet.

30. Produce Communications and Documents related to Reed Beus expressing an interest in acquiring Blendjet.

31. Produce all Documents that describe Blendjet's policies, guidelines, and/or procedures employed or practiced (or that ought to be employed or practiced) in the selection, maintenance, registration, and protection of its trademarks.

32. Produce all documents evidencing or related to any effort to police, enforce, and/or defend the Blendjet Marks, including but not limited to any and all cease and desist letters or takedown requests that Blendjet has sent or received in relation to the Blendjet Marks.

33. Produce all reports or summaries of your Google advertising campaigns or search engine optimization programs, including all search engine optimization reports and reports similar to Blendtec2200.

34. Produce all Documents related to the development of the Blendjet blender product.

35. Produce documents sufficient to identify the percentage of Blendjet blenders sold by each type of sales channel (for example, percentage of Blendjet blenders sold on

www.blendjet.com, percentage of Blendjet blenders sold in retail stores, etc.) on an annual basis since 2017.

36. Produce all Communications and Documents regarding marks utilizing a "blend-" prefix and swirl logo in the same "blender" product space as Blendtec, as well as documents and communications sufficient to show how they are in the same blender product space.

37. Produce all trademark search, monitoring, or clearance reports that Blendjet has conducted or that anyone has conducted on its behalf regarding any trademarks.

## **REQUESTS FOR ADMISSIONS**

12. Admit that in November 2020, when you allege that Reed Beus expressed an interest in acquiring Blendjet, Mr. Beus was not employed by or with Blendtec.

13. Admit that in November 2020, when you allege that Reed Beus expressed an interest in acquiring Blendjet, Mr. Beus did not express such interest on behalf of Blendtec.

DATED this 21st day of November, 2022.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Grant Foster (#7202)
Tamara L. Kapaloski (#13471)

*Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2022, a true and correct copy of the foregoing document was served on counsel of record via email at the following email addresses:

Patrick M. McGill: pmcgill@sheppardmullin.com
Lisa M. Martens: lmartens@sheppardmullin.com
Martin R. Bader: mbader@sheppardmullin.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: lbutler@parsonsbehle.com

/s/ Tamara L. Kapaloski