**EXHIBIT 2**

| | |
|---|---|
| **From:** | Kapaloski, Tammy |
| **To:** | "Patrick McGill"; Lisa Martens; Martin Bader; NThomas@parsonsbehle.com; LButler@parsonsbehle.com |
| **Cc:** | Brett Foster (foster.brett@dorsey.com); Foster, Grant |
| **Subject:** | Dorsey & Whitney"s Objections to Blendjet"s Subpoena to Dorsey & Whitney |
| **Date:** | Friday, December 9, 2022 10:13:00 AM |

Dorsey & Whitney LLP ("D&W") objects to the subpoena Blendjet's counsel issued to D&W as follows:

  1.  D&W is a law firm that has served as outside counsel to Blendtec with respect to its legal issues since early 2018. The subpoena to D&W seeks documents consisting of attorney-client privileged communications and/or documents covered by attorney work product. D&W will not produce privileged communications and documents and objects on the grounds of attorney-client privilege, the work product doctrine, the Federal Rules of Civil Procedure, including but not limited to FRCP 26(b)(3), the Federal Rules of Evidence, Utah Code §78B-137(2), Utah Code of Judicial Administration Rule 13-1.06 (Rule 1.6), Utah Rule of Evidence 504, and/or any other applicable privilege, immunity, or protection. With the exception of (i) a search report conducted in 1999 that Blendtec already produced in this action, (ii) the USPTO prosecution histories for the BLENDTEC trademark and the Blendtec Swirl Mark, which Blendtec has already produced in this action, and (iii) correspondence between the USPTO and Blendtec's lawyers with respect to the prosecution of those marks, D&W has no non-privileged documents responsive to the subpoena. D&W will produce any correspondence that it has between the USPTO and Blendtec's lawyers. No other non-privileged documents exist. On November 17, 2022, Blendtec produced a privilege log to Blendjet in this action that contains privileged communications, including with D&W.

  2.  D&W also objects to the subpoena on the ground that any non-privileged documents requested in the subpoena appear to be in the possession, custody, or control of Blendtec, such as the 1999 search report and the USPTO prosecution histories that Blendtec already produced, and should therefore be requested pursuant to Rule 34. Pursuant to Fed. R. Civ. P. 45(d)(1), "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena."

   3.  In addition to its privilege objection, D&W also objects to Request Nos. 11, 13-15, on the additional ground that documents related to Blendtec's relationship or agreements with Blendfresh and Blendid and documents related to the Blendfresh mark are irrelevant to the lawsuit between Blendtec and Blendjet.

   4.  Subject to its objections set forth above, D&W responds that it will produce any correspondence between D&W and the USPTO related to the Blendtec Marks to the extent they have not already been produced by Blendtec. Blendtec declines to produce any other documents based on its objections set forth above.

Regards,

Dorsey & Whitney LLP