**EXHIBIT 3**



Eric G. Maxfield
Partner
**Phone** 801.799.5882
egmaxfield@hollandhart.com

December 7, 2022

Mr. Patrick McGill
12275 El Camino Real
Suite 100
San Diego, CA 92130
*Sent via Email:* *pmcgill@sheppardmullin.com*

Re:   Blendtec Inc., a Utah corporation v. Blendjet Inc., a Delaware corporation
Civil Action No.:   2:21-cv-00668-TC-DBP

Dear Mr. McGill:

I write in response to the subpoena you served on Holland & Hart LLP on November 21, 2022, in my capacity as counsel for the firm.  Holland & Hart objects to the subpoena for the reasons outlined below.

Holland & Hart is a law firm and served as outside counsel to Blendtec Inc. ("Blendtec") through January 19, 2018.  On January 19, 2018, the team of lawyers working on Blendtec matters left Holland & Hart for Dorsey & Whitney LLP.  Blendtec followed those lawyers to Dorsey, as did the vast majority of their files.  Indeed, with one exception discussed below, the files Holland & Hart still retains, all of which are electronic files, are duplicative of the files currently in Dorsey's possession.  All of the documents sought by the subpoena, to the extent they exist, are in the possession of Dorsey, who we understand is serving as litigation counsel for Blendtec in this matter.  Accordingly, to the extent such documents are subject to discovery, Blendjet should be able to obtain them under Rule 26 directly from Blendtec or its trial counsel at Dorsey.

As drafted, the Subpoena seeks thousands of documents consisting of privileged attorney-client communications between Holland & Hart and Blendtec and among Holland & Hart attorneys and staff.  Holland & Hart will not produce privileged documents, including, without limitation, legal memoranda, internal drafts of agreements or pleadings, attorney notes, correspondence exchanged among Holland & Hart attorneys and staff, and letters and communications between Blendtec and Holland & Hart.  To the extent the Subpoena seeks such information, documents, communications, or lists thereof, Holland & Hart objects on the grounds of the attorney-client privilege, the work product doctrine, the Federal Rules of Civil Procedure (including but not limited to Rule 26(b)(3)), the Federal Rules of Evidence, Utah Code §78B-137 (2), Utah Code of Judicial Administration Rule 13-1.06 (Rule 1.6), Utah Rule of Evidence 504, and/or any other applicable privilege, immunity, or protection.  Additionally, Holland & Hart

**Location**
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194

**Contact**
p: 801.799.5800  |  f: 801.799.5700
www.hollandhart.com

Holland & Hart LLP   Anchorage   Aspen   Billings   Boise   Boulder   Cheyenne   Denver   Jackson Hole   Las Vegas   Reno   Salt Lake City   Santa Fe   Washington, D.C.



December 7, 2022
Page 2

objects to being required to review its files and prepare a privilege log as unduly burdensome given that a large majority of the file is protected by attorney-client privilege.

Holland & Hart also objects to the Subpoena on the grounds that Holland & Hart has transmitted all reasonably available files from its prior representation of Blendtec to Dorsey, counsel of record for Blendtec in the above-captioned adversary proceeding. Accordingly, such files are now in Blendtec's possession and subject to party discovery under Federal Rule of Civil Procedure 26. We did retain a relatively small group of physical files for Blendtec, but we have since transferred those files to Dorsey for review and handling. Given that the entire file, including materials no longer in the possession of Holland & Hart, are now in the possession of Dorsey, it would be unreasonably burdensome to require Holland & Hart to produce a duplicate set. Moreover, because no one at Holland & Hart has substantive knowledge of the matters in the Blendtec file, or of the case in which the subpoena was issued, it would be unreasonably burdensome to require Holland & Hart to review the files and identify and log privileged materials (which we believe constitute a large majority of the files). This is particularly so because Holland & Hart is no longer engaged by Blendtec and presumably would not be paid to do the necessary review and logging. Given these circumstances, it is not proportional under Rule 26 (b)(1) to require Holland & Hart, a third party, to review the documents for privilege, prepare a privilege log, and then produce non-privileged documents in response to the subpoena.

Holland & Hart will produce copies of all of the transfer letters related to the files it transferred to Dorsey. Apart from those documents, Holland & Hart objects to producing, and will not produce, documents responsive to the subpoena.

Very truly yours,

Eric G. Maxfield
Partner
of Holland & Hart LLP

EGM:sam

cc: Brett Foster
    Tammy Kapaloski
    Dorsey & Whitney LLP
    111 Main Street, Suite 2100
    Salt Lake City, Utah 84111

20435649_v1