Martin R. Bader (*Pro hac vice*)
mbader@sheppardmullin.com
Jesse A. Salen (*Pro hac vice*)
jsalen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Patrick McGill (*Pro hac vice*)
patrick@mcgillco.com
MCGILL & CO., P.C.
5580 La Jolla Blvd, Suite 39
La Jolla, California 92037
Telephone: (619) 974-8886

Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone: (801) 532-1234
nthomas@parsonsbehle.com
lbutler@parsonsbehle.com

*Attorneys for Defendant BlendJet Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>    Defendant. | **DEFENDANT BLENDJET INC.'S RESPONSE TO BLENDTEC'S MOTION TO COMPEL BLENDJET TO PRODUCE DOCUMENTS RESPONSIVE TO REQUEST FOR PRODUCTION NUMBER 32 [DKT 66]**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Blendtec contends it is entitled to discover "documents evidencing or related to any effort to police, enforce, and/or defend the BlendJet Marks" because they are allegedly relevant to claims and defenses in this case and BlendJet issued substantively identical requests to Blendtec. (Motion [Dkt. 66] at 2-3). Blendtec is wrong in both respects and its Motion should be denied.

First, Blendtec argues that BlendJet's trademark enforcement documents are relevant to BlendJet's defense regarding the distinctiveness of Blendtec Marks. But, the distinctiveness analysis of Blendtec's Marks necessarily starts and ends with how an average purchaser of *Blendtec's* products views those marks, and has nothing to do with *BlendJet* or how purchasers of *BlendJet's* products view the *BlendJet* Marks. *See Hornady Mfg. Co. v. Doubletap, Inc.*, 746 F.3d 995, 1007 (10th Cir. 2014) (analyzing distinctiveness of the mark at issue based on the conceptual and commercial strength of the that mark, without reference to the alleged infringing mark). BlendJet is indisputably not an average purchaser of Blendtec products, and thus, how it views certain trademarks (particularly marks that are not asserted in this case), and its policing efforts of its Marks (which are generally directed to counterfeiters of BlendJet's products), has no bearing on whether the Blendtec Marks are distinctive.

Second, Blendtec argues that BlendJet's enforcement efforts are relevant to its understanding of infringing uses "of the *marks*." Again, here, the relevant mark for purposes of an infringement analysis are *Blendtec's* mark—not BlendJet's. And, although Blendtec's enforcement of its own marks is relevant to the strength of that mark, and by extension Blendtec's infringement claim, BlendJet's enforcement of *its* marks has no bearing on any claim or defense in the case. *See Team Tires Plus, Ltd. v. Tires Plus, Inc.*, 394 F.3d 831, 833 (10th Cir. 2005).

Third, Blendtec argues that BlendJet's enforcement documents are relevant to BlendJet's defense that it used its Marks "to describe its own product or service." Again, whether BlendJet enforces its own Marks has no bearing on how BlendJet *uses* those Marks in connection with its products, and thus, is not relevant to BlendJet's defense.

Finally, Blendtec's suggestion that BlendJet be compelled to produce documents merely because it requested the same types of documents from Blendtec is illogical and finds no support in the law. BlendJet has not asserted any defense or counterclaim that would put the enforcement of its own trademarks at issue.

Blendtec's Motion should also be denied because RFP No. 32 is so broad that finding and producing responsive documents would be disproportional to the needs of the case (Fed. R. Civ. P. 26), and would require the production of documents that are subject to third-party confidentiality obligations.

Finally, Blendtec is not entitled to fees and costs in bringing this Motion because BlendJet was substantially justified in its response. Fed. R. Civ. P. 37(a)(5). Instead, given Blendtec's misuse of the discovery dispute process to compel documents to which it is plainly not entitled, BlendJet requests award of its attorney's fees. *Id*.

///

///

///

///

///

///

Respectfully submitted this 17th day of February, 2023.

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Martin R. Bader (*Pro hac vice*)
Jesse A. Salen (*Pro hac vice*)

**MCGILL & CO., P.C.**
Patrick McGill (*pro hac vice*)

**PARSONS BEHLE & LATIMER**
Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)

/s/ Nathan D. Thomas

*Attorneys for Defendant BlendJet, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 17th day of February, 2023, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system and served on the following counsel of record via the CM/ECF notification system:

    Brett Foster (#6089)
    Grant Foster (#7202)
    Tamara Kapaloski (#13471)
    **DORSEY & WHITNEY LLP**
    111 S. Main Street, Suite 2100
    Salt Lake City, UT  84111
    Telephone: (801) 933-7360
    Facsimile:  (801) 933-7373
    foster.brett@dorsey.com
    foster.grant@dorsey.com
    kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec, Inc.*

By:    */s/ Nathan D. Thomas*
        Nathan D. Thomas