Martin R. Bader (*Pro hac vice*)
mbader@sheppardmullin.com
Jesse A. Salen (*Pro hac vice*)
jsalen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Patrick McGill (*Pro hac vice*)
patrick@mcgillco.com
MCGILL & CO., P.C.
5580 La Jolla Blvd, Suite 39
La Jolla, California 92037
Telephone: (619) 974-8886

Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 532-1234
nthomas@parsonsbehle.com
lbutler@parsonsbehle.com

*Attorneys for Defendant BlendJet Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>Defendant. | **DEFENDANT BLENDJET INC.'S RESPONSE TO BLENDTEC'S MOTION TO COMPEL BLENDJET TO PRODUCE DOCUMENTS RESPONSIVE TO REQUEST FOR PRODUCTION NUMBER 34  [DKT. 67]**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Blendtec contends it is entitled to discover "all documents related to the development of the BlendJet blender," but it is wrong. (Motion [Dkt. 67] at 2-3). Its motion should be denied.

The core objection to RFP No. 34 is that the operative term in the Request – "development" – is so vague and overbroad that it is unclear exactly what type of documents Blendtec is even seeking beyond those that BlendJet has already agreed to produce (and has produced) in response to other requests (such as marketing and cost information related to the BlendJet products). BlendJet raised this issue with Blendtec's counsel on Feb. 7 – but instead of narrowing RFP No. 34, Blendtec elected to file the Motion.

For example, documents related to the engineering and manufacturing of the BlendJet blender products are not relevant to the likelihood of confusion test. That inquiry requires assessment of: (1) the degree of similarity between marks; (2) intent of alleged infringer in adopting its mark; (3) evidence of actual confusion; (4) relation in use and manner of marketing between goods or services marketed by competing parties; (5) degree of care likely to be exercised by purchasers; and (6) strength or weakness of marks. *Team Tires Plus, Ltd. v. Tires Plus, Inc.*, 394 F.3d 831, 833 (10th Cir. 2005). Documents relating to the engineering and manufacturing of the BlendJet blenders do not make any of those inquiries more or less probable, and, therefore, are irrelevant. Fed. R. Evid. 401. Further, BlendJet possesses thousands of such documents, and should not have to incur the burden, cost, and waste of resources and time to review those documents for privilege and relevance. Fed. R. Civ. P. 403. Additionally, many of those documents are subject to confidentiality obligations to third parties, making their production even more burdensome.

Further, these types of documents have no bearing on BlendJet's defenses of laches and statute of limitations, which relate to the timing of Blendtec's lawsuit. Nor do these types of

documents have any bearing on Blendtec's reputational damage theory: they say nothing whatsoever about the strength, weakness, or change in Blendtec's reputation.

Blendtec also argues that BlendJet should be required to produce development documents because BlendJet requested documentation related to Blendtec's development of a single accessory: the Blendtec GO. This argument is a nonsequitur. Blendtec specifically pointed to the Blendtec GO in the Complaint and suggested that it might be a competitive product to BlendJet's blenders. (Dkt. 2 at ¶ 7.) Documents related to that product's development (which Blendtec put at issue) are therefore relevant – but that logic does not apply in parallel to BlendJet's products.

BlendJet has already agreed to produce – and has produced – documents "related to marketing or business plans for goods sold under BlendJet's Trademarks" (RFP No. 14), and cost information related to the production of those products (RFP No. 24). Any other documentation responsive to RFP No. 34 is irrelevant, and/or would be overly burdensome to collect. BlendJet requests award of its attorney's fees under Rule 37(a)(5)(B).

///

///

///

///

///

///

///

///

Respectfully submitted this 17th day of February, 2023.

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Martin R. Bader (*Pro hac vice*)
Jesse A. Salen (*Pro hac vice*)

**MCGILL & CO., P.C.**
Patrick McGill (*pro hac vice*)

**PARSONS BEHLE & LATIMER**
Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)

/s/ Nathan D. Thomas

*Attorneys for Defendant BlendJet, Inc.*

-5-

## CERTIFICATE OF SERVICE

    I hereby certify that on the 17th day of February, 2023, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system and served on the following counsel of record via the CM/ECF notification system:

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec, Inc.*

By:     */s/ Nathan D. Thomas*
                Nathan D. Thomas