Martin R. Bader (*Pro hac vice*)
mbader@sheppardmullin.com
Jesse A. Salen (*Pro hac vice*)
jsalen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Patrick McGill (*Pro hac vice*)
patrick@mcgillco.com
MCGILL & CO., P.C.
5580 La Jolla Blvd, Suite 39
La Jolla, California 92037
Telephone: (619) 974-8886

Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
nthomas@parsonsbehle.com
lbutler@parsonsbehle.com

*Attorneys for Defendant BlendJet Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>    Defendant. | **DEFENDANT BLENDJET INC.'S RESPONSE TO BLENDTEC INC.'S MOTION TO COMPEL RESPONSIVE DOCUMENTS TO RFPS 31, 33, 35, 36, AND 37 [DKT 68]**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Blendtec's Motion to Compel BlendJet to produce responsive documents to Blendtec's RFPs 31, 33, 35, 36, and 37 (the "Requests") (Motion [Dkt. 68]) is wholly unwarranted and never should have been brought because there is no real dispute. First, as Blendtec acknowledges, BlendJet has *agreed* to produce documents in response to the Requests (the "Responsive Documents"), to the extent such documents exist. (Motion at 1). There is no dispute as to the propriety of the scope of documentation that BlendJet has agreed to produce in response to those Requests.

Second, BlendJet: (i) has conducted a reasonable and diligent search for non-custodial Responsive Documents (hard copy and ESI); (ii) *has* produced all non-custodial Responsive Documents that it has located to date and is not withholding any such documentation; (iii) is in the process of reviewing custodial ESI from the designated ESI custodians; and (iv) *has* produced – and *will continue* to produce,– custodial Responsive Documents in a timely manner and in accordance with the conventions of the applicable ESI Protocol.[1] More specifically:

- **RFP 31**: After a reasonable and diligent search, BlendJet has not located any non-custodial documentation responsive to this Request. BlendJet will produce custodial Responsive Documents – if any – on a rolling basis.

- **RFP 33**: BlendJet produced lists of its Google Ad keywords and related spend on September 30, 2022 (*see, e.g.*, JET00000632; JET00000633), and has produced summaries of its Google Ad and SEO campaigns (which are custodial in nature). (*See, e.g.*, JET00019042; JET00019138; JET0019156; JET00022586; etc.)

- **RFP 35:** BlendJet produced its total, and retailer-based, sales information on July 29, 2022 (*see, e.g.*, JET00000001; JET00000007; etc.) – documents "that are

---

[1] Blendtec is also producing its custodial ESI on a "rolling basis," and has not committed to (or even suggested) a date by which it will complete its production of custodial ESI.

sufficient to evidence the percentage of its total sales of blender products" sold direct-to-consumer and/or through retailers.

- **RFP 36:** BlendJet has produced a variety of documents responsive to this Request, including trademark search reports for marks utilizing a "blend" prefix and swirl logo in the "same" blender product space as Blendtec. (*See, e.g.*, JET00002833; JET00003305.)

- **RFP 37:** As noted above, BlendJet has produced trademark search reports responsive to this Request.

If Blendtec had reviewed BlendJet's productions to date – or had attempted to adequately meet and confer with BlendJet – counsel for Blendtec would have realized that the Motion is baseless.[2]  BlendJet has not refused to produce Responsive Documents; it produced many Responsive Documents months ago and is continuing to do so.  Blendtec has wasted party and judicial resources through unnecessary motion practice.

BlendJet requests award of its attorney's fees under Rule 37(a)(5)(B).

///

///

///

///

///

///

---

[2] When the parties supposedly "conferred" on Feb. 7 on the issues raised in the Motion (*see* Motion at 1-2), counsel for Blendtec only asked whether BlendJet's *latest production* contained documents responsive to Blendtec's Second Set of Written Discovery – which it did not. Counsel for BlendJet had assumed that Blendtec had reviewed the productions that it had made to date.

Respectfully submitted this 17th day of February, 2023.

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Martin R. Bader (*Pro hac vice*)
Jesse A. Salen (*Pro hac vice*)

**MCGILL & CO., P.C.**
Patrick McGill (*pro hac vice*)

**PARSONS BEHLE & LATIMER**
Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)

/s/ Nathan D. Thomas

*Attorneys for Defendant BlendJet, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 17th day of February, 2023, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system and served on the following counsel of record via the CM/ECF notification system:

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec, Inc.*

By:     */s/ Nathan D. Thomas*
        Nathan D. Thomas