# EXHIBIT C

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET, INC.**, a Delaware corporation,<br><br>Defendant. | **BLENDTEC'S OBJECTIONS TO BLENDJET'S SUBPOENAS TO MARKETSTAR QOZ BUSINESS, LLC**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, Plaintiff Blendtec Inc. ("Blendtec") hereby submits its objections to Blendjet Inc.'s ("Blendjet") Subpoena to MarketStar QOZ Business, LLC ("Marketstar"). Based on Blendtec's privilege and its proprietary and personal interest in documents requested in the subpoena, Blendtec objects to those requests and to Marketstar responding to them subject to Blendtec's specific objections set forth herein.

1

## GENERAL OBJECTIONS

As Blendjet knows, Marketstar is a sister company of Blendtec, and both Marketstar and Blendtec are owned and controlled by Wasatch Capital. Keith Titus and Ben Kaufman are the acting CEO and CFO of Blendtec, respectively, and also hold roles at Marketstar.

Blendtec objects to the subpoena to Marketstar because the majority of any non-privileged documents requested in the subpoena to Marketstar are in the possession, custody, or control of Blendtec (specifically, Subpoena Request Nos. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, and 12). Blendtec objects on the ground that party discovery is ongoing and Blendjet should pursue discovery of documents within Blendtec's possession, custody, and control from Blendtec prior to issuing third party subpoenas for those documents and subjecting third parties to the burden and expense of responding to a subpoena. Blendtec believes that Blendjet is using third party subpoenas to attempt an end run around Rule 34 and the numerical limit on document requests provided for in the Scheduling Order. Pursuant to the Scheduling Order, Blendjet is permitted to issue 50 requests for production. *See* ECF No. 25 at 3. Blendjet has already issued 43 RFPs to Blendtec. Blendjet has now served eight (8) very broad third party subpoenas, including to Blendtec's former CEO, Blendtec's outside and inside counsel, Blendtec's business partners, and Blendtec's service providers. Most of the documents requested in the subpoenas to non-parties seek documents within the possession, custody, or control of Blendtec. As such, Blendjet is improperly using third party subpoenas to attempt an end-run around the numerical limit on discovery set forth in the Scheduling Order. *See Ramey v. Cmty. State Bank*, 2018 U.S. Dist. LEXIS 247304, *2-3 (N.D. Okla. 2018) ("the rule permitting subpoenas of documents from nonparties does not permit a party to make an end-run around Federal Rule of Civil Procedure 34. . . . The subpoena duces tecum to

Ewy, the Bank's President, cannot be used to obtain additional categories of documents from Defendant or circumvent Rule 34."); *Martley v. Basehor*, 2022 U.S. Dist. LEXIS 79427, at *8-9 (D. Kan. 2022) ("[D]ocument requests to a party, rather than subpoenas to the custodial non-party, are the appropriate method to obtain discovery") (granting party's motion to quash subpoena designed to circumvent Rule 34).

Next, and similarly, Blendtec objects on the ground that Blendjet is improperly attempting to get around the ESI Discovery Protocol through a non-party subpoena. Pursuant to the ESI Protocol, each party is limited to ten (10) ESI Custodians with ten (10) search terms per ESI Custodian. *See* ECF No. 33 (Amended ESI Protocol) at ¶¶29, 36. Blendjet's subpoena requests all documents and communications between any Marketstar employees, including Keith Titus and Ben Kaufman, and Blendtec. *See* Subpoena Request Nos. 4-6. As Blendjet knows, Keith Titus and Ben Kaufman are currently the CEO and CFO, respectively, of Blendtec. Mr. Titus and Mr. Kaufman also hold roles at Marketstar. During the ESI Custodian conferral process, Blendtec advised Blendjet that Blendtec would produce Mr. Titus's or Mr. Kaufman's Blendtec emails ***and Marketstar emails***. Pursuant to the ESI Protocol, Blendjet selected both Mr. Titus and Mr. Kaufman as ESI Custodians and has selected search terms for both men. The Subpoena, however, seeks an end run around the ESI Protocol by requesting an incredibly broad category of documents from Mr. Kaufman and Mr. Titus, and any other Marketstar employees, that is not limited by search terms.

Third, Blendtec objects on the ground that the subpoenaed documents constitute Blendtec's private confidential information. Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v.*

3

*Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

Fourth, Blendtec also objects because the subpoenas request documents that are covered by the attorney client privilege, work product doctrine, or any other immunity or privilege held by Blendtec. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). "Courts have observed that the right or privilege asserted need not be weighty." *Francis v. Apex USA, Inc.*, 2020 U.S. Dist. LEXIS 263022, *9-10 (W.D. Ok. 2020) (citation omitted). ("The personal right or privilege claimed need not be weighty: parties need only have '<u>some</u> personal right or privilege in the information sought' to have standing to challenge a subpoenaed third party."). "Thus, a party has standing when the documents subject to a Rule 45 subpoena are protected by the work-product doctrine or attorney client privilege." *Id*.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:** All documents that relate to, refer to, or discuss Blendtec, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the Blendtec Marks, and/or the Blendtec Products.

