# EXHIBIT E

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET, INC.**, a Delaware corporation,<br><br>    Defendant. | NON-PARTY MARKETSTAR'S OBJECTIONS TO BLENDJET'S SUBPOENA TO MARKETSTAR QOZ BUSINESS, LLC<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to Federal Rule of Civil Procedure 45, Marketstar QOZ Business, LLC ("Marketstar"), through its undersigned counsel Dorsey & Whitney LLP, hereby submits its objections to Blendjet Inc.'s ("Blendjet") Subpoena to Marketstar.

## GENERAL OBJECTIONS

As Blendjet knows, Marketstar is a sister company of Blendtec, and both Marketstar and Blendtec are owned and controlled by Wasatch Capital. Keith Titus and Ben Kaufman are the acting CEO and CFO of Blendtec, respectively, and also hold roles at Marketstar.

Marketstar objects to the subpoena because the majority of any non-privileged documents requested in the subpoena are in the possession, custody, or control of Blendtec. Marketstar objects on the ground that party discovery is ongoing and Blendjet should pursue discovery of documents within Blendtec's possession, custody, and control from Blendtec prior to issuing third party subpoenas for those documents and subjecting third parties to the burden and expense of

1

responding to a subpoena. Marketstar incorporates Blendtec's December 15, 2022, objections to the subpoena herein. Marketstar believes that Blendjet is using third party subpoenas to attempt an end run around Rule 34 and the numerical limit on document requests provided for in the Scheduling Order. Most of the documents requested in the subpoenas to non-parties seek documents within the possession, custody, or control of Blendtec. As such, Blendjet is improperly using third party subpoenas to attempt an end-run around the numerical limit on discovery set forth in the Scheduling Order. *See Ramey v. Cmty. State Bank*, 2018 U.S. Dist. LEXIS 247304, *2-3 (N.D. Okla. 2018) ("the rule permitting subpoenas of documents from nonparties does not permit a party to make an end-run around Federal Rule of Civil Procedure 34. . . . The subpoena duces tecum to Ewy, the Bank's President, cannot be used to obtain additional categories of documents from Defendant or circumvent Rule 34."); *Martley v. Basehor*, 2022 U.S. Dist. LEXIS 79427, at *8-9 (D. Kan. 2022) ("[D]ocument requests to a party, rather than subpoenas to the custodial non-party, are the appropriate method to obtain discovery") (granting party's motion to quash subpoena designed to circumvent Rule 34).

Next, and similarly, Marketstar objects on the ground that Blendjet appears to be improperly attempting to get around the ESI Protocol governing the case through a non-party subpoena. Pursuant to the ESI Protocol, each party is limited to ten (10) ESI Custodians with ten (10) search terms per ESI Custodian. *See* ECF No. 33 (Amended ESI Protocol) at ¶¶29, 36. Blendjet's subpoena requests all documents and communications between any Marketstar employees, including Keith Titus and Ben Kaufman, and Blendtec. *See* Subpoena Request Nos. 4-6. As Blendjet knows, Keith Titus and Ben Kaufman are currently the CEO and CFO, respectively, of Blendtec. Mr. Titus and Mr. Kaufman also hold roles at Marketstar. During the ESI Custodian

conferral process, Blendtec advised Blendjet that Blendtec would produce Mr. Titus's or Mr. Kaufman's Blendtec emails ***and Marketstar emails***. Pursuant to the ESI Protocol, Blendjet selected both Mr. Titus and Mr. Kaufman as ESI Custodians and has selected search terms for both men. The Subpoena, however, seeks an end run around the ESI Protocol by requesting an incredibly broad category of documents from Mr. Kaufman and Mr. Titus, and any other Marketstar employees, that is not limited by search terms.

Third, Marketstar objects on the ground that the subpoenaed documents constitute Blendtec's private confidential information and Blendtec should be permitted to review and make appropriate objections prior to any such information being produced.

Fourth, Marketstar also objects because the subpoenas request documents that are covered by the attorney client privilege, work product doctrine, or any other immunity or privilege held by Blendtec. Blendtec has instructed Marketstar that it must honor any privileges/protections held by Blendtec and that it may not disclose privileged or protected documents in violation of this request.

Marketstar understands that Blendtec intends to file a motion to quash the Marketstar subpoena. Marketstar incorporates that motion herein.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:** All documents that relate to, refer to, or discuss Blendtec, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the Blendtec Marks, and/or the Blendtec Products.

