Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Non-Party MarketStar*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>    Defendant. | **MARKETSTAR'S RESPONSE TO BLENDJET'S SHORT FORM MOTION TO COMPEL RESPONSE TO SUBPOENA TO MARKETSTAR**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

For the following reasons, Blendjet's motion to compel MarketStar to respond to Blendjet's subpoena (ECF 78) should be denied:

**First**, as is apparent on the face of the subpoena and as explained in detail in MarketStar's objections, the subpoena is vastly overly-broad, seeks irrelevant documents, and is an attempt at an end-run around Rule 34, the Scheduling Order, and the ESI Protocol. MarketStar asserted specific objections to each of the document requests in the subpoena. ECF 78-5 at 3-15. Blendjet

failed to respond to MarketStar's objections. *See, e.g., Ennis v. Alder Prot. Holdings*, 2022 U.S. Dist. LEXIS 169131, at *9 (D. Utah 2022) ("when relevancy is not apparent on its face, the requesting party has the burden to show the relevancy of the request").

**Second**, Blendjet argues that "MarketStar possesses documentation responsive to the subpoena." Motion at 2. On the contrary, <u>MarketStar itself</u> does not possess many (if any) responsive documents. *See* **Exhibit 1** (Titus Decl.) at ¶2-5, 9-10. Rather, MarketStar possesses responsive documents only <u>because certain MarketStar employees also hold positions at Blendtec</u>. *Id*. MarketStar does not independently possess documents responsive to the subpoena. Blendjet ignores MarketStar's objection that all of the documents requested in the subpoena are within the possession of Blendtec, a party to this action. ECF 78-5 at 1-2, 4-15; Exhibit 1 at ¶10.

**Third**, Blendjet argues that either MarketStar or Blendjet "should be compelled to produce the responsive documents" (Motion at 3). But, ***<u>Blendtec has already produced the majority of the documents sought by the subpoena</u>***. *See* **Exhibit** 2 (Kapaloski Decl.) at ¶9. Further, as Blendjet knows, Blendtec agreed to produce all MarketStar emails of Ben Kaufman and Keith Titus related to their Blendtec work and responsive to Blendjet's email request search terms. *Id*. at ¶6; Exhibit 1 at ¶12. Blendjet's subpoena appears to be an attempt to expand its discovery requests to Blendtec beyond that to which it is entitled. *Id*. at ¶7-8. Blendjet should not be permitted to use a subpoena in this way. *See Ramey v. Cmty. State Bank*, 2018 U.S. Dist. LEXIS 247304, *2-3 (N.D. Okla. 2018) ("the rule permitting subpoenas of documents from nonparties does not permit a party to make an end-run around Federal Rule of Civil Procedure 34. . . . The subpoena duces tecum to Ewy, the Bank's President, cannot be used to obtain additional categories of documents from Defendant or circumvent Rule 34.").

For these reasons, Blendjet's motion to compel MarketStar to respond to the subpoena should be denied and MarketStar should be awarded its fees.

DATED this 24th day of February, 2023.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Grant Foster (#7202)
Tamara L. Kapaloski (#13471)

*Attorneys for Non-Party MarketStar*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2023, a true and correct copy of the foregoing document was served on counsel of record via the Courts CM/ECF System which sent notice to counsel of record:

    Martin R. Bader: mbader@sheppardmullin.com
    Jesse A. Salen: jsalen@sheppardmullin.com
    Patrick M. McGill: patrick@mcgillco.com
    Nathan D. Thomas: nthomas@parsonsbehle.com
    Elizabeth M. Butler: lbutler@parsonsbehle.com

                                            */s/ Tamara L. Kapaloski*