Martin R. Bader (*Pro hac vice*)
mbader@sheppardmullin.com
Jesse A. Salen (*Pro hac vice*)
jsalen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
　A Limited Liability Partnership
　Including Professional Corporations
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Patrick McGill (*Pro hac vice*)
patrick@mcgillco.com
MCGILL & CO., P.C.
5580 La Jolla Blvd, Suite 39
La Jolla, California 92037
Telephone: (619) 974-8886

Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 532-1234
nthomas@parsonsbehle.com
lbutler@parsonsbehle.com

*Attorneys for Defendant BlendJet Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>　　　Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>　　　Defendant. | **DEFENDANT BLENDJET INC.'S RESPONSE TO BLENDTEC'S MOTION TO COMPEL BLENDJET TO PRODUCE DOCUMENTS RESPONSIVE TO REQUEST FOR PRODUCTION NOS. 41, 42  [DKT. 82]**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Blendtec's RFP Nos. 41 and 42 (the "Requests") seek "all customer service emails or tickets related to quality issues, defects, or complaints in connection with the Blendjet [*sic*] Blender since 2017," and "[d]ocuments sufficient to identify the number and nature of warranty claims made in relation to Blendjet [*sic*] Blenders from 2017 to the present," because such documents are allegedly relevant to likelihood of confusion and damages. (Motion [Dkt. 82] at 2). Blendtec is wrong.

First, Blendtec mistakenly relies on a general proposition from *Hormel Foods Corp. v. Jim Henson Productions, Inc.*, 73 F.3d 497, 505 (2nd Cir. 1996), to argue that the comparative "quality" between products "may tend to create [source] confusion." (Motion at 2). *Hormel Foods* is inapplicable. While comparative quality may be a factor of the Second Circuit's likelihood of confusion test, it is *not* part of this Circuit's test. *See Team Tires Plus, Ltd. v. Tires Plus, Inc.*, 394 F.3d 831, 833 (10th Cir. 2005). And Blendtec cites no authority at all establishing that the broad categories of documents subject to the Requests ("customer service emails or tickets" and "number and nature of warranty claims") are probative of the comparative quality of Blendtec and BlendJet products. Indeed, that position is entirely conclusory, as the vague universe of customer "complaints" or "warranty claims" conceivably captures everything from "change of mind" returns to goods damaged in transit. The requested documentation bears no cognizable relevance to the Tenth Circuit's likelihood of confusion test.

Second, Blendtec argues that customer complaints allegedly evidence Blendtec's "reputational harm and loss of good will." (Motion at 2). But Blendtec fails to explain how *BlendJet's* customer correspondence and/or warranty claims might conceivably correlate to any change in *Blendtec's* goodwill. The requested documentation is – by its very nature – not public, and as such, there is no logical reason why a Blendtec customer would even be aware of complaints raised internally to BlendJet. Moreover, and contradictorily  Blendtec argues that the

*similarity* in quality between Blendtec and BlendJet blenders is a source of confusion, but also that quality *differences* support its damages theory. This discord in Blendtec's positions highlights the harassing nature of Blendtec's overbroad discovery requests, which seek irrelevant information and overly burden BlendJet.

Third, Blendtec argues that "reputational harm is relevant to damages." (Motion at 2). But again, Blendtec cannot demonstrate any nexus between *BlendJet's* customer complaints and any change in *Blendtec's* public reputation, as discussed above.

Finally, Blendtec argues that BlendJet should be required to produce these materials because BlendJet requested similar materials from Blendtec. This argument again ignores the differences between the parties' claims and defenses, and the materials relevant thereto. (*See, e.g.*, [Dkt. 74] at 3). The fact that BlendJet requested similar documents does not render the Requests proper. BlendJet's requests sought information relevant to its defense against Blendtec's meritless attempt to characterize BlendJet's products as "inferior quality." Blendtec has no such argument to support its similar requests.

BlendJet requests award of its attorney's fees under Rule 37(a)(5)(B).

Respectfully submitted this 2nd day of March, 2023.

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Martin R. Bader (*Pro hac vice*)
Jesse A. Salen (*Pro hac vice*)

**MCGILL & CO., P.C.**
Patrick McGill (*pro hac vice*)

**PARSONS BEHLE & LATIMER**
Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)

/s/ *Nathan D. Thomas*

*Attorneys for Defendant BlendJet, Inc.*

-5-

# CERTIFICATE OF SERVICE

      I hereby certify that on the 2nd day of March, 2023, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system and served on the following counsel of record via the CM/ECF notification system:

  Brett Foster (#6089)
  Grant Foster (#7202)
  Tamara Kapaloski (#13471)
  **DORSEY & WHITNEY LLP**
  111 S. Main Street, Suite 2100
  Salt Lake City, UT  84111
  Telephone: (801) 933-7360
  Facsimile:  (801) 933-7373
  foster.brett@dorsey.com
  foster.grant@dorsey.com
  kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec, Inc.*

  Executed on March 2, 2023, at Salt Lake City, Utah.

By:  */s/ Nathan D. Thomas*
      Nathan D. Thomas