IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLENDTEC INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLENDJET, INC., a Delaware corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-668 TC DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court are four motions to quash filed by Plaintiff Blendtec, Inc.[1] (ECF No. 41, 42, 43, 44.) Blendtec seeks to quash subpoenas issued by Defendant Blendjet, Inc. to its current and former counsel, to its former CEO, to certain service providers, and to certain business partners. The motions are granted and denied as set forth herein.

## BACKGROUND

The parties in this action both manufacture and sell blending machines. In 2010 Blendtec's corporate parent at the time, K-Tec, Inc., sought and received a registration from the USPTO in 2011 a trademark for a swirl design logo as pictured to use in connection with blenders.



---

[1] This matter is referred to the undersigned pursuant to 28 U.S.C. § (b)(1)(A) for determining all nondispositive pretrial matters. (ECF No. 21.)

Blendtec has used this mark in connection with its blenders and advertising on its website, and in other forums, such as social media platforms. The following is an example of its advertising on Instagram.



In approximately October 2017, Plaintiff alleges that Blendjet began using a swirl design in connection with its blenders. In May 2019, the USPTO issued a registration for Blendjet's mark and in June 2019, Blendjet filed an application to register a swirl design for its blenders. Blendjet uses the mark in its advertising as pictured.



An example of both companies marks from their respective websites is as follows:

Blendtec alleges consumer confusion between the marks and brings claims for trademark infringement under §32 of the Lanham Act, false designation under §43 of the Lanham Act, unfair competition, trademark dilution, violations of certain Utah laws regarding trademarks and business practices, and requests that Blendjet's mark be cancelled under 15 U.S.C. § 1119.

The current dispute centers on subpoenas issued by Blendjet during the discovery process. The court addresses each of these in turn.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b) sets forth the general scope of discovery and permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Although the scope of discovery under the federal rules is broad, parties may not engage in a "fishing expedition" in an attempt to obtain evidence to support their claims or defenses. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000). Therefore, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1).

Federal Rule of Civil Procedure Rule 45 governs the form and issuance of subpoenas and operates within the confines of Rule 26. *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.* 211 F.R.D. 658, 662 (D. Kan. 2003); *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995). In certain circumstances the court may or must quash a subpoena on a timely motion. These include if a subpoena inter alia: (1) fails to allow a reasonable time to comply; (2) is outside certain geographical limits as set forth in Rule 45(c);

(3) requires the disclosure of privileged or other protected matter, if no exception or waiver applies; (4) subjects a person to undue burden or (5) requires the disclosure of a trade secret or other certain sensitive information. Fed. R. Civ. P. 45(d)(3)(A), (d)(3)(B).

"Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena." *First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-CV-00229, 2015 WL 6872333, at *3 (D. Utah Nov. 9, 2015) (quotations and citation omitted); *see also Richards v. Convergys Corp.*, No. 2:05–CV–00790–DAK, 2007 WL 474012 (D. Utah Feb. 6, 2007); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999).

## DISCUSSION

As a threshold matter the court must determine whether Blendtec has standing to contest the third-party subpoenas. When a party challenging a subpoena "has a personal right or privilege" regarding the subject matter sought by the subpoena this is usually enough to find standing. *See Wichita Firemen's Relief Ass'n v. Kansas City Life Ins. Co.*, No. 11-1029-KGG, 2012 WL 3245451 at *2 (D. Kan. Aug. 8, 2012) (citing cases); *see also Gulf Coast Shippers Ltd. P'ship v. DHL Exp. (USA), Inc.*, No. 2:09CV221, 2011 WL 5102270 at *1 (D. Utah Oct. 26, 2011). Courts have observed that the right or privilege asserted need not be "weighty" to qualify. *DeGrandis v. Children's Hosp. Boston*, No. 14-10416-FDS, 2016 WL 4491830 at *12 (D. Mass. Aug. 25, 2016) ("The personal right or privilege claimed need not be weighty: parties need only have 'some personal right or privilege in the information sought' to have standing to challenge a subpoenaed third party." (quoting *Patrick Collins, Inc. v. Does 1-38*, 941 F. Supp. 2d 153, 159 (D. Mass. 2013) (emphasis in original)); *see also Francis v. APEX USA, Inc.*, No. CIV-18-583-

4

SLP, 2020 WL 13094070, at *4 (W.D. Okla. May 11, 2020) (considering standing to contest third party subpoenas).

