EXHIBIT A

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>Defendant. | **BLENDTEC'S RESPONSES AND OBJECTIONS TO BLENDJET'S THIRD SET OF DISCOVERY REQUESTS**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Utah, and the Scheduling Order governing this case, Plaintiff Blendtec Inc. ("Blendtec") hereby submits its objections and responses to BlendJet Inc.'s ("BlendJet") Third Set of Discovery Requests to Blendtec.

1

## RESPONSE TO DEFINITIONS AND INSTRUCTIONS

1. Blendtec objects to Blendjet's Definitions and Instructions to the extent that they purport to impose obligations on Blendtec that go beyond those required by the Federal Rules of Civil Procedure, the Local Rules, the Scheduling Order, and the ESI Protocol governing this case. Blendtec will disregard any such obligations. Blendtec will respond in accordance with the governing Rules, Scheduling Order, and ESI Protocol.

2. Blendtec objects to the following of Blendjet's purported definitions: Definition Nos. 2, 3, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, and 25 on the grounds that Blendjet's definition of those terms are overly broad, unduly burdensome, and disproportionate to the needs of the case. Blendtec will disregard those purported definitions and will instead interpret the terms in question in accordance with their usual and ordinary meaning.

## INTERROGATORIES

**INTERROGATORY NO. 19:**[1]

> Identify any and all Blendtec Products that you contend directly compete in the marketplace with any BlendJet portable blender product and/or accessory, including by identifying the specific BlendJet blender product and/or accessory with which each identified Blendtec Product allegedly competes, as well as any and all factual bases and evidence supporting your contention.

**RESPONSE:**

Blendtec objects to the phrases "directly compete" as vague and ambiguous because the

---

[1] Blendjet's Interrogatory Nos. 3, 4, 6, 12, and 13 in its first set of Interrogatories contain multiple discrete subparts. *See* Blendtec's Consolidated Responses to Blendjet's First Set of Discovery Requests at 5, 9, 13, 35, 37. As a result, Blendtec has exceeded the numerical limit on interrogatories set forth in Rule 33 and the Scheduling Order. To avoid further delay and a dispute on the issue, however, Blendtec is willing to treat Blendjet Interrogatory numbers 3, 4, 6, 12, and 13, as each containing only one Interrogatory.

precise meaning of the words "directly" and "compete" are unclear. Similarly, Blendtec objects to the phrase "any and all factual bases and evidence" as vague and ambiguous and because requiring an identification of "any and all" factual bases and evidence is unduly burdensome, overbroad, and is not proportional to the needs of the case. Blendtec also objects to this Interrogatory on the ground that it seeks information that is irrelevant to the issues and claims in this case. Direct competition is not required for Blendjet to be liable for trademark infringement. Blendtec also objects to this Interrogatory on the ground that it contains more than one discrete subpart.

Subject to Blendtec's objections, and to the extent it currently understands this Interrogatory, Blendtec responds as follows: Products identified by Blendtec in its consolidated response to Interrogatory No. 3 (pages 6-7) compete with products sold and offered for sale by Blendjet under the Blendjet Marks. Supporting documents that have been produced include, but are not limited to, the following:

(1)     Advertisements showing that Blendtec and Blendjet publish similar ads targeting blender purchasers and documents showing that Blendtec targets Blendjet in its advertising. *See, e.g.,* Blendtec1103, Blendtec1113, Blendtec1116, Bendtec1117, Blendtec1118, Blendtec1584, Blendtec1585, Blendtec1474, Blendtec1200, Blendtec2200, Blendtec2572. *See also* Blendtec's consolidated response to Interrogatory No. 9 at p. 20, 21, 23.

(2)     Consumers contacting Blendtec about Blendjet. *See, e.g.*, Blendtec1024, Blendtec1026, Blendtec1028, Blendtec1029. *See also* Blendtec's consolidated response to Interrogatory No. 9 at p. 27-31.

(3)     Blendjet blender customers contacting Blendtec. *See, e.g.,* Blendtec1454, Blendtec1575, Blendtec1868. *See also* Blendtec's consolidated response to Interrogatory No. 9 at

p. 27-31.

(4) Consumers selling Blendjet blenders online and referring to them as "Blendtec" blenders. *See, e.g.,* Blendtec946, Blendtec955, Blendtec973, Blendtec978, Blendtec982. *See also* Blendtec's consolidated response to Interrogatory No. 9 at p. 24-26.

