**EXHIBIT A**

Case 2:21-cv-00668-TC-DBP   Document 101-1   Filed 04/14/23   PageID.1645   Page 1 of 17

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>Defendant. | **BLENDTEC'S RESPONSES AND OBJECTIONS TO BLENDJET'S UNTIMELY SUPPLEMENTAL DESIGNATION OF SEARCH TERMS**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to Federal Rules of Civil Procedure 26 and 34, the Local Rules of the United States District Court of Utah, the Scheduling Orders, and the ESI Protocol governing this case, Plaintiff Blendtec Inc. ("Blendtec") hereby submits its objections and responses to Blendjet Inc.'s ("Blendjet") Supplemental Designation of Search Terms.

1

### OBJECTION TO BLENDJET'S DEFINITIONS

1.  Blendtec objects to Blendjet's Definitions to the extent that they impose obligations on Blendtec beyond those required by the governing rules, the Scheduling Order, and the ESI Protocol. Blendtec will disregard Blendjet's Instructions and will respond in accordance with the rules, the Scheduling Order, and the ESI Protocol.

### BLENDTEC'S SPECIFIC OBJECTIONS TO BLENDJET'S EMAIL PRODUCTION REQUESTS

**Blendtec ESI Custodian No. 2**: Keith Titus

9. blendid
10. enlisted

**RESPONSE:** Blendtec objects to Blendjet's second, "Supplemental" email production requests for Blendtec ESI Custodian No. 2, which adds new search terms, because they are untimely. The last day to serve written discovery was January 23, 2023. *See* ECF No. 35 (Second Amended Scheduling Order) at 1. That deadline was not changed by the recent amendment to the Scheduling Order. *See* ECF No. 90 (Third Amended Scheduling Order) at 2. Blendjet served its "supplemental designation of search terms" on February 28, 2023, <u>over one month after the deadline to serve written discovery passed</u>.[1]

Blendjet was aware of Blendtec's business relationship with Enlisted Ventures, LLC ("Enlisted") and 6d Bytes, Inc. dba Blendid ("Blendid") for many months before the January 23 deadline to serve written discovery. Blendjet issued subpoenas to both Enlisted and Blendid on

---

[1] In Blendjet's Untimely Email Production Requests, Blendjet states that it is serving the additional email production requests pursuant to "its past reservation of rights to serve additional requests for email custodial ESI." Blendjet's Feb. 28 supplemental email production requests at 3. A party may not reserve the right to violate Court ordered deadlines, however.

November 4, 2022. In fact, Blendjet identified Blendid in its May 2, 2022 Initial Disclosures. Blendjet served its first ESI Discovery Requests ("First Set of Custodial ESI and EMAIL Discovery Requests") on December 1, 2022, and identified search terms for Keith Titus. Blendjet could have included its additional email production requests within its initial (and timely) email production requests for Keith Titus, but it deliberately elected not to include "blendid" or "enlisted" as search terms. There has been no new or unexpected development after the January 23 deadline that justifies Blendjet serving late discovery requests. As such, Blendjet's email production requests are untimely and Blendtec has no obligation to produce emails in response to untimely discovery requests.

Blendtec further objects because the ESI Protocol requires that "[e]mail production requests shall identify the custodian, search terms, and time frame for the documents sought." ECF 33 at ¶35 (emphasis added). Blendjet's requests fail to identify the time frame for the documents sought. Blendjet has refused to provide time frames for each of its email production requests despite the ESI Protocol's express requirement that email production requests provide a time frame and despite Blendtec's repeated requests that Blendjet provide such time frames. As such, Blendjet's email production requests fail to comply with the ESI Protocol's express requirements.

Blendtec further objects to the email production requests on the grounds that they are overly broad, unduly burdensome, cumulative of other discovery served by Blendjet in this case within the deadline for serving discovery, disproportionate to the needs of the case, and seek documents that have little to no relevance to any of the issues in the case. For example, the email production requests are unlimited in time rendering them overly broad, unduly burdensome, and disproportionate, and, as the word "enlisted" is a defined term, that request will pick up any

3

document with the term "enlisted," including all documents where the word is used in its dictionary sense.

