MARTIN R. BADER (*Pro hac vice*)
mbader@sheppardmullin.com
JESSE A. SALEN (*Pro hac vice*)
jsalen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900

PATRICK McGILL (*Pro hac vice*)
patrick@mcgillco.com
MCGILL & CO., P.C.
5580 La Jolla Blvd, Suite 39
La Jolla, CA  92037
Tel: (619) 974-8886

Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 532-1234
nthomas@parsonsbehle.com
lbutler@parsonsbehle.com

*Attorneys for Defendant BlendJet Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>Defendant. | **BLENDJET'S REPLY IN SUPPORT OF MOTION TO COMPEL REGARDING RFP NO. 44 AND SUPPLEMENTAL SEARCH TERMS [DKT 91]**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

-1-

BlendJet requests the opportunity to submit this short reply to address certain factual assertions argued by Blendtec in its Response to BlendJet's Motion to Compel (Dkt. 101, "Response").

The primary issue raised by BlendJet's Motion (Dkt 91) is whether Blendtec must search for and produce documents responsive to BlendJet's supplemental search terms, which BlendJet served on February 28, 2023. BlendJet's supplementation of its ESI search terms was timely and fully compliant with the ESI Protocol because the supplemental search terms merely target documents responsive to BlendJet's RFP No. 44, which BlendJet served long before the written discovery deadline. Furthermore, BlendJet only first learned which Blendtec ESI Custodians were likely to possess additional documents responsive to RFP No. 44 *after* reviewing Blendtec's custodial email ESI, which Blendtec did not produce until February 2023. (Motion at 3.) Upon reviewing those documents, BlendJet promptly propounded its supplemental search terms targeted at discovering those additional responsive and relevant documents in Blendtec's possession.

As such, Blendtec's argument that it is "not withholding . . . documents" in response to BlendJet's RFP No. 44 (Dkt. 101 at 1-2) is neither persuasive nor complete. While Blendtec may not be withholding documents responsive to BlendJet's *previously* served search terms, Blendtec has refused to even search for documents responsive to BlendJet's supplemental search terms, let alone produce such documents. Blendtec very likely has such responsive documents since at least some (but clearly not all) of those documents have since been produced by third-parties BYU and Enlisted Ventures. Blendtec does not and cannot claim that searching for such documents would be unduly burdensome. Instead, Blendtec is trying to obstruct BlendJet's discovery efforts by

claiming that BlendJet's requests are untimely.[1]  That is simply not true for the reasons explained above and in BlendJet's Motion. (Motion at 3.) Accordingly, BlendJet reiterates is request that Blendtec produce documents responsive to RFP 44 through use of the supplemental search terms propounded. Blendtec would not be prejudiced by producing those documents.  (Dkt. 33 at ¶¶ 36 and 39.)

Respectfully submitted this 28th day of April, 2023.

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Martin R. Bader (*Pro hac vice*)
Jesse A. Salen (*Pro hac vice*)

**MCGILL & CO., P.C.**
Patrick McGill (*pro hac vice*)

**PARSONS BEHLE & LATIMER**
Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)


*/s/ Nathan D. Thomas*

*Attorneys for Defendant BlendJet, Inc.*

---

[1] Blendtec also argues that BlendJet exceeded the number of allowable search terms for two custodians because the terms "market! w/100 (survey or report or research)" and "google w/100 (ad! or key!)" should each count as two separate search terms. Blendtec is wrong.  For both terms, the parentheticals demonstrably limit the initial term (*i.e.*, "market!" and "google"), rather than expand that term. The ESI Protocol expressly endorses this syntax as "narrowing" a search term: "Use of narrowing search criteria (e.g., 'and,' 'but not,' 'w/x') is encouraged to limit the production[.]"  (Dkt. 33 at ¶36.)

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an electronic notification to counsel of record for all parties, including the following:

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT  84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

/s/ *Nathan D. Thomas*

4866-3849-7376.v3