**EXHIBIT 4**

**Kapaloski, Tammy**

---

| | |
|---|---|
| **From:** | Patrick McGill <PMcGill@sheppardmullin.com> |
| **Sent:** | Monday, September 26, 2022 6:11 PM |
| **To:** | Foster, Brett; Kapaloski, Tammy |
| **Cc:** | Martin Bader; Lisa Martens; NThomas@parsonsbehle.com; LButler@parsonsbehle.com |
| **Subject:** | RE: Blendtec v. BlendJet - SPO Disclosure Agreement |

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Brett,

Thank you. However, we are not in agreement that a party's "director, officer or employee" who qualifies to receive CONFIDENTIAL information under the SPO does not need to sign the Disclosure Agreement. The Disclosure Agreement expressly provides for such individuals to sign the undertaking upon being given access to the other party's CONFIDENTIAL information (*i.e.*, the first option in Exhibit A for a signatory to qualify as a recipient of PROTECTED INFORMATION under that document).

At least, Paragraph 3(c) contemplates that such individuals' executed Disclosure Agreements would be kept on file with their counsel, and provided to opposing counsel upon expression of a good faith belief that there has been a violation of the SPO.

Putting aside the language of the SPO, having such individuals sign the Disclosure Agreement before having access to CONFIDENTIAL information is good practice. Doing so will better ensure compliance with the protections provided by the SPO, and is minimally burdensome on individuals who desire to have access to such information. Indeed, if a party's "director, officer or employee" were to refuse to execute the Disclosure Agreement, that would be cause for concern.

We request that Blendtec employ this practice in this case, which we believe is warranted under the language of the SPO. Please confirm.

Sincerely,
Patrick


**Patrick M. McGill**
+1 858-720-7407 | direct
PMcGill@sheppardmullin.com | Bio

**SheppardMullin**
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** foster.brett@dorsey.com <foster.brett@dorsey.com>
**Sent:** Saturday, September 24, 2022 10:53 AM
**To:** Patrick McGill <PMcGill@sheppardmullin.com>; kapaloski.tammy@dorsey.com
**Cc:** Martin Bader <MBader@sheppardmullin.com>; Lisa Martens <LMartens@sheppardmullin.com>; NThomas@parsonsbehle.com; LButler@parsonsbehle.com
**Subject:** RE: Blendtec v. BlendJet - SPO Disclosure Agreement

Hi Patrick,

1

To clarify, Paragraph 3(a) of the Protective Order does not require party's employee, officer or director to sign Exhibit A before they can review Confidential information. Section 3(a) expressly addresses only a "TECHNICAL ADVISOR".  This is why we expressed Blendtec's objection. Thanks for clarifying that Mr. Pamplin is not a TECHNICAL ADVISOR and will not receive disclosure of Blendtec's AEO information.

Regards,
Brett

---

**From:** Patrick McGill <PMcGill@sheppardmullin.com>
**Sent:** Thursday, September 22, 2022 12:49 PM
**To:** Kapaloski, Tammy <kapaloski.tammy@dorsey.com>
**Cc:** Martin Bader <MBader@sheppardmullin.com>; Lisa Martens <LMartens@sheppardmullin.com>; NThomas@parsonsbehle.com; LButler@parsonsbehle.com; Foster, Brett <foster.brett@dorsey.com>
**Subject:** RE: Blendtec v. BlendJet - SPO Disclosure Agreement

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Tammy,

My apologies, the reference below should be to Para. 6(b)(4) – as indicated below.

**Patrick M. McGill**
+1 858-720-7407 | direct
PMcGill@sheppardmullin.com | Bio

**Sheppard**Mullin
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Patrick McGill
**Sent:** Thursday, September 22, 2022 11:46 AM
**To:** 'kapaloski.tammy@dorsey.com' <kapaloski.tammy@dorsey.com>
**Cc:** Martin Bader <MBader@sheppardmullin.com>; Lisa Martens <LMartens@sheppardmullin.com>; NThomas@parsonsbehle.com; LButler@parsonsbehle.com; foster.brett@dorsey.com
**Subject:** RE: Blendtec v. BlendJet - SPO Disclosure Agreement

Tammy,

As indicated in Mr. Pamplin's Disclosure Agreement, he executed that document as "a director, officer or employee of BlendJet Inc. who is directly assisting in this action" – not as a TECHNICAL ADVISOR (note that line is not checked in the Disclosure Agreement).  Such individuals are qualified to receive information designed CONFIDENTIAL under the SPO.  (*See* SPO at ¶ 6(b)(4).)  We read Paragraph 3(a) of the SPO to require such individuals to sign the Disclosure Agreement, and to require those signed undertakings to be supplied to counsel for the disclosing party.

