**EXHIBIT 22**

**Kapaloski, Tammy**

| | |
|---|---|
| **From:** | Kapaloski, Tammy |
| **Sent:** | Wednesday, March 15, 2023 3:41 PM |
| **To:** | 'Patrick McGill'; 'JSalen@sheppardmullin.com'; 'MBader@sheppardmullin.com'; ebutler@parsonsbehle.com; nthomas@parsonsbehle.com |
| **Cc:** | Brett Foster (foster.brett@dorsey.com) |
| **Subject:** | Blendtec's Notice of Issuance of Document Subpoenas to Patrick McGill and Sheppard Mullin |
| **Attachments:** | 2023-03-15 - Blendtec's Notice of Issuance of Document Subpoenas (Patrick McGill and Sheppard Mullin).pdf |

Counsel,

Please see the attached notice. Please let us know if you will accept service of the subpoenas.

Regards,
Tammy

**Tammy Kapaloski**
**Senior Attorney**



DORSEY & WHITNEY LLP
111 South Main Street, Suite 2100
Salt Lake City, UT 84111
P:801.933.7360

1

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>    Defendant. | **BLENDTEC'S NOTICE OF ISSUANCE OF DOCUMENT SUBPOENAS TO PATRICK MCGILL AND SHEPPARD MULLIN**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Fed. R. Civ. P. and DUCivR 45-1, Plaintiff Blendtec Inc. by and through its counsel of record, will serve subpoenas upon the following individual and entity to produce – at the time, date, and place set forth in the subpoenas – documents and electronically-stored information responsive to the requests set forth in the subpoenas. The subpoenas, attached hereto as Exhibit 1 and 2, command the recipients to produce documents as follows:

1

1.  Patrick McGill: production by April 10, 2023;

2.  Sheppard Mullin: production by April 10, 2023.

The subpoenas request the recipients to produce all requested documents to Ibase Spaces, 2400 Barranca Parkway, Irvine, CA 92606.

DATED this 15th day of March, 2023.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Grant Foster (#7202)
Tamara L. Kapaloski (#13471)

*Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March, 2023, a true and correct copy of

**BLENDTEC'S NOTICE OF ISSUANCE OF DOCUMENT SUBPOENAS TO PATRICK MCGILL AND SHEPPARD MULLIN** was served on counsel of record via email at the following email addresses:

Martin R. Bader: mbader@sheppardmullin.com
Jesse A. Salen: jsalen@sheppardmullin.com
Patrick M. McGill: patrick@mcgillco.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: ebutler@parsonsbehle.com

*/s/ Tamara L. Kapaloski*

**EXHIBIT 1**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Utah ▢

| | |
|---|---|
| Blendtec Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-cv-00668-TC-DBP |
| Blendjet Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    **PATRICK MCGILL**

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material

As set forth in Attachment A.

| Place: Ibase Spaces, 2400 Barranca Parkway, Irvine, CA 92606 (with a courtesy copy to counsel for Blendtec) | Date and Time: 04/10/2023 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/15/2023

*CLERK OF COURT*

                                    OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Blendtec Inc.
_____, who issues or requests this subpoena, are:
Tammy Kapaloski, 111 S. Main St., Suite 2100, Salt Lake City, UT 84111, kapaloski.tammy@dorsey.com, 801-933-8955

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-00668-TC-DBP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1.      The terms "you" or "your" refers to Patrick McGill, and includes any and all of his past and present employees, consultants, representatives, or any other person or entity acting in whole or in part on behalf of Patrick McGill or any of the foregoing.

2.      The term "Sheppard Mullin" refers to Sheppard Mullin, and includes any and all of its past and present predecessors, successors, subsidiaries, divisions, parents, owners, and affiliates, and all past and present officers, directors, agents, trustees, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting in whole or in part on behalf of Sheppard Mullin or any of the foregoing.

3.      The term "Blendtec" means and refers to Blendtec Inc., and includes any and all of its predecessors and successors in interest, any and all of its subsidiaries, affiliates and affiliated entities, and its partners, employees, agents, officers, directors, licensees, assignors, and representatives of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing.

