**EXHIBIT 25**

MARTIN R. BADER (*Pro hac vice*)
mbader@sheppardmullin.com
JESSE A. SALEN (*Pro hac vice*)
jsalen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691

*Attorneys for Non-Party Patrick McGill*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>          Defendant. | **NON-PARTY PATRICK MCGILL'S RESPONSES AND OBJECTIONS TO BLENDTEC INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

        Pursuant to Rule 45 of the Federal Rules of Civil Procedure and any other applicable rules of law, non-party Patrick McGill responds and objects as follows to Blendtec Inc.'s ("Blendtec") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Requests").  Mr. McGill agreed to accept service of the subpoena by email on March 29, 2023.[1]

---

[1] Per agreement between the Parties, Mr. McGill's response date to the Requests under Fed. R. Civ. P. 45(d)(2)(B) was extended through April 21, 2023.

## PRELIMINARY STATEMENT

Mr. McGill's responses are made to the best of his current knowledge, information, and belief.  Mr. McGill's responses are at all times subject to additional or different information that discovery or further investigation may disclose and, while based on the present state of his recollection and knowledge, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from further discovery or investigation.  Mr. McGill reserves the right to change, amend, or supplement these responses with respect to any or all of the matters addressed.

Mr. McGill's responses are made without waiving or intending to waive, but to the contrary, intending to preserve and preserving: (a) the right, with respect to each document or thing produced in response to these requests, to raise all questions of authenticity, relevance, materiality, privilege, and admissibility of evidence in any proceeding in this or any other case; (b) the right, with respect to each document or thing produced in response to these requests, to object to the use of such document or thing in any proceeding in this or any other case; and (c) the right, with respect to each document or thing produced in response to these requests, to object on any ground at any time to other discovery relating to such document or thing or its subject matter.

Mr. McGill's responses, and any related information, are provided solely for the purpose of discovery in this action and are not to be used for any purpose outside the context of this lawsuit.

## GENERAL OBJECTIONS

Mr. McGill objects to each of Blendtec's requests and the subpoena as untimely.  The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec noticed its subpoena on March 15, and did not effect service of the subpoena until March 29, over two

months after the deadline. Blendtec's attempt to obtain discovery from BlendJet's trial counsel therefore amounts to a blatant attempt to circumvent the written discovery cutoff by seeking documents from Mr. McGill that have – or could have – been obtained directly from Defendant BlendJet. Blendtec's untimely subpoena is generally invalid and ineffective, and Mr. McGill has no obligation to object, respond, or produce any documents in response to a subpoena that ultimately amounts to nothing more than an improper attempt to harass BlendJet's trial counsel.

Mr. McGill objects to the defined term "you" or "your," as vague and ambiguous, overbroad, unduly burdensome, and oppressive. Mr. McGill will interpret those terms as referring to him in his professional capacity as legal counsel for BlendJet, acting under and through the law firm, McGill & Co., P.C.

Mr. McGill also objects to the defined term "Sheppard Mullin" as vague and ambiguous, overbroad, unduly burdensome, and oppressive. Mr. McGill will interpret the term "Sheppard Mullin" as Sheppard, Mullin, Richter & Hampton, LLP, its employees, partners and anyone acting on that law firm's behalf with respect to the trademark infringement action asserted by Blendtec.

Mr. McGill objects to each of Blendtec's requests as unreasonable, excessive, abusive, unduly burdensome, and harassing in violation of Federal Rules of Civil Procedure 26(b)(1) and 45(d)(1) because the request is directed at the discovery of documents that are unquestionably protected by the attorney-client privilege and/or the work product doctrine, and is a clear attempt to disregard the scheduling order entered in the underlying case. Blendtec is not entitled to the discovery of such documents from Mr. McGill.

Mr. McGill objects to each of Blendtec's requests to the extent such request demands that Mr. McGill perform actions, produce documents, and/or provide information that exceed the

requirements of the Federal Rules of Civil Procedure, Local Civil Rules for the District Court of Utah, or any applicable Court order.

Mr. McGill objects to each of Blendtec's requests as overly broad, unduly burdensome, and neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case.

