**EXHIBIT 26**

MARTIN R. BADER (*Pro hac vice*)
mbader@sheppardmullin.com
JESSE A. SALEN (*Pro hac vice*)
jsalen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691

*Attorneys for Non-Party*
*Sheppard Mullin Richter & Hampton LLP*

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>    Defendant. | **NON-PARTY SHEPPARD MULLIN RICHTER & HAMPTON LLP'S RESPONSES AND OBJECTIONS TO BLENDTEC INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and any other applicable

rules of law, non-party Sheppard Mullin Richter & Hampton LLP ("SMRH") responds and

objects as follows to Blendtec Inc.'s ("Blendtec") Subpoena to Produce Documents, Information,

or Objects or to Permit Inspection of Premises in a Civil Action ("Requests"), which was served on SMRH on March 24, 2023.[1]

## PRELIMINARY STATEMENT

SMRH's responses are made to the best of its current knowledge, information, and belief. SMRH's responses are at all times subject to additional or different information that discovery or further investigation may disclose and, while based on the present state of SMRH's recollection and knowledge, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from further discovery or investigation. SMRH reserves the right to change, amend, or supplement these responses with respect to any or all of the matters addressed.

SMRH's responses are made without waiving or intending to waive, but to the contrary, intending to preserve and preserving: (a) the right, with respect to each document or thing produced in response to these requests, to raise all questions of authenticity, relevance, materiality, privilege, and admissibility of evidence in any proceeding in this or any other case; (b) the right, with respect to each document or thing produced in response to these requests, to object to the use of such document or thing in any proceeding in this or any other case; and (c) the right, with respect to each document or thing produced in response to these requests, to object on any ground at any time to other discovery relating to such document or thing or its subject matter.

SMRH's responses, and any related information, are provided solely for the purpose of discovery in this action and are not to be used for any purpose outside the context of this lawsuit.

---

[1] Per agreement between the Parties, SMRH's response date to the Requests under Fed. R. Civ. P. 45(d)(2)(B) was extended two weeks, through April 21, 2023.

## **GENERAL OBJECTIONS**

SMRH objects to each of Blendtec's requests and the subpoena as untimely.  The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec noticed its subpoena on March 15, and served its subpoena on March 24, almost two months after the deadline. Blendtec's attempt to obtain discovery from BlendJet's trial counsel therefore amounts to a blatant attempt to circumvent the written discovery cutoff by seeking documents from SMRH that have – or could have – been obtained directly from Defendant BlendJet.  Blendtec's untimely subpoena is generally invalid and ineffective, and SMRH has no obligation to object, respond, or produce any documents in response to a subpoena that ultimately amounts to nothing more than an improper attempt to harass BlendJet's trial counsel.

SMRH also objects that the defined term "Sheppard Mullin" renders each request vague and ambiguous, overbroad, unduly burdensome, and oppressive.  SMRH will interpret the term "Sheppard Mullin" as Sheppard, Mullin, Richter & Hampton, LLP, its employees, partners and anyone acting on its behalf with respect to the trademark infringement action asserted by Blendtec.

SMRH objects to each of Blendtec's requests as unreasonable, excessive, abusive, unduly burdensome, and harassing in violation of Federal Rules of Civil Procedure 26(b)(1) and 45(d)(1) because the request is directed at the discovery of documents that are unquestionably protected by the attorney-client privilege and/or the work product doctrine, and is a clear attempt to disregard the scheduling order entered in the underlying case. Blendtec is not entitled to the discovery of such documents from SMRH.

SMRH objects to each of Blendtec's requests to the extent such request demands that SMRH perform actions, produce documents, and/or provide information that exceed the

requirements of the Federal Rules of Civil Procedure, Local Civil Rules for the District Court of Utah, or any applicable Court order.

SMRH objects to each of Blendtec's requests as overly broad, unduly burdensome, and neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case.

