**EXHIBIT 28**

MARTIN R. BADER (*Pro hac vice*)
mbader@sheppardmullin.com
JESSE A. SALEN (*Pro hac vice*)
jsalen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691

PATRICK McGILL (*Pro hac vice*)
patrick@mcgillco.com
MCGILL & CO., P.C.
5580 La Jolla Blvd, Suite 39
La Jolla, CA 92037
Tel: (619) 974-8886

Nathan D. Thomas (USB #119650)
Elizabeth M. Butler (USB #13658)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 536-1234
nthomas@parsonsbehle.com
ebutler@parsonsbehle.com

*Attorneys for Defendant BlendJet Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>        Defendant. | **BLENDJET'S OBJECTIONS TO BLENDTEC INC.'S SUBPOENA SERVED ON NON- PARTY SMRH TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

-1-

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and any other applicable rules of law, Defendant BlendJet Inc. ("BlendJet"), responds and objects to Blendtec Inc.'s ("Blendtec") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Requests"), which was served on Sheppard, Mullin, Richter & Hampton LLP ("SMRH"), on March 24, 2023.[1]

## **GENERAL OBJECTIONS**

BlendJet objects to each of Blendtec's requests and the subpoena as untimely.  The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec noticed its subpoena on March 15, and served its subpoena on March 24, almost two months after the deadline for service of written discovery. Blendtec's attempt to obtain discovery from BlendJet's trial counsel therefore amounts to a blatant attempt to circumvent the written discovery cutoff by seeking documents from SMRH that have – or could have – been obtained directly from BlendJet.  Blendtec's untimely subpoena is generally invalid and ineffective, and BlendJet has no obligation to object to a subpoena that ultimately amounts to nothing more than an improper attempt to harass BlendJet's trial counsel.

Nevertheless, BlendJet objects to each of Blendtec's requests as unreasonable, excessive, abusive, and harassing in violation of Federal Rules of Civil Procedure 26(b)(1) and 45(d)(1). The great majority of the requests are directed at the discovery of documents that are unquestionably protected by the attorney-client privilege and/or the work product doctrine, and the subpoena is a clear attempt to disregard the scheduling order entered in the underlying case. Blendtec is not entitled to the production of documents from SMRH that are covered by the attorney-client privilege, work product doctrine, or any other immunity or privilege held by

---

[1] Per agreement between the Parties, SMRH's response date to the Requests under Fed. R. Civ. P. 45(d)(2)(B) was extended two weeks, through April 21, 2023.

BlendJet – and BlendJet has standing to object to such requests. *Crispin v. Christian Audigier,
Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010) (a party to the action may challenge a non-
party subpoena if it "claims some personal right or privilege with regard to the documents
sought.") (quoting 9A Charles Wright & Arthur Miller, Federal Practice & Procedure, § 2459
(3d ed. 2008)).

BlendJet incorporates each of the foregoing General Objections into each response
below, as if fully set forth therein.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION 1:

All documents and communications related to the evaluation, availability, and selection
of the Blendjet Marks.

### RESPONSE TO REQUEST FOR PRODUCTION 1:

BlendJet objects to this request on the grounds that it seeks documents protected from
disclosure by the attorney-client privilege, including the common-interest privilege, and/or the
work product doctrine. To the extent that the request seeks communications between SMRH and
BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to
serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its
subpoena on March 24, almost two months after the deadline, and should not be permitted to
circumvent that deadline through this subpoena.

BlendJet further objects to this request as cumulative and duplicative of Blendtec's
requests for production to BlendJet, specifically RFP Nos. 3, 4, 5, and 6. BlendJet has agreed to
produce and has already produced, or is in the process of producing, non-privileged, non-
objectionable documents and communications (if any) responsive to those discovery requests

that BlendJet could locate after a reasonably diligent search.  And, to the extent that this request is not duplicative of document requests that Blendtec has already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 2:**

Any and all trademark searches, trademark clearance reports, or trademark monitoring reports generated or commissioned in connection with the Blendjet Marks, including the results thereof.

**RESPONSE TO REQUEST FOR PRODUCTION 2:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 3, 4, 5, and 6. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests that Blendtec has already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 3:**

All documents related to Blendjet's applications for federal registration of the Blendjet Marks, and to the subsequent examination and registration of the Blendtec Marks.

**RESPONSE TO REQUEST FOR PRODUCTION 3:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 3, 4, 5, and 6. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests that Blendtec has already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 4:**

Any and all trademark searches, monitoring reports, or clearance reports generated or commissioned by or on behalf of Blendjet and that include the term "BLEND," including the results thereof.

**RESPONSE TO REQUEST FOR PRODUCTION 4:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 3-6, and 36-37. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests that Blendtec has already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 5:**

Any and all trademark searches, trademark clearance reports, or trademark monitoring reports generated or commissioned by or on behalf of Blendjet that relate to a "swirl" or "spiral" design feature, including the results thereof.

