Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>Defendant. | **BLENDTEC'S MOTION TO COMPEL PATRICK MCGILL AND SHEPPARD MULLIN TO PRODUCE DOCUMENTS RESPONSIVE TO BLENDTEC'S SUBPEONAS**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead<br><br>**[REDACTED FOR PUBLIC FILING]** |

The deadline to serve written discovery was January 23, 2023. ECF 35. Blendjet and its counsel, Patrick McGill ("McGill") and Sheppard Mullin ("SM"), failed to disclose **until *after* that deadline** the role that McGill, Blendjet's lead counsel, has held at Blendjet since its founding.

Kapaloski Declaration ("Decl.") ¶18. For instance, Blendjet refused to modify the protective order such that each party's General Counsel could view AEO documents, **but failed to disclose that McGill is Blendjet's "**████████**"** Decl.¶8). When Blendtec objected to Blendjet's attempt to disclose AEO information to Blendjet's CEO on the ground that "an individual with an ownership interest in a party" should not be permitted to view AEO information, **McGill failed to disclose his** ████████████. Decl.¶9. When expressly asked, **Blendjet failed to disclose McGill's provision of intellectual property services to Blendjet**. Decl.¶¶11-12.

Blendjet produced no documents prior to the January 23 deadline disclosing McGill's role at Blendjet prior to this action. Decl.¶17. In mid-February, Blendjet produced documents revealing <u>for the first time</u> McGill's in-house role at Blendjet. Decl.¶23. **During the pendency of this lawsuit**, Blendjet's CEO certified that McGill is Blendjet's "████████" (Decl.¶29). On March 31, Blendjet produced a document disclosing that McGill is ██████████████████████████████████████. Decl.¶53.

Blendtec immediately issued subpoenas to discover McGill's role at Blendjet. Decl.¶33. Blendjet, McGill, and SM stonewalled, initially representing that all non-privileged documents had been produced. Decl.¶¶34-44. This was false. Id.¶45. After much delay, Blendjet, McGill, and SM finally responded to the subpoenas and have refused to produce any documents. Decl.¶¶47-52. *See* Decl. Exhibits 22; 25-26.

Their objections are meritless. Although they previously represented that all non-privileged documents had been produced (Decl.¶¶41-42), they now object to the subpoenas as untimely. Decl. Exhs. 25-26. But, Blendjet did not disclose McGill's role at Blendjet **until after the January 23 deadline**. Decl.¶¶17-18. *See Orem v. Evanston*, 2017 WL 3731242, at *2 (D. Utah 2017)

(subpoena served after deadline to serve discovery requests not untimely where party "acted promptly after discovering [facts] to serve the subpoena"). SM and McGill assert blanket privilege objections, but the requests are narrowly tailored to avoid privilege and they must produce a privilege log for privileged documents. ECF 88 (Court's March 3 Order) at 6 ("there are no blanket claims of privilege"). SM and McGill also asserted a bevy of improper conclusory objections. ECF 100 (Court's April 4 Order) at 9 ("The court finds…overly broad, unduly burdensome, and relevancy objections improper…because they lack specificity. Blendjet does not articulate the specific burden or how the request is irrelevant.").

SM and McGill should be ordered to produce documents responsive to the subpoenas and to pay attorneys' fees incurred by this motion.

On May 1 (11:30am), Blendtec's counsel (Brett Foster and Tammy Kapaloski) conferred with Blendjet's counsel (Jesse Salen and Martin Bader), but were unable to resolve the issue. Counsel has also conferred in writing without success (**Exhibit 1**).

DATED this 2nd day of May, 2023.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Grant Foster (#7202)
Tamara L. Kapaloski (#13471)

*Attorneys for Plaintiff Blendtec Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May, 2023, a true and correct copy of the foregoing document was served on counsel of record via the Courts CM/ECF System which sent notice to counsel of record:

Martin R. Bader: mbader@sheppardmullin.com
Jesse A. Salen: jsalen@sheppardmullin.com
Patrick M. McGill: patrick@mcgillco.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: lbutler@parsonsbehle.com

/s/ Tamara L. Kapaloski