MARTIN R. BADER (*Pro hac vice*)
mbader@sheppardmullin.com
JESSE A. SALEN (*Pro hac vice*)
jsalen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:     858.720.8900

Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 532-1234
nthomas@parsonsbehle.com
lbutler@parsonsbehle.com

*Attorneys for BlendJet Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>Defendant. | **BLENDJET'S RESPONSE TO BLENDTEC'S MOTION TO COMPEL PATRICK MCGILL AND SHEPPARD MULLIN TO PRODUCE DOCUMENTS RESPONSIVE TO BLENDTEC'S SUBPOENAS [Dkt 107]**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Blendtec's motion to compel should be denied for the following reasons.

**First**, Blendtec's motion is not properly brought in this District. Rule 45(d)(2)(B)(i) requires a motion to enforce a subpoena to be brought in "the district where compliance is required." *Amann v. Office of Utah Attorney General*, Case No. 2:18-cv-00341, 2022 WL 3153875 (D. Utah Aug. 8, 2022). Blendtec's subpoenas seek compliance in Irvine, California.[1] (ECF 108-22 at 7, 19.) Thus, Blendtec can only enforce those subpoenas in the Central District of California. Blendtec's motion should be denied on this basis alone.

**Second**, the motion is premature. The meet and confer process has not been completed. Sheppard Mullin, Mr. McGill, and BlendJet timely objected to the subpoenas on April 21, 2023 (ECF 108-25 through 108-28) and promptly conferred with Blendtec on May 1, 2023 regarding the subpoenas. After Blendtec clarified that it was just concerned with Mr. McGill's ability to comply with the protective order in view of its mistaken understanding of the nature of Mr. McGill's representation of BlendJet, Mr. McGill's counsel immediately requested additional information and offered to "consider that information and work . . . in good faith to alleviate [Blendtec's] concerns." (Exhibit 1.) Indeed, long before the motion was filed, BlendJet had produced non-privileged documents responsive to Blendtec's requests disclosing Mr. McGill's representation of BlendJet in matters other than this litigation. Unfortunately, Blendtec filed this motion the day following the parties' first meet and confer instead of working with BlendJet to determine whether additional documents could be produced by BlendJet to shed further light on the fact that Mr. McGill has never been employed by BlendJet, has always served as its outside counsel, and is not BlendJet's "General Counsel."

---

[1] Blendtec could not require compliance in this District because it did not and cannot demonstrate that either Mr. McGill or Sheppard Mullin "resides, is employed, or regularly transacts business in person" within 100 miles of this Court. Fed. R. Civ. P. 45(c)(2).

**Third**, the motion seeks to compel compliance with untimely written discovery requests. Those requests were served on April 21, 2023—three months after the January 23, 2023 deadline. (ECF 35.)

**Finally**, the Court should sustain BlendJet's and the non-parties' timely objections to Blendtec's forty-four document requests to Sheppard Mullin and Mr. McGill because they are overbroad, unduly burdensome, oppressive, harassing, duplicative of requests already served on BlendJet, and are not relevant to any claim or defense in this case in that they broadly seek all documents relating to Sheppard Mullin's and Mr. McGill's general representation of BlendJet. (ECF 108-26 through 108-28.) Blendtec could have simply requested documents sufficient to show whether Mr. McGill is or has ever been a competitive decision maker at BlendJet as it relates to his ability to comply with the protective order. If it had done so, Mr. McGill could have alleviated Blendtec's concerns by demonstrating that he has not and has never been an employee, officer, "General Counsel," or competitive decision maker at Blendtec.

The motion should be denied.

| | |
|---|---|
| Respectfully submitted this 9th day of May, 2023. | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>Martin R. Bader (*pro hac vice*)<br>Jesse A. Salen (*pro hac vice*)<br><br>**PARSONS BEHLE & LATIMER**<br>Nathan D. Thomas (USB #11965)<br>Elizabeth M. Butler (USB #13658)<br><br>*/s/ Nathan D. Thomas*<br><br>*Attorneys for BlendJet Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an electronic notification to counsel of record for all parties, including the following:

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT  84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

/s/ Nathan D. Thomas