IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLENDTEC INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLENDJET, INC., a Delaware corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-668 TC DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendant Blendjet Inc. moves to compel responses to the subpoena it issued to MarketStar QOZ Business, LLC. (ECF No. 78.)[1] MarketStar is a sister company of Plaintiff Blendtec and both are owned by the same company Wasatch Capital. In addition, they share the same CEO and CFO, and the same legal counsel. For the reasons set forth herein the court grants the motion in part.

## BACKGROUND

The parties in this action both manufacture and sell blending machines. In 2010 Blendtec's corporate parent at the time, K-Tec, Inc., sought and received a registration from the USPTO in 2011 a trademark for a swirl design logo to use in connection with blenders. Blendtec has used this mark in connection with its blenders and advertising on its website, and in other forums, such as social media platforms.

In approximately October 2017, Plaintiff alleges that Blendjet began using a swirl design in connection with its blenders. In May 2019, the USPTO issued a registration for Blendjet's

---

[1] This matter is referred to the undersigned pursuant to 28 U.S.C. § (b)(1)(A) for determining all nondispositive pretrial matters. (ECF No. 21.)

mark and in June 2019, Blendjet filed an application to register a swirl design for its blenders. An example of both companies marks from their respective websites is as follows:

blendtec. blendjet

Blendtec alleges consumer confusion between the marks and brings claims for trademark infringement under §32 of the Lanham Act, false designation under §43 of the Lanham Act, unfair competition, trademark dilution, violations of certain Utah laws regarding trademarks and business practices, and requests that Blendjet's mark be cancelled under 15 U.S.C. § 1119.

The current dispute centers on a subpoena issued by Blendjet to MarketStar.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b) sets forth the general scope of discovery and permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Although the scope of discovery under the federal rules is broad, parties may not engage in a "fishing expedition" attempting to obtain evidence to support their claims or defenses. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000). Therefore, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1).

Federal Rule of Civil Procedure Rule 45 governs the form and issuance of subpoenas and operates within the confines of Rule 26. *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.* 211 F.R.D. 658, 662 (D. Kan. 2003); *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995). In certain circumstances the court may or must quash a subpoena on a timely motion. These include if a subpoena inter alia: (1) fails to allow a

reasonable time to comply; (2) is outside certain geographical limits as set forth in Rule 45(c); (3) requires the disclosure of privileged or other protected matter, if no exception or waiver applies; (4) subjects a person to undue burden or (5) requires the disclosure of a trade secret or other certain sensitive information. Fed. R. Civ. P. 45(d)(3)(A), (d)(3)(B).

## DISCUSSION

As noted previously, discovery is construed broadly but it is not without limits. Blendjet seeks to compel the production of documents in response to the subpoena it served on MarketStar. Blendjet asserts production of the documents is needed to "ensure materials are not shielded from discovery merely because they are solely in the possession of MarketStar." (ECF No. 78 p. 2-3.) Blendjet alleges that "MarketStar says Blendtec has possession of responsive documents; Blendtec says it does not." (ECF No. 78 p. 3.)

In response, MarketStar argues the subpoena is vastly over broad, seeks irrelevant documents, and is an attempt to circumvent Federal Rule 34, the ESI Protocol, and the Scheduling order.

Before turning to the individual requests, the court notes it is not persuaded by MarketStar's arguments that Blendjet is attempting to circumvent Rule 34, the ESI Protocol, or the scheduling order. The Federal Rules allow for subpoenas to be served on third parties. There has been no prior court ruling on a numerical limit regarding Rule 34 requests as in *Ramey v. Cmty. State Bank*, 2018 U.S. Dist. LEXIS 247304, *2-3 (N.D. Okla. 2018), which is relied on by MarketStar. Moreover, the ESI protocol and scheduling order have not been violated by the subpoena. The court does, however, have concern with the breadth of the subpoenas as discussed below.

The subpoena requests are as follows:

REQUEST NO. 1:
All documents that relate to, refer to, or discuss Blendtec, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the Blendtec Marks, and/or the Blendtec Products.

