IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLENDTEC INC., a Utah corporation, Plaintiff, v. BLENDJET, INC., a Delaware corporation, Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-668 TC DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendant Blendjet Inc. moves to compel Blendtec Inc. to produce documents responding to Blendjet's Request for Production No. 44 utilizing Blendjet's supplemental search terms. (ECF No. 91.)[1] This case arises from a trademark dispute between the parties surrounding the use of a swirl. As set forth herein, the court DENIES the motion.

## BACKGROUND

The parties in this action manufacture and sell blending machines and they both use a swirl design logo in connection with their blenders. An example of the respective companies' marks are as follows:



Blendtec alleges consumer confusion between the marks and brings claims for trademark infringement under §32 of the Lanham Act, false designation under §43 of the Lanham Act, unfair competition, trademark dilution, violations of certain Utah laws regarding trademarks and

---

[1] This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) for disposition of all nondispositive pretrial matters. (ECF No. 21.)

business practices, and requests that Blendjet's mark be cancelled under 15 U.S.C. § 1119. The instant motion arises from another discovery dispute between the parties.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b) sets forth the general scope of discovery and permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Although the scope of discovery under the federal rules is broad, parties may not engage in a "fishing expedition" attempting to obtain evidence to support their claims or defenses. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000). Therefore, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1).

## DISCUSSION

Blendjet seeks to compel documents from Blendtec that are responsive to Request for Production No. 44 using its supplemental search terms.

Request for Production (RFP) No. 44 seeks:

All documents related to and/or generated as a result of Blendtec's engagement of any third party, from 2017 to the present, to conduct a study, analysis, or any other form of assessment related to Blendtec's marketing, branding, customers, or product-market fit – including, but not limited to, all such documentation related to Blendtec's engagement of Enlisted Design and BYU Marketing Lab to produce such services and those entities' provision of such services.

(ECF No. 91-1 p. 9-10.) Blendjet identifies the following additional search terms that were served on February 28, 2023.

Blendtec ESI Custodian No. 2: Keith Titus
    9. blendid
    10. enlisted

      Blendtec ESI Custodian No. 6: Mike Boswell
          9. byu or "brigham young"
          10. enlisted
      Blendtec ESI Custodian No. 7: Benton Cutler
          9. byu or "brigham young"
          10. enlisted
      Blendtec ESI Custodian No. 8: Chris Georgeson
          9. byu or "brigham young"
          10. enlisted

(ECF No. 91-2 p. 4.)

      Blendjet argues Blendtec has not fulfilled its agreement to produce any non-privileged documents it controls noting the primary issue in this motion, is whether Blendtec must search for and produce documents in response to Blendjet's supplemental search terms served on February 28, 2023.

      Blendtec argues it has "produced all responsive non-privileged documents after a reasonable search" and it is "not withholding responsive documents." (ECF No. 101 p. 1.) This production includes around 240 documents with multiple pages and Enlisted and BYU produced thousands of pages in response to Blendjet's subpoenas. Most pertinent to the instant motion, Blendtec continues, is that the supplemental ESI requests are untimely. They were served on January 23, 2023, and the last day to serve written discovery was February 28, 2023, under the operative scheduling order. Finally, even if the court finds they were timely, Blendjet's additional search terms pushes it over the numerical limit set forth in the ESI Protocol.

      The court finds timeliness under the scheduling order to be dispositive. The Second Amended Scheduling Order provides the last day to serve written discovery is January 23, 2023. (ECF No. 35 p. 1.) The Third Amended Scheduling Order did not change this date. Both amendments to the schedule were stipulated to by all the parties. Blendjet does not raise an argument that the supplemental search terms are not written discovery. Rather, Blendjet argues it

3

served RFP 44 prior to the January written discovery deadline and the addition of the additional search terms relate back to when it originally served RFP 44 making them timely. Therefore, although Blendtec may not be withholding documents responsive under the prior search terms, it has not produced "documents responsive to Blendjet's supplemental search terms." (ECF No. 104 p. 2.) The court is not persuaded by this argument. The court construes the addition of supplemental search terms as separate discovery requests. Although they incorporate RFP 44 that was served prior to the deadline, they also create a new request seeking a different production by adding additional new terms. As such, they are not old discovery requests, but are a new request that adopts in part an older request. Thus, the court finds them untimely. Because the court finds the requests untimely, the court does not address Blentec's argument that the requests exceed the numerical limit set forth in the ESI Protocol.

## ORDER

Based upon the foregoing, Blendjet's Motion to Compel is DENIED and neither party is awarded attorney fees.

IT IS SO ORDERED.

DATED this 17 May 2023.

_____
Dustin B. Pead
United States Magistrate Judge