Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>Defendant. | **BLENDTEC'S MOTION TO COMPEL BLENDJET TO PRODUCE TEXT MESSAGES**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Blendtec's RFP 49 requested "text messages . . . responsive to the search terms for each of the Blendjet ESI Custodians." **Exhibit 1**. In an untimely response, Blendjet declined to produce texts. **Exhibit 2**. On April 5, Blendtec requested conferral. **Exhibit 3**. Blendtec offered to limit RFP 49 to text messages only of Blendjet's CEO, Ryan Pamplin. *Id*. On April 18 (3pm), Blendtec's counsel (Brett Foster and Tamara Kapaloski) conferred telephonically with Blendjet's counsel (Patrick McGill and Jesse Salen), but were unable to resolve the issue. During the call, Blendtec offered to produce responsive text messages of Blendtec's CEO (even though Blendjet did not

1

request text messages) if Blendjet would agree to produce its CEO's text messages. Blendjet declined Blendtec's reasonable offer, and has stood by its untimely and improper objections.

Blendjet's objections have been waived. Blendjet's deadline to respond to Blendtec RFP 49 was February 22, 2023, but Blendjet did not serve responses until February 23, after Blendtec inquired about the untimely responses. *See* **Exhibit 4**. *See Robinson v. Arkansas*, 2012 WL 603576, at *5 (D. Kan. 2012) ("untimely objections to production requests are waived").

Blendjet's late objection is that the request for text messages "is overly broad, unduly burdensome, and seeks information that is neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence" and "is unlimited in geographic scope." Exhibit 2 at 12. In addition to being waived, these objections lack the requisite specificity. As this Court stated in its April 4 Order in this case, "[t]his court and other courts have rejected nonspecific objections like those [of Blendjet] made here."). ECF 100 at 9.

In any event, a request is relevant if there is "any possibility" it may be relevant to a claim or defense. *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001). This Court has already determined that "the search terms are reasonable, and they relate to the claims at issue here." ECF 100 at 7. Further, the "ubiquity of text messages as a method of communication is a sufficient basis to establish Plaintiff's entitlement to make the request, and Plaintiff is not required to demonstrate relevance." *Greenfield v. Newman Univ.*, 2020 WL 4500814, at *2 (D. Kan. 2020) (ordering production of text messages). *See also Sage Prods. v. Chemrite Copac*, 2021 WL 5299789, at *4 (N.D. Ill. 2021) (court "disagrees" that "discovery into text messages would not yield probative benefits and would be highly burdensome") (ordering production); *Walsh v. Unforgettable Coatings, Inc.*, 2021 WL 3514737, at * (D. Nev. 2021) (defendants "do not make a convincing

argument that text messages are outside the scope of discovery by being irrelevant, overly broad, or unduly burdensome").

Blendjet purported to assert an additional objection *during conferral* (*i.e.*, spousal privilege), that objection is waived as untimely as it was not included in Blendjet's response to RFP 49. In any event, Blendjet cannot raise that privilege as a blanket refusal to produce text messages.

Blendtec requests attorneys' fees.

DATED this 19th day of May, 2023.

                DORSEY & WHITNEY LLP

                /s/ *Tamara L. Kapaloski*
                Brett Foster (#6089)
                Grant Foster (#7202)
                Tamara L. Kapaloski (#13471)

                *Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of May, 2023, a true and correct copy of the foregoing document was served on counsel of record via the Courts CM/ECF System which sent notice to counsel of record:

Martin R. Bader: mbader@sheppardmullin.com
Jesse A. Salen: jsalen@sheppardmullin.com
Patrick M. McGill: patrick@mcgillco.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: lbutler@parsonsbehle.com

                                        */s/ Tamara L. Kapaloski*