**EXHIBIT 1**

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>        Defendant. | **PLAINTIFF BLENDTEC'S FOURTH SET OF DISCOVERY REQUESTS TO DEFENDANT BLENDJET**<br><br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff Blendtec, Inc. ("Blendtec"), by and through counsel, hereby submits its Third Set of Discovery Requests to Defendant Blendjet, Inc. ("Blendjet") to be answered in the manner required by the Federal Rules of Civil Procedure. ***Pursuant to Fed. R. Civ. P. 34(2)(B), Blendtec requests that Blendjet's document production responsive to these requests be completed by February 25, 2023.***

## <u>INSTRUCTIONS AND DEFINITIONS</u>

The following definitions and instructions shall be used herein, absent clear indications to the contrary:

1.      The terms "Defendant," "you," and "yours" means Blendjet, Inc., as well as its past or present owners, officers, directors, employees, agents, representatives, affiliates, assigns, and predecessors, or other persons or entities acting on its behalf, both individually and collectively.

2.      The term "Plaintiff" or "Blendtec" means Blendtec Inc., as well as its past or present owners, officers, directors, employees, agents, representatives, affiliates, assigns, and predecessors, or other persons or entities acting on its behalf, both individually and collectively.

3.      The term "Complaint" means Blendtec's Complaint filed on November 12, 2021, as ECF No. 2, and any amended Complaint that Blendtec files in this action.

4.      "Blendtec's Trademarks" means Blendtec's BLENDTEC Mark and Swirl Design Mark as identified in Blendtec's Complaint.

5.      "Blendjet's Trademarks" means the BLENDJET Mark and the Blendjet Swirl Mark as identified in Blendtec's Complaint.

6.      The term "person" or "persons" shall be deemed to mean, in the plural as well as the singular, any natural person, firm, association, partnership, or other form of legal entity.

7.      The term "including" means including but not limited to.

8.      The term "relating to" means—in whole or in part—constituting, containing, relating, concerning, discussing, describing, analyzing, identifying, evidencing, referring to, consisting of, or stating.

9.    "Communication" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail.

10.    "Document" is used in its customary broad sense, and includes, but is not limited to, any written, printed, typed, recorded, videotaped, filmed, transcribed, taped, electronically stored, or other matter of any kind or nature held or produced or reproduced, whether sent or received, including the original, and includes, but is not limited to, all correspondence, emails, records, drawings, calculations, memoranda, reports, financial statements, contracts, tabulations, studies, analyses, evaluations, work appointment books, diaries, comparisons, questionnaires, surveys, charts, graphs, books, pamphlets, booklets, articles, magazines, newspapers, microfilm, microfiche, photographs, tapes or other recordings, magnetic tapes, discs, flash media, printouts, computer generated reports and printouts, other data compilations from which information can be obtained, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original, and includes all such documents that are in Your possession, custody or control, or to which You otherwise have access. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form.

11.    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

12.     "Identify" in relation to a person means to state his or her full name and: (a) present business address(es), position and business affiliation, and business telephone number; or, if current information is not known, (b) the last known business and home addresses, position and business affiliation, and business telephone numbers. Once any Person has been identified properly, it shall be sufficient thereafter when identifying that same Person to state the name only.

13.     "Identify" in relation to an entity means to state the entity's: (a) full name; (b) state of incorporation; (c) current or last known business address; and (d) current or last known telephone number. Once an entity has been identified properly, it shall be sufficient thereafter when identifying that same entity to state the name only.

14.     "Identify" in relation to a Document means to state: (a) the date the Document was created; (b) the author of the Document; (c) the recipient of the Document; (d) any Person or entity receiving a copy of the Document by "cc," "bcc," or otherwise; (e) a basic description of the nature of the Document, including, if applicable; (f) the title of the Document; and (g) whether the Document has been or is being produced in this litigation, the Bates or identifier number affixed to the Document. Documents to be "identified" include Documents in your possession, custody, or control, documents known by you to have existed but no longer exist, and other documents of which you have knowledge or information.

