**EXHIBIT 3**

**Kapaloski, Tammy**

---

**From:**        Kapaloski, Tammy
**Sent:**        Thursday, May 18, 2023 10:57 AM
**To:**          'Patrick McGill'
**Cc:**          Foster, Brett; ebutler@parsonsbehle.com; NThomas@parsonsbehle.com; Martin Bader; 'Jesse Salen'
**Subject:**     RE: Blendtec v. BlendJet - Open Discovery Issues


Patrick,

This email addresses Blendjet's refusal to provide text messages.  First, we are at an impasse in regard to discoverability.  Texts are clearly discoverable and appropriate in this case. We have discussed this in several meet and confer conferences and emails.  We are not going to resolve this issue by more meet and confer conferences or emails.

Second, we appreciate your report on the emails.  But the limited number of Ryan Pamplin emails enhances the need to  discover his text communications.

Third, we have offered a compromise – Blendtec will produce Mr. Titus's texts, if Blendjet produces Mr. Pamplin's texts.

Please let us know by 5:00 pm MST on Friday, May 19, if you are willing to produce Mr. Pamplin's texts.  Otherwise, we will take this issue up with the Court.

Thanks,
Tammy

---

**From:** Patrick McGill <patrick@mcgillco.com>
**Sent:** Thursday, April 27, 2023 9:05 AM
**To:** Kapaloski, Tammy <kapaloski.tammy@dorsey.com>
**Cc:** Foster, Brett <foster.brett@dorsey.com>; LegalTm-Blendjet-Blendtec <legaltm-blendjet-blendtec@sheppardmullin.com>; ebutler@parsonsbehle.com; NThomas@parsonsbehle.com
**Subject:** RE: Blendtec v. BlendJet - Open Discovery Issues


EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Dear Tammy,

Following up on our conference last week:



1

4.  You stated that Blendtec was willing to produce Mr. Titus's custodial text messages, if BlendJet produces Mr. Pamplin's text messages.

    a.  In connection with your request for production of Mr. Pamplin's text messages, we offered to provide you with a report showing the number of Mr. Pamplin's emails that contain search term hits, on a monthly basis from Dec. 2017 to the present. That report is attached.

    b.  It is our understanding that the relatively lower number of responsive emails from the early days of BlendJet is attributable to the fact that, at that time and up through the beginning of pandemic-related lockdowns in early 2020, Mr. Pamplin and all other BlendJet personnel worked in the same room. There was less need for emails (or text messaging) under those circumstances. Additionally, BlendJet was a much smaller company at that time, barely out of its start-up phase, and there was far less email traffic in general at that time of the company's existence.

    c.  Blendtec is free to explore this issue further in deposition.

    d.  Regardless, it remains BlendJet's position that there is no factual or legal basis that warrants production of text messages in the case, which would be overly burdensome and intrusive in light of the claims and defenses asserted in this matter – especially in light of the voluminous amount of Mr. Pamplin's emails that have been, and/or stand to be, produced in this matter.

REDACTED

Sincerely,
Patrick

**From:** kapaloski.tammy@dorsey.com <kapaloski.tammy@dorsey.com>
**Sent:** Monday, April 17, 2023 4:53 PM
**To:** Patrick McGill <patrick@mcgillco.com>
**Cc:** foster.brett@dorsey.com; MBader@sheppardmullin.com; JSalen@sheppardmullin.com; ebutler@parsonsbehle.com; NThomas@parsonsbehle.com
**Subject:** RE: Blendtec v. BlendJet - Open Discovery Issues

Patrick,

Thank you for your green comments below. As to our numbered paragraphs, and responding to your green comments:

REDACTED

3.  We look forward to meeting and conferring on Blendjet's production of texts tomorrow.

REDACTED

Regards,
Tammy

---

**From:** Patrick McGill <patrick@mcgillco.com>
**Sent:** Friday, April 14, 2023 9:30 AM
**To:** Kapaloski, Tammy <kapaloski.tammy@dorsey.com>
**Cc:** Foster, Brett <foster.brett@dorsey.com>; MBader@sheppardmullin.com; JSalen@sheppardmullin.com; LButler@parsonsbehle.com; NThomas@parsonsbehle.com
**Subject:** RE: Blendtec v. BlendJet - Open Discovery Issues

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Tammy,

Thanks for your response to our questions.  We provide our responses to your inquiries below in green.    REDACTED



Sincerely,
Patrick

---

**From:** kapaloski.tammy@dorsey.com <kapaloski.tammy@dorsey.com>
**Sent:** Wednesday, April 5, 2023 4:59 PM
**To:** Patrick McGill <patrick@mcgillco.com>
**Cc:** foster.brett@dorsey.com; MBader@sheppardmullin.com; JSalen@sheppardmullin.com; LButler@parsonsbehle.com; NThomas@parsonsbehle.com
**Subject:** RE: Blendtec v. BlendJet - Open Discovery Issues

Patrick,

We respond to your March 29 email about your claimed "open issues" below.

Additionally, please respond to the following open issues as to Blendjet's discovery responses:



REDACTED



REDACTED

3. **Text messages**:  Blendtec RFP 49 specifically requested that Blendjet "[p]roduce text messages . . . responsive to the search terms for each of the Blendjet ESI Custodians…."  On February 23, Blendjet asserted general and conclusory over-breadth, burden, and relevance objections and refused to produce text messages.  Blendjet waived those objections, however.  Blendjet's deadline to serve objections to RFP 49 was February 22, 2023.  Blendjet missed that deadline.  Even if Blendjet had not waived its objections, they are insufficient.  *See* ECF 100 at 9 (overruling Blendjet's overly broad, unduly burdensome, and relevancy objections "because they lack specificity").  Further, with respect to Blendjet's relevancy objection (which has been waived) the Court has overruled that objection.  *See id*. at 7 (Blendjet may not "artificially impose its constraints of relevance on this case," Blendtec's "search terms are reasonable, and they relate to the claims at issue here," and Blendjet must "comply with the requests").  For each of these reasons, Blendjet cannot withhold text messages based on its belated, insufficient, and overruled objections.  In an effort to be cooperative and to avoid further motion practice, however, Blendtec is willing to limit RFP 49 to Blendjet's CEO, Ryan Pamplin.  Please let us know if Blendjet will agree to produce Ryan Pamplin's text messages responsive to Blendtec's search terms for Mr. Pamplin.   Again, we do not agree that BlendJet's objections were waived, for a number of reasons.  While we appreciate your limitation of RFP 49 to Mr. Pamplin's text messages, the request for text messages is overly burdensome and not justified by any specific facts or issues in the case.  This is especially the case given the personal and sensitive nature of text messaging – and in Mr. Pamplin's case, in light of the fact that he works with his spouse (which creates unique spousal privilege issues).  Blendtec has not identified any specific issue or claim in the case that would require or even suggest that the expense and burden of collecting and producing text messages would result in the discovery of additional relevant materials that would not otherwise be available through email and/or other documentary discovery.  If Blendtec can identify any such facts or claims in the case, or provide some concrete and credible justification for the additional relevance of Mr. Pamplin's text messages, then we will consider that information.  At the very least, to the extent that Mr. Pamplin's text messages are produced, we expect Blendtec to produce the texts of its CEOs from the same time periods, to extent those materials are in its possession, custody, and control.

REDACTED



REDACTED

REDACTED

<span style="color:red">REDACTED</span>



Sincerely,
Patrick

**Patrick McGill** | Attorney
Tel:  (619) 974-8886
pmcgill@mcgillco.com
_____

MCGILL & CO.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.