Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>    Defendant. | **BLENDTEC'S NOTICE OF WITHDRAWAL OF MOTION TO COMPEL TEXT MESSAGES AND REQUEST FOR ATTORNEYS' FEES**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Based upon the following, Plaintiff Blendtec hereby provides notice that it is withdrawing its motion to compel Defendant Blendjet to produce text messages. Blendtec requests its attorneys' fees incurred in connection with preparing and filing the motion to compel text messages.

1.   On January 23, 2023, Blendtec served RFP 49 to Blendjet requesting "text messages . . . responsive to the search terms for each of the Blendjet ESI Custodians." ECF 132 (Motion to Compel Text Messages) at 1.

2.   On February 23, 2023, Blendjet served untimely and non-specific objections to

RFP 49 and declined to produce any text messages. *See* ECF 134 (Blendjet's Response to RFP 49, filed under seal).

3. On April 5, Blendtec provided written notice of deficiencies in Blendjet's response and requested telephonic meet and confer. ECF 132-3 (Meet and confer related to text messages).

4. Based on Blendtec's April 5 notice, Blendtec's deadline to file a motion to compel on this issue was May 20. *See* DUCivR 37-1(b)(C). Because May 20 was a Saturday, Blendtec's deadline to file was extended to May 22, 2023. Fed. R. Civ. P. 6(a)(1)(C).

5. On April 18, the parties conferred telephonically. ECF 132 at 1. During the conference, Blendjet offered to provide a report showing the number of emails for Blendjet CEO Ryan Pamplin by month. Blendtec never stated that it would accept emails in lieu of text messages.

6. On April 27, Blendjet provided the email report to Blendtec. At that time, Blendjet also unequivocally stated that:

> "Regardless, it remains Blendjet's position that there is no factual or legal basis that warrants production of text messages in the case, which would be overly burdensome and intrusive in light of the claims and defenses asserted in this matter – especially in light of the voluminous amount of Mr. Pamplin's emails that have been, and/or stand to be, produced in this matter."

ECF 132-3 (Meet and confer correspondence) at 2. Thus, it was clear that Blendjet was standing on its objections and refusing to produce text messages.

7. At 11:00 a.m. on May 18, 2023, Blendtec made a final attempt to get Blendjet to reconsider, and clearly advised Blendjet that if it failed to respond Blendtec would file a motion to compel:

> "Please let us know by 5:00pm MST on Friday, May 19, if you are willing to produce Mr. Pamplin's texts. Otherwise, we will take this issue up with the Court."

ECF 132-3 (Meet and confer correspondence) at 1.

8. Blendjet did not respond by the requested time.

9. As a result, after the 5pm time to respond passed with no response from Blendjet, Blendtec filed a timely motion to compel Blendjet to produce text messages in response to RFP 49. *See* ECF No. 132 (motion to compel text messages).

10. Late in the afternoon of May 22, Blendjet emailed Blendtec and agreed to produce the text messages of its CEO, Ryan Pamplin. Blendjet claimed that the meet and confer process was not complete and demanded that Blendtec withdraw the motion to compel.[1]

11. As Blendjet has agreed to produce text messages, Blendtec is hereby withdrawing its motion to compel the text messages. Blendjet only agreed to produce text messages after Blendtec was forced to file a motion to compel, however. As a result, Blendtec should be awarded its attorneys' fees. *See* ECF 100 (Court's April 4, 2023 Order) at 13 ("Federal Rule 37 provides a basis to award fees if a discovery motion is granted, <u>or if the requested discovery is provided after a motion is filed</u>.") (citing Fed. R. Civ. P. 37(a)(5)(A)) (emphasis added).

DATED this 24th day of May, 2023.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Grant Foster (#7202)
Tamara L. Kapaloski (#13471)
*Attorneys for Plaintiff Blendtec Inc.*

---

[1] It is improper for Blendjet to stand on its untimely objections and refuse to produce any documents and then claim that meet and confer was incomplete after Blendtec files a motion to compel. *See, e.g.*, *Multimedia Patent Trust v. Directv, Inc.*, 2011 WL 13100720, at *2 (S.D. Cal. 2011) ("The time to bring a motion to compel is not extended indefinitely by counsel engaging in non-productive and protracted meet and confer negotiations.").

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May, 2023, a true and correct copy of the foregoing document was served on counsel of record via the Courts CM/ECF System which sent notice to counsel of record:

Martin R. Bader: mbader@sheppardmullin.com
Jesse A. Salen: jsalen@sheppardmullin.com
Patrick M. McGill: patrick@mcgillco.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: lbutler@parsonsbehle.com

　　　　　　　　　　　　　　　　　　　*/s/ Tamara L. Kapaloski*