MARTIN R. BADER (*Pro hac vice*)
mbader@sheppardmullin.com
JESSE A. SALEN (*Pro hac vice*)
jsalen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:     858.720.8900

PATRICK McGILL (*Pro hac vice*)
patrick@mcgillco.com
MCGILL & CO., P.C.
5580 La Jolla Blvd, Suite 39
La Jolla, CA  92037
Tel: (619) 974-8886

Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 532-1234
nthomas@parsonsbehle.com
lbutler@parsonsbehle.com

*Attorneys for Defendant BlendJet Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>　　Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>　　Defendant. | **BLENDJET'S RESPONSE TO MOTION FOR SHORT FORM DISCOVERY RE: TEXT MESSAGES [DKT. 132]**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Blendtec's Notice of Withdrawal (Dkt. 136, the "Notice") of its discovery motion regarding text messages (Dkt. 132, the "Motion") improperly reiterated Blendtec's unwarranted request for attorneys' fees. *See* DUCivR 7-1(a)(3). The Notice should be interpreted as withdrawing Blendtec's entire Motion. And, to the extent Blendtec intended its Notice to be a partial withdrawal that leaves its request for fees intact, that request should be denied.

First and foremost, the request violates the parties' express written agreement under which Blendtec agreed to "withdraw[] its motion to compel [(Dkt. 132)]" and each party agreed to produce responsive and non-privileged text messages from its CEO and supplement its privilege log.[1] Neither party agreed that Blendtec could withdraw part of its Motion, but maintain its fee request.

More importantly, the Motion was not necessary to resolve this dispute.

Blendtec contends that, as of April 27, BlendJet "was standing on its objections and refusing to produce text messages." (Notice at 2.) This statement conflates BlendJet's position on its objections with an alleged refusal to compromise. As of April 27, the parties were still conferring regarding a potential compromise, and BlendJet had not steadfastly refused to produce text messages. Two proposals were on the table: (1) Blendtec was evaluating whether BlendJet's email production would satisfy its request; and, if not (2) Blendtec offered to produce its own CEO's text messages if BlendJet would agree to produce BlendJet's CEO's text messages. To evaluate option 1, BlendJet provided information demonstrating that its email production should be sufficient to satisfy Blendtec's request. Blendtec did not respond for three weeks until counsel sent an email at 10:57 a.m. on May 18, demanding that BlendJet agree by 5

---

[1] In light of the procedural posture of the short form discovery motion to which this response applies, BlendJet proffers the facts set forth below. BlendJet will, however, provide a sworn declaration attesting to these facts if deemed necessary or appropriate by the Court.

p.m. the next day to produce emails without further discussion. (Dkt. 132-3 at 1.)

But, Blendtec's unilaterally imposed deadline did not provide sufficient time to respond, particularly since BlendJet's counsel was unavailable for much of the day on May 19, and its CEO was out on paternity leave. However, as of that time, BlendJet was *still evaluating* compromise option 2 (above), and was ready to accept that compromise on Monday, May 22, notwithstanding Blendtec's unnecessary Motion. To be clear, BlendJet *would* have agreed even if Blendtec had *not* rushed to file its Motion.

The Court has already cautioned the parties to conduct "more thorough meet and confer[s]" to resolve discovery disputes. (Dkt. 100 at 11). Blendtec disregarded this admonition and, again, rushed to file its Motion in advance of the deadline to do so on an issue that the parties were still negotiating.

Blendtec's Motion should be deemed withdrawn, and it request for fees should be denied.

| | |
|---|---|
| Respectfully submitted this 26th day of May, 2023. | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>Martin R. Bader (*pro hac vice*)<br>Jesse A. Salen (*pro hac vice*)<br><br>**MCGILL & CO., P.C.**<br>Patrick McGill (*pro hac vice*)<br><br>**PARSONS BEHLE & LATIMER**<br>Nathan D. Thomas (USB #11965)<br>Elizabeth M. Butler (USB #13658)<br><br>*/s/ Martin R. Bader*<br><br>*Attorneys for Defendant BlendJet, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an electronic notification to counsel of record for all parties, including the following:

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT  84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*/s/ Martin R. Bader*