
MARTIN R. BADER (*Pro hac vice*)
mbader@sheppardmullin.com
JESSE A. SALEN (*Pro hac vice*)
jsalen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900

PATRICK McGILL (*Pro hac vice*)
patrick@mcgillco.com
MCGILL & CO., P.C.
5580 La Jolla Blvd, Suite 39
La Jolla, CA  92037
Tel: (619) 974-8886

Nathan D. Thomas (USB #11965)
Elizabeth M. Butler (USB #13658)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 532-1234
nthomas@parsonsbehle.com
lbutler@parsonsbehle.com

*Attorneys for Defendant BlendJet Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>        Defendant. | **BLENDJET'S OBJECTIONS TO NEW EVIDENCE SUBMITTED BY BLENDTEC IN CONNECTION WITH ITS REPLY IN SUPPORT OF ITS MOTION TO ENFORCE THE PROTECTIVE ORDER [DKT. 138]**<br><br>**[REDACTED VERSION]**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Pursuant to DUCivR 7-1(b)(3), Defendant BlendJet Inc. ("BlendJet") objects to Plaintiff Blendtec Inc.'s ("Blendtec") newly-submitted evidence filed in connection with its Reply in support of its Motion to Enforce the Protective Order and to Disqualify McGill (the "Reply," and the "Motion," respectively). (ECF Nos. 105 (redacted Motion), 110 (sealed Motion), 138 (redacted Reply), and 142 (sealed Reply).)

BlendJet's evidentiary objections to the newly-submitted evidence are expressed below and summarized in the attached Appendix 1.

**1.      Reply Exhibit 1 (ECF No. 142-1):**

BlendJet objects to Blendtec's Reply Exhibit 1 (ECF No. 142-1) pursuant to Fed. R. Evid. 201(b) (improper request for judicial notice),[1] and 403 (probative value is outweighed by danger of unfair prejudice due to the misleading nature of the document).[2]

a.      <u>Objection Pursuant to Fed. R. Evid. 201(b)</u>: BlendJet objects to Blendtec's attempt to rely on Reply Exhibit 1 to the extent it is an implicit and improper request for the Court to take judicial notice of factual information from a document that does not meet the requirements for judicial notice under Fed. R. Evid. 201(b).

---

[1] *The Estate of Lockett by and through Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016); *BAC Local Union 15 Welfare Fund, et al., v. Williams Restoration Co., Inc.*, Case No. 2-16-cv-2242-JTM-GEB, 2017 WL 3026117, at *2-3 (D. Kan. July 17, 2017) (refusing to take judicial notice of "inferences drawn from the text" of a document because "the parties dispute the inferences that may be drawn from the text of the [document]"). *Ellis-Hall Consult., LLC v. Hoffman*, Case No. 2:12-cv-00771, 2018 WL 11411607, *1-2 (D. Utah Sept. 19, 2018) (Pead, J.) (recognizing that "a court may only judicially notice facts that are not subject to reasonable dispute," and denying motion for judicial notice "to the extent [movant] seeks judicial notice of the truth of the facts asserted within . . . records or to demonstrate that certain arguments or claims . . . are true and established."), *aff'd*, 2018 WL 11411606, at *2 (D. Utah Nov. 19, 2018).

[2] *See Sprint/United Mmg't Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008) ("Applying Rule 403 to determine if evidence is prejudicial . . . requires a fact-intensive, context-specific inquiry."); *see also U.S. v. Keys*, Case No. CR-22-40-D, 2022 WL 165412108, at *2 (W.D. Okla. Oct. 28, 2022) (holding that evidence that "provides structure, context, and is appropriate to complete the story" should be considered by when making evidentiary assessments).

Reply Exhibit 1 is an August 2020 email chain between BlendJet's Chief Financial Officer John Zheng, and other BlendJet employees, that lists out ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and refers to them by shorthand. (Reply Exhibit 1 at JET00595577.) Blendtec contends Exhibit 1 demonstrates "Blendjet's [*sic*] top executives have conceded McGill's insider role at Blendjet," and that Mr. Zheng believed that Mr. McGill is an "▇▇▇▇▇▇▇▇▇▇" of BlendJet. (Reply at 5.) BlendJet disputes the inferences Blendtec asks the Court to draw from the email because Mr. McGill was never an employee or executive of BlendJet, and the manner in which he is grouped in a list from an informal internal BlendJet email does not change those facts.[3]  Fed. R. Evid. 201(b) only allows judicial notice and consideration of a "fact" or a purported "fact" inferred from documentary evidence that is not subject to reasonable dispute.

