Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

---

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>    Defendant. | **BLENDTEC'S RESPONSE TO BLENDJET'S EVIDENTIARY OBJECTIONS**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br><br>Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead<br><br>**[REDACTED VERSION FOR PUBLIC FILING]** |

Blendtec hereby submits its Response to Blendjet's Evidentiary Objections (the "Objections"), which Blendjet filed under seal as ECF 158.

## I.    Blendjet Has Improperly Filed a Sur-Reply in the Guise of Evidentiary Objections.

Although couched as "evidentiary objections," Blendjet's Objections merely present additional argument about points made in the prior briefing. Blendjet objects to every one of the

documents that Blendtec submitted in support of its Reply to the Motion to Enforce. In all of its purported "objections," Blendjet simply provides its own characterization of the documents and states that "Blendjet disputes the inferences Blendtec asks the Court to draw" from the documents. Objections at 1, 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14.[1] Thus, Blendjet's Objections are improper arguments cloaked as "evidentiary objections," and should be disregarded. *See Vox Mktg. Grp., LLC v. Prodigy Promos L.C.*, 521 F. Supp. 3d 1135, 1154 (D. Utah 2021) ("Evidentiary objections are not intended to serve as a Trojan Horse for filing a sur-reply without leave of court.").

Blendjet also argues that Blendtec's request to designate Mr. McGill as an ESI Custodian is "untimely" and that it would "not result in any responsive documents that are not cumulative". *See* Objections at 14-15. This is pure argument which Blendjet does not even attempt to couch as an evidentiary objection. Blendjet's improper sur-reply should be disregarded.

## II.    Blendjet's FRE 201(b) Objections Should be Overruled.

Blendjet objects to every document that Blendtec submitted in support of its Reply on the ground that "it is an implicit and improper request for the Court to take judicial notice of factual information from a document that does not meet the requirements for judicial notice under Fed. R. Evid. 201(b)." *See, e.g*., Objections at 2. To be clear, Blendtec has not requested, implicitly or otherwise, that the Court take judicial notice of anything in connection with Blendtec's motion and the Court is not required to do so to rule on the motion.[2] The Court has broad discretion to consider evidence submitted by the parties in connection with Blendtec's motion.

---

[1] Blendjet concedes, it "provides factual information" in its objections "to demonstrate the falsity of certain representations and characterizations of purported evidence." ECF 158 (Objections) at p. 1, fn.3.

[2] Blendjet cites just three cases in a footnote regarding judicial notice. *See* Objections at fn. 1. Two of those cases (*Estate of Lockett v. Fallin* and *BAC Local Union 15 Welfare Fund v. Williams*

As the case law makes clear, in determining counsel's access to AEO information, courts make a "careful and comprehensive inquiry" into "counsel's actual (not nominal) role in the affairs of the company, his association and relationship with those in the corporate hierarchy who are competitive decision makers, and any other factor that enhances the risk of inadvertent disclosure." *See* ECF 142 (Reply) at 4 (citing *Catheter Connections*, 2014 WL 3945880, at *7). This involves "an assessment of the entire setting" in which counsel functions and courts must evaluate the "evidentiary record" in ruling on the motion. *Autotech*, 237 F.R.D. at 407-408, 410. Blendtec submitted evidence in the form of documents that Blendjet produced during discovery in this case.[3] It is well within the Court's broad discretion to assess this evidence when ruling on the motion.

**A.    The Evidence Supports an Inference that** ████████████████████████ ████████████ **.**

In connection with its Reply, Blendtec submitted two presentations produced by Blendjet. First, Blendjet produced a presentation "████████████████████████████████ ██████████████. *See* ECF 142-7 (the "October 2020 Blendjet Presentation"). The October 2020 Blendjet Presentation includes "████████████████████████████████" (*id*. at JET24222), and ████████████████████████████████████████████████ (*id*. at

---

*Restoration Co, Inc.*) involved Rule 12(b)(6) motions to dismiss in which a court may take judicial notice of documents outside the pleadings in ruling on the motion. Blendtec has not filed a Rule 12(b)(6) motion to dismiss and these cases have no application. In the third case Blendjet cites (*Ellis-Hall Consulting, LLC v. Hofmann*), the plaintiff filed Fed. R. Evid. 201 motions for the court to take judicial notice "in a vaccuum." 2018 WL 11411607, at *1. Here, Blendtec did not request the Court to take judicial notice of anything and *Ellis-Hall Consulting* is also inapplicable.

[3] As such, the authenticity of the documents is not in question. *See, e.g.*, *Law Co., Inc. v. Mohawk Const. & Supply Co.*, 577 F.3d 1164 (10th Cir. 2009) ("documents produced during discovery that are on the letterhead of the opposing, producing party are authentic per se"); *Jones v. Chapman*, 2017 U.S. Dist. LEXIS 64781, *10-11 (D. Md. 2017) (by producing documents, party "implicitly represent[s] their authenticity") (collecting cases).

JET24229). Second, Blendjet produced a "█████████████████████████████████

████. *See* ECF 142-6 (the "March 2021 Blendjet Presentation"). The March 2021 Blendjet

Presentation ████████████████████████████ (*id*. at JET569922) and ████████████

████████████████████████████████████████████ (*id*. at JET569923).

      Blendjet argues that Blendtec "incorrectly represents that ████████████████████.

