Brett Foster (#6089)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>    Defendant. | **BLENDTEC'S OPPOSITION TO BLENDJET'S MOTION TO EXTEND TIME TO OPPOSE MOTION TO CONSOLIDATE**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Plaintiff Blendtec Inc. ("Blendtec") hereby responds to Defendant Blendjet Inc.'s ("Blendjet") Motion to Further Extend Time to File Opposition to Plaintiff's Motion to Consolidate. Blendjet's motion shall be referred to herein as the "Extension Motion."

1.      Immediately after filing a motion to withdraw as counsel (*see* ECF 204), Blendjet filed the Extension Motion requesting a 60-day extension of its time to respond to Blendtec's Motion to Consolidate (*see* ECF 205). Filing a motion without being represented by counsel is contrary to Utah law which mandates that a corporation be represented by an attorney in litigation. *See* DUCivR 83-1.3(c)(2) ("A corporation, association, partnership, or other artificial entity must

1

be represented by an attorney who is admitted under DUCivR 83-1.1."); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court.").

2. Further, Blendjet represents that a foreclosure sale of its assets, "including the trademarks at issue in this matter," has "left Blendjet presently without the resources necessary to timely respond to the Motion." *See* Extension Motion at 2-3. But Blendjet is currently promoting and selling blenders using those trademarks on behalf of the assignee of the marks. Thus, Blendjet is continuing to infringe Blendtec's trademarks and is receiving proceeds from that infringement. As such, on February 11, 2025, Blendtec filed a new lawsuit for trademark infringement against the assignee of the marks and against Blendjet. *See Blendtec Inc. v. Blendjet Inc.*, Case No. 2:25-cv-00096-RJS-DBP (the "2025 Trademark Infringement Action.").

3. Because the trademarks at issue in the 2025 Trademark Infringement Action are the exact same trademarks at issue in this case, on February 20, 2025, Blendtec filed a Motion to Consolidate the 2025 Trademark Infringement Action into the above-captioned case.[1]

4. On March 27, 2025, Blendtec filed a preliminary injunction motion in the 2025 Trademark Infringement Action. *See* 2025 Trademark Infringement Action at ECF No. 25.

5. As Blendjet concedes in its Extension Motion, it assigned the trademarks at issue in both actions to their new owner on January 13, 2025. Blendjet now seeks to extend the deadline to respond to the Motion to Consolidate to May 26, 2025. Blendjet should not be permitted to avoid facing Blendtec's trademark infringement claims while prolonging its infringement of

---

[1] The court may enter an order of consolidation *sua sponte* or a motion may be filed in the lower-numbered case. *See* DUCivR 42-1(b).

Blendtec's trademarks on behalf of a new actor. Blendtec respectfully requests that the Court deny the Extension Motion. In the alternative, to the extent that the Court is inclined to permit Blendjet additional time to obtain counsel, Blendtec requests a significantly shorter time within which Blendjet must respond to the Motion to Consolidate than the 60 days requested by Blendjet.[2]

DATED this 31st day of March, 2025.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Tamara L. Kapaloski (#13471)

---

[2] Although it is unfortunate, Blendtec feels that it must object to a misrepresentation in Blendjet's Extension Motion. Blendjet represented to the Court that "the parties stipulated and jointly moved the Court for an order extending Defendant's time to respond to the Motion [to Consolidate] by three (3) weeks, <u>which the parties agreed was warranted because the 2025 Action introduces additional parties and new claims</u>." Extension Motion at p. 2 (emphasis added). This is not accurate. On March 5, counsel for Blendjet proposed a draft stipulated motion for extension of time to respond to the Motion to Consolidate. *See* **Exhibit 1** at p. 3-4. Blendjet's draft stipulation stated that the reason for the request was "because the 2025 Action introduces additional parties and new claims." *See* Exhibit 1 at p. 6. Blendjet advised Blendtec, however, that Blendjet requested the additional time so that it could "assess whether it intends to oppose the motion [to consolidate] and sort out representation in the new matter." *See id*. at p. 4. In any event, in response to Blendjet's proposed stipulation, Blendtec expressly stated that "we <u>do not agree</u> to some of the text in the proposed stipulated motion. We have stricken this text from the attached (in redline)":

> Defendant's response to the Motion is presently due on March 6, 2025. The Motion seeks to consolidate the above-captioned action (the "2021 Action") with the newly filed matter entitled *Blendtec, Inc. v. BlendJet, Inc., et al.*, Case No. 2:25cv-00096-DBP, brought by Plaintiff against Defendant BlendJet as well as additional parties (the "2025 Action"). ~~Because the 2025 Action introduces additional parties and new claims,~~ Defendant BlendJet requested three (3) additional weeks to respond to the Motion ~~to allow for consideration of the motion in context~~ and

*See* Exhibit 1 at p. 1, 6. Despite Blendtec's unequivocal and express statement that it did **not agree** to the stricken language, Blendjet pasted it <u>verbatim</u> into its Extension Motion and represents that "the parties agreed" to it. Blendtec objects to Blendjet making inaccurate statements to the Court.

*Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2025, a true and correct copy of the foregoing was served on the following counsel of record via the Court's CM/ECF system:

Martin R. Bader: mbader@sheppardmullin.com
Jesse A. Salen: jsalen@sheppardmullin.com
Patrick M. McGill: patrick@mcgillco.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: ebutler@parsonsbehle.com

/s/ Tamara L. Kapaloski