IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLENDTEC INC., a Utah corporation,<br><br>            Plaintiff,<br><br>v.<br><br>BLENDJET INC., a Delaware corporation,<br><br>            Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO CONSOLIDATE**<br><br>Case No. 2:21-cv-668-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

      This matter comes before the court on Plaintiff Blendtec Inc.'s (Blendtec) motion to consolidate Case No. 2:25-cv-96-RJS-DBP (the 2025 Action) into this action, Case No. 2:21-cv-668-TC-DBP (the 2021 Action) under Federal Rule of Civil Procedure 42(a). (ECF No. 200.) For the reasons discussed below, the court denies Blendtec's motion.

## BACKGROUND AND PROCEDURAL HISTORY

      Blendtec, a blender manufacturer, filed this trademark infringement action in November 2021 alleging that Defendant Blendjet Inc. (Blendjet) has been using a substantially similarly version of Blendtec's "Mark and Swirl Design Mark" to market and sell its competitive blenders, food processors, and mixers in violation of the United States Trademark Act of 1946, 15 U.S.C. § 1051 (the Lanham Act). (Compl., ECF No. 2 at ¶¶ 3, 24.) While all written discovery has been produced, no depositions have been taken yet.

      On January 13, 2025, Mavorco Holdings (Mavorco) purchased Blendjet. On or about the same day, Blendjet assigned all of its trademarks to Mavorco. Blendtec then filed a separate trademark infringement suit against Mavorco and Blendjet seeking damages for violations of the Lanham Act, the Utah Deceptive Trade Practices Act, and the Utah Unfair Competition Act, and

seeking injunctive relief for the Defendants' continued infringement of Blendtec's trademarks. (Compl., Case No. 2:25-cv-00096-RJS-DBP (the 2025 Action), ECF No. 2 at ¶¶ 62–104.) Blendtec also seeks declaratory relief in the 2025 Action that Mavorco is the successor-in-interest to Blendjet and therefore liable for all amounts owed to Blendtec by Blendjet. (Id. ¶¶ 105–127.) Blendtec separately filed a motion for a preliminary injunction in the 2025 Action, seeking to enjoin the Defendants from infringing Blendtec's trademarks. (ECF No. 25 in the 2025 Action.) On April 9, 2025, along with its answer (ECF No. 44 in the 2025 Action), Mavorco filed a motion to dismiss for failure to state a claim. (ECF No. 43 in the 2025 Action.) Blendtec subsequently filed a motion to strike Mavorco's answer and counterclaim. (ECF No. 51 in the 2025 Action.) Because Blendjet failed to respond to Blendtec's complaint in the 2025 Action, Blendtec moved for an entry of default against Blendjet (ECF No. 48 in the 2025 Action), which the clerk entered. (See Entry of Default, ECF No. 50 in the 2025 Action.) Blendtec has not yet sought a final judgment against Blendjet.

On February 20, 2025, Blendtec filed in this action a motion to consolidate the 2025 Action into this case (ECF No. 200), separately providing the court in the 2025 Action with notice of the filing consistent with DUCivR 42-1. (Not. Mot. Consolidate, ECF No. 56 in the 2025 Action.)[1] On March 27, 2025, Blendjet's counsel filed a Motion to Withdraw (ECF No. 204) in this action, which the court granted on April 11, 2024. (ECF No. 209.) Along with its motion to withdraw, Blendjet asked for an extension of time to respond to Blendtec's motion to consolidate so that its new counsel would have time to become familiar with the case. (Def.'s Mot. Extension, ECF No. 205.) Consistent with the local rules, Blendjet was ordered to appoint

---

[1] In the 2025 Action, Defendant Mavorco submitted a notice of non-opposition to Blendtec's motion to consolidate. (Notice of Non-Opposition, ECF No. 53 in the 2025 Action.)

2

new counsel within 21 days of the Order, by May 2, 2025, or risk dismissal or default judgment. The court also granted in part Blendjet's request for an extension of time to respond to the motion to consolidate, giving Blendjet until May 10, 2025 to respond. (Order dated April 10, 2025, ECF No. 28.)