**Response/Objections to Request No. 1:** Blendtec objects to this incredibly overly broad

4

request because it relates to information regarding Blendtec to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). Blendtec has an important proprietary interest in documents related to its "brand, customers, marketing and/or advertising strategies, [and] competitors." Where "subpoenas seek" a party's "personal, financial, private, and confidential information" that party "has standing to object to the subpoenas." *Moreno v. Zimmerman*, 2020 U.S. Dist. LEXIS 262249, at *9 (D. Wy. 2020). *See also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

Finally, Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendjet is improperly using third party subpoenas to attempt an end-run around the numerical limit on discovery set forth in the Scheduling Order. *See Ramey v. Cmty. State Bank*, 2018 U.S. Dist. LEXIS 247304, *2-3 (N.D. Okla. 2018) ("the rule permitting subpoenas of documents from nonparties does not permit a party to make an end-run around Federal Rule of Civil Procedure 34. . . . The subpoena duces tecum to Ewy, the Bank's

President, cannot be used to obtain additional categories of documents from Defendant or circumvent Rule 34."). Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec to which Blendtec has a proprietary interest such as the documents requested in Request No. 1.

> **REQUEST NO. 2:** All documents related to any relationship, agreements, or joint venture between MarketStar and any entity with a corporate name or registered trademark that includes the word "blend," including but not limited to Blendtec.

**Response/Objections to Request No. 2:** Blendtec objects to this overly broad Request as it pertains to Blendtec because it relates to information regarding Blendtec to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.").

First, where party "is a party to the contracts sought" party has a right or privilege in the information. *Beaty v. Kan. Ath.*, 2020 U.S. Dist. LEXIS 74206, at *8 (D. Kan. 2020) (rejecting argument that party lacked standing to object to subpoena). Thus, Blendtec objects to subpoenas for documents related to contracts of which Blendtec is a party. *See also North Alabama Fabricating Co. v. Bedeschi Mid-West Conveyor Co.*, 2017 U.S. Dist. LEXIS 157362, at *2 (D.

6

Kan. 2017) ("Because the information requested from non-party Essar includes contracts, invoices, correspondence and other documents between Essar and Defendant Bedeschi . . . Defendants have a personal right or privilege with respect to the subject matter requested in the subpoena" and have "standing to object to the issuance of the subpoena"); *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co.*, 2015 U.S. Dist. LEXIS 45123, at *3 (S.D. Ind. 2015) (where subpoena seeks information regarding private contract, a party to the contract has a claim of personal right in the documents).

Blendtec also objects on the ground that it has an important proprietary interest in documents related to its relationship with Marketstar, which are confidential. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendjet is improperly using third party subpoenas to attempt an end-run around the numerical limit on discovery set forth in the Scheduling Order. *See Ramey v. Cmty. State Bank*, 2018 U.S. Dist. LEXIS 247304, *2-3 (N.D. Okla. 2018) ("the rule permitting subpoenas of documents from nonparties does not permit a party to make an end-run around Federal Rule of Civil Procedure 34. . . . The subpoena duces tecum to Ewy, the Bank's President, cannot be used to obtain additional categories of documents from Defendant or circumvent Rule 34."). Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to

file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest.

**REQUEST NO. 3:** Any and all Searches or monitoring reports generated or commissioned in connection with the Blendtec Marks, including the results thereof.

**Response/Objections to Request No. 3:** Blendtec objects to this request to the extent that it seeks privileged information. Blendtec also objects because it relates to information regarding Blendtec and to which Blendtec has a proprietary interest. Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Indeed, Blendtec has already produced a search report conducted in 1999 related to the Blendtec Mark. Blendtec objects to Blendjet's improper attempt to get around the Scheduling Order by issuing subpoenas for documents that are within Blendtec's possession, custody, or control. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest.

**REQUEST NO. 4:** All documents related to or emanating from MarketStar employee Keith Titus's relationship and work with Blendtec, including, but not limited to, any communications between Mr. Titus and any Blendtec employees, contractors, and/or outside legal counsel.