**Response/Objections to Request No. 1:** MarketStar objects to this incredibly broad request for "all documents that relate to, refer to, or discuss Blendtec." There is no limitation on the subject matter of this request or its time frame. Blendtec and Marketstar are sister companies and have overlapping employees. This incredibly broad request subjects Marketstar, a nonparty to

this lawsuit, to undue burden and expense and would result in the production of documents which have little or no relevance to the issues in this case. Marketstar objects on the grounds of relevance, undue burden, and over breadth. Blendtec also has an important proprietary interest in documents related to its "brand, customers, marketing and/or advertising strategies, [and] competitors" and should be permitted to review responsive information and know what is being produced prior to it being handed over to Blendjet. Marketstar also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendjet is improperly using third party subpoenas to attempt an end-run around the numerical limit on discovery set forth in the Scheduling Order. *See Ramey v. Cmty. State Bank*, 2018 U.S. Dist. LEXIS 247304, *2-3 (N.D. Okla. 2018) ("the rule permitting subpoenas of documents from nonparties does not permit a party to make an end-run around Federal Rule of Civil Procedure 34. . . . The subpoena duces tecum to Ewy, the Bank's President, cannot be used to obtain additional categories of documents from Defendant or circumvent Rule 34."). Marketstar also objects to the extent that the subpoena seeks documents protected by the attorney-client privilege, work product privilege, or any other privilege or immunity held by Blendtec. Marketstar understands that Blendtec intends to file a motion to quash the subpoena and incorporates that motion herein.

Subject to the foregoing, Marketstar declines to produce any documents in response to Request No. 1.

> **REQUEST NO. 2:** All documents related to any relationship, agreements, or joint venture between MarketStar and any entity with a corporate name or registered trademark that includes the word "blend," including but not limited to Blendtec.

**Response/Objections to Request No. 2:** Marketstar objects to this overly broad request for "all documents" related to any relationship, agreements, or joint venture between Marketstar and any entity with a corporate name/registered mark that includes the word "blend." This broad request potentially includes a large volume of information that has nothing to do with the issues in this case, including many documents related to Blendtec with little or no relevance to this action. Marketstar also objects on the ground that responding to this request would subject it to undue burden. Marketstar objects on the grounds of relevance and over breadth. Further, Marketstar objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendjet is improperly using third party subpoenas to attempt an end-run around the numerical limit on discovery set forth in the Scheduling Order. Marketstar also objects to the extent that the subpoena seeks documents protected by the attorney-client privilege, work product privilege, or any other privilege or immunity held by Blendtec. Marketstar incorporates Blendtec's objections to the Marketstar subpoena into this response. Marketstar understands that Blendtec intends to file a motion to quash the subpoena and incorporates that motion herein.

Subject to the foregoing, Marketstar declines to produce any documents in response to Request No. 2.

**REQUEST NO. 3:** Any and all Searches or monitoring reports generated or commissioned in connection with the Blendtec Marks, including the results thereof.

**Response/Objections to Request No. 3:** Marketstar objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-

5

party for information that is within a party's custody. Marketstar objects because the subpoena subjects it to undue burden by requiring it to produce documents that are within the possession of a party to this lawsuit. Marketstar also objects to Blendjet's improper attempt to use a third party subpoena to attempt an end-run around the numerical limit on discovery set forth in the Scheduling Order. Marketstar also objects to the extent that the subpoena seeks documents protected by the attorney-client privilege, work product privilege, or any other privilege or immunity held by Blendtec. Marketstar incorporates Blendtec's objections to the Marketstar subpoena into this response. Marketstar understands that Blendtec intends to file a motion to quash the subpoena and incorporates that motion herein.

Subject to the foregoing, Marketstar declines to produce any documents in response to Request No. 3.

**REQUEST NO. 4:** All documents related to or emanating from MarketStar employee Keith Titus's relationship and work with Blendtec, including, but not limited to, any communications between Mr. Titus and any Blendtec employees, contractors, and/or outside legal counsel.

**Response/Objections to Request No. 4:** Marketstar objects to this incredibly broad request for "all documents related to or emanating from Marketstar employee Keith Titus's relationship and work with Blendtec." This request contains no limitation by subject matter or time frame and would potentially encompass a large amount of information that has little or nothing to do with the issues in this case. Marketstar objects on the ground of relevance. Responding to this request would subject Marketstar to extreme and undue burden and expense. Marketstar also objects because information requested in this Request is in the possession, custody, or control of Blendtec and party discovery is ongoing. Blendjet should obtain information from a party before harassing a non-party and subjecting it to the burden and expense of responding to a subpoena.