Blendtec makes a similar argument concerning standing in each of its motions, to wit, that it has an interest in the subject matter requested in the subpoena. The requests include documents allegedly covered by the attorney-client privilege, work that Blendtec paid for from service providers, and contracts between Blendtec and certain third parties. With this backdrop, the court turns to the motions.

I. **Subpoenas to counsel**

Blendjet served subpoenas on Plaintiff's current and former outside counsel, Dorsey & Whitney and Holland and Hart. There is no dispute that "a party has standing when the documents subject to a Rule 45 subpoena are protected by the work-product doctrine or attorney client privilege." Francis, 2020 WL 13094070, at *4. These requests seek communications between Blendtec's attorneys and Blendtec concerning its marks. For example, Request No. 1 seeks "All documents related to the evaluation, availability, and selection of the Blendtec Marks." (ECF No. 41-1 p. 9) Other requests seek all searches or monitoring reports regarding Blendtec marks. And another group of requests seek all documents and communications regarding litigation and enforcement of its marks.[2]

Blendtec produced a privilege log to Blendjet that "includes privileged communications between Blendtec [and its counsel] that are requested by the subpoena." (ECF No. 41 p. 2.) Plaintiff avers the only potentially non-privileged documents at issue are search reports and certain limited correspondence.

---

[2] The court does not repeat all of the requests here as they are attached to Plaintiff's motion.

In response, Blendjet correctly notes that there are no blanket claims of privilege. Rather, a party must satisfy the Rule 26(b)(5) requirements by describing the "nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5).

The court is persuaded under these circumstances that some of the materials sought by the subpoenas do qualify as privileged communications. However, the mere fact that an attorney is involved in a communication does not render it subject to protection. *See Entrata, Inc. v. Yardi Sys., Inc.*, Case No. 2:15-cv-102, 2019 WL 95655 at *2 (D. Utah Jan. 3, 2019). Here, Blendtec has appropriately produced a privilege log. Yet, as admitted by Plaintiff there are non-privileged documents that should be produced. The court orders that those items should be produced within 30 days from the date of this order. The privileged items need not be produced. Plaintiff however is to describe the privileged items in sufficient detail so that Blendjet may contest the privileged designation if needed. *See* Fed. R. Civ. P. 26(b)(5). Accordingly, if the descriptions in the privilege log are cryptic or insufficient, Plaintiff is to update those descriptions of items that it believes are privileged and subject to protection. This is also to be done within 30 days from the date of this order.

This motion is granted with the foregoing modifications.

II.     **Subpoena to Thomas Dickson**

Thomas Dickson is Plaintiff's former CEO. Blendtec notes that the "Dickson subpoena is very similar to subpoenas Blendjet issued to Blendtec's outside counsel." (ECF No. 42 p. 2.) Thus, according to Plaintiff, it has standing to move to quash the subpoena based on the work-

product doctrine or attorney client privilege. *See Francis*, 2020 WL 13094070, at *4. The court agrees that Plaintiff has standing to contest the subpoena.

Blendtec additionally argues that discovery is ongoing, and the "majority of the subpoenaed documents, if the exist, would be within Blendtec's control." (ECF No. 42 p. 2.) Blendtec has informed Blendjet's ESI Custodian Tom Dickson that emails and other documentation from Mr. Dickson has been preserved. Further, Blendtec claims a proprietary interest in the subpoenaed documents because they belong to it and contain private confidential information, which Mr. Dickson possesses only from his employment with Blendtec.

In response, Blendjet notes that it will narrow the scope of its requests if Blendtec can demonstrate that "it will produce copies of all responsive documentation in Mr. Dickson's possession." (ECF No. 46 p. 2-3.)

At this stage of the litigation relevance is broadly construed. The court is not persuaded that the subpoena should be quashed in its entirety. As such, Blendtec is ordered to make an inventory of any documentation Mr. Dickson possess that responds to the subpoena. Blendtec is then to produce the discovery from its own files if it has the documentation in its possession. Those items Blendtec does not have in its possession should be produced if they are not subject to any privilege. Any claims of privilege are to be set forth in a privilege log with enough detail that Blendjet can assess the validity of the privilege claim. *See* Fed. R. Civ. P. 26(b)(5). The same holds true for those items both in Blendtec's possession and in Mr. Dickson's possession. If Blendtec claims a privilege to the information, it is to be done via a sufficiently detailed privilege log.

This motion therefore is granted in part.