(5) Third parties contacting Blendtec about Blendjet. *See, e.g.*, Blendtec1030, Blendtec1580.

(6) Blendjet's representations that it competes with countertop blenders, with traditional blenders, and with Blendtec. *See*, *e.g.*, Blendtec936. *See also* Jet505, Jet707, Blendtec's consolidated response to Interrogatory No. 9 at 22.

**INTERROGATORY NO. 20:**

> For each Blendec [sic] Product identified in response to Interrogatory No. 19, identify all retailers and store locations (physical and/or online) at which each such Blendtec Product was sold (or authorized to be sold), from 2017 to the present, including the specific dates during which each such Blendtec Product was made available for purchase at each retailer and at each individual physical or online retail store location.

**RESPONSE:**

Blendtec objects to this request as unduly broad, overly burdensome, and disproportionate to the needs of the case. Interrogatory No. 19 identifies 43 distinct products. It is overly burdensome to request that Blendtec "identify all retailers and store locations (physical or online)" at which each product was sold or authorized to be sold from 2017 to the present, and to provide the specific dates that each product was sold at each individual physical or online retail store location. Blendtec has sold its products at hundreds of physical and online locations since 2017. It is overly burdensome for Blendtec to provide the information requested for 43 different products at hundreds of individual locations over a more than 6 year period. If it is even possible, responding

4

to this request as written would be incredibly burdensome. The burden of responding to this request would be disproportionate to the needs of the case. Blendtec also objects to this request on the ground that it seeks information that has little or no relevance to the issues and claims in the case. Blendtec also objects to this request as duplicative and cumulative of Blendjet's Interrogatory No. 5. Blendtec responded to Interrogatory No. 5, and provided responsive information within its possession, custody, or control to that interrogatory, on August 8, 2022. Blendtec objects to Interrogatory No. 20 because it is an improper and belated attempt to reissue Interrogatory No. 5.

Subject to Blendtec's objections, and pursuant to Blendtec's interpretation of this Interrogatory, Blendtec responds as follows: In response to Interrogatory No. 5, Blendtec agreed to produce one or more non-privileged document(s) sufficient to identify the online marketplaces and retail stores, by chain and not by specific location, through which Blendtec has sold the products identified above in the first subpart of Interrogatory No. 3 since 2017. Blendtec incorporates its consolidated response to Interrogatory No. 5 as if set forth in full herein.

**INTERROGATORY NO. 21:**

> For each Blendtec Product identified in response to Interrogatory No. 19, identify and describe in detail all quality concerns, quality issues, defects, or complaints that anyone has had in relation to each such Blendtec Product.

**RESPONSE:**

Blendtec objects to this Interrogatory on the ground that it is overly broad and unduly burdensome. Among other things, this Interrogatory is not limited in time. It is unreasonable for Blendtec to "identify and describe in detail" all quality concerns, quality issues, defects, or complaints that anyone has had in relation to 43 separate products over an unlimited time period. Blendtec will limit this request to December 2017 to the present. Further, the terms "describe in

detail" is vague and ambiguous as it is unknown precisely what it means to describe in detail. To the extent that Blendtec does not keep information from which it can "describe in detail," this term request is also unduly burdensome, overly broad, and disproportionate to the needs of the case. Blendtec also objects to this Interrogatory on the ground that it seeks information that is not relevant to the issues or claims in the case. Quality concerns with Blendtec's products have no relevance to this action, and Blendjet has failed to provide any explanation to the contrary. Blendtec also objects on the ground that this Interrogatory is duplicative and cumulative of Blendjet's Request for Production No. 47. Blendtec further objects because information responsive to this request is not within the possession, custody, or control of Blendtec. Blendtec also objects to the extent this Interrogatory seeks information that is protected by the attorney work product privilege or any other applicable privilege or immunity. Blendtec will not produce privileged information.

Subject to these objections, and based upon Blendtec's interpretation of this Interrogatory, Blendtec responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Blendtec will produce one or more documents sufficient to identify quality complaints regarding Blendtec blenders received by Blendtec since December 2017.

**INTERROGATORY NO. 22:**

Identify Blendtec's market share in the U.S. residential and commercial blender markets, from 2017 to the present.