Blendjet's untimely email requests ask Blendec, at extreme burden to Blendtec, to start email searches afresh for previously identified ESI Custodians after the deadline for serving written discovery. Moreover, Blendtec has already produced documents regarding Blendid and Enlisted. Blendjet has also subpoenaed both Blendid and Enlisted, and those non-parties have produced the subpoenaed documents to Blendjet. Thus, through Blendjet's untimely additional email production requests, Blendjet is seeking cumulative and repetitive information that imposes an undue burden and expense on Blendtec. As such, to the extent the Court orders Blendtec to respond to the untimely email production requests, Blendtec will seek an order shifting the costs of the additional untimely requests onto Blendjet. *See* ECF 33 (ESI Protocol) at ¶ 45 ("In the event, however, that a Party requests additional searches or the production of cumulative or repetitive information or information that otherwise imposes an undue burden or expense, the Producing Party may object. . . . In the event that the Parties are unable to resolve their differences, the Producing Party may move the Court for an Order shifting the cost of production of additional searches or the production of cumulative or repetitive information or information that otherwise imposes an undue burden or expense to the Requesting Party.").

Based upon these objections, Blendtec declines to produce any documents in response to Blendjet's untimely email production requests to Blendtec ESI Custodian No. 2.

**Blendtec ESI Custodian No. 6**:  Mike Boswell.

9. byu or "brigham young"
10. enlisted

4

**RESPONSE:** Blendtec objects to Blendjet's second, "Supplemental" email production requests for Blendtec ESI Custodian No. 6, which adds new search terms, because they are untimely. The last day to serve written discovery was January 23, 2023. *See* ECF No. 35 (Second Amended Scheduling Order) at 1. That deadline was not changed by the recent amendment to the Scheduling Order. *See* ECF No. 90 (Third Amended Scheduling Order) at 2. Blendjet served its "supplemental designation of search terms" on February 28, 2023, <u>over one month after the deadline to serve written discovery passed</u>.[2]

Blendjet was aware of Blendtec's business relationship with Brigham Young University ("BYU") and Enlisted for many months before the January 23 deadline to serve written discovery. Blendjet issued subpoenas to both Enlisted and BYU on November 4, 2022. Blendjet served its first ESI Discovery Requests ("First Set of Custodial ESI and EMAIL Discovery Requests") on December 1, 2022, and identified search terms for Mike Boswell. Blendjet could have included its additional email production requests within its initial (and timely) email production requests for Mike Boswell, but it deliberately elected not to include "byu" "brigham young" or "enlisted" as search terms. There has been no new or unexpected development after the January 23 deadline that justifies Blendjet serving late discovery requests. As such, Blendjet's email production requests are untimely and Blendtec has no obligation to produce emails in response to untimely discovery requests.

---

[2] In Blendjet's Untimely Email Production Requests, Blendjet states that it is serving the additional email production requests pursuant to "its past reservation of rights to serve additional requests for email custodial ESI." Blendjet's Feb. 28 supplemental email production requests at 3. A party may not reserve the right to violate Court ordered deadlines, however.

4885-4764-5530\1

Blendtec further objects because the ESI Protocol requires that "[e]mail production requests shall identify the custodian, search terms, <u>and time frame</u> for the documents sought." ECF 33 at ¶35 (emphasis added). Blendjet's requests fail to identify the time frame for the documents sought. Blendjet has refused to provide time frames for each of its email production requests despite the ESI Protocol's express requirement that email production requests provide a time frame and despite Blendtec's repeated requests that Blendjet provide such time frames. As such, Blendjet's email production requests fail to comply with the ESI Protocol's express requirements.

Blendtec further objects to the email production requests to Blendtec ESI Custodian No. 6 on the ground that Blendjet has exceeded the numerical limitation on search terms provided in the ESI Protocol. *See* ECF No. 33 at ¶26 ("Each Requesting Party shall limit its email production requests to a total of ten (10) Search Terms per custodian."). Blendjet's first set of email production requests, that were timely served on December 1, 2022, purported to include eight (8) search terms for Mike Boswell. However, search term no. 8 for Mike Boswell is "market! w/100 (survey or report or research)." The ESI Protocol expressly states that "[a] disjunctive combination of multiple words or phrases (e.g., 'computer' or 'system') broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word." ECF 33 (ESI Protocol) at ¶36.[3] As a result, search term number 8 is three search terms: (i) "market! w/100 survey," (ii) "market! w/100 report," and (iii) "market! w/100 research." As such, for Mike

---

[3] The ESI Protocol's limitation on disjunctive combination of multiple words makes sense. Otherwise, a party could have an unlimited universe of search terms using a single word, such as "market." For example, "market w/100 blendjet," "market w/100 blender," "market w/100 portable," "market w/100 countertop," "market w/100 competitor," etc., all as one search term, which would defeat the purpose of the ESI Protocol.