We confirm that no information designed CONFIDENTIAL – ATTORNEYS EYES ONLY by Blendtec will be shared with Mr. Pamplin.

Please let us know if you have any further questions.  We will look forward to receiving any relevant Disclosure Agreements from Blendtec personnel.

Sincerely,
Patrick


**Patrick M. McGill**
+1 858-720-7407 | direct
PMcGill@sheppardmullin.com | Bio

**SheppardMullin**
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** kapaloski.tammy@dorsey.com <kapaloski.tammy@dorsey.com>
**Sent:** Thursday, September 22, 2022 10:06 AM
**To:** Patrick McGill <PMcGill@sheppardmullin.com>
**Cc:** Martin Bader <MBader@sheppardmullin.com>; Lisa Martens <LMartens@sheppardmullin.com>; NThomas@parsonsbehle.com; LButler@parsonsbehle.com; foster.brett@dorsey.com
**Subject:** RE: Blendtec v. BlendJet - SPO Disclosure Agreement

Dear Patrick,

We object to Blendjet's designation of Ryan Pamplin as a Technical Advisor. Paragraph 3(a) of the Standard Protective Order, which you cite in your email below, governs Technical Advisors. Pursuant to Paragraph 2(e), Technical Advisors are expressly defined as "any person who is ***not* a party to this action and/or *not* presently employed** by the receiving party." (Emphasis added). Paragraph 2(e) clarifies that Technical Advisors "include ***outside*** experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation." (Emphasis added). It is clear that Blendjet is attempting to make an end-run around the AEO limitations by designating Ryan Pamplin as a Technical Advisor so that he can view Blendtec's AEO information. Paragraph 6(4) of the Standard Protective Order, however, clearly states that Qualified Recipients that may view AEO information are limited to "***outside*** Technical Advisor[s] employed by the outside counsel of record." As the co-founder and CEO of Blendjet, Ryan Pamplin does not qualify as a Technical Advisor and his designation is improper. Magistrate Pead has agreed that, under the District of Utah's Standard Protective Order, "[t]o qualify as a Technical Advisor," an individual "cannot be a party to the action, an employee of [a party], or a company affiliated through common ownership." *Definitive Holdings, LLC v. Powerteq LLC*, 2019 U.S. Dist. LEXIS 211066, *4 (D. Utah 2019). In *Definitive Holdings*, Judge Pead held that an individual with an ownership interest in a party through a trust "should not be qualified as a Technical Advisor" and refused to permit that individual to view AEO information. Please let us know immediately if you will withdraw Mr. Pamplin's improper designation as a Technical Advisor. If you do not agree, please let us know when you are available to meet and confer on this issue as we intend to bring it to the Court's attention.

Regards,
Brett and Tammy


**Tammy Kapaloski**
**Senior Attorney**



DORSEY & WHITNEY LLP
111 S. Main Street Suite 2100 | Salt Lake City, UT 84111-2176
P: (801) 933-8955   F: (801) 933-7373

**CONFIDENTIAL COMMUNICATION**
E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof. Thank you.

---

**From:** Patrick McGill <PMcGill@sheppardmullin.com>
**Sent:** Wednesday, September 21, 2022 10:48 AM
**To:** Foster, Brett <foster.brett@dorsey.com>; Kapaloski, Tammy <kapaloski.tammy@dorsey.com>
**Cc:** Martin Bader <MBader@sheppardmullin.com>; Lisa Martens <LMartens@sheppardmullin.com>; NThomas@parsonsbehle.com; LButler@parsonsbehle.com
**Subject:** Blendtec v. BlendJet - SPO Disclosure Agreement

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Dear Brett and Tammy,

Please see the attached executed Disclosure Agreement, exchanged per Paragraph 3(a) of the Standard Protective Order.  Please let us know if you would like a copy by overnight mail, if email service is insufficient.

Sincerely,
Patrick

**Patrick M. McGill**
+1 858-720-7407 | direct
PMcGill@sheppardmullin.com | Bio

**SheppardMullin**
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.