4.      The term "Blendjet" means and refers to means and refers to Blendjet Inc., and includes any and all of its predecessors and successors in interest, any and all of its subsidiaries, affiliates and affiliated entities, and its partners, employees, agents, officers, directors, licensees, assignors, and representatives of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing.

5.      The term "Blendjet word mark" means and refers to the BLENDJET mark, as a common law mark and/or as registered with the USPTO, Reg. No. 5,750,510.

6.      The term "Blendjet logo" means and refers to Blendjet's swirl design mark as used as a common law mark and/or as registered with the USPTO, U.S. Reg. No. 5,950,040.

1

7.     The term "Blendjet Marks" means and refers to the Blendjet word mark and the Blendjet logo together.

8.     The term "Document(s)" is used in its customary broad sense, and encompasses without limitation the original and each non-identical copy of all "writings" and "recordings," including: time records, correspondence, letters, memoranda, notes, reports, papers, files, books, catalogs, labels, packaging, containers, advertisements or promotional materials in any form and whether draft or final, storyboards, press releases, studies, questionnaires, surveys, assignments, agreements and other official papers and legal instruments, annual or management reports, project reports, reports to shareholders and minutes and reports of meetings (including meetings of directors, officers, executive boards, and committees), reports tags, records, contracts, agreements, cables, wires, telegrams, electronic mail, and other communications sent or received, written, typed, printed, or otherwise visually or aurally reproduced; printouts, diaries and diary entries, and calendars; notebooks, operating and maintenance manuals, operating and product or service specifications or guidelines, data, drafts, tables, compilations, tabulations, charts, graphs, drawings, plans, sketches, recommendations, accounts, worksheets, logs, and work papers; minutes, notes, summaries, lists of people attending, and other written records or recordings of or relating to any conference, meeting, visit, interview, conversation, telephone conversation, or interoffice or intraoffice communications of any types; bills, statements, invoices, orders, and other records of any obligation or expenditure; canceled checks, vouchers, receipts, and other videotapes and cassettes and transcripts thereof; affidavits, transcripts of testimony, statements, interviews, and conversations; printed matter (including published articles, speeches, newspaper clippings, press releases, photographs, and materials of any kind) and other records, including videos and movies regardless of storage mechanism; microfilm and microfiche (including of documents that

may or may not have been destroyed); disks, computer files, electronically stored data, e-mails, film, tapes, and other sources from which information can be obtained, including materials used in electronic data processing and/or transmitted by electronic means, including ftp and network access, and any other form of stored information; and any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document will be deemed a separate document for purposes of these Requests. In addition, as used herein, the term Document(s) includes Communication(s) as defined below.

9.      The term "Communication(s)" means any and all transmissions of information from one Person to another (in the form of facts, ideas, inquiries, or otherwise) and refers to any communication, including oral, vocal, written, and electronic communications, including without limitation, conversations, discussions, memoranda, facsimile transmissions, letters, email, instant messages and/or other communications transmitted by, through, or using a computer or computer network.

10.      The term "Agreement" means any contract, transaction, license, or other arrangement of any kind, whether conditional, executed, executory, express, or implied, and whether oral or written, in which rights are granted or obligations are assumed. The term "agreement" shall encompass completed, actual, contemplated, or attempted agreements or renewals of agreements.

11.      "And" and "or" shall each be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

12.      "Any" shall be construed to include the word "all," and "all" shall be construed to include the word "any" as necessary in order to bring within the scope of the request all responses

that might otherwise be construed to be outside its scope.

13.     Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate.

14.     The "Litigation" means and refers to the action captioned on the subpoena.

## INSTRUCTIONS

1.     These discovery requests relate to documents and information in your possession, custody, or control, or in the possession, custody, or control of your agents, servants, employees, and any other person acting, purporting to act, or who has acted, on your behalf.