Mr. McGill objects to each of Blendtec's requests to the extent they seek, or may be construed to seek, any document that is protected from discovery by reason of the attorney-client privilege and/or the work-product doctrine. The objections stated below on the grounds of attorney-client privilege or work-product in no way limit this objection. Nothing contained in these responses is intended to be, nor should be considered to be, a waiver of any attorney-client privilege or work-product immunity, or any other applicable privilege or doctrine. To the extent any privileged or otherwise protected materials are inadvertently produced, Mr. McGill does not waive any privileges or rights as to those documents – nor can he, given that the privilege at issue is held by his clients.

Mr. McGill objects to each of Blendtec's requests to the extent it seeks restoration or de-archiving of data not readily accessible in the ordinary course of business.

Mr. McGill objects to each and every request to the extent that any request is unreasonably cumulative or redundant of another request, and/or duplicative of information and documents sought directly from BlendJet during the underlying litigation.

Mr. McGill incorporates each of the foregoing General Objections into each response below as if fully set forth therein.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION 1:

Documents sufficient to identify each of the roles or positions that you have held at any time at Blendjet and the date ranges during which you held each such role.

### RESPONSE TO REQUEST FOR PRODUCTION 1:

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery.  Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "roles," "positions," and "that you have held . . . at Blendjet [*sic*]," and because the request is unlimited as to temporal scope.  Mr. McGill also objects to the request because it is overbroad, exceeds the scope of discovery, and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.  The request is therefore disproportionate to the needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter.  It is unduly burdensome, oppressive, and harassing to seek documents from BlendJet's litigation counsel when they are in the possession, custody or control of a party (and especially so when the requested documents are irrelevant) – as is the case with respect to any and all of the documentation that is possibly responsive to this request.

**REQUEST FOR PRODUCTION 2:**

Documents sufficient to show the date ranges during which you had access to and/or used a "blendjet.com" email address, including but not limited to patrick.mcgill@blendjet.com.

**RESPONSE TO REQUEST FOR PRODUCTION 2:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery.  Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "access to," "used," and "a 'blendjet.com' email address," and because the request is unlimited as to temporal scope. Mr. McGill also objects to the request because it is overbroad, exceeds the scope of discovery, and fails to describe the documents sought with

reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.  The request is therefore disproportionate to the needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter.  It is unduly burdensome, oppressive, and harassing to seek documents from BlendJet's litigation counsel when they are in the possession, custody or control of a party (and especially so when the requested documents are irrelevant) – as is the case with respect to any and all of the documentation that is possibly responsive to this request.

**REQUEST FOR PRODUCTION 3:**

Documents sufficient to show whether you have access to, or have ever had access to, the legal@blendjet.com email address, and/or are included within the custodians for that email address, as well as the dates during which you used, had access to, or were included within that email address.

**RESPONSE TO REQUEST FOR PRODUCTION 3:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for

service of written discovery.  Blendtec should not be permitted to circumvent that deadline

through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the

terms and phrases "access to," "legal@blendjet.com," and "included within the custodians," and

because the request is unlimited as to temporal scope.  Mr. McGill also objects to the request

because it is overbroad, exceeds the scope of discovery, and fails to describe the documents

sought with reasonable particularity because it requests information that is not relevant to any of

the claims and defenses at issue in this case.  The request is therefore disproportionate to the

needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the

above-captioned matter.  It is unduly burdensome, oppressive, and harassing to seek documents

from BlendJet's litigation counsel when they are in the possession, custody or control of a party

(and especially so when the requested documents are irrelevant) – as is the case with respect to

any and all of the documentation that is possibly responsive to this request.

**REQUEST FOR PRODUCTION 4:**

Documents related to any advertising or marketing services that you performed for

Blendjet at any time.