SMRH objects to each of Blendtec's requests to the extent they seek, or may be construed to seek, any document that is protected from discovery by reason of the attorney-client privilege and/or the work-product doctrine.  The objections stated below on the grounds of attorney-client privilege or work-product in no way limit this objection.  Nothing contained in these responses is intended to be, nor should be considered to be, a waiver of any attorney-client privilege or work-product immunity, or any other applicable privilege or doctrine.  To the extent any privileged or otherwise protected materials are inadvertently produced, SMRH does not waive any privileges or rights as to those documents – nor can it, given that the privilege at issue is held by its clients.

SMRH objects to each of Blendtec's requests to the extent it seeks restoration or de-archiving of data not readily accessible in the ordinary course of business.

SMRH objects to each and every request to the extent that any request is unreasonably cumulative or redundant of another request, and/or duplicative of information and documents sought directly from BlendJet during the underlying litigation.

SMRH incorporates each of the foregoing General Objections into each response below as if fully set forth therein.

SMRH'S RESPONSES AND OBJECTIONS TO
BLENDTEC'S SUBPOENA TO PRODUCE DOCUMENTS

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION 1:**

All documents and communications related to the evaluation, availability, and selection of the Blendjet Marks.

**RESPONSE TO REQUEST FOR PRODUCTION 1:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation.  It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel.  SMRH also objects because SMRH is not the attorney of record at the USPTO for the BlendJet Marks.

SMRH further objects to this request as cumulative, unduly burdensome, and disproportionate to the needs of this case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 3, 4, 5, and 6. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable

SMRH'S RESPONSES AND OBJECTIONS TO
BLENDTEC'S SUBPOENA TO PRODUCE DOCUMENTS

documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search.  And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 2:**

Any and all trademark searches, trademark clearance reports, or trademark monitoring reports generated or commissioned in connection with the Blendjet Marks, including the results thereof.

**RESPONSE TO REQUEST FOR PRODUCTION 2:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation.  It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel. SMRH also objects because SMRH is not the attorney of record at the USPTO for the BlendJet Marks.

SMRH further objects that this request is cumulative, unduly burdensome, and disproportionate to the needs of this case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 3, 4, 5, and 6. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 3:**

All documents related to Blendjet's applications for federal registration of the Blendjet Marks, and to the subsequent examination and registration of the Blendtec Marks.

**RESPONSE TO REQUEST FOR PRODUCTION 3:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to

this litigation.  It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel. SMRH also objects because SMRH is not the attorney of record at the USPTO for the BlendJet Marks.

SMRH further objects that this request is cumulative, unduly burdensome, and disproportionate to the needs of this case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 3, 4, 5, and 6. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

## REQUEST FOR PRODUCTION 4:

Any and all trademark searches, monitoring reports, or clearance reports generated or commissioned by or on behalf of Blendjet and that include the term "BLEND," including the results thereof.

## RESPONSE TO REQUEST FOR PRODUCTION 4:

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its

subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation.  It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel. SMRH also objects because SMRH is not the attorney of record at the USPTO for the BlendJet Marks.

SMRH further objects that this request is cumulative, unduly burdensome, and disproportionate to the needs of the case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 3-6, and 36-37. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 5:**

Any and all trademark searches, trademark clearance reports, or trademark monitoring reports generated or commissioned by or on behalf of Blendjet that relate to a "swirl" or "spiral" design feature, including the results thereof.

**RESPONSE TO REQUEST FOR PRODUCTION 5:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and

BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation.  It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel. SMRH also objects because SMRH is not the attorney of record at the USPTO for the BlendJet Marks.

SMRH further objects that this request is cumulative, unduly burdensome, and disproportionate to the needs of the case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 3-6 and 36-37. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 6:**

Documents sufficient to show whether you have access to, or have ever had access to, the legal@blendjet.com email address, and/or are included within the custodians for that email

address, as well as the dates during which you used, had access to, or were included within that email address.

**RESPONSE TO REQUEST FOR PRODUCTION 6:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "you" and "are included within the custodians for that email address," and is unlimited as to temporal scope.  SMRH objects to this request on the grounds that SMRH is a non-party and it is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from their litigation counsel. SMRH also objects on the grounds that this request exceeds the scope of discovery, is not proportional to the needs of the case, and is not relevant to the claims and defenses in this case.

**REQUEST FOR PRODUCTION 7:**

Any agreements between you and Blendjet related to Patrick McGill.