**RESPONSE TO REQUEST FOR PRODUCTION 5:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the

work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 3-6 and 36-37. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests that Blendtec has already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 6:**

Documents sufficient to show whether you have access to, or have ever had access to, the legal@blendjet.com email address, and/or are included within the custodians for that email address, as well as the dates during which you used, had access to, or were included within that email address.

**RESPONSE TO REQUEST FOR PRODUCTION 6:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet also objects to the request because it exceeds the scope of discovery and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.

**REQUEST FOR PRODUCTION 7:**

Any agreements between you and Blendjet related to Patrick McGill.

**RESPONSE TO REQUEST FOR PRODUCTION 7:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through improper means.

BlendJet also objects to the request because it exceeds the scope of discovery and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.

**REQUEST FOR PRODUCTION 8:**

Any agreements between you and Patrick McGill related to Blendjet.

**RESPONSE TO REQUEST FOR PRODUCTION 8:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet also objects to the request because it exceeds the scope of discovery and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.

**REQUEST FOR PRODUCTION 9:**

Documents sufficient to show any ownership interest or equity stake held in Blendjet by Patrick McGill at any time.

**RESPONSE TO REQUEST FOR PRODUCTION 9:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its

subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet also objects to the request because it exceeds the scope of discovery and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.

**REQUEST FOR PRODUCTION 10:**

Any and all documents showing that Patrick McGill's departure from Sheppard Mullin was related to his ownership of Blendjet, his role at Blendjet, or the Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION 10:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, California employee privacy rights in personnel records, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged. SMRH will not produce privileged documents and communications.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet also objects to the request because it exceeds the scope of discovery and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.

## REQUEST FOR PRODUCTION 11:

All documents related to Blendjet's policies, guidelines, and/or procedures employed or practiced (or that ought to be employed or practiced) in the selection, maintenance, registration, and protection of its trademarks.

## RESPONSE TO REQUEST FOR PRODUCTION 11:

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 2-6, and 31. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests that Blendtec has already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

## REQUEST FOR PRODUCTION 12:

All documents that comprise or refer to surveys, focus groups, or market studies, or any other type of assessment that either Sheppard Mullin, Blendjet, or Patrick McGill has conducted

– or that any other third party has conducted on any of their behalf – in connection with the Blendjet Marks and/or the Blendjet products.

**RESPONSE TO REQUEST FOR PRODUCTION 12:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 3-6, 8, 11, 13-15, 27-28, and 34. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests that Blendtec has already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 13:**

All documents evidencing or related to any effort to police, enforce, and/or defend the Blendjet Marks, including but not limited to any and all cease and desist letters that Blendjet has sent or received in relation to the Blendjet Marks.

**RESPONSE TO REQUEST FOR PRODUCTION 13:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 2-6, 10, 22-23, and 31-32. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests that Blendtec has already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 14:**

All documents evidencing or relating to any disputes that Blendjet has had with any third parties that relate to or reference the Blendjet Marks.

**RESPONSE TO REQUEST FOR PRODUCTION 14:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the

work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

SMRH further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 2-6, 10, 22-23, and 31-32. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests that Blendtec has already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 15:**

Documents and communications with third parties regarding or referencing Blendtec.

**RESPONSE TO REQUEST FOR PRODUCTION 15:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its

subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet also objects to the request because it exceeds the scope of discovery and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.

BlendJet further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 2-6, 10, 22-23, and 31-32. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests that Blendtec has already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

## REQUEST FOR PRODUCTION 16:

Documents and communications with third parties regarding or referencing this Litigation, by way of example but without limitation, *see* the document produced as JET00014130, which is a document within the scope of this request (*i.e.*, a communication with a third party referencing this Litigation).

## RESPONSE TO REQUEST FOR PRODUCTION 16:

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet (and Blendtec acknowledges that it is, in the text of the request itself), specifically RFP Nos. 2-6, 10, 22-23, and 31-32. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 17:**

Documents sufficient to identify all Blendjet employees or agents who corresponded with Sheppard Mullin regarding the conception, development, selection, consideration, investigation, searching, evaluation of availability, application, registration, maintenance, and/or enforcement of any actual potential trademark or service mark for Blendjet.

**RESPONSE TO REQUEST FOR PRODUCTION 17:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its

subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet objects to this request on the grounds that it is vague and ambiguous as to the terms and phrases "corresponded," "you," "conception," "development," "selection," "consideration," "investigation," "searching," "evaluation of," "availability," "application," "registration," "maintenance," "enforcement," "any actual potential," and "trademark or service mark," and because the request is unlimited as to temporal scope. BlendJet also objects because this request contains a multitude of subparts such that it is astoundingly compound. BlendJet also objects to the request because it is exceeds the scope of discovery and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.