REQUEST NO. 2:
All documents related to any relationship, agreements, or joint venture between MarketStar and any entity with a corporate name or registered trademark that includes the word "blend," including but not limited to Blendtec.

REQUEST NO. 3:
Any and all Searches or monitoring reports generated or commissioned in connection with the Blendtec Marks, including the results thereof.

REQUEST NO. 4:
All documents related to or emanating from MarketStar employee Keith Titus's relationship and work with Blendtec, including, but not limited to, any communications between Mr. Titus and any Blendtec employees, contractors, and/or outside legal counsel.

REQUEST NO. 5:
All documents related to or emanating from MarketStar employee Ben Kaufman's relationship and work with Blendtec, including, but not limited to, any communications between Mr. Kaufman and any Blendtec employees, contractors, and/or outside legal counsel.

REQUEST NO. 6:
All documents related to or emanating from any MarketStar employee's (other than Mr. Titus and Mr. Kaufman) relationship and work with Blendtec, including, but not limited to, any communications between those employees and any Blendtec employees, contractors, and/or outside legal counsel.

REQUEST NO. 7:
All documents relating or referring to portable blenders, including any analyses, studies, customer surveys, and/or internal memoranda related to the market, competitive landscape, or features or functionalities related to portable blenders.

REQUEST NO. 8:
All documents constituting or referring to any comparison, study, research, or report related to the performance of any portable blender (including, but not limited to any BlendJet product) vis-à-vis traditional counter-top blenders, including Blendtec blenders.

REQUEST NO. 9:

> All documents that relate to, refer to, or discuss BlendJet, including, but not limited to, its brand, customers, marketing and/or advertising strategies, competitors, the BlendJet Marks, and/or the BlendJet Products.
>
> REQUEST NO. 10:
> All documents and communications related to Blendtec's decision to send a cease and desist letter to BlendJet, and to file the Complaint.
>
> REQUEST NO. 11:
> Documents sufficient to describe the relationship among Blendtec, MarketStar, and Wasatch Group, including, but not limited to, any investment or loan made by Wasatch Group (or any party related thereto) in or to Blendtec (or any party related thereto), and the results and present status of any such relationship.
>
> REQUEST NO. 12:
> All documents related to, or otherwise referencing, the Current Litigation

(ECF No. 78-2 p. 20-22.)

The court finds the requests overbroad because there is no time limitation in the subpoena requests. Blendjet is to redraft the requests with a reasonable time limitation related to the events in this case. The court is persuaded the requests are relevant as they pertain to the issues in this case. MarketStar's objection regarding relevant is overruled. The discovery obtained by Blendjet need not be admissible at trial to be discoverable at this time.

The court does agree with MarketStar's concerns about the burden and undue expense of providing the discovery. Therefore, to prevent "undue burden or expense" Fed. R. Civ. P. 26(c)(1), MarketStar does not need to produce any responsive documents and communications that have already been produced by Blendtec. MarketStar is to specifically identify the information that is responsive to the subpoena requests that Blendtec has already produced. The fact that Blendtec and MarketStar are "sister companies" with overlapping counsel and executives both simplifies and complicates this case. Cooperation between Blendtec and MarketStar in responding to discovery will reduce costs and simplify discovery. The close ties between the companies, however, potentially complicates this case by increasing the possibility

5

of hiding discovery by moving it from one company in another. To be clear, there is no evidence of that occurring here yet, but the court has seen such cat and mouse games in other cases. The court will not condone a situation where MarketStar says Blendtec has possession of responsive documents, while Blendtec says it does not. Thus, the court ORDERS MarketStar to produce any responsive information to the revised subpoena requests that is not in Blendtec's possession or has not been produced.

ORDER

Accordingly, Blendjet's Motion to Compel is GRANTED IN PART AND DENIED IN PART as set forth above. Blendjet is to redraft the requests with proper time limitations and MarketStar is to respond to the revised requests within thirty (30) days of being served the new requests. The court has also considered Blendjet and MarketStar's respective requests for attorneys fees and finds the circumstances here do not favor the awarding of fees to either party. Thus, those requests are DENIED.

IT IS SO ORDERED.

DATED this 17 May 2023.

_____
Dustin B. Pead
United States Magistrate Judge