15.     Your obligation to respond to these requests is continuing and your responses are to be supplemented to include subsequently generated or obtained responsive information or documents in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

16.     Where a complete answer to an interrogatory is not possible, the interrogatory should be answered to the extent possible and a statement should be made specifying the reasons for any inability to answer the remainder.

17.     When an interrogatory asks for specific information, for example, a date, and you are not able to state the precise date or other specific information, approximate the date or other information requested and indicate in your response that the information being provided is an approximation or is incomplete with respect to certain aspects of the request.

18.     In responding to these Document Requests, you are to produce all documents and things that are in your possession, custody, or control, or that are in the possession, custody, or control of any of your representatives, agents, experts, attorneys, or persons consulted concerning any matters relating to the facts or issues involved in this action.

19.     If any document responsive to a Request has been lost or destroyed, or was, but is no longer, in your possession, custody or control, or was known to you but is no longer in existence, identify the document and state what disposition was made of it or what became of it. No document requested herein or discoverable in this lawsuit should be destroyed or disposed of by virtue of a record retention program or for any other reason.

20.     If no documents or things are responsive to a particular Request, state that no responsive documents or things exist.

21.     If you cannot respond to the following Requests in full, after exercising due diligence to secure the information, so state and respond to the remainder of the Request(s), stating whatever information and knowledge you have concerning the unanswered portion.

22.    If any document is withheld or redacted on a claim of privilege or work-product protection, please produce a privilege log sufficient to evaluate the claim of privilege or work-product.

23.    If you invoke Rule 33(c) of the Federal Rules of Civil Procedure (i.e. the option to produce business records), in response to any interrogatory, please specify, by Bates or other document control numbers, the records from which the answer to the interrogatory may be derived or ascertained.

## **INTERROGATORIES**

**INTERROGATORY NO. 16**:  For each online advertising campaign conducted by Blendjet from January 2017 through the present, including but not limited to Google and Facebook advertising campaigns, state the following: (a) the name of the individual(s) and/or companies responsible for conducting or performing the online advertising campaigns, (b) the date(s) of the campaign, (c) the total dollar amount expended on the campaign, and (d) the amount of revenue derived from that campaign.

**INTERROGATORY NO. 17**:  State the amount of your expected advertising expenditures on a quarterly basis for the first quarter of 2023 through the end of 2024.

**INTERROGATORY NO. 18**:  State your warranty expenses on a quarterly basis from January 2017 through the present.

**INTERROGATORY NO. 19**:  For each quarter from January 2017 through the present, state the number of blenders that have been returned to Blendjet for a refund and the amount of refund expense associated with those returned blenders.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

45.    For each of Blendjet's online advertising campaigns from January 2017 to the present, including but not limited to Google advertising and Facebook advertising campaigns, produce documents sufficient to show: (a) the date(s) of that campaign; (b) the number of views and viewers of that campaign; (c) the number of click-throughs resulting from that campaign; (d) the revenues derived from that campaign; and (e) the amount of money spent on that consumer-facing advertising.

46.    Produce documents and communications related to each of the advertising campaigns identified in response to Request for Production Number 45, including but not limited to any reports or summaries related to those campaigns.

47.    Produce documents sufficient to show Blendjet's warranty and refund policies from 2017 through the present.

48.    Produce documents referred to in calculating and/or determining Blendjet's warranty and refund expenses on a quarterly basis from 2017 through the present, as requested in Interrogatory Numbers 16-17.

49.    Produce text messages and emails responsive to the search terms for each of the Blendjet ESI Custodians designated in Blendtec's First Set of ESI Discovery Requests, served on November 7, 2022, Blendtec's Second Set of ESI Discovery Requests, served on January 9, 2023, and Blendtec's Third Set of ESI Discovery Requests, served on January 23, 2023.

DATED this 23rd day of January, 2023.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)

Grant Foster (#7202)
Tamara L. Kapaloski (#13471)
*Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2023, a true and correct copy of the

foregoing document was served on counsel of record via email at the following email addresses:

Patrick M. McGill: pmcgill@sheppardmullin.com
Jesse A. Salen: jsalen@sheppardmullin.com
Martin R. Bader: mbader@sheppardmullin.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: lbutler@parsonsbehle.com

*/s/ Tamara L. Kapaloski*