The inferences Blendtec asks the Court to draw from Reply Exhibit 1 are heavily disputed and, thus, not properly the subject of judicial notice.

   b. <u>Objection Pursuant to Fed. R. Evid. 403</u>:  BlendJet objects to Blendtec's request that the Court draw the incorrect inference from Reply Exhibit 1 that "Blendjet's [*sic*] top executives have conceded McGill's insider role at Blendjet [*sic*]" as unduly prejudicial because such inference is demonstrably false and ignores the full context of that document, which relates solely to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Reply at 5.)

---

[3] For purposes of these objections to evidence, BlendJet provides factual information to demonstrate the falsity of certain representations and characterizations of purported evidence that were made by Blendtec in its Reply. To the extent the Court deems it helpful, BlendJet can provide sworn declarations in support of that factual information.

2.  **Reply Exhibit 2 (ECF No. 142-2):**

BlendJet objects to Blendtec's Reply Exhibit 2 (ECF No. 142-2) pursuant to Fed. R. Evid. 201(b) (improper request for judicial notice), and 403 (probative value is outweighed by danger of unfair prejudice due to the misleading nature of the document).

   a.  <u>Objection Pursuant to Fed. R. Evid. 201(b)</u>: BlendJet objects to Blendtec's attempt to rely on Reply Exhibit 2 to the extent it is an implicit and improper request for the Court to take judicial notice of factual information from a document that does not meet the requirements for judicial notice under Fed. R. Evid. 201(b).

Reply Exhibit 2 is a January 10, 2021 email from Mr. Pamplin to a third-party regarding a credit application that refers to several individuals in a list via a shorthand and generalized description as BlendJet managers, and simply identifies Mr. McGill as a "Lawyer". (Exhibit 2 at JET00543229.) Blendtec contends that Reply Exhibit 2 demonstrates that Mr. McGill was part of BlendJet's "senior management team." (Reply at 5.) BlendJet disputes the inference Blendtec asks the Court to draw from the email because Mr. McGill was never an employee nor part of BlendJet's senior management team, and the manner in which he is grouped in a generalized list from a BlendJet email does not change those facts.

The inference Blendtec asks the Court to draw from Reply Exhibit 2 is heavily disputed and, thus, not properly the subject of judicial notice.

   b.  <u>Objection Pursuant to Fed. R. Evid. 403</u>: BlendJet objects to Blendtec's request that the Court draw the incorrect inference from Reply Exhibit 2 that Mr. McGill was member of BlendJet's "senior management team" as unduly prejudicial because such inference is demonstrably false and ignores the full context of that document.

3. **Reply Exhibit 3 (ECF No. 142-3):**

BlendJet objects to Blendtec's Reply Exhibit 3 (ECF No. 142-3) pursuant to Fed. R. Evid. 201(b) (improper request for judicial notice), and 403 (probative value is outweighed by danger of unfair prejudice due to the misleading nature of the document).

    a.    <u>Objection Pursuant to Fed. R. Evid. 201(b)</u>: BlendJet objects to Blendtec's attempt to rely on Reply Exhibit 3 to the extent it is an implicit and improper request for the Court to take judicial notice of factual information from a document that does not meet the requirements for judicial notice under Fed. R. Evid. 201(b).

Reply Exhibit 3 is an internal January 11, 2021 email from Mr. Brian Zuk to Erin Kristovich and Mr. Pamplin regarding setting up a new partner relationship with a third-party that refers to Mr. McGill as "Legal Counsel" and includes an "@blendjet.com" email address for Mr. McGill in an attachment. (Reply Exhibit 3 at JET00567229.) Blendtec contends that Reply Exhibit 3 further supports its false allegation that Mr. McGill could, at one time, be deemed an employee or competitive decision maker for BlendJet. BlendJet disputes the inference Blendtec asks the Court to draw from the email because Mr. McGill was never an employee or competitive decision maker at BlendJet.

The inference Blendtec asks the Court to draw from Reply Exhibit 3 is heavily disputed and, thus, not properly the subject of judicial notice.

    b.    <u>Objection Pursuant to Fed. R. Evid. 403</u>:  BlendJet objects to Blendtec's request that the Court draw the incorrect inference from Reply Exhibit 3 that Mr. McGill was an employee or competitive decision maker at BlendJet as unduly prejudicial because such inference is demonstrably false and ignores the full context of that document.