Objections at 7. According to Blendjet, "[t]his statement is demonstrably false," because the

signature in ████████████████████████████████████████████████████

████████████████████████ *Id*. Blendjet provides no evidence to support its conclusory

statement that ████████████████████, however.[4] Indeed, it does not appear that

anyone named "Ashley McInnis" has ever worked at Blendjet. Blendjet's document production,

which exceeds 1.3 million pages, includes no reference or record whatsoever of an "Ashley

McInnis." Although Blendjet produced documents indicating that an "████████████" (not

***Ashley*** McInnis) worked for Blendjet,[5] the evidence does not support the inference that the

████████████████████████ for several reasons:

      <u>First</u>, a comparison of the ████████████████████ with the signatures of Patrick

McGill and of Angela McInnis does not conclusively establish that the ████████████████ is

---

[4] Although Blendtec requested identification of Blendjet's customer service representatives during ESI Custodian conferral, Blendjet did not disclose Ashley McInnis (or anyone else with the last name of McInnis). Blendjet also did not produce any emails from Ashley McInnis' custodial email account. Blendjet's Objections is the first time that Blendtec has ever heard of Ashley McGinnis. If an Ashley McGinnis works for Blendjet as customer service representative, then Blendjet failed to disclose her during ESI Custodian conferral.

[5] Based on Blendjet's Objections, Blendtec searched Blendjet's 1.3 million page document production and discovered 23 Blendjet documents that include "Angela McInnis," the most recent of which is dated December 3, 2019.

that of Angela McInnis. The ▮▮▮▮▮▮▮▮▮ is similar to that of Patrick McGill on his *pro hac vice* application and has marked differences from the signature of Angela McInnis:

**Patrick McGill's Signature**

*See* ECF 10-1 (McGill's Pro Hac Vice Application) at 2.

Second, and more importantly, Angela McInnis' LinkedIn profile states that she was employed by Blendjet from December 2018 through ***January 2020***. *See* **Exhibit 2**.[6] Blendjet's presentations are dated October of 2020 (ECF 142-6) and March of 2021 (ECF 142-7), which is ***after*** Ms. McInnis' represents that her employment with Blendjet ended. This also supports an inference that the ▮▮▮▮▮ is not that of Angela McInnis since a former employee is unlikely to ▮▮▮▮▮▮▮▮▮ on behalf of her former employer months after her employment has terminated.

Third, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See*

---

[6] The 23 documents produced by Blendjet that include "Angela McInnis" are dated between December 19, 2018 and December 3, 2019. Blendjet has produced no documents post-dating December 2019 that include "Angela McInnis."

ECF 142-6 (March 2021 Presentation) at JET569922; ECF 142-7 (October 2020 Presentation) at JET24222. Neither an Angela McInnis nor an Ashley McInnis is listed on ███████████████, and there is no other reference in the presentations to Ashley McInnis or to Angela McInnis. Thus, this further supports the inference that ████████████████████████████.

## III.    Blendjet's Rule 403 Objection Should Be Overruled.

Blendjet also objects to every one of the documents submitted by Blendtec in connection with its Reply on the ground that "Blendtec's request that the court draw. . . incorrect inference[s]" is "unduly prejudicial because such inference is demonstrably false and ignores the full context of that document." Objections at 1, 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14. Blendjet claims that Blendtec's "incorrect inferences" are "demonstrably false," but Blendtec has submitted documents produced by Blendjet in this case because of the words on the face of those documents.[7] The Court can, and should, review the documents submitted in connection with Blendtec's motion and assess the evidence for itself. The evidence should not be disregarded based on Rule 403 simply because Blendjet does not like the inferences that Blendtec draws from the evidence.

In *Sklar v. Clough*, for example, defendants argued that exhibits to a motion (*i.e.*, emails) should be stricken under Rule 403 because the defendants were "unfairly prejudiced because of the inferences plaintiffs draw from the documents." 2007 WL 2049698, at *8 (N.D. Ga. 2007). The court found that "Defendants may be uncomfortable with Plaintiffs' argument, but that does

---

[7] For example, ███████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

not render the email documentation which supports that argument 'unfairly prejudicial," and denied the motion to strike the exhibits. *Id*. ("Defendants offer no citation for the proposition that evidence should be stricken due to the 'inferences' that the opposing party makes concerning those documents.").

In any event, the Rule 403 bar is high. The rule "creates a presumption of admissibility." *Stella v. Davis Cnty*, 2022 WL 773212, at *1 (D. Utah 2022). The "exclusion of evidence under Rule 403" is "an extraordinary remedy that should be used sparingly" and "the district court has considerable discretion in performing the Rule 403 balancing test." *United States v. Alfred*, 982 F.3d 1273, 1282 (10th Cir. 2020). "In performing the 403 balancing, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Montoya v. Vill. of Cuba*, 2013 WL 6504291, at *11 (D.N.M. 2013). Furthermore, where there is no jury, "the risk of undue prejudice under Rule 403 resulting from the evidence was nonexistent." *Valiavicharska v. Tinney*, 2012 U.S. Dist. LEXIS 12800, at *7 n.2 (N.D. Cal. Feb. 12 2012). Here, the Court will decide Blendtec's motion based on its assessment of the evidence presented. It would be improper to disregard the evidence Blendtec submitted based on Rule 403.

## CONCLUSION

The Court should disregard the improper arguments made by Blendjet in its Objections in the guise of evidentiary objections. In any event, for the reasons stated above, Blendjet's evidentiary objections lack merit and should be overruled.

DATED this 13th day of June, 2023.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Grant Foster (#7202)
Tamara L. Kapaloski (#13471)

*Attorneys for Plaintiff Blendtec Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of June, 2023, a true and correct copy of the foregoing

was served on the following counsel of record via the Court's CM/ECF system:

Martin R. Bader: mbader@sheppardmullin.com
Jesse A. Salen: jsalen@sheppardmullin.com
Patrick M. McGill: patrick@mcgillco.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: ebutler@parsonsbehle.com


*/s/ Tamara L. Kapaloski*