Blendjet has not obtained replacement counsel, nor did it oppose Blendtec's motion to consolidate, and the time for doing so has passed. Blendtec has since informed the court that it will file a motion for entry of default against Blendjet in the 2021 Action "as soon as practicable." (Pl.'s Mot. Stay, ECF No. 211 at 2.)

## ANALYSIS

Rule 42(a) of the Federal Rules of Civil Procedure governs the determination of whether to consolidate cases, which provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Id. The decision of whether to consolidate cases is committed to this court's discretion. See Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978)). In exercising this discretion, courts consider "whether judicial efficiency is best served by consolidation … [weighing] the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." Otter Prod., LLC v. Treefrog Dev., Inc., 2013 WL 490964, at *1 (D. Colo. Feb. 7, 2013) (quoting C.T. v. Liberal Sch. Dist., 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008)).

The 2025 and 2021 Actions involve essentially the same claims against Blendjet. Further, Blendtec seeks nearly the same relief in both cases, requesting injunctive relief, treble damages, and punitive damages. (See ECF No. 2 at 25–26; ECF No. 2 at 28 in the 2025 Action.)

It therefore appears that the relief that Blendtec can obtain in the 2025 Action encompasses the damages Blendtec seeks in this case. Accordingly, the court finds that the two actions present an instance of claim splitting.

Claim splitting occurs when two lawsuits are filed involving the same parties and a common set of facts. See Katz v. Gerardi, 655 F.3d 1212, 1217 (10th Cir. 2011). As a general rule, plaintiffs cannot split their claims, and must instead bring all related claims together in the same action. See id. (citing Stone v. Dep't of Aviation, 453 F.3d 1271, 1278 (10th Cir. 2006)). Although the bar on claim splitting is related to the doctrine of res judicata, courts have primarily developed the rule barring claim splitting to control their dockets more efficiently. See id. at 1217–18 ("District courts have discretion to control their dockets by dismissing duplicative cases."). The test for whether a party has improperly engaged in claim splitting is "whether the first suit, assuming it were final, would preclude the second suit." Id. at 1218.

If the court determines that a plaintiff engaged in claim splitting, it would generally exercise its discretion to dismiss the later-filed action. But here, the 2025 Action is by far the more active case. Blendtec has already moved for and obtained a default certificate in the 2025 Action, which it has not yet done in the 2021 Action. Additionally, in the 2025 Action, Blendtec has filed a motion for a preliminary injunction (ECF No. 25 in the 2025 Action) and Mavorco has filed a motion to dismiss (ECF No. 43 in the 2025 Action). By contrast, there has been only one order in the 2021 action overruling certain objections to decisions on discovery disputes. (See Order dated Apr. 4, 2024, ECF No. 181.)

The court is not satisfied that consolidating these two cases will meaningfully aid judicial efficiency. It appears that the claims against Blendjet may be resolved by a default judgment in the 2025 Action. And although Blendtec could move for default judgment against Blendjet in the

2021 Action, it appears that Mavorco, as a potential successor in liability to Blendjet, would likely be a necessary party were the court to issue a default judgment here.

Based on these considerations, the court finds that the most efficient approach is to dismiss the 2021 Action entirely and allow Blendtec to pursue its claims against all Defendants in the 2025 Action. But before taking this action, the court will allow Blendtec the opportunity to explain why the 2021 Action should continue. To the extent that Blendtec is concerned about the discovery that has already occurred in the 2021 Action, the parties may simply agree (or the court may order) that the same discovery will be available to the parties in the 2025 Action. In any event, the court finds that consolidation would not be appropriate unless there is an essential reason why the 2021 Action should remain pending.

## CONCLUSION

For the foregoing reasons, Blendtec's Motion to Consolidate (ECF No. 200) is DENIED WITHOUT PREJUDICE. Blendtec is ordered to show cause within 14 days of this Order why the 2021 Action should not be dismissed.

DATED this 21st day of May, 2025.

BY THE COURT:

_____
Tena Campbell
United States District Judge