**Response/Objections to Request No. 4:** Blendtec objects to this request because it is a blatant and improper attempt to use a subpoena to get around the Stipulated ESI Protocol and the Scheduling Order. Pursuant to the ESI Protocol, each party is limited to ten (10) ESI Custodians

with ten (10) search terms per ESI Custodian. *See* ECF No. 33 (Amended ESI Protocol) at ¶¶29, 36. As Blendjet knows, Keith Titus is Blendtec's CEO and also holds a role at Marketstar. During the ESI Custodian conferral process, Blendtec advised Blendjet that Blendtec would produce Mr. Titus's or Mr. Kaufman's Blendtec emails **_and Marketstar emails_**. Pursuant to the ESI Protocol, Blendjet selected Mr. Titus as an ESI Custodian and selected search terms for him. The Subpoena, however, seeks an end run around the ESI Protocol by requesting an incredibly broad category of documents from Mr. Titus. In addition, Blendjet could have made this exact same RFP to Blendtec, but chose to get the documents via subpoena instead. Blendjet's attempt to avoid Rule 34 discovery and the discovery limits under the Scheduling Order is improper. This incredibly broad Request made via subpoena is an improper attempt to make an end run around both the numerical limits on discovery set forth in the Scheduling Order as well as the ESI Protocol.

Blendtec also objects because Mr. Titus' communications with outside legal counsel are privileged. Blendtec objects to the request for privileged communications.

Blendtec also objects to this overly broad Request because it relates to information regarding Blendtec to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). This incredibly broad request seeks all documents related to Blendtec's CEO's work at Blendtec. Blendtec holds an

9

important proprietary interest in these confidential and important documents. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

>**REQUEST NO. 5:**  All documents related to or emanating from MarketStar employee Ben Kaufman's relationship and work with Blendtec, including, but not limited to, any communications between Mr. Kaufman and any Blendtec employees, contractors, and/or outside legal counsel.

**Response/Objections to Request No. 5:** Blendtec objects to this request because it is a blatant and improper attempt to use a subpoena to get around the Stipulated ESI Protocol and the Scheduling Order. Pursuant to the ESI Protocol, each party is limited to ten (10) ESI Custodians with ten (10) search terms per ESI Custodian. *See* ECF No. 33 (Amended ESI Protocol) at ¶¶29, 36. As Blendjet knows, Ben Kaufman is Blendtec's CFO and also holds a role at Marketstar. During the ESI Custodian conferral process, Blendtec advised Blendjet that Blendtec would produce Mr. Kaufman's Blendtec emails ***and Marketstar emails***. Pursuant to the ESI Protocol, Blendjet selected Mr. Kaufman as an ESI Custodian and selected search terms for him. The Subpoena, however, seeks an end run around the ESI Protocol by requesting an incredibly broad category of documents from Mr. Kaufman. In addition, Blendjet could have made this exact same RFP to Blendtec, but chose to get the documents via subpoena instead. Blendjet's attempt to avoid Rule 34 discovery and the discovery limits under the Scheduling Order is improper. This incredibly broad Request made via subpoena is an improper attempt to make an end run around both the numerical limits on discovery set forth in the Scheduling Order as well as the ESI Protocol.

Blendtec also objects because Mr. Kaufman's communications with outside legal counsel are privileged. Blendtec objects to the request for privileged communications.

Blendtec also objects to this overly broad Request because it relates to information regarding Blendtec to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). This incredibly broad request seeks all documents related to Blendtec's CEO's work at Blendtec. Blendtec holds an important proprietary interest in these confidential and important documents. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

> **REQUEST NO. 6:** All documents related to or emanating from any Marketstar employee's (other than Mr. Titus and Mr. Kaufman) relationship and work with Blendtec, including, but not limited to, any communications between those employees and any Blendtec employees, contractors, and/or outside legal counsel.

**Response/Objections to Request No. 6:** Blendtec objects to this request because it is a blatant and improper attempt to use a subpoena to get around the Stipulated ESI Protocol and the Scheduling Order. Pursuant to the ESI Protocol, each party is limited to ten (10) ESI Custodians with ten (10) search terms per ESI Custodian. *See* ECF No. 33 (Amended ESI Protocol) at ¶¶29, 36. Blendjet's request for all communications between Blendtec employees and Marketstar employees is an attempt to get communications from Blendtec employees without naming them as ESI Custodians despite the ESI Protocol. In addition, Blendjet could have made this exact same

RFP to Blendtec, but chose to get the documents via subpoena instead. Blendjet's attempt to avoid Rule 34 discovery and the discovery limits under the Scheduling Order is improper. This incredibly broad Request made via subpoena is an improper attempt to make an end run around both the numerical limits on discovery set forth in the Scheduling Order as well as the ESI Protocol.

Blendtec also objects because Marketstar employees' communications with outside legal counsel related to or emanating from Marketstar's relationship to or work with Blendtec is privileged. Blendtec objects to the request for privileged communications.