Marketstar objects to this request because it is an improper attempt to use a subpoena to get around the Stipulated ESI Protocol and the Scheduling Order. Pursuant to the ESI Protocol, each party is limited to ten (10) ESI Custodians with ten (10) search terms per ESI Custodian. *See* ECF No. 33 (Amended ESI Protocol) at ¶¶29, 36. As Blendjet knows, Keith Titus is Blendtec's CEO and also holds a role at Marketstar. During the ESI Custodian conferral process, Blendtec advised Blendjet that Blendtec would produce Mr. Titus's or Mr. Kaufman's Blendtec emails ***and Marketstar emails***. Pursuant to the ESI Protocol, Blendjet selected Mr. Titus as an ESI Custodian and selected search terms for him. The Subpoena, however, seeks an end run around the ESI Protocol by requesting an incredibly broad category of documents from Mr. Titus. In addition, Blendjet could have made this exact same RFP to Blendtec, but chose to get the documents via subpoena instead. Blendjet's attempt to avoid Rule 34 discovery and the discovery limits under the Scheduling Order is improper. This incredibly broad Request made via subpoena is an improper attempt to make an end run around both the numerical limits on discovery set forth in the Scheduling Order as well as the ESI Protocol.

Marketstar also objects because Mr. Titus' communications with outside legal counsel are privileged. Marketstar objects to the request for privileged communications.

Blendtec also objects to this overly broad Request because it relates to information regarding Blendtec to which Blendtec has a personal right and proprietary interest. This incredibly broad request seeks all documents related to Blendtec's CEO's work at Blendtec. Blendtec holds an important proprietary interest in these confidential and important documents. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business

information). Marketstar incorporates Blendtec's objections to the Marketstar subpoena into this response. Marketstar understands that Blendtec intends to file a motion to quash the subpoena and incorporates that motion herein.

Subject to the foregoing, Marketstar declines to produce any documents in response to Request No. 4.

**REQUEST NO. 5:** All documents related to or emanating from MarketStar employee Ben Kaufman's relationship and work with Blendtec, including, but not limited to, any communications between Mr. Kaufman and any Blendtec employees, contractors, and/or outside legal counsel.

**Response/Objections to Request No. 5:** Marketstar objects to this incredibly broad request for "all documents related to or emanating from Marketstar employee Ben Kaufman's relationship and work with Blendtec." This request contains no limitation by subject matter or time frame and would encompass a large amount of information that has little or nothing to do with the issues in this case. Marketstar objects on the ground of relevance. Responding to this request would subject Marketstar to extreme and undue burden and expense. Marketstar also objects because information requested in this Request is in the possession, custody, or control of Blendtec and party discovery is ongoing. Blendjet should obtain information from a party before harassing a non-party and subjecting it to the burden and expense of responding to a subpoena. Marketstar objects to this request because it is an improper attempt to use a subpoena to get around the Stipulated ESI Protocol and the Scheduling Order. Pursuant to the ESI Protocol, each party is limited to ten (10) ESI Custodians with ten (10) search terms per ESI Custodian. *See* ECF No. 33 (Amended ESI Protocol) at ¶¶29, 36. As Blendjet knows, Ben Kaufman is Blendtec's CFO and also holds a role at Marketstar. During the ESI Custodian conferral process, Blendtec advised Blendjet that Blendtec would produce Mr. Kaufman's Blendtec emails ***and Marketstar emails***.

8

Pursuant to the ESI Protocol, Blendjet selected Mr. Kaufman as an ESI Custodian and selected search terms for him. The Subpoena, however, seeks an end run around the ESI Protocol by requesting an incredibly broad category of documents from Mr. Kaufman. In addition, Blendjet could have made this exact same RFP to Blendtec, but chose to get the documents via subpoena instead. Blendjet's attempt to avoid Rule 34 discovery and the discovery limits under the Scheduling Order is improper. This incredibly broad Request made via subpoena is an improper attempt to make an end run around both the numerical limits on discovery set forth in the Scheduling Order as well as the ESI Protocol.

Marketstar also objects because Mr. Kaufman's communications with outside legal counsel are privileged. Marketstar objects to the request for privileged communications.

Blendtec also objects to this overly broad Request because it relates to information regarding Blendtec to which Blendtec has a personal right and proprietary interest. This incredibly broad request seeks all documents related to Blendtec's CFO's work at Blendtec. Blendtec holds an important proprietary interest in these confidential and important documents. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Marketstar incorporates Blendtec's objections to the Marketstar subpoena into this response. Marketstar understands that Blendtec intends to file a motion to quash the subpoena and incorporates that motion herein.

Subject to the foregoing, Marketstar declines to produce any documents in response to Request No. 5.