### III.     Subpoenas to service providers

Blendjet served subpoenas upon third parties "BYU and Enlisted Ventures" who provided "limited services" to Blendtec. Once again Blendtec argues it has standing because the subpoenas request documents to which it has a personal right or privilege.[3] The court is persuaded that Blendtec has an interest in the work that was done by BYU and Enlisted Ventures. Thus, it may object to its production.

The party asserting attorney-client privilege or work-product protection has the burden of clearly showing that either or both apply. See *Barclaysamerican Corporation v. Kane*, 746 F.2d 653, 656 (10th Cir.1984); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984). Blendtec challenges the subpoenas, arguing they entered into contracts with these parties and their work constitutes work-product worthy of protection. Blendtec also raises concerns about the information being sensitive, confidential, or proprietary business information. This includes marketing, branding, advertising strategies, surveys, focus groups, and market studies relating to Blendtec and its branding. "Blendtec also objects on the ground that the subpoenaed documents are within Blendtec's custody, possession, or control and party discovery is ongoing." (ECF No. 43-2 p. 8.)

The court finds the last argument, that Blendtec possess, or controls, subpoenaed documents and discovery is ongoing, an improper basis to resist this requested discovery. Blendtec cites to no authority for this position and if the court were to follow this line of logic, nearly any party could object and prevent discovery from a third party by simply stating it has the requested discovery, discovery is on-going, and there is no need to bother a third party. Requesting discovery from a third party here is different in the court's view than seeking it from

---

[3] Blendtec does not object to Request No. 10.

a former CEO, who may possess it on an inadvertent basis. Thus, there is not a need for Blendtec to compare the documents it has with those of these third parties. The Federal Rules allow for subpoenas to third parties to obtain discovery and following Blendtec's position would undermine the Rules.

The court is further persuaded that the requested documents are not covered by the work-product privilege, or some type of consultant privilege. The evidence here does not demonstrate the requested information was created from a legal need, rather than a business need. *See, e.g., Curtis Park Grp., LLC v. Allied World Specialty Ins. Co.*, No. 20-CV-00552-CMA-NRN, 2021 WL 1022703, at *6 (D. Colo. Mar. 17, 2021) (finding the evidence failed to demonstrate the work-product doctrine applied to business materials). Candidly, some information may be sensitive, but there is a protective order in this case that will protect its disclosure. If Blendtec is concerned about Blendjet executives obtaining some of this information, then it can designate it as attorney eyes only.

Accordingly, Blendtec's motion to quash is denied as to these requests.

### IV. Subpoenas to business partners

Blendtec moves to quash Requests Nos. 7-8 in subpoenas to third parties (Blendfresh and Blendid) that have business relationships with Blendtec. Both requests seek documents that Blendtec does have an interest in, so the court finds Blendtec has standing to contest the subpoenas.

The requests are nearly identical with differences arising from the subpoenaed parties. Request No. 7 seeks: "All documents related to any relationship, agreements, or joint venture between Blendfresh and any other entity with a corporate name or registered trademark that includes the word "blend," including but not limited to Blendtec." (ECF No. 44-1 p. 16.) While

9

Request No. 8 states: "All documents that relate to, refer to, or discuss Blendtec, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the Blendtec Marks, and/or the Blendtec Products." (ECF No. 44-1 p. 17.)

The objections raised by Blendtec to these subpoenas are very similar to those asserted against the subpoenas to service providers. Blendtec states it entered into a contract with the parties, has "an important proprietary interest in documents related to its business partners, vendors, and service providers and related to the services provided by the same", (ECF No. 44-3 p. 4.) and that the subpoenaed documents are within Blendtec's "custody, possession or control and party discovery is ongoing." (ECF No. 44-3 p. 6.)

The court finds these objections to providing discovery unpersuasive for the same reasons mentioned previously in relation to service providers. This is business information that will be protected by the protective order in this case, does not constitute work-product, and there is no protection available simply because Blendtec may possess the documents and discovery is on-going.

The motion is therefore denied.

**ORDER**

As set forth above, Blendtec's motion to quash:

Subpoenas to Plaintiff's current and former outside counsel (ECF No. 41.) is GRANTED with the modifications set forth previously;

Subpoena to Thomas Dickson (ECF No. 42.) is GRANTED in PART;

Subpoenas to service providers (ECF No. 43.) is DENIED; and

Subpoenas to business parties (ECF No. 44.) is DENIED.

IT IS SO ORDERED.

DATED this 2 March 2023.

_____
Dustin B. Pead
United States Magistrate Judge