**RESPONSE:**

Blendtec objects to this Interrogatory on the ground that it does not know what its market share is in the U.S. residential and commercial blender markets from 2017 to the present. Thus, the information requested is not within Blendtec's possession, custody, and control. Blendtec also

objects on the ground that this request is overly broad, unduly burdensome, and seeks information disproportionate to the needs of the case. Blendtec also objects on the ground that this request seeks information with little or no relevance to this action. Blendtec also objects to this request to the extent that it seeks information that is protected by the attorney client privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to this objection, and based upon its interpretation of this Interrogatory, Blendtec responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Blendtec identifies Blendtec111763, Blendtec388855, Blendtec389276, and Blendtec389314. Blendtec is not aware of any other responsive data.

**INTERROGATORY NO. 23:**

Identify Blendtec's production volumes and production capacities for the Blendtec Products, on a monthly basis, from 2017 to the present.

**RESPONSE:**

Blendtec objects to this Interrogatory because it seeks information with little or no relevance to the issues and claims in the case and that is disproportionate to the needs of the case. Blendtec objects to this Interrogatory on the ground that it does not know what its production capacities for its products are on a monthly basis from 2017 to the present. Blendtec does not track this information. Thus, the information requested is not within Blendtec's possession, custody, and control. Blendtec also objects on the ground that this request is overly broad, unduly burdensome, and seeks information disproportionate to the needs of the case. Blendtec also objects as this Interrogatory Request does not seek information relevant to the claims asserted and remedies sought in this case.

Subject to this objection, and according to Blendtec's interpretation of this interrogatory,

Blendtec responds as follows: Blendtec offers to meet and confer regarding the relevancy of this request.

**INTERROGATORY NO. 24:**

>Identify any and all Blendtec Products that you allege Blendtec has suffered lost sales as a result of the acts alleged in the Complaint, including the dates on which the Blendtec Products were sold, the total number of units that you allege Blendtec suffered lost sales, and by identifying the specific BlendJet blender product and/or accessory that you allege caused the lost sales for each individual Blendtec Product identified in response hereto.

>**RESPONSE:** Blendtec objects as this Interrogatory Request does not seek information relevant to the claims asserted and remedies sought in this case. Blendtec objects to this Interrogatory on the ground that it assumes Blendtec will rely on a lost profits measure of damages. As Blendtec is not pursuing a lost profits measure of damages, this Interrogatory seeks information that has no relevance to the case. Even assuming relevancy, Blendtec objects to this Interrogatory on the ground that it is premature and seeks information subject to expert analyses and presented through an expert report. Blendtec has retained an expert to provide his opinions concerning Blendtec's damages theories, including disgorgement of Blendjet's profits and the amount necessary to correct the harm caused by Blendjet's wrongdoing. Blendtec's damages expert will submit a report on damages pursuant to the timelines set forth in the relevant rules and scheduling orders in this case. Blendtec incorporates those future expert disclosures by this reference.

Subject to these objections and according to Blendtec's interpretation of this Interrogatory, Blendtec responds as follows: Blendtec is not pursuing a lost profits measure of damages. Blendtec will produce an expert report disclosing Blendtec's damages calculations according to the Rules and the Scheduling Order governing this case. Blendtec incorporates that expert report into this response by reference. Blendtec offers to meet and confer regarding the relevancy of this request.

**INTERROGATORY NO. 25:**

For each Blendtec Product identified in response to Interrogatory No. 19, identify the number of warranty claims made by Blendtec customers, on a quarterly basis, from 2017 to the present, including the respective cost/monetary value of such claims on a product-by-product basis.

**RESPONSE:** Blendtec objects to this Interrogatory on the ground that it is overly broad and unduly burdensome. It is unreasonable and presents an undue burden for Blendtec to identify the number of warranty claims on a quarterly basis and the cost/monetary value of those claims for each of 43 separate products since 2017. Blendtec also objects to this Interrogatory on the ground that it seeks information that is not relevant to the issues or claims in the case and that is disproportionate to the needs of the case. Warranty claims with respect to Blendtec's 43 distinct products have little or no relevance to this action. Blendtec also objects on the ground that this Interrogatory is duplicative and cumulative of Blendjet's Request for Production No. 48. Blendtec also objects to the extent this Interrogatory seeks information that is protected by the attorney work product privilege or any other applicable privilege or immunity. Blendtec will not produce privileged information.