Boswell, Blendtec interpreted "market! w/100 survey" as search term number 8, "market! w/100 report" as search term number 9, and "market w/100 research" as search term number 10. *See* Blendtec's Response to Blendjet's First Set of Email Production Requests, served on January 3, 2023, at p. 10. Thus, Blendjet already reached its 10 search term limit in its December 1 email production requests for Mike Boswell, and Blendjet's additional email production requests to Mike Boswell fail to comply with the ESI Protocol.

Blendtec further objects to the email production requests on the grounds that they are overly broad, unduly burdensome, cumulative of other discovery served by Blendjet in this case within the deadline for serving discovery, disproportionate to the needs of the case, and seek documents that have little to no relevance to any of the issues in the case. For example, the email production requests are unlimited in time, rendering them overly broad, unduly burdensome, and disproportionate, and, as the word "enlisted" has a defined meaning, that request will pick up any document with the term "enlisted," including all documents where the word is used in its dictionary sense. Similarly, BYU is a large and very well-known university located in Utah. The search term "BYU" will pick up any emails related to BYU regardless of whether they are in connection with BYU's work for Blendtec.

Blendtec also objects on the ground that Blendjet's untimely email requests ask Blendtec, at extreme burden to Blendtec, to start email searches afresh for previously identified ESI Custodians after the deadline for serving written discovery. Moreover, Blendtec has already produced relevant documents regarding BYU and Enlisted. Blendjet has also subpoenaed both BYU and Enlisted, and those parties are producing documents to Blendjet pursuant to those subpoenas. Thus, through Blendjet's untimely email production requests, Blendjet is seeking

7

cumulative and repetitive information that imposes an undue burden and expense on Blendtec. As such, to the extent the Court orders Blendtec to respond to the untimely email production requests, Blendtec will seek an order shifting the costs of the additional untimely requests onto Blendjet. *See* ECF 33 (ESI Protocol) at ¶ 45 ("In the event, however, that a Party requests additional searches or the production of cumulative or repetitive information or information that otherwise imposes an undue burden or expense, the Producing Party may object. . . . In the event that the Parties are unable to resolve their differences, the Producing Party may move the Court for an Order shifting the cost of production of additional searches or the production of cumulative or repetitive information or information that otherwise imposes an undue burden or expense to the Requesting Party.").

Subject to these objections, Blendtec declines to produce any documents in response to Blendjet's untimely email production requests to Blendtec ESI Custodian No. 6.

**Blendtec ESI Custodian No. 7**:  Benton Cutler

9. byu or "brigham young"
10. enlisted

**RESPONSE**: Blendtec objects to Blendjet's second, "Supplemental" email production requests for Blendtec ESI Custodian No. 7, which added new search terms, because they are untimely. The last day to serve written discovery was January 23, 2023. *See* ECF No. 35 (Second Amended Scheduling Order) at 1. That deadline was not changed by the recent amendment to the Scheduling Order. *See* ECF No. 90 (Third Amended Scheduling Order) at 2. Blendjet served its "supplemental designation of search terms" on February 28, 2023, <u>over one month after the</u>

8

4885-4764-5530\1

*deadline to serve written discovery passed*.[4]

Blendjet was aware of Blendtec's business relationship with BYU and Enlisted for many months before the January 23 deadline to serve written discovery. Blendjet issued subpoenas to both Enlisted and BYU on November 4, 2022. Blendjet served its first ESI Discovery Requests ("First Set of Custodial ESI and EMAIL Discovery Requests") on December 1, 2022, and identified search terms for Benton Cutler. Blendjet could have included its additional email production requests within its initial (and timely) email production requests for Mr. Cutler served before the close of discovery, but it deliberately elected not to include the search terms "byu" "brigham young" or "enlisted". There has been no new or unexpected development after the January 23 deadline that justifies Blendjet serving late discovery requests. As such, Blendjet's email production requests are untimely and Blendtec has no obligation to produce emails in response to untimely discovery requests.

Blendtec further objects because the ESI Protocol requires that "[e]mail production requests shall identify the custodian, search terms, <u>and time frame</u> for the documents sought." ECF 33 at ¶35 (emphasis added). Blendjet's requests fail to identify the time frame for the documents sought. Blendjet has refused to provide time frames for each of its email production requests despite the ESI Protocol's express requirement that email production requests provide a time frame and despite Blendtec's repeated requests that Blendjet provide such time frames. As such, Blendjet's email production requests fail to comply with the ESI Protocol's express requirements.

---

[4] In Blendjet's Untimely Email Production Requests, Blendjet states that it is serving the additional email production requests pursuant to "its past reservation of rights to serve additional requests for email custodial ESI." Blendjet's Feb. 28 supplemental email production requests at 3. A party may not reserve the right to violate Court ordered deadlines, however.