2.     If a document responsive to a request was, but no longer is, in your possession, custody, or control, state precisely what disposition was made of it (including its present location and the person(s) who possesses or controls it) and identify the name and address of the person(s) who authorized or ordered such disposition. If a document responsive to a request was, but no longer is, in your possession, custody, or control, because it was destroyed, state precisely the circumstances surrounding its destruction and identify the name and address of the person(s) who has personal knowledge of such destruction.

3.     Documents produced in response to these requests should be produced as they are kept in the usual course of business and should be organized and labeled to correspond with the categories in the request. Documents should be produced in electronic format, in accordance with the production conventions outlined the Amended ESI Protocol (ECF No. 33), which governs the discovery of electronically-stored information in the above-captioned matter.

1.     For each document responsive to these requests that are withheld under a claim of privilege or work product immunity, provide a statement setting forth as to each document: (a) the name and title of the author(s); (b) the name and title of each person to whom the document

was addressed; (c) the name and title of each person who received a copy of the document; (d) the date of the document; (e) a brief description of the nature and subject matter of the document; (f) the nature of the claimed privilege or immunity; and (g) for each document or thing withheld under a claim of attorney work product, also state whether the document or thing was prepared in anticipation of litigation or for trial.

2.      If any portion of a document or thing is responsive to a request, the entire document or thing should be produced, with any privileged material—if any—redacted.

3.      If you object to a request in part, state specifically which part of the Request you object to, and produce all Documents and Communications responsive to all other parts of the request.

4.      In the event that you object to any request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning actually attributed to you by such words for purposes of your response thereto.

5.      If you object to or disagree with any of the Definitions set forth in these requests, or if you do not understand any term used in these requests, explain in detail the nature of your disagreement with the definition, or lack of understanding the term, and provide your definition of the term.

6.      These requests are not limited in temporal or geographic scope.

7.      Pursuant to Federal Rule of Civil Procedure 26(e), these requests are continuing in nature.

## **<u>REQUESTS FOR PRODUCTION</u>**

1.      Documents sufficient to identify each of the roles or positions that you have held at

5

any time at Blendjet and the date ranges during which you held each such role.

2.      Documents sufficient to show the date ranges during which you had access to and/or used a "blendjet.com" email address, including but not limited to patrick.mcgill@blendjet.com.

3.      Documents sufficient to show whether you have access to, or have ever had access to, the legal@blendjet.com email address, and/or are included within the custodians for that email address, as well as the dates during which you used, had access to, or were included within that email address.

4.      Documents related to any advertising or marketing services that you performed for Blendjet at any time.

5.      Documents sufficient to show the scope of services you performed as a "contractor" for Blendjet at any time and the date(s) that you provided those services.

6.      Documents sufficient to show that Blendjet has referred to you as its "general counsel."

7.      Documents sufficient to show the time period during which you acted in the capacity or role of general counsel at or to Blendjet.

8.      Documents sufficient to show any ownership interest or equity stake you hold in Blendjet or have held in Blendjet at any time.

9.      Documents sufficient to show any financial investment you made at any time in Blendjet.

10.      Documents sufficient to show the date you first became aware of Blendtec.

11.      Any and all searches or monitoring reports generated or commissioned in connection with the Blendjet Marks, including the results thereof.

12.    All documents related to Blendjet's applications for federal registration of the Blendjet Marks, and to the subsequent examination and registration of the Blendtec Marks.

13.    Documents sufficient to identify all Blendjet employees or agents who corresponded with you regarding the conception, development, selection, consideration, investigation, searching, evaluation of availability, application, registration, maintenance, and/or enforcement of any actual potential trademark or service mark for Blendjet.

14.    All documents related to Blendjet's policies, guidelines, and/or procedures employed or practiced (or that ought to be employed or practiced) in the selection, maintenance, registration, and protection of the Blendjet Marks.

15.    All documents evidencing or related to any effort to police, enforce, and/or defend the Blendjet Marks, including but not limited to any and all cease and desist letters that Blendjet has sent or received in relation to the Blendjet Marks.