**RESPONSE TO REQUEST FOR PRODUCTION 4:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from

disclosure by the attorney-client privilege, including the common-interest privilege, and/or the

work product doctrine. To the extent that the request seeks communications between Mr. McGill

and BlendJet, such communications are privileged. Mr. McGill will not produce privileged

documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery.  Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "advertising or marketing services" and "you performed," and because the request is unlimited as to temporal scope.  Mr. McGill also objects to the request because it is overbroad, exceeds the scope of discovery, and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.  The request is therefore disproportionate to the needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter.  It is unduly burdensome, oppressive, and harassing to seek documents from BlendJet's litigation counsel when they are in the possession, custody or control of a party (and especially so when the requested documents are irrelevant) – as is the case with respect to any and all of the documentation that is possibly responsive to this request.

**REQUEST FOR PRODUCTION 5:**

Documents sufficient to show the scope of services you performed as a "contractor" for Blendjet at any time and the date(s) that you provided those services.

**RESPONSE TO REQUEST FOR PRODUCTION 5:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the

work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery.  Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "scope of services," "you performed," and "contractor," and because the request is unlimited as to temporal scope.  Mr. McGill also objects to the request because it is overbroad, exceeds the scope of discovery, and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.  The request is therefore disproportionate to the needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter. It is unduly burdensome, oppressive, and harassing to seek documents from BlendJet's litigation counsel when they are in the possession, custody or control of a party (and especially so when the requested documents are irrelevant) – as is the case with respect to any and all of the documentation that is possibly responsive to this request.

P. MCGILL'S RESPONSES AND OBJECTIONS TO
BLENDTEC'S SUBPOENA TO PRODUCE DOCUMENTS

**REQUEST FOR PRODUCTION 6:**

Documents sufficient to show that Blendjet has referred to you as its "general counsel."

**RESPONSE TO REQUEST FOR PRODUCTION 6:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery. Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "referred to" and "its 'general counsel'," and because the request is unlimited as to temporal scope. Mr. McGill also objects to the request because it is overbroad, exceeds the scope of discovery, and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case. The request is therefore disproportionate to the needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter. It is unduly burdensome, oppressive, and harassing to seek documents from BlendJet's litigation counsel when they are in the possession, custody or control of a party

(and especially so when the requested documents are irrelevant) – as is the case with respect to any and all of the documentation that is possibly responsive to this request.

**REQUEST FOR PRODUCTION 7:**

Documents sufficient to show the time period during which you acted in the capacity or role of general counsel at or to Blendjet.

**RESPONSE TO REQUEST FOR PRODUCTION 7:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery.  Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "time period," "capacity or role," "general counsel," and "at or to Blendjet [*sic*]," and because the request is unlimited as to temporal scope.  Mr. McGill also objects to the request because it is overbroad, exceeds the scope of discovery, and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.  The request is therefore disproportionate to the needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter. It is unduly burdensome, oppressive, and harassing to seek documents from BlendJet's litigation counsel when they are in the possession, custody or control of a party (and especially so when the requested documents are irrelevant) – as is the case with respect to any and all of the documentation that is possibly responsive to this request.

**REQUEST FOR PRODUCTION 8:**

Documents sufficient to show any ownership interest or equity stake you hold in Blendjet or have held in Blendjet at any time.

**RESPONSE TO REQUEST FOR PRODUCTION 8:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery.  Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "ownership interest," "equity stake," "you," "hold," "in Blendjet [*sic*]," and "have held," and because the request is unlimited as to temporal scope.  Mr. McGill also objects to the request because it is overbroad, exceeds the scope of discovery, and fails to describe the

documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.  The request is therefore disproportionate to the needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter. It is unduly burdensome, oppressive, and harassing to seek documents from BlendJet's litigation counsel when they are in the possession, custody or control of a party (and especially so when the requested documents are irrelevant) – as is the case with respect to any and all of the documentation that is possibly responsive to this request.

**REQUEST FOR PRODUCTION 9:**

Documents sufficient to show any financial investment you made at any time in Blendjet.

**RESPONSE TO REQUEST FOR PRODUCTION 9:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery.  Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "financial investment," "you," "made," and "in Blendjet [*sic*]," and because

the request is unlimited as to temporal scope. Mr. McGill also objects to the request because it is overbroad, exceeds the scope of discovery, and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case. The request is therefore disproportionate to the needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter. It is unduly burdensome, oppressive, and harassing to seek documents from BlendJet's litigation counsel when they are in the possession, custody or control of a party (and especially so when the requested documents are irrelevant) – as is the case with respect to any and all of the documentation that is possibly responsive to this request.