**RESPONSE TO REQUEST FOR PRODUCTION 7:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the

work product doctrine. To the extent that the request seeks communications between SMRH and

BlendJet, such communications are privileged. SMRH will not produce privileged documents

and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to

serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its

subpoena on March 24, almost two months after the deadline, and should not be permitted to

circumvent that deadline through improper means.

SMRH also objects to this request on the grounds that it is not relevant to any claim or

defense in this action. SMRH objects to this request on the grounds that SMRH is a third party

and the request is unduly burdensome, not proportional to the needs of the case, and goes beyond

the scope of discovery. SMRH further objects on the grounds that this request is vague and

ambiguous and overbroad as to "any agreements" and as to unlimited as to temporal scope.

**REQUEST FOR PRODUCTION 8:**

Any agreements between you and Patrick McGill related to Blendjet.

**RESPONSE TO REQUEST FOR PRODUCTION 8:**

SMRH objects to this request on the grounds that it seeks documents protected from

disclosure by the attorney-client privilege, including the common-interest privilege, and/or the

work product doctrine. To the extent that the request seeks communications between SMRH and

BlendJet, such communications are privileged. SMRH will not produce privileged documents

and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to

serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its

subpoena on March 24, almost two months after the deadline, and should not be permitted to

circumvent that deadline through this subpoena.

SMRH also objects to this request on the grounds that it is not relevant to any claim or defense in this action, and not proportional to the needs of this case. SMRH objects to this request on the grounds that SMRH is not a party to this action, and the request is unduly burdensome, oppressive and harassing. SMRH further objects on the grounds that this request is vague and ambiguous, fails to describe the documents sought with particularity, and overbroad as to the phrase "any agreements" and is unlimited as to temporal scope.

**REQUEST FOR PRODUCTION 9:**

Documents sufficient to show any ownership interest or equity stake held in Blendjet by Patrick McGill at any time.

**RESPONSE TO REQUEST FOR PRODUCTION 9:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH also objects on the grounds that this request exceeds the scope of discovery and is not relevant to the claims and defenses in this case, and not proportional to the needs of this case. SMRH objects to this request on the grounds that SMRH is a non-party and it is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from their litigation counsel. SMRH also objects on the grounds that the

information sought is not relevant to or any claim or defense in this action. SMRH further objects on the grounds that this request is vague and ambiguous and overbroad as to "any ownership interest or equity stake," and is unlimited as to temporal scope.

**REQUEST FOR PRODUCTION 10:**

Any and all documents showing that Patrick McGill's departure from Sheppard Mullin was related to his ownership of Blendjet, his role at Blendjet, or the Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION 10:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, California employee privacy rights in personnel records, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH also objects on the grounds that this request exceeds the scope of discovery, is not relevant to the claims and defenses in this case, and is not proportional to the needs of the case. SMRH objects to this request on the grounds that SMRH is a non-party and the request is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from their litigation counsel. SMRH further objects on the grounds that this request is vague, ambiguous and overbroad as to "was related to his ownership of Blendjet, his role at Blendjet, or the Litigation."

**REQUEST FOR PRODUCTION 11:**

All documents related to Blendjet's policies, guidelines, and/or procedures employed or practiced (or that ought to be employed or practiced) in the selection, maintenance, registration, and protection of its trademarks.

**RESPONSE TO REQUEST FOR PRODUCTION 11:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation. It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel. SMRH also objects because SMRH is not the attorney of record at the USPTO for the BlendJet Marks.

SMRH further objects that this request is cumulative, unduly burdensome, and disproportionate to the needs of the case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 2-6, and 31. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable

documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

## REQUEST FOR PRODUCTION 12:

All documents that comprise or refer to surveys, focus groups, or market studies, or any other type of assessment that either Sheppard Mullin, Blendjet, or Patrick McGill has conducted – or that any other third party has conducted on any of their behalf – in connection with the Blendjet Marks and/or the Blendjet products.

## RESPONSE TO REQUEST FOR PRODUCTION 12:

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation. It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel. SMRH

further objects to this request on the grounds that it is overbroad, vague and ambiguous as worded, specifically as to "all documents that comprise or refer to," and fails to describe the documents sought with reasonable particularity.