BlendJet further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 2-6. BlendJet has agreed to produce and has already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests Blendtec already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

## REQUEST FOR PRODUCTION 18:

All documents evidencing or relating to any assignments, licenses, or other agreements of any type entered into by Blendjet that relate or reference the Blendjet Marks.

## RESPONSE TO REQUEST FOR PRODUCTION 18:

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the

work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet also objects to the request because it exceeds the scope of discovery and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.

BlendJet further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet, specifically RFP No. 20. BlendJet has agreed to produce and already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests that Blendtec has already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 19:**

All agreements between Blendjet and any third parties that contain restrictive covenants, non-compete agreements, or agreements related to Blendjet's intellectual property and all related correspondence and negotiations with third parties.

**RESPONSE TO REQUEST FOR PRODUCTION 19:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the

work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet objects to this request on the grounds that it is vague and ambiguous as to the phrase "[a]ll agreements," "restrictive covenants," "non-compete agreements," "agreements related to Blendjet's [*sic*]," and "intellectual property," and because the request is unlimited as to temporal scope. BlendJet also objects to the request because it is exceeds the scope of discovery and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.

BlendJet further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet, specifically RFP No. 20. BlendJet has agreed to produce and already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests that Blendtec has already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

## **REQUEST FOR PRODUCTION 20:**

All documents that relate to, refer to, or discuss Blendtec, including but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the Blendtec Marks, and or the Blendtec products.

**RESPONSE TO REQUEST FOR PRODUCTION 20:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet also objects to the request because it exceeds the scope of discovery and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.

BlendJet further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 2-5, 8, 10, and 15. BlendJet has agreed to produce and already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests that Blendtec has already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 21:**

All documents comprising or otherwise containing any factual background or analysis of any factual material related to the Blendtec Marks and/or Blendtec products.

**RESPONSE TO REQUEST FOR PRODUCTION 21:**

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.) Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet also objects to the request because it exceeds the scope of discovery and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.

BlendJet further objects that this request is cumulative and duplicative of Blendtec's requests for production to BlendJet, specifically RFP Nos. 2-5, 8, 10, and 15. BlendJet has agreed to produce and already produced, or is in the process of producing, non-privileged, non-objectionable documents and communications (if any) responsive to those discovery requests that BlendJet could locate after a reasonably diligent search. And, to the extent that this request is not duplicative of document requests that Blendtec has already served on BlendJet, the request improperly attempts to circumvent the written discovery deadline in this case.

**REQUEST FOR PRODUCTION 22:**

Any cover letter, transfer memo, or similar transition document that accompanies any documents responsive to any of the foregoing requests when they were transferred into Sheppard Mullin's possession, custody, or control, or into Patrick McGill's possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION 22**:

BlendJet objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, including the common-interest privilege, and/or the work product doctrine. To the extent that the request seeks communications between SMRH and BlendJet, such communications are privileged.

BlendJet further objects to this request on the grounds that it is untimely. The last day to serve written discovery was January 28, 2023. (ECF 35; ECF 90 at 2.)  Blendtec served its subpoena on March 24, almost two months after the deadline, and should not be permitted to circumvent that deadline through this subpoena.

BlendJet also objects to the request because it exceeds the scope of discovery and fails to describe the documents sought with reasonable particularity because it requests information that is not relevant to any of the claims and defenses at issue in this case.

Dated: April 21, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  _____/s/ Jesse A. Salen_____
        MARTIN R. BADER
        JESSE A. SALEN

_Attorneys for BlendJet Inc._

## <u>CERTIFICATE OF SERVICE</u>

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 12275 El Camino Real, Suite 100, San Diego, CA 92130.

On April 21, 2023, I caused to be served a true copy of **BLENDJET'S OBJECTIONS TO BLENDTEC INC.'S SUBPOENA SERVED ON NON- PARTY SMRH TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** on the interested parties in this matter as follows:

BY E-MAIL OR ELECTRONIC TRANSMISSION: I caused a copy of the document(s) to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

> Brett Foster (#6089)
> Grant Foster (#7202)
> Tamara Kapaloski (#13471)
> **DORSEY & WHITNEY LLP**
> 111 S. Main Street, Suite 2100
> Salt Lake City, UT  84111
> Telephone: (801) 933-7360
> Facsimile:  (801) 933-7373
> foster.brett@dorsey.com
> foster.grant@dorsey.com
> kapaloski.tammy@dorsey.com
>
> *Attorneys for Plaintiff Blendtec, Inc.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 21, 2023, at San Diego, California.

By:  _____  */s/ Jesse A. Salen*  _____
JESSE A. SALEN