**4.      Reply Exhibit 4 (ECF No. 142-4):**

BlendJet objects to Blendtec's Reply Exhibit 4 (ECF No. 142-4) pursuant to Fed. R. Evid. 201(b) (improper request for judicial notice) and 403 (probative value is outweighed by danger of unfair prejudice due to the misleading nature of the document).

a.      <u>Objection Pursuant to Fed. R. Evid. 201(b)</u>: BlendJet objects to Blendtec's attempt to rely on Reply Exhibit 4 to the extent it is an implicit and improper request for the Court to take judicial notice of factual information from a document that does not meet the requirements for judicial notice under Fed. R. Evid. 201(b).

Reply Exhibit 4 is March 12, 2019 email from Mr. Pamplin to a third party regarding product sales that copied Mr. McGill and several other individuals. (Reply Exhibit 4 at JET00038554.) Blendtec contends that Reply Exhibit 4 further supports its false allegation that Mr. McGill could, at one time, be deemed an employee or competitive decision maker for BlendJet because it allegedly demonstrates that Mr. McGill was "included in 'sales update[s]' to partners . . . that do not involve McGill's provision of legal services." (Reply at 4.) BlendJet disputes the inference Blendtec asks the Court to draw from the email because Mr. McGill was never an employee or competitive decision maker at BlendJet, and it is not uncommon for a company to copy its outside legal counsel on communications with third-parties that contemplate potential transactions with those third parties.

The inference Blendtec asks the Court to draw from Reply Exhibit 4 is heavily disputed and, thus, not properly the subject of judicial notice.

b.      <u>Objection Pursuant to Fed. R. Evid. 403</u>:  BlendJet objects to Blendtec's request that the Court draw the incorrect inference from Reply Exhibit 4 that Mr. McGill was an

-4-

employee or competitive decision maker at BlendJet as unduly prejudicial because such inference is demonstrably false and ignores the full context of that document.

5.     **Reply Exhibit 5 (ECF No. 142-5):**

BlendJet objects to Blendtec's Reply Exhibit 5 (ECF No. 142-5) pursuant to Fed. R. Evid. 201(b) (improper request for judicial notice), and 403 (probative value is outweighed by danger of unfair prejudice due to the misleading nature of the document).

     a.     <u>Objection Pursuant to Fed. R. Evid. 201(b)</u>: BlendJet objects to Blendtec's attempt to rely on Reply Exhibit 5 to the extent it is an implicit and improper request for the Court to take judicial notice of factual information from a document that does not meet the requirements for judicial notice under Fed. R. Evid. 201(b).

Reply Exhibit 5 is an email chain between Colleen Johnson, Mr. Pamplin, Mr. McGill, and other individuals from November and December 2020 regarding a new marketing video. (*Id*.) Blendtec contends that Reply Exhibit 5 further supports its false allegation that Mr. McGill could, at one time, be deemed an employee or competitive decision maker for BlendJet because he was copied on confidential emails about marketing. BlendJet disputes the inference Blendtec asks the Court to draw from the email because Mr. McGill was never an employee or competitive decision maker at BlendJet, and it is not uncommon for companies to copy their outside counsel on confidential communications.

The inference Blendtec asks the Court to draw from Reply Exhibit 5 is heavily disputed and, thus, not properly the subject of judicial notice.

     b.     <u>Objection Pursuant to Fed. R. Evid. 403</u>: BlendJet objects to Blendtec's request that the Court draw the incorrect inference from Reply Exhibit 5 that Mr. McGill was an

employee or competitive decision maker at BlendJet as unduly prejudicial because such inference is demonstrably false and ignores the full context of that document.

**6.     Reply Exhibits 6 and 7 (ECF Nos. 142-6 and 142-7):**

BlendJet objects to Blendtec's Reply Exhibits 6 and 7 (ECF No. 142-6 and 142-7) pursuant to Fed. R. Evid. 201(b) (improper request for judicial notice), and 403 (probative value is outweighed by danger of unfair prejudice due to the misleading nature of the document).

a.     <u>Objection Pursuant to Fed. R. Evid. 201(b)</u>: BlendJet objects to Blendtec's attempt to rely on Reply Exhibits 6 and 7 to the extent it is an implicit and improper request for the Court to take judicial notice of factual information from a document that does not meet the requirements for judicial notice under Fed. R. Evid. 201(b).