Blendtec also objects to this overly broad Request because it relates to information regarding Blendtec to which Blendtec has a personal right and proprietary interest. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("[I]t is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a personal right or privilege regarding the documents sought."). *See also Anderson v. Heartland Coca-Cola*, 2022 U.S. Dist. LEXIS 26332, *5-6 (D. Kan. 2022) (a motion to quash may be brought by a party "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."). This incredibly broad request seeks all documents related to Blendtec's CEO's work at Blendtec. Blendtec holds an important proprietary interest in these confidential and important documents. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information).

> **REQUEST NO. 7:** All documents relating or referring to portable blenders, including any analyses, studies, customer surveys, and/or internal memoranda related to the market, competitive landscape, or features or functionalities related to portable blenders.

**Response/Objections to Request No. 7:** Blendtec objects to the extent that the subpoenaed documents are within Blendtec's custody, possession, or control and the request attempts an end run around the discovery limitations provided in the Scheduling Order. Party discovery is ongoing. Blendjet should seek documents from Blendtec prior to burdening a non-party for information that is within a party's custody, possession, or control. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest.

**REQUEST NO. 8:** All documents constituting or referring to any comparison, study, research, or report related to the performance of any portable blender (including, but not limited to any BlendJet product) vis-à-vis traditional counter-top blenders, including Blendtec blenders.

**Response/Objections to Request No. 8:** Blendtec objects to the extent that the subpoenaed documents are within Blendtec's custody, possession, or control and the request attempts an end run around the discovery limitations provided in the Scheduling Order. Party discovery is ongoing. Blendjet should seek documents from Blendtec prior to burdening a non-party for information that is within a party's custody, possession, or control. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest.

**REQUEST NO. 9:** All documents that relate to, refer to, or discuss BlendJet, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the BlendJet Marks, and/or the BlendJet Products.

**Response/Objections to Request No. 9:** Blendtec objects to the extent that the subpoenaed documents are within Blendtec's custody, possession, or control and the request attempts an end

run around the discovery limitations provided in the Scheduling Order. Party discovery is ongoing. Blendjet should seek documents from Blendtec prior to burdening a non-party for information that is within a party's custody, possession, or control. Blendtec intends to file a motion for protective order related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process. Blendtec also intends to file a motion to quash the subpoenas with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest.

> **REQUEST NO. 10:** All documents and communications related to Blendtec's decision to send a cease and desist letter to Blendjet, and to file the Complaint.

**Response/Objections to Request No. 10:** Blendtec objects to this Request because it seeks documents protected by the attorney-client privilege belonging to Blendtec. On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents. Blendtec will not produce privileged documents. Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order and/or a motion to quash with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest or privilege.

> **REQUEST NO. 11:** Documents sufficient to describe the relationship among Blendtec, MarketStar, and Wasatch Group, including, but not limited to, any investment or loan made by Wasatch Group (or any party related thereto) in or to Blendtec (or any party related thereto), and the results and present status of any such relationship.

**Response/Objections to Request No. 11:** Blendtec objects to this Request to the extent that it seeks documents protected by the attorney-client privilege belonging to Blendtec. Blendtec also objects to this request because it relates to information regarding Blendtec to which Blendtec

14

has a proprietary interest. Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendjet's request appears to be an attempt at an end-run around the Rule 34 and the discovery limitations set forth in the Scheduling Order. Blendtec intends to file a motion for protective order/motion to quash related to the documents Blendjet seeks through third party subpoenas instead of through the proper Rule 34 discovery process and with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest.

**REQUEST NO. 12:** All documents related to, or otherwise referencing, the Current Litigation.

**Response/Objections to Request No. 12:** Blendtec objects to this Request to the extent that it seeks documents protected by the attorney-client privilege belonging to Blendtec. On November 17, 2022, Blendtec produced to Blendjet a privilege log identifying privileged documents. Blendtec will not produce privileged documents. Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendtec intends to file a motion for protective order and/or a motion to quash with respect to documents that pertain to Blendtec and in which Blendtec has a proprietary interest or privilege.

//

//

//

DATED this 15th day of December, 2022.

                      DORSEY & WHITNEY LLP

                      /s/ *Tamara L. Kapaloski*
                      Brett Foster (#6089)
                      Grant Foster (#7202)
                      Tamara L. Kapaloski (#13471)

                      *Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2022, a true and correct copy of **BLENDTEC INC.'S OBJECTIONS TO BLENDJET'S SUBPOENAS TO MARKETSTAR** was served on counsel of record via email at the following email addresses:

Lisa M. Martens: lmartens@sheppardmullin.com
Martin R. Bader: mbader@sheppardmullin.com
Patrick M. McGill: pmcgill@sheppardmullin.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: ebutler@parsonsbehle.com

*/s/ Tamara L. Kapaloski*