**REQUEST NO. 6:** All documents related to or emanating from any Marketstar employee's (other than Mr. Titus and Mr. Kaufman) relationship and work with Blendtec,

including, but not limited to, any communications between those employees and any Blendtec employees, contractors, and/or outside legal counsel.

**Response/Objections to Request No. 6:** Marketstar objects to this incredibly broad request for "all documents related to or emanating from any Marketstar employee's relationship and work with Blendtec." This request contains no limitation by subject matter or time frame and would potentially encompass a huge amount of information that has little or nothing to do with the issues in this case. Marketstar objects on the ground of relevance. Responding to this request would subject Marketstar to extreme and undue burden and expense. Marketstar also objects because information requested in this Request is in the possession, custody, or control of Blendtec and party discovery is ongoing. Blendjet should obtain information from a party before harassing a non-party and subjecting it to the burden and expense of responding to a subpoena. Marketstar objects to this request because it is an improper attempt to use a subpoena to get around the Stipulated ESI Protocol and the Scheduling Order. Pursuant to the ESI Protocol, each party is limited to ten (10) ESI Custodians with ten (10) search terms per ESI Custodian. *See* ECF No. 33 (Amended ESI Protocol) at ¶¶29, 36. The Subpoena, however, seeks an end run around the ESI Protocol. In addition, Blendjet could have made this exact same RFP to Blendtec, but chose to get the documents via subpoena instead. Blendjet's attempt to avoid Rule 34 discovery and the discovery limits under the Scheduling Order is improper. This incredibly broad Request made via subpoena is an improper attempt to make an end run around both the numerical limits on discovery set forth in the Scheduling Order as well as the ESI Protocol.

Marketstar also objects because communications with outside legal counsel are privileged. Marketstar objects to the request for privileged communications.

Marketstar also objects to this overly broad Request because it relates to information

regarding Blendtec to which Blendtec has a personal right and proprietary interest. This incredibly broad request seeks all documents related to Blendtec. Blendtec holds an important proprietary interest in these confidential and important documents. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224 (E.D. Ark. 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information). Marketstar incorporates Blendtec's objections to the Marketstar subpoena into this response. Marketstar understands that Blendtec intends to file a motion to quash the subpoena and incorporates that motion herein.

Subject to the foregoing, Marketstar declines to produce any documents in response to Request No. 6.

> **REQUEST NO. 7:** All documents relating or referring to portable blenders, including any analyses, studies, customer surveys, and/or internal memoranda related to the market, competitive landscape, or features or functionalities related to portable blenders.

**Response/Objections to Request No. 7:** Marketstar objects to this broad request for "all documents related to or referring to portable blenders". This request contains no time limitation and responding to this request would subject Marketstar to extreme and undue burden. Marketstar also objects on the ground that this request seeks documents that have little or nothing to do with the issues in the case; specifically, whether Blendjet's Blendjet mark infringes Blendtec's Blendtec mark. Marketstar objects on the ground of relevance. Marketstar also objects to the extent that information requested in this Request is in the possession, custody, or control of Blendtec and party discovery is ongoing. Blendjet should obtain information from a party before harassing a non-party and subjecting it to the burden and expense of responding to a subpoena. Marketstar objects to Blendjet's attempts at an end run around the discovery limitations provided in the Scheduling Order. Marketstar incorporates Blendtec's objections to the Marketstar subpoena into

11

this response. Marketstar understands that Blendtec intends to file a motion to quash the subpoena and incorporates that motion herein.

Subject to the foregoing, Marketstar declines to produce any documents in response to Request No. 7.

> **REQUEST NO. 8:** All documents constituting or referring to any comparison, study, research, or report related to the performance of any portable blender (including, but not limited to any BlendJet product) vis-à-vis traditional counter-top blenders, including Blendtec blenders.

**Response/Objections to Request No. 8:** Marketstar objects to this broad request for "all documents constituting or referring to the performance of any portable blender". This request contains no time limitation and searching for documents responsive to this request would subject Marketstar to extreme and undue burden. Marketstar also objects on the ground that this request seeks documents that have little or nothing to do with the issues in the case; specifically, whether Blendjet's Blendjet mark infringes Blendtec's Blendtec mark. Marketstar objects on the ground of relevance. Marketstar also objects to the extent that information requested in this Request is in the possession, custody, or control of Blendtec and party discovery is ongoing. Blendjet should obtain information from a party before harassing a non-party and subjecting it to the burden and expense of responding to a subpoena. Marketstar objects to Blendjet's attempts at an end run around the discovery limitations provided in the Scheduling Order. Marketstar incorporates Blendtec's objections to the Marketstar subpoena into this response. Marketstar understands that Blendtec intends to file a motion to quash the subpoena and incorporates that motion herein.