Subject to this objection, and according to Blendtec's interpretation of this interrogatory, Blendtec responds as follows: Pursuant to Fed. R. Civ. P. 33(d), Blendtec will produce one or more documents sufficient to identify the number and nature of warranty claims made in relation to Blendtec blenders from December 2017 to the present.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 44:**

All documents related to and/or generated as a result of Blendtec's engagement of any third party, from 2017 to the present, to conduct a study, analysis, or any other form of assessment related to Blendtec's marketing, branding, customers, or product-market fit –

9

including, but not limited to, all such documentation related to Blendtec's engagement of Enlisted Design and BYU Marketing Lab to produce such services and those entities' provision of such services.

**RESPONSE:** Blendtec objects to this request on the ground that it is overly broad and unduly burdensome. The request for "all documents related to and/or generated" from the engagement of any third party related to a laundry list of extremely broad topics, including "marketing, branding, customers, or product-market fit" is overly broad and unduly burdensome. Blendtec has engaged many third parties since 2017 to the present, and it is unreasonable and overly burdensome for Blendtec to produce "all documents related to and/or generated" as a result. This request also seeks information that has little or no relevance to the claims and defenses in this action and is disproportionate to the case. Blendtec also objects to the extent this request seeks documents that are protected by the attorney client privilege, work product privilege, or any other applicable privilege or immunity.  Blendtec will not produce privileged documents.

Subject to this objection, and according to Blendtec's interpretation of this interrogatory, Blendtec responds as follows: to the extent they exist and have not already been produced, Blendtec will produce any non-privileged documents, within its possession, custody, or control related to the marketing and branding services performed by Enlisted Design or the BYU Marketing Lab on behalf of Blendtec.

**REQUEST FOR PRODUCTION NO. 45:**

Documents sufficient to describe the circumstances and conditions of Thomas Dickson's departure from Blendtec.

**RESPONSE:** Blendtec objects to this Request on the grounds that it is unclear what is meant by "documents sufficient" "describe" and "circumstances and conditions" as those terms are vague and ambiguous. "Thomas Dickson" is also vague and ambiguous because it is unclear which

10

Thomas Dickson is the subject of this request. Further, Blendtec objects to this request as overly broad and unduly burdensome and because it seeks information that is not relevant to the issues in this action and is disproportionate to the needs of the case. Blendtec also objects to the extent this Request seeks information protected by the attorney client privilege, attorney work product, or any other applicable immunity or privilege. Blendtec will not produce privileged information. Blendtec also objects to the extent this request calls for confidential information related to a non-party to this action.

On the basis of the foregoing objections, Blendtec declines to respond.  Blendtec is willing, however, to meet and confer to resolve its objections.

**REQUEST FOR PRODUCTION NO. 46:**

All email advertisements related to the Blendtec Products sent by Blendtec in 2022 and 2023.

**RESPONSE:** Blendtec objects to this request on the ground that it is overly broad and unduly burdensome. The request for "all email advertisements" is over broad and burdensome as the same "email advertisement" was likely sent to many recipients. As a result, this request seeks redundant information.

Subject to this objection, and pursuant to Blendtec's interpretation of this Request, Blendtec responds as follows: Blendtec is producing herewith one copy of each unique email advertisement related to Blendtec blenders that Blendtec has sent since January 2022.

**REQUEST FOR PRODUCTION NO. 47:**

All documents related to each and every quality concern, quality issue, defect, or complaint identified in response to Interrogatory No. 21.

**RESPONSE:** Blendtec objects because requesting Blendtec to produce "all documents" related to

11

"each and every" quality concern, issue, defect or complaint for each of 43 distinct products over a 24-year time period is unduly burdensome, overly broad, and disproportionate to the needs of the case. Blendtec will limit this request to January 2020 to the present. Blendtec also objects to this request on the ground that all documents related to every quality concern with respect to Blendtec's 43 distinct products have little or no relevance to this action. Blendtec also objects to the extent this Request seeks information that is protected by the attorney work product privilege or any other applicable privilege or immunity. Blendtec will not produce privileged information.

Subject to this objection, and according to Blendtec's interpretation of this request, Blendtec responds as follows: to the extent they exist and have not already been produced, Blendtec will produce one or more documents sufficient to identify quality complaints regarding Blendtec blenders received by Blendtec since December 2017.

**REQUEST FOR PRODUCTION NO. 48:**

>Documents sufficient to evidence the number and nature of all warranty claims made in relation to each Blendtec Product identified in response to Interrogatory No. 19, on an quarterly basis, from 2017 to the present.