9

Blendtec further objects to the email production requests to Blendtec ESI Custodian No. 7 on the ground that Blendjet has exceeded the numerical limitation on search terms provided in the ESI Protocol. *See* ECF No. 33 at ¶26 ("Each Requesting Party shall limit its email production requests to a total of ten (10) Search Terms per custodian."). Blendjet's first set of email production requests, that were timely served on December 1, 2022, purported to include eight (8) search terms for Benton Cutler. However, search term no. 7 for Benton Cutler is "google w/100 (ad! or key!)." The ESI Protocol expressly states that "[a] disjunctive combination of multiple words or phrases (e.g., 'computer' or 'system') broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word." ECF 33 (ESI Protocol) at ¶36.[5] As a result, search term number 7 is two search terms: (i) "google w/100 ad!" (ii) "google w/100 key!". As such, for Benton Cutler, Blendtec interpreted "google w/100 ad!" as search term number 7, and "google w/100 key!" as search term number 8 for Benton Cutler. *See* Blendtec's Response to Blendjet's First Set of Email Production Requests, served on January 3, 2023, at p. 11. As such, Blendjet already used 9 of its 10 search term limit in its December 1 email production requests to Benton Cutler. Therefore, Blendjet's search term for "enlisted" above exceeds the numerical limitation on search terms and violates the ESI Protocol.

Blendtec further objects to the email production requests on the grounds that they are overly broad, unduly burdensome, cumulative of other discovery served by Blendjet in this case

---

[5] The ESI Protocol's limitation on disjunctive combination of multiple words makes sense. Otherwise, a party could have an unlimited universe of search terms using a single word, such as "market." For example, "google w/100 blendjet," "google w/100 blender," "google w/100 portable," "google w/100 countertop," "google w/100 competitor," etc., all as one search term, which would defeat the purpose of the ESI Protocol.

within the deadline for serving discovery, disproportionate to the needs of the case, and seek documents that have little to no relevance to any of the issues in the case. For example, the email production requests are unlimited in time rendering them overly broad, unduly burdensome, and disproportionate, and, as the word "enlisted" has a defined meaning, that request will pick up any document with the term "enlisted," including all documents where the word is used in its dictionary sense. Similarly, BYU is a large and very well-known university located in Utah. The search term "BYU" will pick up any emails related to BYU regardless of whether they are in connection with BYU's work for Blendtec.

Blendtec also objects on the ground that Blendjet's untimely email requests ask Blendtec, at extreme burden to Blendtec, to start email searches afresh for previously identified ESI Custodians after the deadline for serving written discovery. Moreover, Blendtec has already produced relevant documents regarding BYU and Enlisted. Blendjet has also subpoenaed both BYU and Enlisted, and those parties are producing documents to Blendjet pursuant to those subpoenas. Thus, through Blendjet's untimely email production requests, Blendjet is seeking cumulative and repetitive information that imposes an undue burden and expense on Blendtec. As such, to the extent the Court orders Blendtec to respond to the untimely email production requests, Blendtec will seek an order shifting the costs of the additional untimely requests onto Blendjet. *See* ECF 33 (ESI Protocol) at ¶ 45 ("In the event, however, that a Party requests additional searches or the production of cumulative or repetitive information or information that otherwise imposes an undue burden or expense, the Producing Party may object. . . . In the event that the Parties are unable to resolve their differences, the Producing Party may move the Court for an Order shifting the cost of production of additional searches or the production of cumulative or repetitive

11

information or information that otherwise imposes an undue burden or expense to the Requesting Party.").

Subject to these objections, Blendtec declines to produce any documents in response to Blendjet's untimely email production requests to Blendtec ESI Custodian No. 7.

**Blendtec ESI Custodian No. 8**: Chris Georgeson

9. byu or "brigham young"
10. enlisted

**RESPONSE:** Blendtec objects to Blendjet's second, "Supplemental" email production requests for Blendtec ESI Custodian No. 8, which adds new search terms, because they are untimely. The last day to serve written discovery was January 23, 2023. *See* ECF No. 35 (Second Amended Scheduling Order) at 1. That deadline was not changed by the recent amendment to the Scheduling Order. *See* ECF No. 90 (Third Amended Scheduling Order) at 2. Blendjet served its "supplemental designation of search terms" on February 28, 2023, <u>over one month after the deadline to serve written discovery passed</u>.[6]