16.    All documents evidencing or relating to any disputes that Blendjet has had with any third parties that relate to or reference the Blendjet Marks.

17.    Documents and communications with third parties regarding or referencing Blendtec.

18.    Documents and communications with third parties regarding or referencing this Litigation, by way of example but without limitation, *see* the document produced as JET00014130, which is a document within the scope of this request (*i.e.*, a communication with a third party referencing this Litigation).

19.    Documents sufficient to evidence any assignments, licenses, or other agreements of any type entered into by Blendjet that refer or relate to the Blendjet Marks.

20.    All agreements between Blendjet and any third parties that contain restrictive

7

covenants, non-compete agreements, or agreements related to Blendjet's intellectual property and all related correspondence and negotiations with third parties.

21.     Any agreements between you and Sheppard Mullin related to Blendjet.

22.     Any and all documents showing that your departure from Sheppard Mullin was related to your ownership of Blendjet, your role at Blendjet, or the Litigation.

**EXHIBIT 2**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

District of Utah

| | |
|---|---|
| Blendtec Inc. | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   2:21-cv-00668-TC-DBP |
| Blendjet Inc. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         **SHEPPARD MULLIN**

_____

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material

       as set forth in Attachment A.

| Place: Ibase Spaces, 2400 Barranca Parkway, Irvine, CA 92606 (with a courtesy copy to counsel for Blendtec) | Date and Time: <br> 04/10/2023 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/15/2023

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | _signature_ |
| _____ | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Blendtec Inc.
_____, who issues or requests this subpoena, are:
Tammy Kapaloski, 111 S. Main St., Suite 2100, Salt Lake City, UT 84111, kapaloski.tammy@dorsey.com, 801-933-8955

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-00668-TC-DBP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1.      The terms "you," "your," or "Sheppard Mullin" refers to Sheppard Mullin, and includes any and all of its past and present predecessors, successors, subsidiaries, divisions, parents, owners, and affiliates, and all past and present officers, directors, agents, trustees, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting in whole or in part on behalf of Sheppard Mullin or any of the foregoing.

2.      The term "Patrick McGill" refers to Patrick McGill, and includes any and all of his past and present employees, consultants, representatives, agents, attorneys, or any other person or entity acting in whole or in part on behalf of Patrick McGill or any of the foregoing.

3.      The term "Blendtec" means and refers to Blendtec Inc., and includes any and all of its predecessors and successors in interest, any and all of its subsidiaries, affiliates and affiliated entities, and its partners, employees, agents, officers, directors, licensees, assignors, and representatives of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing.

4.      The term "Blendjet" means and refers to means and refers to Blendjet Inc., and includes any and all of its predecessors and successors in interest, any and all of its subsidiaries, affiliates and affiliated entities, and its partners, employees, agents, officers, directors, licensees, assignors, and representatives of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing.

5.      The term "Blendjet word mark" means and refers to the BLENDJET mark, as a common law mark and/or as registered with the USPTO, Reg. No. 5,750,510.

6.      The term "Blendjet logo" means and refers to Blendjet's swirl design mark as used as a common law mark and/or as registered with the USPTO, U.S. Reg. No. 5,950,040.