**REQUEST FOR PRODUCTION 10:**

Documents sufficient to show the date you first became aware of Blendtec.

**RESPONSE TO REQUEST FOR PRODUCTION 10:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery. Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "you" and "aware," and because the request is unlimited as to temporal scope. Mr. McGill also objects to the request because it is overbroad, exceeds the scope of discovery, and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case. The request is therefore disproportionate to the needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter. As such, to the extent that this request is duplicative of Blendtec's requests for production to BlendJet – specifically RFP Nos. 2-6, 10, 22-23, and 31-32 – the request is unduly burdensome, oppressive, and harassing because they are in the possession, custody or control of a party. To the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 11:**

Any and all searches or monitoring reports generated or commissioned in connection with the Blendjet Marks, including the results thereof.

**RESPONSE TO REQUEST FOR PRODUCTION 11:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications. Mr. McGill also objects because Mr. McGill is not the attorney of record at the USPTO for the BlendJet Marks.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery.  Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "searches," "monitoring reports," "generated or commissioned," "in connection with the Blendjet Marks [*sic*], and "results thereof," and because the request is unlimited as to temporal scope.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter.  As such, to the extent that this request is duplicative of Blendtec's requests for production to BlendJet – specifically RFP Nos. 3-6, and 36-37 – the request is unduly burdensome, oppressive, and harassing because the requested documents are in the possession, custody or control of a party.  To the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 12:**

All documents related to Blendjet's applications for federal registration of the Blendjet Marks, and to the subsequent examination and registration of the Blendtec Marks.

**RESPONSE TO REQUEST FOR PRODUCTION 12:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill

and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications. Mr. McGill also objects because Mr. McGill is not the attorney of record at the USPTO for the BlendJet Marks.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery. Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "applications for federal registration" and "subsequent examination and registration," and because the request is unlimited as to temporal scope.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter.  As such, to the extent that this request is duplicative of Blendtec's requests for production to BlendJet – specifically RFP Nos. 3-6, and 36-37 – the request is unduly burdensome, oppressive, and harassing because the requested documents are in the possession, custody or control of a party.  To the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 13:**

Documents sufficient to identify all Blendjet employees or agents who corresponded with you regarding the conception, development, selection, consideration, investigation, searching, evaluation of availability, application, registration, maintenance, and/or enforcement of any actual potential trademark or service mark for Blendjet.

**RESPONSE TO REQUEST FOR PRODUCTION 13:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications. Mr. McGill also objects because Mr. McGill is not the attorney of record at the USPTO for the BlendJet Marks.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery. Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "corresponded," "you," "conception," "development," "selection," "consideration," "investigation," "searching," "evaluation of," "availability," "application," "registration," "maintenance," "enforcement," "any actual potential," and "trademark or service mark," and because the request is unlimited as to temporal scope. Mr. McGill also objects because this request contains a multitude of subparts such that it is astoundingly compound.  Mr.

McGill also objects to the request because it is overbroad, exceeds the scope of discovery, and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case. The request is therefore disproportionate to the needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter. As such, to the extent that this request is duplicative of Blendtec's requests for production to BlendJet – specifically RFP Nos. 2-6, 8, 11, 13-15, 31, and 36-37 – the request is unduly burdensome, oppressive, and harassing because the requested documents are in the possession, custody or control of a party. To the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 14:**

All documents related to Blendjet's policies, guidelines, and/or procedures employed or practiced (or that ought to be employed or practiced) in the selection, maintenance, registration, and protection of the Blendjet Marks.