SMRH further objects that this request is cumulative, unduly burdensome, and disproportionate to the needs of the case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 3-6, 8, 11, 13-15, 27-28, and 34. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

## REQUEST FOR PRODUCTION 13:

All documents evidencing or related to any effort to police, enforce, and/or defend the Blendjet Marks, including but not limited to any and all cease and desist letters that Blendjet has sent or received in relation to the Blendjet Marks.

## RESPONSE TO REQUEST FOR PRODUCTION 13:

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its

subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation.  It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel.  SMRH also objects because SMRH is not the attorney of record at the USPTO for the BlendJet Marks.

SMRH further objects that this request is cumulative, unduly burdensome, and disproportionate to the needs of the case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 2-6, 10, 22-23, and 31-32. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

## REQUEST FOR PRODUCTION 14:

All documents evidencing or relating to any disputes that Blendjet has had with any third parties that relate to or reference the Blendjet Marks.

## RESPONSE TO REQUEST FOR PRODUCTION 14:

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and

BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation.  It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel. SMRH also objects because SMRH is not the attorney of record at the USPTO for the BlendJet Marks.

. SMRH further objects that this request is cumulative, unduly burdensome, and disproportionate to the needs of the case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 2-6, 10, 22-23, and 31-32. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 15:**

Documents and communications with third parties regarding or referencing Blendtec.

**RESPONSE TO REQUEST FOR PRODUCTION 15:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation. It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel. SMRH further objects that this request fails to describe the documents sought with reasonable particularity, and is vague, ambiguous, and overbroad as to its request for production of any and all "[d]ocuments and communications with third parties regarding or referencing Blendtec," and is unlimited as to temporal scope.

SMRH further objects that this request is cumulative, unduly burdensome, and disproportionate to the needs of the case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 2-6, 10, 22-23, and 31-32. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests

that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 16:**

Documents and communications with third parties regarding or referencing this Litigation, by way of example but without limitation, *see* the document produced as JET00014130, which is a document within the scope of this request (*i.e.*, a communication with a third party referencing this Litigation).

**RESPONSE TO REQUEST FOR PRODUCTION 16:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation.  It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel.  SMRH

further objects that this request is overbroad as to scope, and fails to describe the documents
sought with reasonable particularity.

SMRH further objects that this request is cumulative, unduly burdensome, and
disproportionate to the needs of the case to the extent that it is duplicative of Blendtec's requests
for production to BlendJet, specifically RFP Nos. 2-6, 10, 22-23, and 31-32. BlendJet has agreed
to produce and has already produced, or is in the process of producing, non-privileged, non-
objectionable documents and communications (if any) responsive to those discovery requests
that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is
not duplicative of document requests Blendtec already served on BlendJet, the request
improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 17:**

Documents sufficient to identify all Blendjet employees or agents who corresponded with
Sheppard Mullin regarding the conception, development, selection, consideration, investigation,
searching, evaluation of availability, application, registration, maintenance, and/or enforcement
of any actual potential trademark or service mark for Blendjet.

**RESPONSE TO REQUEST FOR PRODUCTION 17:**

SMRH objects to this request on the grounds that it seeks documents protected from
disclosure by the attorney-client privilege, including the common-interest privilege, and/or the
work product doctrine. To the extent that the request seeks communications between SMRH and
BlendJet, such communications are privileged. SMRH will not produce privileged documents
and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to
serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its

subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation.  It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel.  SMRH also objects because SMRH is not the attorney of record at the USPTO for the BlendJet Marks.

SMRH further objects that this request is cumulative, unduly burdensome, and disproportionate to the needs of the case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 2-6. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 18:**

All documents evidencing or relating to any assignments, licenses, or other agreements of any type entered into by Blendjet that relate or reference the Blendjet Marks.

**RESPONSE TO REQUEST FOR PRODUCTION 18:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and

BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation.  It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel.