Reply Exhibit 6 is a March 7, 2021 email from Mr. Pamplin to a third-party about BlendJet sales and marketing efforts in contemplation of a potential partnership with that third-party. (*Id*.) A large marketing presentation attached to that email included a slide that identifies Mr. McGill as a "Lawyer" and "Counsel at Sheppard Mullin." (*Id*. at JET00569922.) Similarly, Reply Exhibit 7 is marketing presentation that identifies Mr. McGill as a "Lawyer" and "Counsel at Sheppard Mullin." (*Id*., JET00024222.) Blendtec contends that these documents further support its false allegation that Mr. McGill could, at one time, be deemed an employee or competitive decision maker for BlendJet because Mr. McGill was identified in a company slide deck together with BlendJet employees. BlendJet disputes the inference Blendtec asks the Court to draw from the email because Mr. McGill was never an employee or competitive decision maker at BlendJet, and is even expressly identified as "Counsel at Sheppard Mullin" in the slide deck.

Further, Blendtec incorrectly represents that "McGill *signed* the presentations, effectively vouching for the accuracy and reliability of the marketplace deck representations." (Reply at 6 (emphasis preserved).) This statement is demonstrably false. The signature in Reply Exhibits 6 and 7 that Blendtec identifies as belonging to Mr. McGill actually belongs to former BlendJet customer experience representative Ashley McInnis.[4,5]

The inferences Blendtec asks the Court to draw from Reply Exhibits 6 and 7 are heavily disputed and, thus, not properly the subject of judicial notice.

      b.      <u>Objection Pursuant to Fed. R. Evid. 403</u>:  BlendJet objects to Blendtec's request that the Court draw the incorrect inferences from Reply Exhibits 6 and 7 that Mr. McGill was an employee or competitive decision maker at BlendJet as unduly prejudicial because such inferences are demonstrably false and ignore the full context of that document.

**7.**      **Reply Exhibits 8 through 13 (ECF Nos. 142-8 through 142-13):**

BlendJet objects to Blendtec's Reply Exhibits 8 through 13 (ECF Nos. 142-8 through 142-13) pursuant to Fed. R. Evid. 201(b) (improper request for judicial notice), and 403 (probative value is outweighed by danger of unfair prejudice due to the misleading nature of the

---

[4] Counsel for Blendtec should easily recognize the difference between Ms. McInnis's and Mr. McGill's signatures because they have received many letters through the course of this litigation that were signed by Mr. McGill. (*See, e.g.*, ECF 108-9 at 3 (Mr. McGill's signature on letter correspondence exchanged in connection with this case, attached to Ms. Kapaloski's Declaration in support of the Motion as Exhibit 9.)

[5] *See Wold v. Minerals Eng'g Co.*, 575 F.Supp. 166, 167-68 (D. Colo. 1983) (denying motion to disqualify and imposing sanctions on moving counsel where they "received information that contradicted the assertions of their motion and which, at the very least, should have put them on notice and given them reason to suspect the accuracy of their own factual assertions and cause them to be investigated further."); *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (holding motions to disqualify should be subjected to "particularly strict judicial scrutiny" because they are often tactically motivated, and denying motion to disqualify because the documentation submitted in support of motion "[did not] support any supposition or speculation [that the targeted attorney's] role was other than as legal advisor," and that "[b]ad faith is apparent from such a record.").

document).

  a.  <u>Objection Pursuant to Fed. R. Evid. 201(b)</u>: BlendJet objects to Blendtec's attempt to rely on Reply Exhibits 8 through 13 to the extent such reliance is an implicit and improper request for the Court to take judicial notice of factual information, and/or inferences from purported factual information, from a document that does not meet the requirements for judicial notice under Fed. R. Evid. 201(b). (Reply Exhibits 8 through 13.)