Subject to the foregoing, Marketstar declines to produce any documents in response to Request No. 8.

**REQUEST NO. 9:** All documents that relate to, refer to, or discuss BlendJet, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the BlendJet Marks, and/or the BlendJet Products.

**Response/Objections to Request No. 9:** Marketstar objects to this request on the ground that it subjects a nonparty to undue burden and expense and to the extent that it seeks documents protected by the attorney-client privilege, work product privilege, or any other privilege or immunity held by Blendtec. Marketstar objects to the extent that the subpoenaed documents are within Blendtec's custody, possession, or control and the request attempts an end run around the discovery limitations provided in the Scheduling Order. Party discovery is ongoing. Blendjet should seek documents from Blendtec prior to burdening a non-party for information that is within a party's custody, possession, or control. Marketstar objects to Blendjet's attempts at an end run around the discovery limitations provided in the Scheduling Order. Marketstar incorporates Blendtec's objections to the Marketstar subpoena into this response. Marketstar understands that Blendtec intends to file a motion to quash the subpoena and incorporates that motion herein.

Subject to the foregoing, Marketstar declines to produce any documents in response to Request No. 9.

**REQUEST NO. 10:** All documents and communications related to Blendtec's decision to send a cease and desist letter to Blendjet, and to file the Complaint.

**Response/Objections to Request No. 10:** Marketstar objects to this Request because it seeks documents protected by the attorney-client privilege, work product privilege, or any other privilege or immunity belonging to Blendtec. Marketstar will not produce privileged documents. Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's

custody. Marketstar incorporates Blendtec's objections to the Marketstar subpoena into this response. Marketstar understands that Blendtec intends to file a motion to quash the subpoena and incorporates that motion herein.

Subject to the foregoing, Marketstar declines to produce any documents in response to Request No. 10.

**REQUEST NO. 11:** Documents sufficient to describe the relationship among Blendtec, MarketStar, and Wasatch Group, including, but not limited to, any investment or loan made by Wasatch Group (or any party related thereto) in or to Blendtec (or any party related thereto), and the results and present status of any such relationship.

**Response/Objections to Request No. 11:** Marketstar objects to this broad request on the ground that it seeks information that has little or no relevance to any of the issues in this case. Responding to this irrelevant request would subject Marketstar to undue burden and expense. Marketstar objects on the ground of relevance. Marketstar also objects to the extent that the Request seeks documents protected by the attorney-client privilege, work product privilege, or any other privilege or immunity belonging to Blendtec. Marketstar also objects to this request because it relates to information regarding Blendtec to which Blendtec has a proprietary interest. Marketstar also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendjet's request appears to be an attempt at an end-run around the Rule 34 and the discovery limitations set forth in the Scheduling Order. Marketstar incorporates Blendtec's objections to the Marketstar subpoena into this response. Marketstar understands that Blendtec intends to file a motion to quash the subpoena and incorporates that motion herein.

Subject to the foregoing, Marketstar declines to produce any documents in response to Request No. 11.

**REQUEST NO. 12:** All documents related to, or otherwise referencing, the Current Litigation.

**Response/Objections to Request No. 12:** Marketstar objects to the extent that the Request seeks documents protected by the attorney-client privilege, work product privilege, or any other privilege or immunity belonging to Blendtec. Marketstar also objects to this request because it relates to information regarding Blendtec to which Blendtec has a proprietary interest. Marketstar also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing. Blendjet should seek the requested documents from Blendtec prior to burdening a non-party for information that is within a party's custody. Blendjet's request appears to be an attempt at an end-run around the Rule 34 and the discovery limitations set forth in the Scheduling Order. Marketstar incorporates Blendtec's objections to the Marketstar subpoena into this response. Marketstar understands that Blendtec intends to file a motion to quash the subpoena and incorporates that motion herein.

Subject to the foregoing, Marketstar declines to produce any documents in response to Request No. 12.

DATED this 3rd day of January, 2023.

                                              DORSEY & WHITNEY LLP

                                              /s/ *Tamara L. Kapaloski*
                                              Brett Foster (#6089)
                                              Grant Foster (#7202)
                                              Tamara L. Kapaloski (#13471)
                                              *Attorneys for Marketstar*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2022, a true and correct copy of the foregoing document was served on counsel of record via email at the following email addresses:

Martin R. Bader: mbader@sheppardmullin.com
Patrick M. McGill: pmcgill@sheppardmullin.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: ebutler@parsonsbehle.com

/s/ Tamara L. Kapaloski