**RESPONSE:** Blendtec objects to this request on the ground that it is overly broad and unduly burdensome. The request for documents sufficient to evidence the number and nature of "all warranty claims made in relation to each" of 43 distinct products over more than six years is overly broad, presents an undue burden on Blendtec, and is disproportionate to the needs of the case. Providing documents regarding all Blendtec products on a quarterly basis over more than a six year period is extremely burdensome and overly broad. Blendtec will limit this request to December 2017 to the present. Blendtec also objects because warranty claims made in relation to Blendtec's 43 distinct products have little or no relevance to this action. It is also unclear what is

meant by "documents sufficient to show" and "nature" as those terms are vague and ambiguous. Blendtec also objects to the extent this Request seeks information that is protected by the attorney work product privilege or any other applicable privilege or immunity. Blendtec will not produce privileged information.

Subject to these objections, and pursuant to Blendtec's interpretation of this Request, Blendtec responds as follows: to the extent they exist and have not already been produced, Blendtec will produce one or more documents sufficient to identify the number and nature of warranty claims made in relation to Blendtec blenders since December 2017.

**REQUEST FOR PRODUCTION NO. 49:**

> Documents sufficient to evidence any and all aspects of any past or present relationship between Blendtec and Wasatch Group, including, but not limited to, any investment or loan made by Wasatch Group (or any party related thereto) in or to Blendtec (or any party related thereto), and Wasatch's foreclosure on any collateral provided as security for any such loan.

**RESPONSE:** Blendtec objects to this request on the ground that it is overly broad, unduly burdensome, and seeks information disproportionate to the needs of the case. The request for documents sufficient to evidence "any and all aspects" of any past or present relationship is overly broad, presents an undue burden on Blendtec, and is disproportionate to the needs of the case. Blendtec also objects because the terms "document sufficient to evidence" and "any and all aspects" are vague and ambiguous and it is unclear what is being requested. Further documents related to the relationship between Blendtec and Wastach Group have no relevance to this action. Blendtec also objects to the extent this Request seeks information that is protected by the attorney work product privilege or any other applicable privilege or immunity. Blendtec will not produce privileged information.

13

Subject to these objections, and pursuant to Blendtec's interpretation of this Request, Blendtec responds as follows: Blendtec declines to produce documents in response to this request. Blendtec offers to meet and confer with Blendjet regarding the specific documents Blendjet is seeking and how they are relevant to the case.

**REQUEST FOR PRODUCTION NO. 50:**

> Documents sufficient to evidence any and all aspects of any past and/or present relationship between Blendtec and MarketStar, including, but not limited to, any formal or informal agreements between Blendtec and MarketStar and/or between Blendtec and any MarketStar employees related to their provisions of services for Blendtec while employed by MarketStar.

**RESPONSE:** Blendtec objects to this request on the ground that it is overly broad, unduly burdensome, and seeks information disproportionate to the needs of the case. The request for documents sufficient to evidence "any and all aspects" of any past and/or present relationship is overly broad, presents an undue burden on Blendtec, and is disproportionate to the needs of the case. Blendtec also objects because the terms "document sufficient to evidence" and "any and all aspects" are vague and ambiguous and it is unclear what is being requested. Further documents related to the relationship between Blendtec and Marketstar and between Blendtec and any MarketStar employees have no relevance to this action. Blendtec also objects to the extent this Request seeks information that is protected by the attorney work product privilege or any other applicable privilege or immunity. Blendtec will not produce privileged information.

Subject to these objections, and pursuant to Blendtec's interpretation of this Request, Blendtec responds as follows: Blendtec declines to produce documents in response to this request. Blendtec offers to meet and confer with Blendjet regarding the specific documents Blendjet is seeking and how they are relevant to the case.

DATED this 22nd day of February, 2023.

                                                DORSEY & WHITNEY LLP

                                                /s/ *Tamara L. Kapaloski*
                                                Brett Foster (#6089)
                                                Grant Foster (#7202)
                                                Tamara L. Kapaloski (#13471)

                                                *Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2023, a true and correct copy of **BLENDTEC'S RESPONSES AND OBJECTIONS TO BLENDJET'S THIRD SET OF DISCOVERY REQUESTS** was served on counsel of record via email at the following email addresses:

    Martin R. Bader: mbader@sheppardmullin.com
    Jesse A. Salen: jsalen@sheppardmullin.com
    Patrick M. McGill: patrick@mcgillco.com
    Nathan D. Thomas: nthomas@parsonsbehle.com
    Elizabeth M. Butler: ebutler@parsonsbehle.com

                                                                                  */s/ Tamara L. Kapaloski*