Blendjet was aware of Blendtec's business relationship with BYU and Enlisted for many months before the January 23 deadline to serve written discovery. Blendjet issued subpoenas to both Enlisted and BYU on November 4, 2022. Blendjet served its first ESI Discovery Requests ("First Set of Custodial ESI and EMAIL Discovery Requests") on December 1, 2022, and identified search terms for Chris Georgeson. Blendjet could have included its additional email production requests within its initial (and timely) email production requests for Chris Georgeson,

---

[6] In Blendjet's Untimely Email Production Requests, Blendjet states that it is serving the additional email production requests pursuant to "its past reservation of rights to serve additional requests for email custodial ESI." Blendjet's Feb. 28 supplemental email production requests at 3. A party may not reserve the right to violate Court ordered deadlines, however.

but it deliberately elected not to include the search terms "byu" "brigham young" or "enlisted". There has been no new or unexpected development after the January 23 deadline that justifies Blendjet serving late discovery requests. As such, Blendjet's email production requests are untimely and Blendtec has no obligation to produce emails in response to untimely discovery requests.

Blendtec further objects because the ESI Protocol requires that "[e]mail production requests shall identify the custodian, search terms, and time frame for the documents sought." ECF 33 at ¶35 (emphasis added). Blendjet's requests fail to identify the time frame for the documents sought. Blendjet has refused to provide time frames for each of its email production requests despite the ESI Protocol's express requirement that email production requests provide a time frame and despite Blendtec's repeated requests that Blendjet provide such time frames. As such, Blendjet's email production requests fail to comply with the ESI Protocol's express requirements.

Blendtec further objects to the email production requests on the grounds that they are overly broad, unduly burdensome, cumulative of other discovery served by Blendjet in this case within the deadline for serving discovery, disproportionate to the needs of the case, and seek documents that have little to no relevance to any of the issues in the case. For example, the email production requests are unlimited in time rendering them overly broad, unduly burdensome, and disproportionate, and, as the word "enlisted" has a defined meaning, that request will pick up any document with the term "enlisted," including all documents where the word is used in its dictionary sense. Similarly, BYU is a large and very well-known university located in Utah. The search term "BYU" will pick up any emails related to BYU regardless of whether they are in connection with BYU's work for Blendtec.

Blendtec further objects because Blendjet could have included its additional email production requests to Chris Georgeson within its prior email production requests to Chris Georgeson served before the close of discovery, but failed to do so. As such, Blendjet's untimely email requests ask, at extreme burden to Blendtec, Blendtec to start email searches afresh for previously identified ESI Custodians after the deadline for serving written discovery. Moreover, Blendtec has already produced documents regarding BYU and Enlisted. Blendjet has also subpoenaed both BYU and Enlisted, and those parties are producing documents to Blendjet pursuant to those subpoenas. Thus, through Blendjet's untimely additional email production requests, Blendjet is seeking cumulative and repetitive information that imposes an undue burden and expense on Blendtec. As such, to the extent the Court orders Blendtec to respond to the untimely email production requests, Blendtec will seek an order shifting the costs of the additional untimely requests onto Blendjet. *See* ECF 33 (ESI Protocol) at ¶ 45 ("In the event, however, that a Party requests additional searches or the production of cumulative or repetitive information or information that otherwise imposes an undue burden or expense, the Producing Party may object. . . . In the event that the Parties are unable to resolve their differences, the Producing Party may move the Court for an Order shifting the cost of production of additional searches or the production of cumulative or repetitive information or information that otherwise imposes an undue burden or expense to the Requesting Party.").

Subject to these objections, Blendtec declines to produce any documents in response to Blendjet's untimely email production requests to Blendtec ESI Custodian No. 8.

14

DATED this 30th day of March, 2023.

                                      DORSEY & WHITNEY LLP

                                      /s/ *Tamara L. Kapaloski*
                                      Brett Foster (#6089)
                                      Grant Foster (#7202)
                                      Tamara L. Kapaloski (#13471)

                                      *Attorneys for Plaintiff Blendtec Inc.*

4885-4764-5530\1

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2023, a true and correct copy of **BLENDTEC'S RESPONSES AND OBJECTIONS TO BLENDJET'S UNTIMELY SUPPLEMENTAL DESIGNATION OF SEARCH TERMS** was served on counsel of record via email at the following email addresses:

Martin R. Bader: mbader@sheppardmullin.com
Jesse A. Salen: jsalen@sheppardmullin.com
Patrick M. McGill: patrick@mcgillco.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: ebutler@parsonsbehle.com

/s/ Tamara L. Kapaloski

4885-4764-5530\1