1

7.     The term "Blendjet Marks" means and refers to the Blendjet word mark and the Blendjet logo together.

8.     The term "Document(s)" is used in its customary broad sense, and encompasses without limitation the original and each non-identical copy of all "writings" and "recordings," including: time records, correspondence, letters, memoranda, notes, reports, papers, files, books, catalogs, labels, packaging, containers, advertisements or promotional materials in any form and whether draft or final, storyboards, press releases, studies, questionnaires, surveys, assignments, agreements and other official papers and legal instruments, annual or management reports, project reports, reports to shareholders and minutes and reports of meetings (including meetings of directors, officers, executive boards, and committees), reports tags, records, contracts, agreements, cables, wires, telegrams, electronic mail, and other communications sent or received, written, typed, printed, or otherwise visually or aurally reproduced; printouts, diaries and diary entries, and calendars; notebooks, operating and maintenance manuals, operating and product or service specifications or guidelines, data, drafts, tables, compilations, tabulations, charts, graphs, drawings, plans, sketches, recommendations, accounts, worksheets, logs, and work papers; minutes, notes, summaries, lists of people attending, and other written records or recordings of or relating to any conference, meeting, visit, interview, conversation, telephone conversation, or interoffice or intraoffice communications of any types; bills, statements, invoices, orders, and other records of any obligation or expenditure; canceled checks, vouchers, receipts, and other videotapes and cassettes and transcripts thereof; affidavits, transcripts of testimony, statements, interviews, and conversations; printed matter (including published articles, speeches, newspaper clippings, press releases, photographs, and materials of any kind) and other records, including videos and movies regardless of storage mechanism; microfilm and microfiche (including of documents that

may or may not have been destroyed); disks, computer files, electronically stored data, e-mails, film, tapes, and other sources from which information can be obtained, including materials used in electronic data processing and/or transmitted by electronic means, including ftp and network access, and any other form of stored information; and any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document will be deemed a separate document for purposes of these Requests. In addition, as used herein, the term Document(s) includes Communication(s) as defined below.

9.    The term "Communication(s)" means any and all transmissions of information from one Person to another (in the form of facts, ideas, inquiries, or otherwise) and refers to any communication, including oral, vocal, written, and electronic communications, including without limitation, conversations, discussions, memoranda, facsimile transmissions, letters, email, instant messages and/or other communications transmitted by, through, or using a computer or computer network.

10.    The term "Agreement" means any contract, transaction, license, or other arrangement of any kind, whether conditional, executed, executory, express, or implied, and whether oral or written, in which rights are granted or obligations are assumed. The term "agreement" shall encompass completed, actual, contemplated, or attempted agreements or renewals of agreements.

11.    "And" and "or" shall each be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

12.    "Any" shall be construed to include the word "all," and "all" shall be construed to include the word "any" as necessary in order to bring within the scope of the request all responses

that might otherwise be construed to be outside its scope.

13.    Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate.

14.    The "Litigation" means and refers to the action captioned on the subpoena.

## INSTRUCTIONS

1.    These discovery requests relate to documents and information in your possession, custody, or control, or in the possession, custody, or control of your agents, servants, employees, and any other person acting, purporting to act, or who has acted, on your behalf.

2.    If a document responsive to a request was, but no longer is, in your possession, custody, or control, state precisely what disposition was made of it (including its present location and the person(s) who possesses or controls it) and identify the name and address of the person(s) who authorized or ordered such disposition. If a document responsive to a request was, but no longer is, in your possession, custody, or control, because it was destroyed, state precisely the circumstances surrounding its destruction and identify the name and address of the person(s) who has personal knowledge of such destruction.

3.    Documents produced in response to these requests should be produced as they are kept in the usual course of business and should be organized and labeled to correspond with the categories in the request. Documents should be produced in electronic format, in accordance with the production conventions outlined the Amended ESI Protocol (ECF No. 33), which governs the discovery of electronically-stored information in the above-captioned matter.

1.    For each document responsive to these requests that are withheld under a claim of privilege or work product immunity, provide a statement setting forth as to each document: (a) the name and title of the author(s); (b) the name and title of each person to whom the document

was addressed; (c) the name and title of each person who received a copy of the document; (d) the date of the document; (e) a brief description of the nature and subject matter of the document; (f) the nature of the claimed privilege or immunity; and (g) for each document or thing withheld under a claim of attorney work product, also state whether the document or thing was prepared in anticipation of litigation or for trial.

2.      If any portion of a document or thing is responsive to a request, the entire document or thing should be produced, with any privileged material—if any—redacted.

3.      If you object to a request in part, state specifically which part of the Request you object to, and produce all Documents and Communications responsive to all other parts of the request.