**RESPONSE TO REQUEST FOR PRODUCTION 14:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications. Mr. McGill also objects because Mr. McGill is not the attorney of record at the USPTO for the BlendJet Marks.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec did not

attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery. Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "policies," "guidelines," "procedures," "employed or practiced," "selection," "maintenance," "registration," and "protection," and because the request is unlimited as to temporal scope.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter. As such, to the extent that this request is duplicative of Blendtec's requests for production to BlendJet – specifically RFP Nos. 2-6, and 31 – the request is unduly burdensome, oppressive, and harassing because the requested documents are in the possession, custody or control of a party. To the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 15:**

All documents evidencing or related to any effort to police, enforce, and/or defend the Blendjet Marks, including but not limited to any and all cease and desist letters that Blendjet has sent or received in relation to the Blendjet Marks.

**RESPONSE TO REQUEST FOR PRODUCTION 15:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill

and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery. Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "evidencing," "any effort," "police," "enforce," "defend," "cease and desist letters," and "sent or received," and because the request is unlimited as to temporal scope.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter.  As such, to the extent that this request is duplicative of Blendtec's requests for production to BlendJet – specifically RFP Nos. 2-6, 10, 22-23, and 31-32 – the request is unduly burdensome, oppressive, and harassing because the requested documents are in the possession, custody or control of a party.  To the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 16:**

All documents evidencing or relating to any disputes that Blendjet has had with any third parties that relate to or reference the Blendjet Marks.

**RESPONSE TO REQUEST FOR PRODUCTION 16:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the

-22-

work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery. Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "evidencing" and "any disputes," and because the request is unlimited as to temporal scope.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter.  As such, to the extent that this request is duplicative of Blendtec's requests for production to BlendJet – specifically RFP Nos. 2-6, 10, 22-23, and 31-32 – the request is unduly burdensome, oppressive, and harassing because the requested documents are in the possession, custody or control of a party.  To the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 17:**

Documents and communications with third parties regarding or referencing Blendtec.

**RESPONSE TO REQUEST FOR PRODUCTION 17:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the

work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery. Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the phrase "regarding or referencing Blendtec," and because the request is unlimited as to temporal scope. The request also is overbroad, exceeds the scope of discovery, and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.  The request is therefore disproportionate to the needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter.  As such, to the extent that this request is duplicative of Blendtec's requests for production to BlendJet – specifically RFP Nos. 2-6, 10, 22-23, and 31-32 – the request is unduly burdensome, oppressive, and harassing because the requested documents are in the possession, custody or control of a party.  To the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 18:**

Documents and communications with third parties regarding or referencing this Litigation, by way of example but without limitation, see the document produced as JET00014130, which is a document within the scope of this request (*i.e.*, a communication with a third party referencing this Litigation).

**RESPONSE TO REQUEST FOR PRODUCTION 18:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery. Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the phrase "regarding or referencing this Litigation," and because the request is unlimited as to temporal scope.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter.  As such, to the extent that this request is duplicative of Blendtec's requests for production to BlendJet (and Blendtec acknowledges that it is, in the text of the request itself) – specifically RFP Nos. 2-6, 10, 22-23, and 31-32 – the request is unduly

burdensome, oppressive, and harassing because the requested documents are in the possession, custody or control of a party.  To the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 19**:

All documents evidencing or relating to any assignments, licenses, or other agreements of any type entered into by Blendjet that relate or reference the Blendjet Marks.

**RESPONSE TO REQUEST FOR PRODUCTION 19**:

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery. Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the phrase "evidencing or relating to," "assignments," "licenses," "or other agreements of any time," and "entered into by Blendjet [*sic*]," and because the request is unlimited as to temporal scope. The request also is overbroad, exceeds the scope of discovery, and fails to describe the documents sought with reasonable particularity because it requests information that is not

relevant to any of the claims and defenses at issue in this case.  The request is therefore

disproportionate to the needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the

above-captioned matter.  As such, to the extent that this request is duplicative of Blendtec's

requests for production to BlendJet – specifically RFP Nos. 20 – the request is unduly

burdensome, oppressive, and harassing because the requested documents are in the possession,

custody or control of a party.  To the extent that this request is not duplicative of document

requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the

written discovery deadline in this case.

**REQUEST FOR PRODUCTION 20:**

All agreements between Blendjet and any third parties that contain restrictive covenants,

non-compete agreements, or agreements related to Blendjet's intellectual property and all related

correspondence and negotiations with third parties.