SMRH further objects that this request is cumulative, unduly burdensome, and disproportionate to the needs of the case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP No. 20. BlendJet has agreed to produce and already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**<u>REQUEST FOR PRODUCTION 19</u>:**

All agreements between Blendjet and any third parties that contain restrictive covenants, non-compete agreements, or agreements related to Blendjet's intellectual property and all related correspondence and negotiations with third parties.

SMRH'S RESPONSES AND OBJECTIONS TO
BLENDTEC'S SUBPOENA TO PRODUCE DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION 19:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation.  It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel.  SMRH further objects that this request fails to describe the documents sought with reasonable particularity and is vague and ambiguous as to the terms and phrases "restrictive covenants," "non-compete agreements," "agreements," and "intellectual property."  SMRH also objects on the grounds that this request exceeds the scope of discovery, is not proportional to the needs of the case, is unlimited as to temporal scope, and is not relevant to the claims and defenses in this case.

SMRH further objects that this request is cumulative, unduly burdensome, and disproportionate to the needs of the case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP No. 20. BlendJet has agreed to produce and already

produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 20:**

All documents that relate to, refer to, or discuss Blendtec, including but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the Blendtec Marks, and or the Blendtec products.

**RESPONSE TO REQUEST FOR PRODUCTION 20:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation. It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel. SMRH

further objects that this request fails to describe the documents sought with reasonable particularity, and on the grounds that this request exceeds the scope of discovery, is not proportional to the needs of the case, is unlimited as to temporal scope, and is not relevant to the claims and defenses in this case.

SMRH further objects that this request is cumulative, unduly burdensome, and disproportionate to the needs of the case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 2-5, 8, 10, and 15. BlendJet has agreed to produce and already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 21:**

All documents comprising or otherwise containing any factual background or analysis of any factual material related to the Blendtec Marks and/or Blendtec products.

**RESPONSE TO REQUEST FOR PRODUCTION 21:**

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its

subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome and oppressive. There are less burdensome ways of obtaining the requested documents and communications because they are in the possession, custody or control of Defendant BlendJet, who is a party to this litigation.  It is unduly burdensome, oppressive and harassing to seek documents that are in the possession, custody or control of the parties from BlendJet's litigation counsel.  SMRH further objects that this request fails to describe the documents sought with reasonable particularity, is vague and ambiguous as to "any factual background or analysis of any factual material," exceeds the scope of discovery, is not proportional to the needs of the case, is unlimited as to temporal scope, and is not relevant to the claims and defenses in this case. .

SMRH further objects that this request is cumulative, unduly burdensome, and disproportionate to the needs of the case to the extent that it is duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 2-5, 8, 10, and 15. BlendJet has agreed to produce and already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**<u>REQUEST FOR PRODUCTION 22</u>:**

Any cover letter, transfer memo, or similar transition document that accompanies any documents responsive to any of the foregoing requests when they were transferred into Sheppard Mullin's possession, custody, or control, or into Patrick McGill's possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION 22**:

SMRH objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

SMRH further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that the request is overbroad, unduly burdensome, oppressive, and harassing.  SMRH further objects that this request fails to describe the documents sought with reasonable particularity.  SMRH further objects to this request on the grounds that it is not relevant to any claim or defense, and is not proportional to the needs of this case.


Dated: April 21, 2023

                           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                     By                       */s/ Jesse A. Salen*

                                 MARTIN R. BADER
                                 JESSE A. SALEN

                          Attorneys for Sheppard, Mullin, Richter & Hampton LLP

## <u>CERTIFICATE OF SERVICE</u>

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 12275 El Camino Real, Suite 100, San Diego, CA 92130.

On April 21, 2023, I caused to be served a true copy of **NON-PARTY SHEPPARD MULLIN RICHTER & HAMPTON LLP'S RESPONSES AND OBJECTIONS TO BLENDTEC INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** on the interested parties in this matter as follows:

BY E-MAIL OR ELECTRONIC TRANSMISSION: I caused a copy of the document(s) to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT  84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec, Inc.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 21, 2023, at San Diego, California.

By:  _____
            */s/ Jesse A. Salen*
            JESSE A. SALEN

SMRH'S RESPONSES AND OBJECTIONS TO
BLENDTEC'S SUBPOENA TO PRODUCE DOCUMENTS