  Blendtec contends that Reply Exhibits 8-13 further support its false allegation that Mr. McGill has "been directly involved with Blendjet [*sic*]'s competitive decision-making." (Reply at 6-7.) Reply Exhibits 8 through 13 relate to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Contrary to Blendtec's assertion, they do not show that Mr. McGill was involved in any "decisions regarding changes to marketing materials being presented to ▮▮▮▮▮▮." Instead, those exhibits show that Mr. McGill's only role with respect to the preparation of those materials was to conduct a *legal review* of those materials, in his role as outside legal counsel, at the request of BlendJet's business executives and ▮▮▮▮▮▮ (*see* Reply Exhibit 9 at JET00310090; 10 at JET00258454-55; 11 at JET00259459) – who were the ones who prepared and managed those materials during their development (*not* Mr. McGill). (*See* Reply Exhibit No. 13 (redacting Mr. McGill's legal advice related to ▮▮▮▮▮▮ materials because it was attorney-client privileged).) That BlendJet's business leaders and ▮▮▮▮▮▮ requested legal advice relating to those materials does not provide any evidence whatsoever that Mr. McGill was a "competitive decision maker" vis-à-vis those entities, or that he "provides input on the competitive landscape." (*See* Reply at 7; Reply Exhibit 12-13.) Consultation with outside counsel under these circumstances is commonplace.

Because BlendJet heavily disputes the inferences that Blendtec asks the Court to draw from Reply Exhibits 8 through 13, those exhibits are not properly the subject of judicial notice.

  b.  <u>Objection Pursuant to Fed. R. Evid. 403</u>: BlendJet also objects to Blendtec's request that the Court draw the incorrect inferences from Reply Exhibits 8 through 13 that Mr. McGill was an employee or competitive decision maker at BlendJet as unduly prejudicial because such inferences are demonstrably false, and ignore the full context of those documents.

**8.**  **Reply Exhibits 14-15 (ECF No. 142-14 and 142-15):**

BlendJet objects to Blendtec's Reply Exhibits 14 and 15 (ECF Nos. 142-14 through 142-15) pursuant to Fed. R. Evid. 201(b) (improper request for judicial notice), and 403 (probative value is outweighed by danger of unfair prejudice due to the misleading nature of the document).

  a.  <u>Objection Pursuant to Fed. R. Evid. 201(b)</u>: BlendJet objects to Blendtec's attempt to rely on Reply Exhibits 14 and 15 to the extent such reliance is an implicit and improper request for the Court to take judicial notice of factual information, and/or inferences from purported factual information, from a document that does not meet the requirements for judicial notice under Fed. R. Evid. 201(b).

Blendtec contends that Reply Exhibits 14 and 15 demonstrate that "McGill . . . provides input on the competitive landscape, including with specific request to Blendtec." (Reply at 7-8.) Those Exhibits instead merely provide an example of Mr. McGill's correspondence with a potential BlendJet contractor regarding the legal terms of her master services agreement and statement of work. (*Id.*) Instead of being directed towards Mr. McGill, the contractor's discussion of the business terms of her agreement (including her reference to Blendtec) were directed to Colleen Johnson, BlendJet's Vice President of Marketing. (*Id.*) As such, Reply Exhibits 14 and 15 do not support the inference that Blendtec draws from them.

Because BlendJet heavily disputes the inferences that Blendtec asks the Court to draw from Reply Exhibits 14 and 15, those exhibits are not properly the subject of judicial notice.

  b. <u>Objection Pursuant to Fed. R. Evid. 403</u>: BlendJet also objects to Blendtec's request that the Court draw the incorrect inferences from Reply Exhibits 14 and 15 that Mr. McGill was an employee or competitive decision maker at BlendJet as unduly prejudicial because such inferences are demonstrably false, and ignore the full context of those documents.

**9.** **Reply Exhibits 16-17 (ECF No. 142-16 and 142-17):**

BlendJet objects to Blendtec's Reply Exhibits 16 and 17 (ECF Nos. 142-16 through 142-17) pursuant to Fed. R. Evid. 201(b) (improper request for judicial notice), and 403 (probative value is outweighed by danger of unfair prejudice due to the misleading nature of the document).

  a. <u>Objection Pursuant to Fed. R. Evid. 201(b)</u>: BlendJet objects to Blendtec's attempt to rely on Reply Exhibits 16 and 17 to the extent such reliance is an implicit and improper request for the Court to take judicial notice of factual information, and/or inferences from purported factual information, from a document that does not meet the requirements for judicial notice under Fed. R. Evid. 201(b).

Blendtec implies that Reply Exhibits 16 and 17 demonstrate that Mr. McGill is somehow a competitive decision maker because he has had occasional involvement with the preparation of BlendJet's board minutes and resolutions, and has access to those materials. (Reply at 8 n. 7.) There is no basis in law or fact for that inference. Board minutes are commonly prepared by outside counsel, both at BlendJet and elsewhere. And, contrary to Blendtec's assertion, Mr. McGill's access to board materials certainly does not make him a competitive decision maker  If that were the case, any corporate attorneys who had access to an entity's board materials would somehow be transformed into "competitive decision makers" upon touching such materials.