4.      In the event that you object to any request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning actually attributed to you by such words for purposes of your response thereto.

5.      If you object to or disagree with any of the Definitions set forth in these requests, or if you do not understand any term used in these requests, explain in detail the nature of your disagreement with the definition, or lack of understanding the term, and provide your definition of the term.

6.      These requests are not limited in temporal or geographic scope.

7.      Pursuant to Federal Rule of Civil Procedure 26(e), these requests are continuing in nature.

## **REQUESTS FOR PRODUCTION**

1.      All documents and communications related to the evaluation, availability, and

5

selection of the Blendjet Marks.

2.    Any and all trademark searches, trademark clearance reports, or trademark monitoring reports generated or commissioned in connection with the Blendjet Marks, including the results thereof.

3.    All documents related to Blendjet's applications for federal registration of the Blendjet Marks, and to the subsequent examination and registration of the Blendtec Marks.

4.    Any and all trademark searches, monitoring reports, or clearance reports generated or commissioned by or on behalf of Blendjet and that include the term "BLEND," including the results thereof.

5.    Any and all trademark searches, trademark clearance reports, or trademark monitoring reports generated or commissioned by or on behalf of Blendjet that relate to a "swirl" or "spiral" design feature, including the results thereof.

6.    Documents sufficient to show whether you have access to, or have ever had access to, the legal@blendjet.com email address, and/or are included within the custodians for that email address, as well as the dates during which you used, had access to, or were included within that email address.

7.    Any agreements between you and Blendjet related to Patrick McGill.

8.    Any agreements between you and Patrick McGill related to Blendjet.

9.    Documents sufficient to show any ownership interest or equity stake held in Blendjet by Patrick McGill at any time.

10.    Any and all documents showing that Patrick McGill's departure from Sheppard Mullin was related to his ownership of Blendjet, his role at Blendjet, or the Litigation.

11.    All documents related to Blendjet's policies, guidelines, and/or procedures

employed or practiced (or that ought to be employed or practiced) in the selection, maintenance, registration, and protection of its trademarks.

12.     All documents that comprise or refer to surveys, focus groups, or market studies, or any  other type of assessment that either Sheppard Mullin, Blendjet, or Patrick McGill has conducted – or that any other third party has conducted on any of their behalf – in connection with the Blendjet Marks and/or the Blendjet products.

13.     All documents evidencing or related to any effort to police, enforce, and/or defend the Blendjet Marks, including but not limited to any and all cease and desist letters that Blendjet has sent or received in relation to the Blendjet Marks.

14.     All documents evidencing or relating to any disputes that Blendjet has had with any third parties that relate to or reference the Blendjet Marks.

15.     Documents and communications with third parties regarding or referencing Blendtec.

16.     Documents and communications with third parties regarding or referencing this Litigation, by way of example but without limitation, *see* the document produced as JET00014130, which is a document within the scope of this request (*i.e.*, a communication with a third party referencing this Litigation).

17.     Documents sufficient to identify all Blendjet employees or agents who corresponded with Sheppard Mullin regarding the conception, development, selection, consideration, investigation, searching, evaluation of availability, application, registration, maintenance, and/or enforcement of any actual potential trademark or service mark for Blendjet.

18.     All documents evidencing or relating to any assignments, licenses, or other agreements of any type entered into by Blendjet that relate or reference the Blendjet Marks.

19.    All agreements between Blendjet and any third parties that contain restrictive covenants, non-compete agreements, or agreements related to Blendjet's intellectual property and all related correspondence and negotiations with third parties.

20.    All documents that relate to, refer to, or discuss Blendtec, including but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the Blendtec Marks, and or the Blendtec products.

21.    All documents comprising or otherwise containing any factual background or analysis of any factual material related to the Blendtec Marks and/or Blendtec products.

22.    Any cover letter, transfer memo, or similar transition document that accompanies any documents responsive to any of the foregoing requests when they were transferred into Sheppard Mullin's possession, custody, or control, or into Patrick McGill's possession, custody, or control.