**RESPONSE TO REQUEST FOR PRODUCTION 20:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from

disclosure by the attorney-client privilege, including the common-interest privilege, and/or the

work product doctrine. To the extent that the request seeks communications between Mr. McGill

and BlendJet, such communications are privileged. Mr. McGill will not produce privileged

documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day

to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec did not

attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted

electronic service of the subpoena on March 29 – more than two months after the deadline for

service of written discovery. Blendtec should not be permitted to circumvent that deadline

through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the

phrase "[a]ll agreements," "restrictive covenants," "non-compete agreements," "agreements

related to Blendjet's [*sic*]," and "intellectual property," and because the request is unlimited as to

temporal scope. The request also is overbroad, exceeds the scope of discovery, and fails to

describe the documents sought with reasonable particularity because it requests information that

is not relevant to any of the claims and defenses at issue in this case. The request is therefore

disproportionate to the needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the

above-captioned matter. As such, to the extent that this request is duplicative of Blendtec's

requests for production to BlendJet – specifically RFP Nos. 20 – the request is unduly

burdensome, oppressive, and harassing because the requested documents are in the possession,

custody or control of a party. To the extent that this request is not duplicative of document

requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the

written discovery deadline in this case.

**REQUEST FOR PRODUCTION 21:**

Any agreements between you and Sheppard Mullin related to Blendjet.

**RESPONSE TO REQUEST FOR PRODUCTION 21:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from

disclosure by the attorney-client privilege, including the common-interest privilege, and/or the

work product doctrine. To the extent that the request seeks communications between Mr. McGill

and BlendJet, such communications are privileged. Mr. McGill will not produce privileged

documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery. Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the term and phrase "agreements," "between you and Sheppard Mullin," and "related to Blendjet [*sic*]," and because the request is unlimited as to temporal scope. The request also is overbroad, exceeds the scope of discovery, and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.  The request is therefore disproportionate to the needs of this case.

**REQUEST FOR PRODUCTION 22:**

Any and all documents showing that your departure from Sheppard Mullin was related to your ownership of Blendjet, your role at Blendjet, or the Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION 22:**

Mr. McGill objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between Mr. McGill and BlendJet, such communications are privileged. Mr. McGill will not produce privileged documents and communications.

Mr. McGill further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec did not attempt to effect service of the subpoena on Mr. McGill, and Mr. McGill only accepted

electronic service of the subpoena on March 29 – more than two months after the deadline for service of written discovery. Blendtec should not be permitted to circumvent that deadline through this subpoena.

Mr. McGill objects to this request on the grounds that it is vague and ambiguous as to the term and phrase "departure," "ownership," "of Blendjet [*sic*]," "your role," and "at Blendjet [*sic*]," and because the request is unlimited as to temporal scope. The request also is overbroad, exceeds the scope of discovery, and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case. The request is therefore disproportionate to the needs of this case.

Further, Mr. McGill is a non-party who serves as BlendJet's litigation counsel in the above-captioned matter. It is unduly burdensome, oppressive, and harassing to seek documents from BlendJet's litigation counsel when they are in the possession, custody or control of a party (and especially so when the requested documents are irrelevant) – as is the case with respect to documentation that is possibly responsive to this request.


Dated: April 21, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____/s/ Jesse A. Salen_____
MARTIN R. BADER
JESSE A. SALEN

*Attorneys for Patrick McGill*

## <u>CERTIFICATE OF SERVICE</u>

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 12275 El Camino Real, Suite 100, San Diego, CA 92130.

On April 21, 2023, I caused to be served a true copy of **NON-PARTY PATRICK MCGILL'S RESPONSES AND OBJECTIONS TO BLENDTEC INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** on the interested parties in this matter as follows:

BY E-MAIL OR ELECTRONIC TRANSMISSION: I caused a copy of the document(s) to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT  84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec, Inc.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 21, 2023, at San Diego, California.

By: _____ */s/ Jesse A. Salen* _____
Jesse A. Salen