Because BlendJet heavily disputes the inferences that Blendtec asks the Court to draw from Reply Exhibits 16 and 17, those exhibits are not properly the subject of judicial notice.

      b.    <u>Objection Pursuant to Fed. R. Evid. 403</u>:  BlendJet also objects to Blendtec's request that the Court draw the incorrect inferences from Reply Exhibits 14 and 15 that Mr. McGill was an employee or competitive decision maker at BlendJet as unduly prejudicial because such inferences are demonstrably false, and ignore the full context of those documents.

**10.**    **Kapaloski Reply Decl. Exhibits 2-4 (ECF Nos. 143-2 through and 143-4):**

BlendJet objects to Exhibits 2 through 4 attached to the Kapaloski Reply Decl. (ECF Nos. 143-2 through 143-4) pursuant to Fed. R. Evid. 201(b) (improper request for judicial notice), and 403 (probative value is outweighed by danger of unfair prejudice due to the misleading nature of the document).

      a.    <u>Objection Pursuant to Fed. R. Evid. 201(b)</u>: BlendJet objects to Blendtec's attempt to rely on Kapaloski Reply Decl. Exhibits 2 through 4 to the extent such reliance is an implicit and improper request for the Court to take judicial notice of factual information, and/or inferences from purported factual information, from a document that does not meet the requirements for judicial notice under Fed. R. Evid. 201(b).

Blendtec implies that Kapaloski Reply Decl. Exhibits 2 through 4 somehow shine additional light on its argument that Mr. McGill somehow was transformed from BlendJet's outside legal counsel into its "General Counsel" through terminology used in a single application submitted to ▮▮▮▮ in pursuit of an ▮▮▮▮▮▮▮▮▮▮▮▮ (Kapaloski Reply Decl. at ¶¶10-31.)  Mr. McGill had no involvement in the authorship of those materials, and nothing in those materials contradicts the fact that Mr. McGill was, in actuality, neither an employee nor a competitive decision maker at BlendJet.

-11-

Because BlendJet heavily disputes the inferences that Blendtec asks the Court to draw from Kapaloski Reply Decl. Exhibits 2 through 4, those exhibits are not properly the subject of judicial notice.

  b.  <u>Objection Pursuant to Fed. R. Evid. 403</u>:  BlendJet also objects to Blendtec's request that the Court draw the incorrect inferences from Kapaloski Reply Exhibits 2 through 4 that Mr. McGill was an employee or competitive decision maker at BlendJet as unduly prejudicial because such inferences are demonstrably false, and ignore the full context of those documents.

**11.**  **Kapaloski Reply Decl. Exhibit 5 (ECF No. 143-5):**

BlendJet objects to Kapaloski Reply Decl. Exhibit 5 (ECF Nos. 143-5) pursuant to Fed. R. Evid. 201(b) (improper request for judicial notice), and 403 (probative value is outweighed by danger of unfair prejudice due to the misleading nature of the document).

  a.  <u>Objection Pursuant to Fed. R. Evid. 201(b)</u>: BlendJet objects to Blendtec's attempt to rely on Kapaloski Reply Decl. Exhibit 5 to the extent such reliance is an implicit and improper request for the Court to take judicial notice of factual information, and/or inferences from purported factual information, from a document that does not meet the requirements for judicial notice under Fed. R. Evid. 201(b).

Blendtec contends that Kapaloski Reply Decl. Exhibit 5 somehow "unequivocally shows that McGill falls squarely within [Blendtec's] ESI Custodian request."  (Kapaloski Reply Decl. at ¶40.)  Ms. Kapaloski's statement is nothing more than attorney argument that is improper subject matter for a factual declaration. Furthermore, the inference she makes is faulty, and contradicted by various aspects of Exhibit 5 – for example, the fact that Mr. McGill clearly was acting as BlendJet's outside legal counsel in connection with the letter, demonstrated by the

multiple references to him as "counsel to Miramore, Inc.," in the letter itself. There is nothing in Kapaloski Reply Decl. Exhibit 5 that would somehow make the statement reproduced in Para. 42 of the Kapaloski Reply Declaration inaccurate, in any way.

Because BlendJet heavily disputes the inferences that Blendtec asks the Court to draw from Kapaloski Reply Decl. Exhibit 5, those exhibits are not properly the subject of judicial notice.

    b.    <u>Objection Pursuant to Fed. R. Evid. 403</u>:  BlendJet also objects to Blendtec's request that the Court draw the incorrect inference from Kapaloski Reply Exhibit 5 that Mr. McGill was an employee at BlendJet (and therefore, should have been disclosed by name as a potential ESI Custodian, instead of as "legal counsel"), as unduly prejudicial because such inference is demonstrably false, and ignores the full context of that document.

**12.**     **Kapaloski Reply Decl. Exhibit 6 (ECF No. 143-6):**

BlendJet objects to Kapaloski Reply Decl. Exhibit 6 (ECF Nos. 143-6) pursuant to Fed. R. Evid. 201(b) (improper request for judicial notice), and 403 (probative value is outweighed by danger of unfair prejudice due to the misleading nature of the document).

    a.    <u>Objection Pursuant to Fed. R. Evid. 201(b)</u>: BlendJet objects to Blendtec's attempt to rely on Kapaloski Reply Decl. Exhibit 6 to the extent such reliance is an implicit and improper request for the Court to take judicial notice of factual information, and/or inferences from purported factual information, from a document that does not meet the requirements for judicial notice under Fed. R. Evid. 201(b).

Blendtec contends that Kapaloski Reply Decl. Exhibit 6 reflects "that McGill's ███████ ███████████████████████████████████████████████████████████" (Kapaloski Reply Decl. at ¶41.)  Again, that inference is faulty, and contradicted by the express language of

-13-

Exhibit 6, which – among other things – explains that the "███████████████" referred to in that document targets "████████████████████████████████████ ███████" (Kapaloski Reply Decl. Exhibit 6 at JET01341435.) Kapaloski Reply Decl. Exhibit 6 addresses "████████████████████████████████████████ ████████████████████████████████████" (*Compare* Kapaloski Reply Decl. Exhibits 5 and 6.) BlendJet identified Jordan Carlson as the potential ESI Custodian at BlendJet responsible for its "██████████████" and Blendtec named Ms. Carlson as an ESI Custodian. (Motion at 3.)

Because BlendJet heavily disputes the inferences that Blendtec asks the Court to draw from Kapaloski Reply Decl. Exhibit 6, those exhibits are not properly the subject of judicial notice.

   b. <u>Objection Pursuant to Fed. R. Evid. 403</u>: BlendJet also objects to Blendtec's request that the Court draw the incorrect inference from Kapaloski Reply Exhibit 6 that Mr. McGill was an employee at BlendJet (and therefore, should have been disclosed by name as a potential ESI Custodian, instead of as "legal counsel"), as unduly prejudicial because such inference is demonstrably false, and ignores the full context of that document.

**13. BlendJet's Objection to Blendtec's Untimely Request to Designate Mr. McGill as an ESI Custodian.**

BlendJet objects to Blendtec requests that the Court allow it "to designate McGill as an ESI Custodian and serve email production requests for McGill (all relevant email addresses)." (Reply at 10; Kapaloski Reply Decl. at ¶ 50.) This request should be denied. As an initial matter, the request is untimely as the deadline to designate ESI custodians has long since passed, and Blendtec never moved to extend the deadline. Furthermore, the request would not result in any

responsive documents that are not cumulative to documents produced in response to other Blendtec ESI requests. That is because the only email addresses that Mr. McGill ever utilized that are/were in BlendJet's control – the "@blendjet.com" and "@miramore.com" email addresses – were disabled years ago, prior to the commencement of this lawsuit, and no longer exist. And, the "legal@blendjet.com" email address is simply an alias that forwarded emails directed to it to designated recipients, and does not independently store or allow for the sending of emails. Blendtec's untimely and improper request should be denied.

| | |
|---|---|
| Respectfully submitted this 6th day of June, 2023. | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>Martin R. Bader (*pro hac vice*)<br>Jesse A. Salen (*pro hac vice*)<br><br>**MCGILL & CO., P.C.**<br>Patrick McGill (*pro hac vice*)<br><br>**PARSONS BEHLE & LATIMER**<br>Nathan D. Thomas (USB #11965)<br>Elizabeth M. Butler (USB #13658)<br><br>*/s/ Martin R. Bader*<br><br>*Attorneys for Defendant BlendJet, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an electronic notification to counsel of record for all parties, including the following:

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT  84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*/s/ Martin R. Bader*